# CV 22-1531

**Docket NO:** _____

Submitted by:

/s/ Ulysses T. Ware

Ulysses T. Ware, (the "**Petitioner**" or "**Racketeering Victim**")
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com
March 15, 2022

**DeARCY HALL, J.**



## In the United States District Court
## For the Eastern District of New York

_____

**Ulysses T. Ware**,
    Petitioner,

    v.

**The United States of America** (habeas corpus respondent) by and through **Merrick B. Garland**,[1] Lisa O. Monaco, Vanita Gupta, Damian Williams, Margaret M. Garnett, Daniel Gitner, and Audrey Strauss, jointly, (the "**DOJ Respondents**" or "**Government Lawyers**"), in their official, individual, and personal capacities; **Edgardo Ramos**, individually and personally; and **Laura Taylor-Swain**, individually and personally, jointly (the "**Federal Judges**"), collectively with the DOJ Respondents,     Respondents.

_____

**_Verified_ actual and factual innocence Petition for the writ of habeas corpus pursuant to 28 USC §2241(a), fundamental miscarriage of justice; and Request for Supervisory Authority Relief Claims.[2]**

*The trial and grand jurors were **fraudulently influenced, intentionally misled, and willfully deceived** by the flagrant and unlawful constitutional violations committed by the Government's prosecutors in the unlawful retaliatory District Courts' proceedings.*

---

[1] See Exhibit 38 for US AG Garland's questionable as well as illegal entanglements concerning Alpha Capital, AG (Anstalt), *the Hobbs Act international money laundering criminal enterprise*.

[2] See Exhibits 1, 2, 3, 4, and 5, infra, the Final Judgments.

# Table of Contents
# *"All evil deeds eventually come into the light."*

1. Preliminary Statement: The government's *USAO-SDNY's* prosecutors' willful, reckless, and irresponsible corruption of the trial processes..................................................................13

2. Summary of the *constitutional actual innocent* facts. ..............................................17

3. Summary of the *actual innocent* claims...................................................................18

I. ................................................................................................................................19

A. Jurisdiction and venue. ..........................................................................................20

2. Petitioner also brings supervisory authority relief claims. ......................................20

Subject Matter Jurisdiction. ........................................................................................20

Venue. .......................................................................................................................21

B. The Parties. ...........................................................................................................21

   1. Petitioner. ..........................................................................................................21

   2. DOJ Respondents. ..............................................................................................23

   3. Other Respondents or Defendants. ....................................................................26

     **Edgardo Ramos** ..................................................................................................26

     **Laura Taylor-Swain** ...........................................................................................27

     **David Mulcahy** .................................................................................................27

     **Michael Fitzpatrick** ..........................................................................................27

     **Thomas J. McCarthy** ........................................................................................28

C. Statement of the case...........................................................................................31

D. General Prayer for Requested Habeas Reliefs. .......................................................39

II. ...............................................................................................................................39

A. Undisputed Statement of material facts.................................................................39

III. ..............................................................................................................................39

B. The Habeas Corpus Claims: Actual and factual innocence of all charges. ..............39

   (a) United States v. Ware, 04cr1224 (SDNY) (Sweet, J.)...........................................39

   (b) United States v. Ware, 05cr1115 (SDNY) (Pauley, J.).........................................40

IV. ..............................................................................................................................42

A. Opening Statement:.............................................................................................42

Petitioner is actually and factually innocent of all charges as a matter of law and fact. ....................... 42

V. ................................................................................................................................................................ 44

A.    Lawful court orders and final judgments entered in favor of Ulysses T. Ware, the Prevailing Party, which have been willfully and knowingly civilly and criminally resisted, avoided, hindered, impeded, and effectively voided by the Government Lawyers and their accomplices in willful violation of 18 USC 401(2) and 401(3), criminal contempt, and the ethical and professional responsibility standards for lawyers of the District Court (SDNY). ........................................................................................................................ 45

VI. ............................................................................................................................................................... 45

A.    District Court's Supervisory Authority Requested Reliefs. ................................................................. 47

B.    Further Supervisory Authority Requested relief: ............................................................................... 58

VII. .............................................................................................................................................................. 58

A.    Habeas Corpus Claims. ....................................................................................................................... 58

B.    Actual and factual habeas corpus claims regarding United States v. Ware, 04cr1224 (SDNY). ......... 58

Claim #1. ..................................................................................................................................................... 58

Strickland v. Washington Ineffective Assistance of Counsel Claims. ...................................................... 58

1.    Ineffective assistance of counsel claims in *United States v. Ware*, 04cr1224 (SDNY). ..................... 67

Claim #2 ...................................................................................................................................................... 67

Brady v. Maryland Blatant, Flagrant, and Bad Faith Brady Violation Claims in 04cr1224 (SDNY). ............ 67

2.    The DOJ Respondents,' the Government Lawyers,' District Judges' Edgardo Ramos, Laura Taylor-Swain, and Robert W. Sweet's, willful, reckless, and bad faith *Brady v. Maryland* violations in *United States v. Ware*, 04cr1224 (SDNY). ...................................................................................................... 74

Claim #3 ...................................................................................................................................................... 74

3.    Flagrant prosecutorial misconduct and fraud on the court claims in *United States v. Ware*, 04cr1224 (SDNY). .............................................................................................................................................. 78

Claim #4 ...................................................................................................................................................... 78

4.    Lack of 28 USC 547(1) authority and the lack of probable cause to indict, arrest, or prosecute Petitioner in United States v. Ware, 04cr1224 (SDNY). ........................................................................ 81

Claim #5 ...................................................................................................................................................... 81

5.    Lack of 18 USC 3231 and Article III subject matter jurisdiction over the United States v. Ware, 04cr1224 (SDNY) proceedings. ............................................................................................................ 85

Claim #6 ...................................................................................................................................................... 85

6.    In re Winship Due Process Clause unconstitutional jury charge by District Court (Sweet, J.) in United States v. Ware, 04cr1224 (SDNY). Cf., Exhibit 36. Judge Sweet, knowingly, willfully, maliciously, and with

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

evil and racially-motivated animus towards Petitioner, directed a verdict of guilty on the "lawful" element of the Government's burden of proof. ........................................................................................ 85 .................................................................................................................................................... 89

Claims #7 ................................................................................................................................

7.    Flagrant bad faith, reckless, and blatant judicial misconduct, frauds on the courts, and judicial corruption in United States v. Ware, 04cr1224 (SDNY) and related judicial proceedings. ........................ 89 .................................................................................................................................................... 99

Claim #8 ................................................................................................................................

8.    December 20, 2007, Dkt. 90, *voluntary* Rule 41(a)(2), *after the statute of limitations had run on all claims in the 02cv2219 (SDNY) lawsuit*: A *superseding* final judgment on the merits for Group Management Corp., Ulysses T. Ware, and Elorian and Becky Landers, jointly, (the "Prevailing Parties"). 99 .................................................................................................................................................... 103

Claim #9 ................................................................................................................................

9.    15 USC 77b(a)(11) statutory underwriters, the "Civil Plaintiffs", judicially admitted by the Government in para. 10.1(iv) of GX-5, Exhibit 30, are legally ineligible for Rule 144(k) exemption to 15 USC 77e, Section 5, strict-liability registration requirements. SEC Release 33-7190 n. 17 (1995). .......... 103 .................................................................................................................................................... 106

Claim #10 ................................................................................................................................

10.    Petitioner's claim for "fundamental miscarriage of justice" actual and factual innocence of all charge in United States v. Ware, 04cr1224 (SDNY) as a result of egregious, flagrant, and criminal constitutional violations of the DOJ Respondents and others that aided, abetted, and assisted their flagrant constitutional violations. See Appx. #1 for memorandum of law. .................................................. 106

C.    Actual and factual innocence habeas corpus claims regarding United States v. Ware, 05cr1115 (SDNY). ........................................................................................................................................ 110 .................................................................................................................................................... 110

Claim #11 ................................................................................................................................

Strickland v. Washington Ineffective Assistance of Counsel Claims in 05cr1115. ................................... 110

Ineffective Assistance of Counsel Claims in United States v. Ware, 05cr1115. .................................... 117 .................................................................................................................................................... 123

Claim #12 ................................................................................................................................

A.    Flagrant and egregious prosecutorial misconduct by the government's prosecutors: AUSAs Maria E. Douvas, Nicholas S. Goldin, Alexander H. Southwell, Steven D. Feldman, Andrew L. Fish, Sarah E. Paul, Katherine Polk-Failla, David N. Kelley, Michael J. Garcia, Joon Kim, Preet Bharara, Audrey Strauss, Damian Williams, Margaret M. Garnett, Daniel Gitner, and others, jointly, (the "USAO"). ................ 123

B.    Petitioner's request for relief to the District Court. ...................................................... 124 .................................................................................................................................................... 127

Claim #13 ................................................................................................................................ 127

USAO's Brady violation claims. ........................................................................................................

13.    Willful, deliberate, bad faith, reckless, flagrant, and material Brady v. Maryland violations in 05cr1115 (SDNY). ........................................................................................................................... 127

B.    Petitioner's request for relief to the District Court. ...................................................... 128

VI. .............................................................................................................................................. 131

District Court's Supervisory Authority Claim #1 ................................................................. 131

VII. ................................................................................................................................ 135

Memorandum of Law: Criminal Contempt ...................................................................... 135

   A.   The Legal standard. ................................................................................................ 139

IX ................................................................................................................................... 139

Declaration of Undisputed Material Actual Innocent Facts by Ulysses T. Ware: ..................... 139

Facts 1-50. ...................................................................................................................... 179

Notary Signature ............................................................................................................. 180

Exhibits ........................................................................................................................... 180

   Clear and convincing evidence of civil and criminal contempt of the Final Judgments and Court Order;
   and suppressed and concealed Brady exculpatory and Giglio impeachment evidence ...................... 180

Exhibit 1 ......................................................................................................................... 181

Gov't Oct. 2007 Rule 48 dismissal of the 05cr1115 (SDNY) indictment .................................. 181

Exhibit 2 ......................................................................................................................... 182

04cr1224 (SDNY) Dkt. 32 Brady Order ............................................................................. 182

Exhibit 2-1 ...................................................................................................................... 183

Exhibit 3 ......................................................................................................................... 184

05cr1115 (SDNY) Dkt. 17 Brady Order ............................................................................. 184

Exhibit 3-1  Page 2 05cr1115 Brady Order ........................................................................ 185

Exhibit 4 ......................................................................................................................... 186

August 18, 2009, Final judgment entered in 07-5670cr (XAP) (2d Cir), Dkt. 113 (05cr1115), see Ex. 4-1.
................................................................................................................................... 186

Exhibit 4-1 ...................................................................................................................... 187

Gov.-I, 07-5670 (2d Cir) Aug. 18, 2009, final judgment. ..................................................... 187

Exhibit 5 ......................................................................................................................... 188

December 20, 2007, Dkt. 90, voluntary Rule 41(a)(2) superseding final judgment entered in 02cv2219
(SDNY) after the statute of limitation had run on all claims. ................................................... 188

Exhibit 6 ......................................................................................................................... 189

Nov. 7, 2008,  USAG's Article II Appellate Political Decision that dismissed with prejudice 07-5670 (XAP)
and triggered the Double Jeopardy Clause's and res judicata protection in favor of Ulysses T. Ware, the
Prevailing Party. Cf., Exhibit 4, supra. ............................................................................. 189

Exhibit 7 ......................................................................................................................... 190

Suppressed Material Brady exculpatory evidence ............................................................. 190

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

FINRA's May 17, 2021, certification of unregistered broker-dealer status for each of the "Civil Plaintiffs" named in para. 8 of the 04cr1224 indictment. ................................................................ 190

Exhibit 7-1 ................................................................................................................................ 190

Para. 8 of the 04cr1224 (SDNY) indictment. ........................................................................... 191

Exhibit 8 ................................................................................................................................... 192

Suppressed Material Brady exculpatory evidence: SEC Brady exculpatory and impeachment email. .... 192

Exhibit 8-1 ................................................................................................................................ 193

Suppressed Brady exculpatory evidence: ................................................................................ 193

05cr1115 trial testimony of FBI analyst Maria Font under brutal cross-examination by Mr. Ware. In tears Ms. Font confessed that she had not evidence that anyone ever read a press release of INZS or SVSY. 193

Exhibit 9 ................................................................................................................................... 193

Suppressed Material Brady exculpatory evidence ................................................................... 194

Exhibit 10 ................................................................................................................................. 195

Suppressed Material Brady exculpatory evidence ................................................................... 195

Exhibit 11 ................................................................................................................................. 196

Suppressed Material Brady exculpatory evidence ................................................................... 196

Exhibit 12 ................................................................................................................................. 197

Suppressed Material Brady exculpatory evidence ................................................................... 197

Exhibit 13 ................................................................................................................................. 198

Suppressed Brady exculpatory evidence concealed by AUSAs Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Michael J. Garcia, Joon Kim, Preet Bharara, Audrey Strauss, Melissa Childs, John M. McEnany, Wm. H. Pauley, III, Edgardo Ramos, and the SEC in willful resistance to the Brady Order, Dkt. 17, Exhibit 2. ................................................................ 198

Exhibit 13-1 .............................................................................................................................. 199

Suppressed Brady exculpatory evidence of the illegal collusion and conspiracy between the SEC and the USAO (SDNY) lawyers, which AUSA Southwell lied and committed perjury, twice, a fraud on the court, that "there are no emails between my office and the SEC ...." Dkt. 17, Tr. 5-9; and Dkt. 44 ................... 199

Exhibit 14 ................................................................................................................................. 200

Perjured declaration of AUSA Maria E. Douvas, knowingly and willfully lied and committed a fraud on the court of appeals where she suppressed the Brady evidence below regarding gov't trial witness SEC lawyer Jeffrey B. Norris. ................................................................................................................ 200

Exhibit 14-1 .............................................................................................................................. 201

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Suppressed Brady exculpatory evidence suppressed by AUSAs Douvas, Nicholas S. Goldin, Michael J. Garcia, Katherine Polk-Failla, Sarah E. Paul, Southwell, Bharara, Kim, Strauss, Childs, McEnany, Ramos, Sweet, Jones, Katzmann, Hall, Thrash, Feldman, Peikin, and other Unindicted Co-conspirators. ........... 201 .................................................................................................................................................. 202

Exhibit 15 ..................................................................................................................................... 202

Sept. 1, 2004, kidnapping by District Judge Thomas W. Thrash, Jr., the SEC, the USAO, and the US Marshals. ....................................................................................................................................... 203

Exhibits 16 ................................................................................................................................... 203

Atlanta, GA bankruptcy court's employees willful resistance to the Court Orders ................................ 204

 Exhibit 16-1 ............................................................................................................................. 205

 Exhibit 16-2 ............................................................................................................................. 206

 Exhibit 16-3 ............................................................................................................................. 207

 Exhibit 16-4 ............................................................................................................................. 208

 Exhibit 16-5 ............................................................................................................................. 209

 Exhibit 16-6 ............................................................................................................................. 210

 Exhibit 16-7: See Appx. 1 for complete letter to Kilpatrick, Townsend, & Stockton, LLP. .................... 211

Exhibits 17 ................................................................................................................................... 211

State Bar of GA willful resistance to Court Orders .......................................................................... 212

 Exhibit 17-1 ............................................................................................................................. 213

 Exhibit 17-2 ............................................................................................................................. 214

 Exhibit 17-3 ............................................................................................................................. 215

 Exhibit 17-4 ............................................................................................................................. 216

 Exhibit 17-5 ............................................................................................................................. 216

 Used by the State Bar to initiate bogus and unlawful disbarment proceedings against Mr. Ware. .... 217

 Exhibit 17-6 ............................................................................................................................. 217

 Mr. Ware did not self-surrender at the MDC federal prison until November 27, 2007. It is a factual impossibility that Mr. Ware was served on January 15, 2007, as required by law. A knowingly and willful complete fabrication by Willian A. Myers, Jonathan Hewitt, and the State Bar of Georgia as a conspiracy to obstruct justice. A forgery and fabricated document fraudulently submitted to the Supreme Court of Georgia, as a fraud on the court by the State Bar, its employees, and agents. ....... 217 .................................................................................................................................................. 218

Exhibit 18 ..................................................................................................................................... 218

Letter from the Garland Law Firm ................................................................................................. 219

Exhibit 18-1 ................................................................................................................................. 219

The Garland Firms' letter of withdrawal in 04cr1224 (SDNY) ............................................................ 219

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 19 ..................................................................................................................................... 219

SEC's chief counsel Joan E. McKown's crimes. ........................................................................... 220

Exhibit 20 ..................................................................................................................................... 221

Fraud in the 02cv2219 (SDNY) moot proceedings. ..................................................................... 222

Exhibit 21 ..................................................................................................................................... 222

Murder or Suicide? LH Financial's boss. ..................................................................................... 223

Exhibit 21-1: Five dead NYC federal judges. Murder or ? ...................................................... 224

Exhibit 21-2 .............................................................................................................................. 224

Solomon Obstfeld was the Upper Boss of unregistered broker-dealer, LH Financial Services, see Exhibit 7, supra, who was allegedly murdered for his activities that involved the "Civil Plaintiffs" named in para. 8 of the 04cr1224 (SDNY) indictment, see Exhibit 7-1, supra. ..................................................... 224

Exhibit 21-3 .............................................................................................................................. 225

Corruption of the Atlanta, GA Garland law firm. .................................................................... 226

Exhibit 21-4 .............................................................................................................................. 226

Judicial and prosecutorial Brady fraud conspiracy ................................................................ 227

Exhibit 21-5 .............................................................................................................................. 227

Is NYC federal Judge Edgardo Ramos above the law? ............................................................ 228

Exhibit 21-6 .............................................................................................................................. 228

Error prone NYC federal judge Edgardo Ramos ....................................................................... 229

Exhibits 22-26 ............................................................................................................................... 229

Clear and convincing evidence of civil and criminal contempts, ethical, and professional responsibility violations by Edgardo Ramos, an Unindicted Co-conspirator, acting in his personal and individual capacity as a lawyer, an officer of the court, i.e., in the "clear absence of all jurisdiction." .................. 229

Exhibit 22 ................................................................................................................................. 230

Suppressed and concealed Brady exculpatory evidence ........................................................ 230

Para. 33 in the SEC-DOJ's 03-0831 (D. NV) unsigned complaint. ........................................... 231

Exhibit 23 ................................................................................................................................. 231

05cr1115 indictment fabricated by AUSA Southwell and FBI special agent David Makol ................. 232

Exhibit 24 ................................................................................................................................. 232

Dkt. 222 (WHP) sua sponte entered without any notice or opportunity to be heard. ........................ 233

Exhibit 25 ................................................................................................................................. 233

Dkt 160 (RWS) sua sponte entered without any notice or opportunity to be heard. ......................... 233

Exhibits 26 ...................................................................................................................... 234

August 18, 2009, Kearse, J., bogus and fraudulent opinion in *United States v. Ware*, 07-5222cr (2d Cir. 2009). Kearse, risibly, relied on the Gov't false narrative without having access to para. 33, Exhibit 22, supra, which confirmed there was no "artificial inflation" of the "prices" of INZS and SVSY's securities. A fraud on the Court of Appeals by the USAO's lawyers, AUSAs Nicholas S. Goldin, Andrew L. Fish, and Katherine Polk-Failla. ........................................................................................................ 234

Exhibit 26-1 ............................................................................................................... 235

CF., Exhibit 22, para. 33 in the suppressed and concealed SEC-DOJ 03-0831 (D. NV) unsigned complaint. On July 14, 2003, the SEC and DOJ judicially admitted and confessed there was not "increase", i.e., "artificial inflation" in the "prices" of INZS and SVSY's securities. Material Brady exculpatory evidence. Brady exculpatory evidence suppressed by AUSAs Southwell, Feldman, Goldin, Douvas, Fish, Polk-Failla, Garcia, Kim, Bharara, Melissa Childs, Audrey Strauss, John M. McEnany, and Edgardo Ramos as a conspiracy to resist and disobey the Brady Orders. ........................................ 236

Exhibit 26-2 ............................................................................................................... 236

Exculpatory evidence frauds of AUSA Southwell. .......................................................... 237

Exhibit 26-3 ............................................................................................................... 237

NYC federal judge Edgardo Ramos named as unindicted co-conspirator. ..................... 238

Exhibit 26-4 ............................................................................................................... 238

AUSAs Maria E. Douvas and Nicholas S. Goldin's unprecedented ignorance of the law. ......... 239

Exhibit 27 .......................................................................................................... 239

07-5222cr (2d Cir.) named government witness Jeremy Jones as the "principal witness" in 05cr1115 .. 239

Exhibit 28-1 ............................................................................................................... 240

DOJ Manual: Section 9-5.001 Exculpatory evidence disclosure policy. ................................ 241

Exhibit 28-2 ............................................................................................................. 241

DOJ Manual: Exculpatory evidence disclosure policy .................................................. 242

Exhibit 29-1 ............................................................................................................... 242

NYC lawyer Marlon G. Kirton's involvement in a criminal perjury conspiracy. ................... 243

Exhibit 29-2 ............................................................................................................. 243

Kirton's confession that Jeremy Jones received USSG 5k letter from the government and secretly cooperated with the government in 05cr1115 ................................................................ 244

Exhibit 29-3 ............................................................................................................. 244

Jeremy Jones' alleged Suppressed and concealed September 22, 2006, USSG 5k purported Rule 11 perjury contract proceedings. ..................................................................................... 245

Exhibit 29-4 ............................................................................................................. 245

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Jeremy Jones' alleged Sept. 22, 2006, Rule 11 allocution. ...................................................... 245

Exhibit 29-5 ........................................................................................................................ 246

Jeremy Jones' lawyer Marlon G. Kirton's 2005 letter to District Court (Pauley, J.) and USAO informing them that the SEC did not make Jones a defendant in the sham 2003 SEC's Las Vegas litigation....... 246

Exhibit 29-5.1 ..................................................................................................................... 247

Cont'd from 29-5 ................................................................................................................. 248

Exhibit 30 ............................................................................................................................ 248

Para. 10.1(iv) of GX-5 (04cr1224) ........................................................................................ 249

Exhibit 31 ............................................................................................................................ 249

Knowing and willful direct and/or indirect participants in the "pattern of racketeering activities."....... 250

Exhibit 32 Re: DOJ's conspiracy to obstruct justice article. ..................................................... 250

Article available at: https://bit.ly/3ojmsGn ........................................................................... 250

Exhibit 33 ............................................................................................................................ 251

Article: DOJ has placed itself in Brady disclosure checkmate in 04cr1224 and 05cr1115.......................... 251

Article available at:   https://bit.ly/3qKNojVExhibit 34........................................................... 252

Article : Major shakeup coming to DOJ ................................................................................. 253

Exhibit 35 ............................................................................................................................ 253

Article: Is USAG Garland above the law? .............................................................................. 254

Exhibit 36 ............................................................................................................................ 254

District Court (Sweet, J.) fraudulent jury charge in 04cr1224 (SDNY). ...................................... 255

Exhibit 37 ............................................................................................................................ 255

Frauds and shady ethics of former Atlanta, GA bankruptcy court Judge Margaret H. Murphy and District Judge Thomas W. Thrash, Jr. (NDGA). ................................................................................. 256

Exhibit 37-1 ..................................................................................................................... 256

Continued........................................................................................................................ 257

Exhibit 38 ............................................................................................................................ 257

Article: IRN's  02.12.22 exposure  and coverage on Garland and Alpha Capital, AG (Anstalt) the Hobbs Act international money laundering criminal enterprise.................................................................. 258

Exhibit 39 ............................................................................................................................ 258

05cr1115: Dkt. 99, S. Tr. 31 L 18-25, (R-1). Fatico hearing ruling ............................................ 259

Exhibit 40 ............................................................................................................................ 259

05cr1115: Dkt. 99, S. Tr. 35, (R-2). .................................................................................... 259

Exhibit 40-1 ........................................................................................................................ 260

05cr1115: Dkt. 99, S. Tr. 36, (R-2). ................................................................................... 260

Exhibit 41 ........................................................................................................................... 261

05cr1115: S. Tr 75-76 inefficiency ruling, (R-3). ............................................................... 261

Exhibit 42 05cr1115: Dkt 99, 01/07/07 Dkt. 35 Order (Pauley, J.). .................................. 262

    **Page 1** ......................................................................................................................... 262

    **Page 2** ......................................................................................................................... 263

    **Page 3** ......................................................................................................................... 264

    **Page 4** ......................................................................................................................... 265

    **Page 5** ......................................................................................................................... 266

    **Page 5** ......................................................................................................................... 267

Exhibit 43 ........................................................................................................................... 267

Jeremy Jones' 2015 satisfaction of significantly reduced fines. ....................................... 267

Exhibit 44: Page 1 re  Administrative Office of the U.S. Court's Notice to the federal courts to implement the new Brady disclosure law. ....................................................................... 268

Exhibit 44-1 Page 2 re Brady disclosure law. ................................................................... 269

Exhibit 45: Page 1: New York Law Journal article on government's duty to disclose cooperating witnesses' prior inconsistent statements. ................................................................ 270

Exhibit 45-1 : Page 2 con't ................................................................................................ 271

Appendices. ....................................................................................................................... 273

Appendix 1 ......................................................................................................................... 274

   Memorandum to Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP's partner Dennis S. Meir, Esq. regarding 18 USC 157 conspiracy to commit bankruptcy fraud for his clients in In re Group Management Corp., 03-93031-mhm (BC NDGA), Chapter 11 proceedings. ......................... 274

    Page 1 .......................................................................................................................... 275

    Page 2 .......................................................................................................................... 276

    Page 3 .......................................................................................................................... 277

    Page 4 .......................................................................................................................... 278

    Page 5 .......................................................................................................................... 279

    Page 6 .......................................................................................................................... 280

    Page 7 .......................................................................................................................... 281

Appendix 2 ......................................................................................................................... 282

   Unanswered Correspondences to the Garland law firm ................................................ 282

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Ulysses T. Ware's August 12, 2021, letter to State Bar of Georgia....................................................282

Ulysses T. Ware's August 9, 2021, letter to State Bar of Georgia....................................................286

Ulysses T. Ware's letter of August 9, 2021, to the Garland Firm....................................................296

Ulysses T. Ware's January 5, 2022, letter to CJA court-appointed lawyer Marlon G. Kirton, Esq.312
............................................................................................................................................................321

Appendix 3 ...............................................................................................................................................321

Correspondences to the Office of the United States Attorney (SDNY) ..................................................321

Ulysses T. Ware's January 21, 2022, letter to USAG Merrick B. Garland re: Brady Court Orders. 321

Ulysses T. Ware's January 27, 2022, letter to the USAO re: Request for the USAO to disclose litigation position regarding the Brady Court Orders and other matters. ......................................335

Appendix 4 attached hereto separately: Dkt 44 (01/05/2007) transcript (05cr1115) ............................342

Appendix 5: Ulysses T. Ware's May 2021 letters to the U.S. Probation Office re: Unlawful "unwritten" alleged special conditions of supervised release........................................................................................343

Ulysses T. Ware's letter dated May 27, 2021, to the USPO.............................................................343

Ulysses T. Ware's letter dated May 20, 2021, to the USPO.............................................................345

Appendix 6:      Ulysses T. Ware's letters to the U.S. Bankruptcy Court (NDGA) re: *In re Group Management Corp.*, 03-93031-mhm (NDGA), 2003 Chapter 11 proceedings, Rule 9024/60(d)(3) fraud on the court pleadings. ...................................................................................................................................349

Ulysses T. Ware's June 15, 2021, letter in reply to the Court's June 6, 2021, response................349

Ulysses T. Ware's April 16, 2021, letter in reply to the Court's April 5, 2021, response...............370

Ulysses T. Ware's April 12, 2021, letter requesting certified copies of dockets and all judicial records in 03-93031 (BC NDGA). .....................................................................................................378

Ulysses T. Ware's March 4, 2021, letter to the Court re: December 20, 2007, Rule 41(a)(2) superseding final judgment entered in 02cv2219 (SDNY), Dkt. 90, Exhibit 5. ...............................382

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

1.   Preliminary Statement: The government's *USAO-SDNY's* prosecutors' willful, reckless, and irresponsible corruption of the trial processes.

The Government's *USAO-SDNY's* prosecutors knowingly and in reckless disregard and respect for the law, the facts, and the truth, brought the null and void ab initio ***United States v. Ware***, 04cr1224 (SDNY) and ***United States v. Ware***, 05cr1115 (SDNY) criminal proceedings for unlawful purposes: specifically, ***in malicious hate-filled retaliation and as evil retribution***[3] against Petitioner for his refusal to draft, sign, and issue *unlawful*, *bogus*, and *fraudulent* Rule 144(k) legal opinions to the 02cv2219 (SDNY) "Civil Plaintiffs"[4] named in para. 8, see Exhibit 7 and 7-1, of the 04cr1224 purported charging instrument,[5] (the **"Unlawful Purpose"**). Cf., Appx. 1, Appx. 2, and Appx. 3, infra; and SEC Release 33-7190 n. 17 (1995).[6]

---

[3] The criminal proceedings all were completely baseless in law and fact, filed for an improper purpose, vexatious, and ipso facto as a matter of law and fact frivolous. See Facts 1-50 in the Declaration of Undisputed Actual Innocent Facts, infra.

[4] The "Civil Plaintiffs" are an international Hobbs Act money laundering criminal enterprise, see *SEC v. Honig*, 18cv08175 (SDNY) (Ramos, J.) (SEC's complaint's allegations); see also Exhibits 21, 21-1, 21-2, 21-6, 26-3, and 26-4, infra.

[5] The Government's *USAO-SDNY's* prosecutor all knew, were aware, or recklessly refused to become aware that each of the "Civil Plaintiffs" were (i) 15 USC 77b(a)(11) ***statutory underwriter*** of 02cv2219 (SDNY) defendant IVG Corp., a/k/a GPMT, and (ii) 15 USC 78o(a)(1) ***unregistered broker-dealers***, see Exhibit 7. In either case the "Civil Plaintiffs" were ***legally ineligible*** for Rule 144(k) as an exemption to 15 USC 77e strict-liability registration requirements. See SEC Release 33-7190 n. 17 (1995).

[6] Section 2(a)(11) statutory underwriters [the 02cv2219 (SDNY) "Civil Plaintiffs" named in para. 8 of the 04cr1224 charging instrument] are **required to register** with the SEC [pursuant to Section 5] **all distribution** of securities [GX 1-4]. (emphasis added).

The trial courts sub judice[7] with *immense personal irresponsibility* and *unprecedented, determined*, and *reckless* disrespect and disregard for the truth, the facts, and the law, deliberately, intentionally, and in bad faith committed a *plethora* of insidious legal and factual constitutional structural errors, (the **"Judicial Constitutional Errors"**), to such an extent, that *cumulatively* the Judicial Constitutional Errors in concert with the government's prosecutors' *flagrant, intentional* and *premeditated* constitutional violations, (the **"Constitutional Violations"**), and *the egregious, immoral, corrupt, and collusive* ineffective assistance of counsel by the Retained Counsels,[8] (the **"Ineffective Counsels"**), taken jointly, collectively, and

---

[7] *United States v. Ware*, 04cr1224 (SDNY) (Sweet, J.) (deceased) and *United States v. Ware*, 05cr1115 (SDNY) (Pauley, J.) (deceased), both recklessly and irresponsibly disregarded and callously disrespected the rule of law, abdicated their judicial oath of office to uphold the Constitution, and colluded and conspired with the *USAO-SDNY's* prosecutors to violate the law.

[8] Edward T.M. Garland, Esq., Manibur S. Arora, Esq., Donald F. Samuel, Esq., David Levitt, Esq., and Michael F. Bachner, Esq. were *retained* as purported Sixth Amendment adversarial, independent, effective, loyal, and legal "counsel" by petitioner *at tremendous financial cost and expense*, jointly, (the **"Retained Counsels"**).

To the present date the Retained Counsels, *affiliates of each other*, an illegal association in fact, a criminal enterprise, all have with coordination, *individually and in concert*, have *colluded* and *conspired* with each other, the **State Bar of Georgia** (see Exhibits 17, infra), and various courts (see Appx. 6 and Exhibits 16, infra); and have in concert and with *corrupt perfidious coordination* adamantly and vehemently refused all requests to provide Petitioner (the client) with the *ABA Rules on Professional Conduct* required *client escrow accounting* of *all* legal fees and expenses incurred against his retainers; and all have refused to provide Petitioner with any access to the purported *client* files prepared in his *alleged* adversarial and effective defense—that is, the records contain no proof of any kind that any *independent* Sixth Amendment **adversarial** "assistance of legal counsel" was provided by the Retained Counsels regarding any elements of the government's cases.

Such illegal, theft, embezzlement, and misappropriation of attorney's fees, constituted fraud, conspiracy, breach of contract, and fraudulent inducement, unprecedented and unreasonable actions, have delayed and prejudiced Petitioner in the preparation of this 2241 habeas corpus petition: the Retained Counsels by not providing Petitioner access to the *client* files deliberately implemented a nefarious and fraudulent scheme to obstruct and prevent Petitioner from learning of their *collusion and conspiracy* with the government's prosecutors and the trial courts; and to prevent Petitioner from uncovering in the files the

cumulatively there is no doubt Petitioner did not receive a *fair and constitutionally compliant trial*. Due process of law was maliciously and insidiously violated by the government's **USAO-SDNY's** prosecutors, the Ineffective Counsels, and the purported impartial and unbiased Article III judicial officers.

Therefore, if the rule of law is applied *properly*, *impartially*, and in an *unbiased* manner to the Brady exculpatory **Actual Innocent Facts** and circumstances of the proceedings through the lens of:

(i)     the *newly discovered material and dispositive Brady exculpatory Actual Innocent Facts and impeachment evidence* in pari materia with,

(ii)    the government's **USAO-SDNY's** *institutional* and *systemic* Constitutional Violations,[9]

---

lack and absence of *any* coherent *strategy, research, or investigation*, whatsoever, necessary to *adversarily, independently, and effectively <u>defend</u> the cases*. See Appx. 1, Appx. 2 and Exhibits 17 and 18, infra.

[9] The United States Attorney (**Damian Williams**) for the Southern District of New York, (the "**USAO-SDNY**"), prosecutor's office recently has been embroiled and entangled in *numerous* Brady exculpatory disclosure scandals; and, furthermore, it has been *repeatedly* reprimanded and chastised by several District Court judges regarding what has been characterized as "systemic," "serious and pervasive," "sustained pattern," "extraordinary," "grave derelictions," and "prosecutorial misconduct," among other things regarding its numerous instances of Brady material disclosure violations.

Just one of the **USAO-SDNY's**, if not the most, *numerous* egregious instances of institutional prosecutorial misconduct, cf., **United States v. Nejad**, 18cr00224 (AJN) (SDNY), see Dkt. 375;

- Dkt. 381 (Gov't after trial moved for **dismissal of the indictment with prejudice** pursuant to Rule 48 to avoid a post-trial evidentiary hearing on its Brady disclosure violations), and

- Dkt. 399 (26 pages order, Nathan, J., which "urge[d]" referral of **USAO-SDNY's** prosecutors to the *DOJ's Office of Professional Responsibility—that is: (*"Instead, the Court urges a full investigation

(iii)    the *Judicial Structural Errors*,[10] and

(iv)    the *corrupt, defective, collusive, subpar, and prejudicial performance* of the Ineffective Counsels, cumulatively,

there is no doubt that Petitioner as a matter of law and fact is actually and factually innocent of all charges.

by DOJ's Office of Professional Responsibility (OPR) of all matters related to *prosecutorial misconduct in this case*."), for "extraordinary" Brady disclosure violations and prosecutorial misconduct, to wit: "The Government's prosecution of Mr. Sadr for alleged evasion of sanctions against Iran *was marred by repeated failures to disclose exculpatory evidence* and *misuse* of search-warrant returns. *These errors were so severe* that following a jury verdict in its favor, *the Government* determined that further prosecution of the case would not be in the interests of justice. On the joint request of the parties, *the Court vacated the jury verdict and dismissed the charges against Mr. Sadr with prejudice*."). (emphasis added).

- Cf., Exhibits 5, 6, 7, 8, 9, 10, 13, 14, 15, 22, 29, 30, and 36; and Appx. 3 for Actual Innocent Brady exculpatory and impeachment evidence the **USAO-SDNY** was required to have disclosed to Petitioner "prior to trial," see Brady Court Orders, Exhibits 2 and 3;

- Dkt 399 at *3: "*The Court remains of the view expressed in its September 16 Opinion that the disclosure failures and misrepresentations* in this case represent *grave derelictions* of *prosecutorial responsibility*. The trial team's failure to promptly investigate the origins of GX 411 and to communicate about discovery with other governmental agencies *reflects a systematic disregard* of their disclosure obligations. Prosecutors then compounded these missteps through *a sustained pattern* of refusing to fess up." (emphasis added).

[10] See Exhibit 36 (Sweet, J.) deliberate fraud on the court by mischarging the jury in 04cr1224 to relieve the government of its Winship due process of law element of trial proof; see also Exhibit 42, Pauley, J. January 7, 2007, Dkt. 35, deliberate and willful violation of Petitioner's Sixth Amendment right to subpoena and compel the SEC's Las Vegas litigation lawyers that had absolved government "principal witness" Jeremy Jones and Petitioner's employees from all involvement or participation in any alleged conspiracy; the same SEC lawyers that pleaded para. 33, Exhibit 22, in the SEC's 2003 Las Vegas litigation's unsigned complaint that pleaded the USAO-SDNY out of the federal courts viz-a-viz 05cr1115. Without any doubt Actual Innocent Brady exculpatory materials required to have been disclosed to Petitioner "prior to trial" by the **USAO-SDNY's** prosecutors.

2.   Summary of the *constitutional actual innocent* facts.

1. Two lawful, definite, and specific Brady Court Orders, Exhibits 2 and 3, which the government's prosecutors acknowledged the terms of, governed the government's disclosure of Brady exculpatory and impeachment evidence in the criminal proceedings.

2. Exhibit 5, *actual innocent* December 20, 2007, Rule 41(a)(2) superseding final judgment entered in 02cv2219 (SDNY), *a final judgment on the merits for Petitioner*, GPMT, and the Landers, (the "**Prevailing Parties**"), *ipso facto annulled, vitiated, and voided* all government trial evidence admitted in 04cr1224 (SDNY), to wit: GX-7, GX-11, GX-24, and other exhibits; the purported factual predicates for probable cause to indict in 04cr1224.

3. Exhibit 6, the government's *actual innocent* November 7, 2008, Article II, 18 USC 3742(b) *voluntary dismissal with prejudice* of its Rule 28.1 *United States v. Ware*, 07-5670cr (XAP) (2d Cir.), Gov-I, cross-appeal of R-1, R-2, and R-2 (the *Actual Innocent Rulings*, Exhibits 39, 40, and 41, respectively).[11]

4. Exhibit 7, *actual innocent* FINRA's May 17, 2021, *official certification* of unregistered broker-dealer status for each of the "Civil Plaintiffs" named in para. 8, Exhibit 7-1, of the 04cr1224 charging instrument—that is, *actual innocence* **dispositive and material Brady exculpatory evidence** that annulled, vitiated, and voided ab initio the government's entire 04cr1224 case.

5. Exhibit 8, the *actual innocent* SEC's Brady exculpatory email, equitable and judicial estoppel, which confirmed there was no conspiracy between the Petitioner and Jeremy Jones or Petitioner's employees regarding INZS and SVSY.

6. Exhibit 11, *actual innocent* Brady exculpatory trial testimony of government *witness unregistered* investment adviser and broker-dealer Ari Rabinowitz that admitted and

---

[11] The government's Article II November 7, 2008, 18 USC 3742(b) *voluntary dismissal* of Gov-I, the 07-5670 cross-appeal, ipso facto, by operation of law affirmed the District Court's October Rule 29 post-trial Actual Innocent Rulings, Exhibits 39, 40, and 41; and said Actual Innocent Rulings are "binding absolutely on all courts, the parties, and their privies;" and *are protected by the absolute finality of the Double Jeopardy Clause and res judicata in all subsequent proceedings between Petitioner and the United States and its privies*. *Federated*, 452 U.S. at 398-402.

confessed to _unregistered broker-dealer_ and _Section 2(a)(11) statutory underwriters_ status; and ipso facto, confessed, implicitly, there was no civil or criminal contempt of any alleged court order or judgment, because SEC Release 33-7190 n. 17 (1995)[12] _legally prohibited_ the "Civil Plaintiffs" (Section 2(a)(11) statutory underwriters) from all Rule 144(k) eligibility.

7. Exhibit 22, para. 33, **actual innocent** judicial and equitable estoppel, in the SEC's sham 2003 Las Vegas litigation's frivolous complaint: para. 33 annulled, vitiated, and abrogated all probable cause and 18 USC 3231 subject matter jurisdiction of the 05cr1115 (SDNY) district court by the judicial admission that INZS and SVSY's press releases were as a matter of law and fact immaterial; and therefore not civilly or criminally actionable in the Article III federal courts.

8. Exhibit 30, **actual innocent** Brady _government affirmative defense_[13] exculpatory evidence para. 10.1(iv) of GX-5 (04cr1224), admitted through Ari Rabinowitz, Tr 190: GX-5 blew up the government's entire 04cr1224 (SDNY) case at trial in November 2007.

9. Para. 10.1(iv) of GX-5 **an actual innocent judicial admission** _pleaded by the government on the face of the charging instrument_, para. 8-12—that is, governmental affirmative defenses, ipso facto as a matter of law, the admission into evidence of GX-5 by the government _voluntarily_ abrogated and annulled its elements of trial proof. _An actual innocent fact protected by the Double Jeopardy Clause and res judicata._

3.    Summary of the _actual innocent_ claims.

---

[12] See **Berckeley Investment Group, Ltd. v. Colkitt**, 455 F.3d 195, 220 (3d Cir. 2006) citing SEC Release 33-7190 n. 17 (Section 2(a)(11) statutory underwriters are required **to register** with the SEC **all** distribution [public offers or sales] of securities).

[13] A government **actual innocent Brady exculpatory affirmative defense** pleaded on the face of the charging instrument, see para. 8-12, as a matter of law, ipso facto, abrogated, vitiated, and annulled the government's probable cause and the District Court's 18 USC 3231 subject matter jurisdiction over the 04cr1224 proceedings.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Petitioner in this 28 USC 2241(a) habeas corpus petition primarily brings flagrant and egregious **due process of law constitutional violation claims**—that is,

- Actual and factual innocent claim.[14]
- *Pernicious and Flagrant* government Brady violations (fraud on the courts).[15]
- **Perfidious, immoral, and corrupt** ineffective assistance of counsel[16]
- *Flagrant* prosecutorial misconduct (perjury, bribery, fraud, fabrication of evidence, etc.).[17]
- Lack of subject matter jurisdiction (18 USC 3231 and Article III).
- Fraudulent jury charges (Sweet, J.), Exhibit 36.
- Defective and null and void ab initio indictments (failed to charge an "offense").[18]
- Insufficiency of the evidence[19] and
- other claims[20] predicated on the actual innocence standard of **Schlup v. Delo**, infra.

I.

---

[14] See Appx. 3, infra. Cf., Exhibit 7 and 7-1, infra.

[15] See Exhibits 2 and 3, infra. Cf., Exhibits 8, 8-1, 9, 10, 11, 12, 13, 22, and 30, infra. The government's prosecutors knowingly and willfully have resisted and disobeyed not one, but two, Brady Court Orders, willful criminal, and civil contempt, 18 USC 401(3), Exhibits 2 and 3, infra, that **ordered** the government to disclose "*all*" Brady exculpatory and impeachment materials to Petitioner (i) "*Prior to the trial*" (Sweet, J.) (deceased) (04cr1224) (Exhibit 2) or (ii) "**Before the start of trial**." (Pauley, J.) (deceased) (05cr1115) (Exhibit 3). (emphasis added). There is no debate: the government and its prosecutors are currently in **criminal contempt** of court orders; and required to be criminally prosecuted by the District Courts.

[16] See n. 8 supra. Cf., Exhibits 18, 18-1, infra. Cf., Dkt. 31, 32, and 40 (05cr1115) (Pet'r **pro se** Kordel suppression motion). To protect his legal interests and rights Petitioner was forced into pro se representation and forced to file the Kordel suppression motion by the coordinated **perfidious, immoral, and corrupt** criminal ineffective assistance of counsel misconduct by the Retained Counsels in collusion with the government's prosecutors.

[17] See Appx. 3, infra; Cf., Exhibits 5, 6, 7, 8, 8-1, 9, 11, 12, 13, 14, 22, 28, 29, 30, 36, and 42, infra.

[18] See Exhibits 7, 7-1, 8, 22, and 30, infra.

[19] See Appx. 1, infra; Cf., Exhibits 5, 7, 8-1, 22, 30, 39, 40, and 41, infra.

[20] See Appx. 1, Appx. 5, and Appx 6 (cf., Exhibits 16) infra.

## A.   Jurisdiction and venue.

1.     Petitioner brings the *actual and factual innocent* habeas claims predicated on the *recently discovered*, *dispositive,* and *material* Brady exculpatory and impeachment evidence, which had been *deliberately and intentionally suppressed, concealed, hidden and covered up by the DOJ Respondents and others* —that is, in criminal and civil contempt of the Brady Court Orders, Exhibits 2 and 3; and according to the holding and reasoning in *Schlup v. Delo*, 513 U.S. 298, 327 (1998);

Petitioner brings this *actual and factual innocence **habeas corpus civil action, a "fundamental miscarriage of justice claim,"*** pursuant to 28 U.S.C. § 2241(a) for relief from unlawful conviction, sentence, detention, and restraint that violates his First, Fifth, and Sixth Amendment rights under the Constitution of the United States, Supreme Court precedents, federal law, Rules, Regulations, and policies of the United States Government.

## 2.   Petitioner also brings supervisory authority relief claims.

***Petitioner brings supervisor relief claims*** in the *individual and personal capacity* of DOJ Respondents that have acted and functioned, (i) without probable cause, (ii) in "the clear absence of all jurisdiction," and (iii) in willful and deliberate resistance and disobedience, 18 USC 401(3) criminal contempt, of the Brady Court Orders and Final Judgments regarding the proceedings in (a) ***United States v. Ware***, 04cr1224 (SDNY) (Sweet, J.) (deceased) and (b) ***United States v. Ware***, 05cr1115 (Pauley, J.) (deceased), jointly, (the **"Ware Cases"** or **"Moot Cases"**).

## Subject Matter Jurisdiction.

3.      The District Court (EDNY) has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2241(a) (habeas corpus), 28 U.S.C. § 1651 (All Writs Act), Article I, § 9, cl. 2 of the U.S. Constitution (Suspension Clause),  and 28 U.S.C. § 1331 (federal question).

## Venue.

4.      Venue is also proper in the Eastern District of New York (EDNY) pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events, crimes, and omissions committed against Petitioner by the **DOJ Respondents**, the **Non-DOJ Respondents**, their agents, privies, partners, associates-in-fact, and Unindicted Co-conspirators, acted in their official,  personal, and individual capacities, giving rise to these claims occurred in the Eastern District of New York.

Petitioner is currently being unlawfully detained, his liberty restricted, and his freedom of movement restricted in the Eastern District of New York.

## B.      The Parties.

1.      **Petitioner.**
    a.      Ulysses T. Ware, in his personal and individual capacity is an American citizen. Petitioner has been, beginning on or before September 1, 2004, see Exhibit 15,[21] unlawfully

---

[21] On September 1, 2004, in Atlanta, GA an intentional kidnapping overt act was committed against Petitioner in furtherance of the Hobbs Act international money laundering racketeering criminal enterprise run by Alpha Capital, AG (Anstalt), LH Financial Services, and "New York-based unregistered investment adviser" Ari Rabinowitz (quoting the *SEC v. Honig*, 18cv08175 (SDNY) (Ramos, J.) lawsuit), cf., Exhibit 12.

Petitioner, an attorney at law, was illegally kidnapped, arrested, searched, and seized by the U.S. Marshals (NDGA), who lacked a lawful and valid arrest warrant, search warrant, or court order. The Marshals entered Petitioner's law firm, with guns drawn, threatened to murder Petitioner unless Petitioner right them "issue those legal opinions to Judge Sand's clients ...." The Marshals were acting under the direct

detained by the DOJ Respondents, his liberty and freedom interests violated, and his constitutional rights to due process and equal protection of the laws have been knowingly, egregiously, willfully, intentionally, and with extreme malice violated;

b.    the DOJ Respondents, their agents, and unindicted co-conspirators jointly, severally, officially, personally, and individually, while motivated by an unprecedented racially-motivated pernicious, evil, and insidious personal and official animus; each has, directly and/or indirectly, violated, restricted, falsely, fraudulently, and illegally incarcerated, detained, restrained, or restricted the liberty and freedoms of the  Petitioner in the federal prisons of the United States from November 27, 2007, until May 24, 2019;

c.    and since May 24, 2019,  until the current date, in the Eastern District of New York, *the DOJ Respondents and others have knowingly and intentionally acted in concert, functioned as an illegal association-in-fact, a criminal enterprise, acted with an evil and criminal racially-motivated animus and Jim Crow ideology*, they have knowingly, deliberately, willfully, in *bad faith*, and *recklessly* in the *"clear absence of all jurisdiction"* restricted the freedoms and mobility of Petitioner in the Eastern District of New York by the illegal enforcement of the known to be null and void ab initio Final Judgments, *which has caused Petitioner severe and irreparable injuries, harms, and damages*.

---

criminal influence of District Judge Thomas W. Thrash, Jr. (NDGA), an unindicted coconspirator, and willing participant in the Alpha Capital, AG international Hobbs Act money laundering extortion criminal enterprise.

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

2.    DOJ Respondents.[22]

1.    Petitioner is bringing this *actual and factual innocence habeas corpus civil action* against the **United States of America** and **Merrick B. Garland**, et al., the current Attorney General of the United States, (the "**USAG**"), in his personal, individual, and official capacities. The USAG pursuant to 28 USC 519 "oversees and supervises" all litigation in which the United States or one of its officers or employees is a party.

Since taking office in 2021, USAG Garland, in the Eastern District of New York and elsewhere, has with a guilty conscious and in depraved reckless and indifference to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, has criminally and civilly resisted and violated the Final Judgments while knowing the United States lacked all probable cause to have initiated the Ware Cases, and while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.[23] See Appx. 3 for communication with the USAG and the USAO (SDNY).

---

[22] The DOJ Respondents all currently are in willful and bad faith resistance and disobedience, 18 USC 401(3) criminal contempt, of the Brady Court Orders' written commands, see Exhibits 2 and 3, infra, to disclose all Brady exculpatory and Giglio impeachment evidence to Petitioner "prior to trial" and on a continuing basis, and even after trial. The DOJ Respondents' willful criminal contempt of the Brady Court Orders and final judgments, Exhibits 4 and 5, are insidious and very serious violations of the District Court (EDNY) Rules of Professional Conduct; and subjects the DOJ Respondents to the inherent sanctioning supervisory authority of the District Court.

[23] The Government's indictments in the Ware Case as a matter of law and fact egregiously and risibly failed to allege and charge an indictable (i) criminal contempt "offense (04cr1224); and (ii) failed to allege and charge a conspiracy or securities frauds "offense" in violation of Article II, § 3, Article III, 28 USC 547(1) and 18 USC 3231 (05cr1115).

Page **23** of 395
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

2.    **Lisa O. Monaco**, the purported deputy USAG since taking office in 2021,  deputy USAG Monaco, in the Eastern District of New York and elsewhere, has with a guilty conscious and in depraved indifference to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, has criminally and civilly resisted and violated the Final Judgments while knowing the United States lacked all probable cause to have initiated the Ware Cases, and while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.

3.    **Vanita Gupta**, the purported associate USAG, since taking office in 2021, deputy USAG Gupta, in the Eastern District of New York and elsewhere, has with a guilty conscious and in depraved indifference to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, has criminally and civilly resisted and violated the Final Judgments while knowing the United States lacked all probable cause to have initiated the Ware Cases, and while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.[24]

4.    Petitioner brings supervisory relief claims against **Damian Williams**, and his predecessor, **Audrey Strauss**, purported to be the United States Attorney (SDNY) or acting U.S. Attorney, respectively, in his and her personal, individual, and official capacities.

---

[24] The Government's indictments in the Ware Case as a matter of law and fact egregiously failed to allege and charge an indictable (i) criminal contempt "offense (04cr1224); and (ii) failed to allege and charge conspiracy and securities frauds "offenses" in violation of Article II, § 3, Article III, 28 USC 547(1) and 18 USC 3231 (05cr1115).

Page **24 of 395**
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Since October 2021, **Damian Williams**, and since May 2021 Audrey Strauss in the Southern District of New York and elsewhere, have with a guilty conscious and in *reckless* depraved indifference to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, have willfully criminally and civilly resisted and violated the Final Judgments while knowingly lacking all probable cause over the Ware Cases, and while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.

5.     **Margaret M. Garnett**, the purported deputy U.S. attorney (SDNY), has since late 2021, in the Southern District of New York and elsewhere, has with a guilty conscious and in *reckless* depraved indifference to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, has criminally and civilly resisted and violated the Final Judgments while knowingly lacking all probable cause over the Ware Cases, and while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.

6.     **Daniel Gitner**, the purported assistant deputy U.S. attorney (SDNY), chief of the criminal division, in the Southern District of New York, has with a guilty conscious and in *reckless* depraved indifference to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, has willfully criminally and civilly resisted and violated the Final Judgments while knowingly lacking all probable cause

over the Ware Cases, and while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.

### 3.    Other Respondents or Defendants.

**Edgardo Ramos**

7.    Petitioner brings supervisory authority claims against **Edgardo Ramos**, in his personal and individual capacities, purported to be a United States federal judge (SDNY). Ramos has since July 2021, in the Southern District of New York, in his personal and individual capacities, has acted and functioned criminally, with a guilty conscious and in *reckless depraved indifference* to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, has criminally and civilly resisted and violated the Final Judgments while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.

**Laura Taylor-Swain**

8.    Petitioner brings supervisory authority claims against Chief District Judge **Laura Taylor-Swain** in her personal and individual capacity. Since September 2021, in the Southern District of New York, Taylor-Swain has acted and functioned criminally, with a guilty conscious and in depraved indifference to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, has criminally and civilly resisted and violated the Final Judgments while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

**David Mulcahy**

9.     Petitioner brings supervisory authority claims against **David Mulcahy**, in his personal and individual capacity, currently employed as a United States Probation Officer in the Southern District of New York. Mulcahy, has acted and functioned criminally, with a guilty conscious and in *reckless depraved indifference* to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, has criminally and civilly resisted and violated the Final Judgments while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.

**Michael Fitzpatrick**

10.     Petitioner brings supervisory authority claims against **Michael Fitzpatrick**, in his personal and individual capacity, currently employed as a United States Probation Officer in the Southern District of New York. Fitzpatrick has acted and functioned criminally, with a guilty conscious and in *reckless depraved indifference* to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed material facts, has criminally and civilly resisted and violated the Final Judgments while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases.

**Thomas J. McCarthy**

11.     Petitioner brings supervisory authority claims against **Thomas J. McCarthy**, in his personal and individual capacity, currently employed as a United States Probation Officer in the Southern District of New York. McCarthy has acted and functioned criminally, with a guilty conscious and in *reckless depraved indifference* to the law and the facts, has willfully, deliberately, intentionally, in bad faith, and in reckless disregard for the law, the truth, and the undisputed

material facts, has criminally and civilly resisted and violated the Final Judgments while knowing the federal courts lack all subject matter jurisdiction over the Ware Cases; and McCarthy knowingly, willfully, intentionally, and in bad faith *fabricated and falsified* the presentencing report, ("**PSR**"), submitted to the court in *United States v. Ware*, 04cr1224 (SDNY) in 2008.[25]

## C.   Statement of the case.

i.   Petitioner contends that as a matter of law and fact he is ***actually and factually innocent*** of all charges in the ***United States v. Ware***, 04cr1224 (SDNY) and ***United States v. Ware***, 05cr1115 (SDNY) indictments, (the "**Moot Indictments**").

ii.   Petitioner further contends that it is more likely than not that no rational and reasonable juror, properly instructed in the law, having been presented with the *suppressed, concealed, covered up*, and *hidden **recently discovered*** dispositive and *material* Brady <u>exculpatory</u> and <u>impeachment</u> evidence, see attached Exhibits, infra, and the commission of numerous other material constitutional violations by the government's prosecutors, would have been *authorized and justified* to vote to convict him at trial; and,

iii.   furthermore, but for the willful, bad faith, and deliberate, egregious, malicious, and numerous constitutional violations committed by the DOJ Respondents, the Government

---

[25] McCarthy and the USPO knowingly and with malice, maliciously fabricated and falsified the PSR by the knowing inclusion of materially false and fabricated information that each of the 02cv2219 (SDNY) "Civil Plaintiffs" named in para. 8 of the 04cr1224 (SDNY) indictment *were lawfully registered* with the Securities and Exchange Comm'n, (the "**SEC**"), and FINRA, *when in fact they had never been lawfully registered with the SEC or FINRA*, see Exhibit 7 (newly discovered *material and dispositive Brady exculpatory evidence* suppressed and concealed by the USPO, the District Court (Sweet, J.), and the USAO (SDNY) as a racially-motivated Jim Crow hate crime against Petitioner).

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Lawyers, Petitioner's retained lawyers' deliberate and intentional ineffective assistance of counsel,[26] and others that aided and abetted the same,[27] Petitioner would not have been, and was not convicted at trial on all elements of the government's burden of proof beyond a reasonable doubt. *A fundamental miscarriage of justice has occurred.*

iii.    Beginning on or about November 27, 2007,  until on or about May 2009; and again from February 27, 2019, until May 24, 2019, in the *Eastern District of New York* at the Bureau of Prisons MDC federal prison Petitioner was unlawfully detained and restrained in violation of the Constitution of the United States, and *fraudulently imprisoned* based on false, fraudulent, fabricated, and moot purported judgments of conviction and sentence entered respect to the Moot Indictments.

---

[26] See Appx. 2 for communications with the Garland Law Firm.

[27] See Exhibits 16 and Appx. 6 for communication with the U.S. Bankr. Ct (NDGA) which has maliciously and insidiously aided and abetted the cover up, suppression, and concealment of the unregistered broker-dealer status of each of the "Civil Plaintiffs" named in paragraph 8, Exhibits 7, 7-1, and 8, of the 04cr1224 indictment, while colluding and in a wilful conspiracy to obstruct justice, and commit bankruptcy fraud conspiracy with the Atlanta, GA law firm of Kilpatrick, Townsend, & Stockton, LLP, ("**KTS**"), and its partners and former partners.; see also Exhibits 17, the State Bar of Georgia has aided, abetted, covered up, hid, and destroyed material evidence that it colluded and conspired with District Judge William H. Pauley, III (deceased), Edward T.M. Garland, Esq., Dennis S. Meir, Esq., Manny Arora, Esq., Donald F. Samuel, Esq, John W. Mills, III, and J. Henry Walker, IV, Esq., and other lawyers and fabricated and forged Exhibit 17- 6, *a fraudulent alleged affidavit of service Bureau of Prison officials have confirmed is a forgery and never occurred.*

See Appx. 1 (Petitioner's 2011 letter to former KTS partner Dennis S. Meir, Esq. who fraudulently represented the "Civil Plaintiffs" in the *In re Group Management Corp.*, 03-93031-mhm (BC NDGA) Chapter 11 proceedings, and concealed his clients' status as unregistered broker-dealers from the court, as a fraud on the court). CF., Exhibits 16, infra (Conspiracy to commit bankruptcy fraud by the Atlanta, GA bankruptcy court employees to prevent Petitioner access to the court to adjudicate his 2012 Rule 9024/60(d)(3) fraud on the court claims.).

(iv).   Beginning on or about May 22, 2019, continuing without interruption to the current date, Petitioner has been unlawfully detained and/or had his freedoms impeded and restricted in the *Eastern District of New York*; his right to due process and equal protection of the law, and his liberty and right of access interests under the First and Fifth Amendments of the Constitution of the United States have been and are currently being civilly and criminally violated by the United States and its privies, the DOJ Respondents and others who have:

1.  unlawfully restricted and prevented Petitioner from access to the courts and court buildings located in the Southern District of New York in violation of federal law that require all "special conditions" of *supervised release to be in writing* and imposed *exclusively by the District Court* at sentencing or other proceedings;[28]

2.  in the knowing, reckless, depraved, and willful bad faith violation of the Double Jeopardy and the Due Process Clauses of the United States Constitution, which the DOJ Respondents have in bad faith, without any valid or nonfrivolous legal or factual basis, illegally enforced known to be null and void ab initio judgments, court orders, and other legal processes and procedures, i.e., the Final Judgments, Local Rules District Court 1.5(b)(5), unwritten, unlawful, illegal, and unconstitutional restraint and unlawful conditions of supervised release,[29] etc.;

---

[28] See Appx. 5 (Ltr to USPO regarding unlawful and illegal restraint and alleged "special conditions of supervised released" imposed, covertly, by David Mulcahy and the USPO in violation of federal law and due process of law).

[29] Discretionary Conditions of Supervision: Under 18 U.S.C. §§ 3563(b) and 3583(d), *the court* may order additional conditions of probation or supervised release. These conditions may be imposed to the extent that they:

3. and with malice aforethought, knowingly, willfully, intentionally, recklessly, and in bad faith, and with **evil and racially-motivated** unprecedented depravity, violated their oath of office to *uphold and defend the Constitution* and *execute and enforce the laws of the United States* by turning a blind eye, a deaf ear and *refused to enforce the Brady Court Orders*, to wit: Exhibits 2 and Exhibit 3; and the Final Judgments, Exhibits 4 and 5, infra.

## D. General Prayer for Requested Habeas Reliefs.

WHEREFORE Petitioner requests that the Court grant the following habeas relief:

i. issue a temporary restraining order and preliminary and permanent injunctive relief ordering Respondents, their, privies, agents, unindicted co-conspirators, and all others who have depended or relied on, in whole and/or in part, the Final Judgments in any federal, state, or local, judicial, administrative, or other proceedings, deliberation, adjudication, or matter before any tribunal, to immediately cease, desist, and terminate all enforcement, recognition, reliance, dependence on, or acknowledgment of, the Final Judgments;

ii. reverse, vacate, and set aside the alleged final judgments of conviction and sentence entered in the Ware Cases;

---

a. are reasonably related to the relevant sentencing factors listed at 18 U.S.C. § 3553(a);
b. involve only such deprivations of liberty or property as are reasonably necessary for the relevant sentencing purposes listed at 18 U.S.C. § 3553(a); and
c. are consistent with any pertinent policy statements issued by the Sentencing Commission.

iii.     grant Petitioner a new trial in **United States v. Ware**, 04cr1224 (SDNY) and **United States v. Ware**, 05cr1115 (SDNY);

iv.     dismiss the indictments in **United States v. Ware**, 04cr1224 (SDNY) and **United States v. Ware**, 05cr1115 (SDNY) with **prejudice, nunc pro tunc,** for *flagrant* Brady and Giglio Court Order violations, resistance, and prosecutorial and judicial misconduct;

v.     declares the Final Judgments null and void ab initio, nunc pro tunc, September 1, 2004;

vi.     set down and schedule a sanctioning evidentiary hearing for the *parties and others*[30] to present evidence and brief the award of monetary damages, costs, expenses, attorneys fees, and other damages for the civil contempt of the Final Judgments; and other sanctions to be imposed on the DOJ Respondents, their agents, privies, and unindicted co-conspirators that knowingly, willfully, and deliberately, resisted, violated, and/or aided or abetted the willful and deliberate resistance and/or violation of the Final Judgments;

vii.     Award Petitioner his costs and reasonable attorneys' fees in this action, including costs and fees recoverable under 28 U.S.C. § 2412, the Equal Access to Justice Act, and other applicable law;

viii.     set this matter down for a Fed. R. Crim. P. 42(a), (b) show cause proceeding for each respondent, their agents, privies, unindicted co-conspirators, and others to come before the

---

[30] See Exhibit 31 for the names and identity of the persons and entities that knowingly, deliberately, willfully, and in bad faith resisted and violated, 18 USC 401(2) and 401(3), criminal and civil contempt, the Final Judgments.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

District Court and show cause why they shall not be referred for criminal prosecution, 18 USC 401(2) and 401(3), criminal contempt, of the Final Judgments;

ix.    grant Petitioner a ***compensatory civil contempt money judgment*** in the sum certain amount of $2.225 billion dollars, plus punitive damages, costs, expenses, and attorney's fees, to be determined after an evidentiary hearing on the merits, against each respondent, in his or her personal and individual capacity, jointly and severally;

x.    **enter an emergency order directed to the Government to** (i) ***immediately, within three (3) days of service,*** to produce or:

- (i)    file into the record and serve a copy of the same on Petitioner_***all*** Rule 11 and ***USSG 5k materials***[31] that pertain to ***any*** government trial witness or person having knowledge or possession of Brady exculpatory or impeachment materials; or

- (ii)    certify under oath that all actual innocence, USSG 5k, and Rule 11 materials have been disclosed to Petitioner, and/or docketed in the respective proceedings;

- (iii)    a log and inventory of all communications between the USAO and government trial witnesses Kenneth A. Zitter, Esq., Ari Rabinowitz, and Kelley Quinn;

- (iv)    a log and inventory of all communications including production of all documents shared  between the USAO-SDNY and LH Financial Service, Alpha Capital, AG, and Ari Rabinowitz;

---

[31] See Exhibits 29, infra, for ***undisclosed*** and ***undocketed*** USSG 5k and Rule 11 materials of the government's "principal witness" Jeremy Jones.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

- (v)    a log and inventory of all communications between the USAO and the SEC, including all transcripts, depositions of government witnesses, subpoenas issued to Petitioner's banks by the SEC;

- (vi)    a log and inventory of all communications between the USAO and the District Court (D. NV) (Dawson, J.);

- (vii)    a log and inventory of all communications between the USAO and **convicted felon** Edward M. Grushko, Esq., Barbara R. Mittman, Esq., and Kenneth A. Zitter, Esq.;

- (viii)    a log and inventory of all communications between the USAO and the State Bar of Georgia; the Bankruptcy Court (NDGA); District Judge Thomas W. Thrash, Jr. (NDGA); Kilpatrick, Townsend, & Stockton, LLP (Atlanta, GA), and its partners;

- (ix)    a log and inventory of all Brady exculpatory and impeachment materials received from the SEC obtained during or from the SEC's Las Vegas 03-0831 (D. NV) proceedings;

- (x)    a log, inventory, and date of all debriefings of Jeremy Jones prior to his trial testimony and September 22, 2006, alleged Rule 11 USSG 5k perjury contract and proceeding; and the same in regard to all government trial witnesses.

xi.    **enter an order directed to Marlon G. Kirton, Esq., See Exhibits 29, infra, to:**

- file into the Court all Rule 11, USSG 5K, debriefing, proffer, and sentencing communications between the USAO-SDNY, the District Court (Pauley, J.), and the USPO regarding the government's 05cr1115 "principal witness" Jeremy Jones;

- produce and file an inventory and log of all communications between Kirton and Bachner, Kirton and the Garland Firm, Kirton and Gary G. Becker, Kirton and the SEC, Kirton and the USAO, Kirton and the USPO, and Kirton and the District Court (Pauley, J.);

- produce and file into the Court all records regarding all CJA payments received concerning the 05cr1115 (SDNY) proceedings;

- produce all Brady exculpatory or impeachment materials Kirton has or has had in his possession.

xii.     enter an order directed to the *State Bar of Georgia*, the **Garland Law Firm**, *and Michael F. Bachner, Esq.*, (the "**Retained Counsels**"), to file *certified copies* into the Court and served a copy of the same on Petitioner regarding, cf., Appx. 2 and Exhibits 17:

- A *certified* client escrow accounting and records pertaining to retainers and money paid by Petitioner for Sixth Amendment counsel representation in regard to 04cr1224 and 05cr1115: including an itemization of all *alleged* services performed and billing for each service performed, the date the service was performed, who performed the service, and the result of performing the services;

- a *certified* inventory that lists the contents of all client files and pleadings filed in the 04cr1224 and 05cr1115 proceedings;

- all communications and log of the same between the USAO and Retained Counsels;

- all copies of transcripts, letters, or memoranda, of all ex parte communications between the USAO and the District Courts (Pauley, J.) and (Sweet, J.);

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

- copies and log of all *alleged* Rule 11 plea deals negotiated or offered by the USAO to Petitioner;

- copies and log of all *written* communications between Retained Counsels and Petitioner;

- copies and log of all communications between Retained Counsels and, the USAO, Marlon G. Kirton, Esq., the USPO, and the District Court (Pauley, J.) regarding Jeremy Jones' USSG 5k, Rule 11 proceedings, and trial testimony;

- an inventory and log of all communications between the Garland Firm and Kenneth A. Zitter, Esq.;

- an inventory and log of all communications between the Garland Firm and Michael F. Bachner, Esq.

- an inventory and log of all communications between the Garland Firm and the State Bar of Georgia;

- an inventory and log of all communications between the Garland Firm and District Judge Thomas W. Thrash, Jr. (NDGA);

- an inventory and log of all communications between the Garland Firm and Kilpatrick, Townsend, & Stockton, LLP, (Atlanta, GA), and its partners Dennis S. Meir, Esq., John W. Mills, III, J. Henry Walker, IV;

- the identity and contact information of any private investigator *allegedly* employed by the Garland Firm or Michael F. Bachner, Esq. to investigate the facts and contact witnesses;

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

- a copy and log of all memoranda of law *allegedly* drafted and provided to Petitioner by the Garland Firm or Bachner regarding all allegations in the 04cr1224 and 05cr1115 charging instruments;

- a copy of any purported defense strategies formulated by the Garland Firm or Bachner to adversarily defend the charges in 04cr1224 and 05cr1115;

xiii.    **For Gary G. Becker, Esq., purported "standby counsel," in 05cr1115 to file into the Court:**

- a record of all CJA bills and payments received regarding the 05cr1115 (SDNY) proceedings;

- a log and inventory of all communications between the USAO, the Garland Firms, Michael F. Bachner, and Marlon G. Kirton;

- a log and inventory of any Brady exculpatory or impeachment materials he has or has had in his possession; and

- a log and inventory of all communications between Becker and the District Court (Pauley, J.).

xiv.    **enter an order directed to government trial witnesses Kenneth A. Zitter, Esq., Ari Rabinowitz, and Kelley Quinn to file into the record a log and inventory of:**

- all Brady exculpatory and impeachment materials they have or have had in their possession;

- a copy of all grand jury testimony given in 04cr1224 or 05cr1115;

- all documents provided or produced to the USAO regarding the "Civil Plaintiffs;"

- all communications between Zitter and the U.S. Marshals concerning illegally arresting Petitioner on September 1, 2004, in Atlanta, GA (see Exhibits 13, 13-1, and 15);

- all communications between Zitter and District Judge Thomas W. Thrash, Jr.;

- all communications between Zitter and Kilpatrick, Townsend, & Stockton, LLP (Atlanta, GA), and its partners Dennis S. Meir, Esq., John W. Mills, III, and J. Henry Walker, IV, cf., Appx. 1;

xv.   enter an order for the district clerk, Ruby Krajick, to file certified copies of the 04cr1224 and 05cr1115 dockets into the Court, with a certification the dockets contain all judicial records in the respective proceedings;

xvi.   enter an order for the bankruptcy court (NDGA) clerk, M. Regina Thomas, to file a certified copy of the *In re Group Management Corp*., 03-93031-mhm (BC NDGA) docket, cf., Appx. 6 and Exhibits 16, into the Court and certify the docket contains all submitted judicial records and documents in the proceeding;

xvii.   enter an order for the U.S. Probation Office to file a certified copy of all alleged "special conditions of supervised released" unilaterally imposed on Petitioner, ex parte, by the USPO since May 22, 2019;[32]

xviii.   grant Petitioner an evidentiary hearing regarding all disputed issues of fact; and

xiv.   grant any other and further relief that this Court may deem fit and proper.

---

[32] See Appx. 5.

## II.

### A.    Undisputed Statement of material facts.

Petitioner hereby incorporates by reference and make a part hereof, in heac verba, Ulysses T. Ware's March 15, 2022, Declaration of Fact, (the "**Actual Innocent Facts**"), paragraphs 1-50, as the "clear and convincing" factual predicates in support of the ***actual innocent*** habeas and other claims, (the "**Claims**").

## III.

### B.    The Habeas Corpus Claims: Actual and factual innocence of all charges.

(a)    United States v. Ware, 04cr1224 (SDNY) (Sweet, J.).

1.    ***Strickland v. Washington*** Ineffective Assistance of Counsel  (04cr1224) (the Garland Firm)

2.    The Willful ***Brady v. Maryland*** and *Giglio* Violations (04cr1224).

3.    Flagrant prosecutorial misconduct and fraud on the court (04cr1224).

4.    Lack of probable cause (04cr1224).

5.    Lack of 18 USC 3231 and Article III subject matter jurisdiction (04cr1224).

6.    Unconstitutional jury charge (Sweet, J.) (04cr1224).

7.    Flagrant and bad faith judicial misconduct, frauds on the court, and judicial corruption.

8.    Rule 41(a)(2) ***voluntary*** dismissal with prejudice, after the statute of limitations had run on all claims in 02cv2219 (SDNY) lawsuit.

9.      15 USC 77b(a)(11) statutory underwriter status: para. 10.1(iv) of GX-5.

10.     Actual and factual innocence of all charges fundamental miscarriage of justice claim: the

Government's trial evidence was insufficient to prove beyond a reasonable doubt its trial

burden of proof.

(b)     United States v. Ware, 05cr1115 (SDNY) (Pauley, J.).
1.      *Strickland v. Washington* Ineffective Assistance of Counsel (05cr1115) (Michael F.

Bachner and the Garland Firm) claims.

2.      The Willful *Brady v. Maryland* and *Giglio* Violations (05cr1115) claims.

3.      Flagrant prosecutorial misconduct and fraud on the court (05cr1115) claims.

4.      28 USC 547(1) Claims: Lack of probable cause (05cr1115).

5.      Lack of 18 USC 3231 and Article III subject matter jurisdiction (05cr1115) claims.

6.      *United States v. Kordel* Due Process Notice I Issue claims.

7.      Government "principal witness" Jeremy Jones' fraudulent Rule 11 plea (perjury) contract;

concealed USSG 5k contract; concealed USSG 5k Rule 11 allocution, and concealed USSG

5k letter for a downward departure in sentencing claims.

8.      Flagrant judicial misconduct (District Judge William H. Pauley, III (deceased)), fraud on the

court, and corruption claims.

9.  Actual and factual innocence, fundamental miscarriage of justice claims. the Government's trial evidence was insufficient to prove beyond a reasonable doubt its trial burden of proof.

10. Government's willful and known suborned perjured, false, and fabricated testimony of its "principal witness" Jeremy Jones at trial (*Nepue v. Illinois and Mooney v. Holohan* Claim).

## III.

### C.   The District Court's Authority to Grant the Requested Habeas and Supervisory Relief.

This Court Has Authority to Order Plaintiff's Release to Home Confinement 73. Petitioner challenges the fact of his detention in violation of the First Amendment and seeks immediate release to home confinement, under conditions the Court deems proper. 74. The writ of habeas corpus under 28 U.S.C. § 2241 is an appropriate vehicle for granting this relief. Section 2241 authorizes courts to grant habeas corpus relief where, inter alia, a person *"is in custody in violation of the Constitution . . . of the United States,"* 28 U.S.C. § 2241(c)(3). (emphasis added). (emphasis added).

In addition, courts have broad power to fashion equitable remedies to address constitutional violations. *Hutto v. Finney*, 437 U.S. 678, 687 n.9 (1978); see also *Bing v. Roadway*

*Exp., Inc.*, 485 F.2d 441, 448 (5th Cir. 1973) ("We must remember that the power of the district court to fashion an equitable remedy is broad.").[33]

## IV.

A.    Opening Statement:

Petitioner is actually and factually innocent of all charges as a matter of law and fact.

Petitioner, the Prevailing Party, asserts, contends, and claims actual and factual innocence of all charges; and claims that the willful and knowing civil and criminal contempt of the lawful Brady Court Orders (Exhibits 2 and 3) and Final Judgment (items 4 and 5) listed in Section V., infra, are lawful, definitive, and specific court orders entered by the District Court (SDNY) or the Court of Appeals for the Second Circuit.

Petitioner further contends that it is more likely than not but for the numerous egregious constitutional violations committed by the respondents in the proceedings sub judice, no reasonable juror properly instructed on the law would have been authorized to vote to convict. Therefore, a "fundamental miscarriage of justice" occurred in the underlying proceedings, and the judgments of conviction and sentence are abrogated, vitiated, and null and void ab initio.

---

[33] Given the unprecedent flagrant prosecutorial and judicial misconduct committed in the Ware Cases by the Executive and Judicial branches, the District Court has a heighten duty and responsibility to defend the Constitution and uphold the law from attack from all persons regardless of station or position; especially in defense of the rule of law against those who swore a solemn oath to defend the Constitution and uphold the law.

Accordingly, the DOJ Respondents, the Government Lawyers, and their accomplices' willful and knowing resistance, disobedience, hindrance, avoidance, subversion, and impeding of the definitive and specific commands and preclusive effects of the court orders is a "**crime** in the ordinary sense"[34] against the lawful judicial authority of the District Court (SDNY), and the Court of Appeals, which issued the court orders, to accord Ulysses T. Ware, the constitutional right to due process of law.

This malicious and repeated crime was and is an unprecedented egregious and insidious **crime,** 18 USC 401(2) and 401(3), committed by DOJ Respondents, a purported federal judge **Edgardo Ramos,**[35] acting in his individual and personal capacity, the retained and CJA counsels[36], and others as a deliberate and intentional series of overt acts, a pattern of racketeering activity, in furtherance of the conspiracy that obstructed due process of law, violated the Supreme Court's holding in *Brady v. Maryland*, violated the DOJ's policy expressed in the U.S. Attorney's Manual

---

[34] *Bloom v. Illinois*, 391 U.S. 194, 201 (1968). ("Criminal contempt **is a crime in the ordinary sense**; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both."). (emphasis added).

[35] The criminal contempt **crimes** committed by Edgardo Ramos are **high crimes and misdemeanors** and subjects Ramos to the **Impeachment Power of Congress**; furthermore, Ramos' **crimes** require the District Court (SDNY) to **immediately** refer Ramos to the Executive Director of the Administrative Office of the U.S. Courts with a recommendation that Ramos be impeached and prosecuted for his crimes against the law, 18 USC 401(2) and 401(3). An insidious violation of the Codes of Conduct and Canons for Federal Judges.

[36] The CJA counsels, Marlon Kirton, Esq., and Gary G. Becker, Esq., are required to be criminally prosecuted for filing false claims and perjury in the fabrication and fraudulent creation and submission of false CJA compensation documents to the District Court (SDNY). Both Kirton and Becker did not perform as Sixth Amendment counsel, but, rather, as an accomplice with, and aided and abetted, the Government Lawyers to resist and disobey the commands and inherent preclusive effects of the Brady Court Orders and Court Judgments willfully and knowingly.

Sections 9-5.001-002, and knowingly and willfully impeded and hindered the administration of the criminal justice by the District Court (SDNY) and the Court of Appeals.

## V.

A.     Lawful court orders and final judgments entered in favor of Ulysses T. Ware, the Prevailing Party, which have been willfully and knowingly civilly and criminally resisted, avoided, hindered, impeded, and effectively voided by the Government, Lawyers and their accomplices in willful violation of 18 USC 401(2) and 401(3), criminal contempt, and the ethical and professional responsibility standards for lawyers of the District Court (SDNY).

(1)     In re August 10, 2007, Brady Disclosure Court Order, *United States v. Ware*, 04cr1224 (SDNY)(RWS), ("**1224**"), Dkt. 32, **Exhibit 2**; and

(2)     In re May 19, 2006, Brady Disclosure Court Order, *United States v. Ware*, 05cr1115 (SDNY) (WHP), ("**1115**"), Dkt. 17, Tr. 5-9, **Exhibit 3**; Exhibit 2 and Exhibit 3 jointly, the "**Brady Court Orders**."[37]

(3)     In re August 18, 2009, superseding final judgment entered in *United States v. Ware*, 07-5670cr (XAP)(2d Cir.,  ), Gov.-I,  ), **Exhibit 4**; and

---

[37]  Criminal contempt, 18 USC 401(2) and 401(3), governs the ethical and professional responsibility standards of the Government's lawyers, to wit, Merrick B. Garland, Lisa O. Monaco, Vanita Gupta, Jeffrey R. Ragsdale, Damian Williams, Margaret M. Garnett, Daniel Gitner, Audrey Strauss, Melissa Childs, John M. McEnany, Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, David N. Kelley, Michael J. Garcia, Steve R. Peikin, Joon Kim, and Preet Bharara, jointly and severally, (the "**Government Lawyers**"),  in regard to their full compliance with the terms and commands of the Brady Court Orders and Court Judgments.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

(4)     In re December 20, 2007, Dkt. 90, **Alpha Capital, AG, et al. v. ICG Corp., a/k/a GPMT, et al.**, 02cv2219 (SDNY)(LBS), Fed. R. Civ. P. Rule 41(a)(2) final order-judgment, **Exhibit 5**; Exhibit 4 and Exhibit 5 jointly, (the "**Court Judgments**"); and

(5)     In re October 30, 2007, final judgment of the Fed. R. Crim. P. Rule 48 Government Lawyers' **voluntary** dismissal with prejudice of the **United States v. Ware**, 05cr1115 (SDNY) indictment, **Exhibit 1**, against Ulysses T. Ware, the "**Dismissal Judgment**." Items 1-5, jointly, (the "**Final Judgments**").

## VI.

**A.**     District Court's Supervisory Authority Requested Reliefs.

Comes now Ulysses T. Ware, the Petitioner-Prevailing Party, and on behalf of the Brady Court Orders and Court Judgments, moves District Court (SDNY), pursuant to the Court's General Supervisory Authority and jurisdiction noted and explained in **In re Snyder**[38], **United Stated v. Hammed**[39], and **United States v. Payner**, 447 U.S. 727, 735 n. 7 (1980)[40], given the

---

[38] 472 U.S. 634, 645 n. 6 (1985).

[39] 858 F.2d 834, 837, 841 (2d Cir. 1988) ("This restriction [DR 7-104(A)(1)] is not statutorily mandated. The federal courts enforce professional responsibility standards **pursuant to their general supervisory authority over members of the bar.**" Id. at 841, "For half a century, the Supreme Court has recognized that "civilized conduct of criminal trials" demands federal courts be imbued with sufficient discretion to ensure fair proceedings. **Nardone v. United States**, 308 U.S. 338, 342 (1939). Thus, as Justice Frankfurter observed, "[j]udicial supervision of the administration of criminal justice in the federal courts implies the duty of establishing and maintaining civilized standards of procedure and evidence." **McNabb**, 318 U.S. at 340, 63 S.Ct. at 612. Such standards constitute an exercise of the courts' supervisory authority. **McNabb**, 318 U.S. at 341."). (emphasis added).

[40] (supervisory power "permits federal courts to supervise the administration of criminal justice among the parties before the bar").

unprecedented ethical violations, professional responsibility violations, fraud, corruption, frauds on the court, conspiracy to obstruct justice, kidnapping, mail and wire fraud, conspiracy to commit bankruptcy fraud, securities fraud, racketeering, money laundering, perjury, bribery, kickbacks, knowingly and willful civil and criminal contempt of court orders by government lawyers, officers of the court, and their agents, privies, and those acting in concert with the Government's Lawyers to:

1. docket this request for the District Court to invoke its General Supervisory Authority and Jurisdiction and impose disciplinary sanctions and other remedies,

2. enter a show-cause order directed to Edgardo Ramos, in his personal and individual capacity as a lawyer[41], an officer of the court;

3. enter a show-cause order directed to the Government Lawyers, Marlon Kirton, Edward T.M. Garland, Manibur S. Arora, David Levitt, Gary G. Becker, and Michael F. Bachner,

4. to show cause why the District Court (SDNY) shall not immediately refer each to the United States Department of Justice's Division on Public Integrity and the Criminal Division with a recommendation to prosecute each for criminal contempt of the Brady

---

[41] District Judge Ramos conducted the 1224 and 1115 proceedings in the "clear absence of all jurisdiction" and, thus, __acted in his individual and personal capacity__: Judge Ramos as a matter of law could not function as an Article III federal judge lacking Article III and 18 USC 3231 statutory subject matter jurisdiction over the 1224 and 1115 proceedings. Judge Ramos has functioned as the de facto co-counsel to the Government Lawyers, and Judge Ramos has aided, abetted, and encouraged the Government's Lawyers to continue to resist, avoid, hinder, frustrate, impede, and subvert all reasonable steps of full compliance with the Brady Court Orders and the Court Judgments willfully and knowingly. Judge Ramos refused all requests to "**affirmatively**" confirm the subject matter jurisdiction of the 1224 and 1115 courts, which he is aware is lacking, over the proceedings. Thus, the negative presumption that jurisdiction is lacking until "affirmatively confirmed" by the Government is controlling.

Court Orders and the Court Judgments; prosecute each for conspiracy to obstruct justice; and prosecute each aiding and abetting the Hobbs Act money laundering conspiracy run by Alpha Capital, AG (Anstalt), LH Financial Services, Ari Rabinowitz, Kenneth A. Zitter, convicted felon Edward M. Grushko, Esq., Barbara R. Mittman, Esq., and others known and unknown, in the Southern District of New York, and elsewhere;

5. for each to show cause why the District Court shall not refer each to their respective state Bar Associations with a recommendation for disbarment;

6. for each to show cause why the District Court shall not immediately suspend each from appearing in the District Court (SDNY) while this matter is pending;

7. and for the District Court to conduct a public, adversarial, evidentiary investigation, and adjudication of the merits of the claims.

## B.    Further Supervisory Authority Requested relief:

Petitioner, Ulysses T. Ware, the Prevailing Party[42], moves the District Court on behalf of the Brady Court Orders, and the Court Judgments for pursuant to the District Court's **inherent** general supervisory authority, Local Rules 1.5(b)(5) (EDNY), and jurisdiction[43] to enter an order

---

[42] Ulysses T. Ware is the prevailing party to the Brady Court Orders and the Court Judgments, and therefore, has an absolute legal right to seek enforcement of the orders and judgments to obtain compliance and compensation for all actual damages caused by the civil and criminal contempt of the court orders and judgments. See n. 7, infra.

[43] In general, "the **power** [jurisdiction] to punish for *contempt [of the Brady Court Orders and the Court Judgments, an ethical and professional responsibility standard violation by the Government Lawyers] is inherent in all courts.*" Bowens v. Atlantic Maintenance Corp., 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008)

directed to the United States Department of Justice's, (the "**DOJ's**"), lawyers, their agents, their privies, and all those in active concert therewith, (the "**Government's Lawyers**"), officers of the court, who appeared before the District Court (SDNY) in both 1224 and 1115[44], and thus, are subject to the District Court's general supervisory authority and jurisdiction to enforce and oversee ethical and professional responsibility standards of the lawyers who appear before the District Court, to order the Government's Lawyers, as officers of the court, and those lawyers that appeared in 1224 and 1115 to undertake the following **<u>affirmative ethical and professional responsibility acts</u>**:

1.  Certify under the penalty of perjury that "all reasonable steps" have been taken to fully comply with all terms, conditions, commands, and inherent preclusive effects of the Brady Court Orders and Court Judgments;

---

(citations omitted). "The underlying concern is 'disobedience to the orders of the [j]udiciary,' not 'merely the disruption of court proceedings.'" Id. (citing ***Chambers v. NASCO, Inc.***, 501 U.S. 32, 44 (1991)). ***As such, an individual*** [i.e., the Government's Lawyers, Judge Edgardo Ramos, Judge Laura Taylor-Swain, the retained and CJA counsels, and others that aided or abetted the contempt of the court orders] ***who disobeys a valid order of the court may be subject to both civil and criminal penalties for his actions***. Id. (citing ***United States v. Petito***, 671 F.2d 68, 72 (2d Cir. 1982)). "Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's orders or **to compensate the complaining party** [Ulysses T. Ware] for <u>losses</u> [+$2.225 billion dollars] **incurred as a result of the contemnor's conduct**." Id. (citing ***Hess v. New Jersey Transit Rail Operations, Inc.***, 846 F.2d 114, 115 (2d Cir. 1988)). (emphasis added).

[44] The Government's lawyers that appeared before the District Court in 1224 were Merrick B. Garland, Damian Williams, David N. Kelley, Michael J. Garcia, Preet Bharara, Joon Kim, Jeffrey Berman, Melissa Childs, Audrey Strauss, Nicholas S. Goldin, Maria E. Douvas, and Michael J. Garcia; those that appeared in 1115 were Merrick B. Garland, Michael J. Garcia, Joon Kim, Preet Bharara, Jeffrey Berman, Damian Williams, Melissa Childs, Audrey Strauss, Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, and Maria E. Douvas.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims. Tuesday, March 15, 2022**

2. Certify under oath that all material Brady exculpatory and favorable evidence was and has been disclosed to Ulysses T. Ware regarding the 1224 and 1115 proceedings, in particular all Brady evidence that confirmed that each of the "Civil Plaintiffs" named in para. 8 of the 1224 indictment[45] are **unregistered** broker-dealers and 15 USC 77b(a)(11) **statutory underwriters** of GPMT, and, accordingly, legally ineligible for any Rule 144 exemption to Section 5 of the 1933 Act's strict-liability registration requirements, cf., **SEC Release 33-7190 n. 17 (1995)**, see Dkt. 294 (1115);

3. Certify that all favorable and material Brady impeachment, favorable, and exculpatory evidence was disclosed to Ulysses T. Ware "prior to trial" or "before the start of trial" as ordered by the Brady Court Orders regarding para. 33 of the SEC-DOJ's Las Vegas 03-0831 (D. NV) **unsigned** complaint, Exhibit 22;

4. Certify that no perjured or fabricated evidence was presented to any grand jury or petit jury during the 1224 and 1115 proceedings by the Government's Lawyers;

5. Certify that no Government Lawyer offered or gave anything of value to the retained counsels of Ulysses T. Ware to have the retained counsels omit to perform or deficiently perform or undertake any adversarial method, process, or procedure required for the effective assistance of counsel required by the Sixth Amendment;

---

[45] See Exhibit 7, and 7-1, infra.

6. Certify that the Government's Lawyers, jointly or severally, did not conspire and/or collude with Jeremy Jones and his CJA lawyer Marlon Kirton, Esq., an officer of the court, for Kirton to have Jones knowingly and willfully commit perjury or testify falsely, or in a deliberate and devious manner to misrepresent the facts, suborned by the Government's Lawyers, and testify perjuriously at trial in 1115 that Jones was involved in a conspiracy with Ulysses T. Ware or anyone, in direct contradiction to, and impeachment of, Jones' SEC deposition testimony[46]; and that Jones "artificially inflated" the prices of the securities of INZS and SVSY in contradiction to the July 14, 2003, judicial admission and confession of the SEC's lawyers involved in **SEC v. Small Cap Research Group, Inc.**, 03-0831 (D. NV)[47] at

---

[46] See Exhibit 8, infra. Jones sat for a sworn deposition in the SEC's sham Las Vegas litigation, 03-0831 (D. NV) in 2003 where he testified that he was not aware of any conspiracy, and had he known or any conspiracy he would not have gotten involved in the conspiracy. *As a result of Jones' deposition testimony the SEC's lawyers believed and agreed that Jones and Mr. Ware's employees were not involved in any conspiracy; as a result the SEC did not include Jones' or Mr. Ware's employees in the sham Las Vegas litigation.* A deliberate ruse orchestrated and executed by the SEC and USAO (SDNY) to unlawfully gather evidence for use in the contemplated criminal proceedings, 04cr1224 (SDNY) and 05cr1115 (SDNY), under the guise and pretense of the Federal Rules of Civil Procedure.

If Mr. Ware did not conspire with Jones or his employees, then who did Mr. Ware actually conspire with? The only available person for Mr. Ware to have conspired with would have been himself? Legally insufficient to sustain an 18 USC 371 conspiracy charge. Ergo, as a matter of law the Government's conspiracy failed for insufficient evidence. Clearly Brady exculpatory evidence in the possession of the SEC and by extension the USAO (SDNY), which was required to have been disclosed to Petitioner "prior to the start of trial." See Exhibit 3, infra (05cr1115, May 19, 2006, Brady Court Order).

[47] SEC lawyers involved in the SEC-DOJ's commingled Las Vega 03-0831 (D. NV) lawsuit, Jeffrey B. Norris, Spencer C. Barasch, John C. Martin, Robert Hannan, Steve Webster, and Steve Korotash all agreed there was **(i)** no conspiracy between Mr. Ware, Jones, and the Government's 1115 trial witnesses, see Exhibit 8, infra, and **(ii)** there was no "**artificial inflation**" [increase] of INZS and SVSY's securities' "prices", Exhibit 22, infra. Material Brady exculpatory evidence that was required to have been disclosed to Ulysses T. Ware and Jeremy Jones "before the start of trial." Cf., 1115 Brady Court Order, Exhibit 3, infra.

para. 33 (i.e., "the press releases did not have the intended effect of *increasing*

[48]the stock **price**." (emphasis added) (quoting para. 33)[49];

---

Moreover, the judicial admission by the SEC on July 14, 2003, 03-0831 (D. NV) complaint, Dkt. 1, para. 33, bound and estopped the United States, the real party in interest, and its privies, the **Government's Lawyers named herein**, Exhibit 22, infra, in the 03-0831 (D. NV), 04cr1224 (SDNY), and in 05cr1115 (SDNY) proceedings. Para. 8 is the Government's Lawyers' judicial admission and confession that the press releases of INZS and SVSY, the same subject matter of the 05cr1115 (SDNY) proceedings, **were as a matter of law and fact immaterial and accordingly not civilly or criminally actionable in the Article III federal court**.

Ergo, the 05cr1115 indictment failed to charge a securities fraud offense or a conspiracy to commit a securities fraud offense; and furthermore, the 05cr1115 District Court (Pauley, J., Ramos, J.) lacked the required 18 USC 3231 "offense" and accordingly lacked all subject matter jurisdiction over the proceedings. Hence, as a matter of law the alleged and purported judgment of conviction and sentence entered in 05cr1115 is null and void ab initio and moot.

[48] Paragraph 33, Exhibit 22, in the SEC's sham Las Vegas 03-0831 (D. NV) litigation, in effect pleaded the United States, *the real party in interest*, out of the federal courts, by the judicial admission and confession, judicial and equitable estoppel, *which vitiated and annulled any probable cause to arrest, indict, prosecute, or convict in 05cr1115 (SDNY)* predicated on the Government's 05cr1115 (SDNY) trial theory of "artificial inflation" of the stock "prices" of the securities of INZS and SVSY. Cf., Dkt. 99, S. Tr. 31 L 18-25 (the District Court rejected the Government's presentation, accepted Mr. Ware's (the Petitioner's) arguments and ordered a post-trial *Fatico evidentiary hearing* on the ***Government's trial burden of proof***, market efficiency; ipso facto, as a matter of law, *an acquittal on all charge that depended in whole or in part on market efficiency*, (i.e., the Government's "fraud-on-the-market" trial theory; cf., S. Tr. 35-36); S. Tr. 35-36 (the Government's via AUSA Steven D. Feldman conceded and confessed, judicial and equitable estoppel against the United States, that it did not and cannot prove beyond a reasonable doubt its trial burden of proof, i.e., market efficiency), and S. Tr. 73-76 (District Court ruled in favor of Mr. Ware (the defendant) that ***the Government did not meet its trial burden of proof with respect to market efficiency***. Rule 29 (c) post-trial evidentiary rulings in favor of defendant (Petitioner herein) in 05cr1115 by former District Judge William H. Pauley, III (deceased) against the Government.

Accordingly, the Government's trial theory, the fraud-on-the-market theory, cf., Dkt, 99, S. Tr. 35-36, failed as a matter of law. An acquittal on the merits in favor for the defendant, Ulysses T. Ware, the prevailing party in 05cr1115, protected by the Double Jeopardy Clause from any and all subsequent fact-finding regarding the 05cr1115 proceedings.

[49] See paragraph 33 in the sham Las Vegas 03-0831 (D. NV) litigation, Exhibit 22, infra.

7. Certify that the Government's lawyers did not engage in any unreported ex parte communications with District Judges William H. Pauley, III, Robert W. Sweet, or Edgardo Ramos;

8. Certify that the Government's lawyers have taken all reasonable steps and procedures to honor, obey, and respect the actual and inherent preclusive effects of the December 20, 2007, Dkt. 90. Fed. R. Civ. P. Rule 41(a)(2) superseding final judgment, Exhibit 5, entered in **Alpha Capital, AG, et al. v. IVG Corp., a/k/a/ GPMT, et al.**, 02cv2219 (SDNY) (LBS); and the Government's lawyers have not undertaken any acts or actions that effectively and/or actually or constructively resisted, frustrated, voided, undermined, disobeyed, aided or abetted any person with knowledge of the Rule 41(a)(2) court order to resist, void, frustrate, impede, hinder or delay full compliance with the actual and inherent preclusive effect of the court order;

9. Certify that the Government's lawyers have taken "all reasonable steps" to fully comply with the actual and inherent preclusive effects of the United States Attorney General, (the "**USAG's**"), November 7, 2008, Article II appellate political decision to abort, abandon, terminated and dismiss with prejudice the **United States v. Ware**, 07-5670cr (XAP), Gov.-I, cross-appeal, see Exhibit 6; and the same in regard to the August 18, 2009, final judgment of the Court of Appeals (2d Cir.) entered in 07-5670cr (XAP), see Exhibit 4, that ratified the USAG's Article II appellate political decision to confer prevailing party status, res judicata,

collateral, and the protections of the Double Jeopardy Clause's absolute finality on Ulysses T. Ware, (the **Prevailing Party**");

10. For **Marlon Kirton, Esq.**[50] to certify that he did not direct, suborn, assist, prepare, encourage, or suggest to his client, government 1115 trial "principal witness" Jeremy Jones, nor did he conspire and collude with the Government's Lawyers to have Jones knowingly lie, commit perjury and falsely testify[51] he (Jones) was involved in a conspiracy with Ulysses T. Ware[52], and that he (Jones) "artificially

---

[50] Marlon Kirton, Esq. appeared in 1115 under CJA appointment as the attorney of record for codefendant Jeremy Jones, the Government's "principal witness" (quoting Kearse, J., August 18, 2009, 07-5222cr (2d Cir.) opinion, see Exhibit 27, infra). Petitioner's investigators have uncovered suppressed and concealed newly discovered material Brady and Giglio evidence, see Exhibits 29, Kirton's **suppressed and covered up letters** to the District Court and the USAO that confirmed that Jones had in fact cooperated with the Government pursuant to a written USSG 5K cooperation agreement (Giglio material), entered a fake and known to be fraudulent Rule 11 plea to a fabricated conspiracy the SEC's lawyers had absolved Jones of in 2003 (Brady and Giglio exculpatory materials); and the Government did in fact summit a written USSG 5k letter to the District Court (Pauley, J.) in 2008, that argued for Jones to receive a downward departure in sentencing for his known and suborned by the Government perjured and lying testimony given at trial in 05cr1115 (SDNY) (Giglio materials).

To date, after numerous requests by Petitioner, the Government has refused all requests to disclose the Jones' USSG 5k Rule 11 perjury contract, Jones' Rule 11 allocution, and the Jones' 2008 USSG 5k letter that argued for the downward departure in sentencing that Jones received. *Egregious and flagrant prosecutorial misconduct, Brady violations, and 18 USC 401(2), and 401(3), criminal contempt of the Brady Court Order, Exhibit 3, infra, that have been knowingly, deliberately, intentionally, and criminally aided and abetted by District Judge Edgardo Ramos and Laura Taylor-Swain.*

[51] See Exhibits 29, and Appx. 2 (Kirton's letter to the District Court (Pauley, J.).

[52] Cf., suppressed and concealed SEC Brady exculpatory evidence, Exhibit 8, infra, that confirmed the SEC's lawyers did not believe that Jones and the other 1115 government trial witnesses (Epps, Williams, Sadler, and Jackson) participated in any conspiracy with Ulysses T. Ware as the reason they were not added to the SEC-DOJ's commingled Las Vegas 03-0831 (D. NV) civil lawsuit. Indisputable favorable and exculpatory Brady evidence covered by the 1115 Brady Court Order, Exhibit 3, infra. Willful and knowing civil and criminal contempt, i.e., a crime, committed by the Government's Lawyers; and egregious violations of the District Court's ethical and professional responsibility standards for government lawyers.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

inflated" [increased] the "prices" of the INZS and SVSY's securities, but cf., Exhibit 22 (the SEC's lawyer confessed there was not increase or inflation in the stock prices), in contradiction to Jones' SEC deposition testimony[53];

11. For **Edward T.M. Garland**, **Manibur S. Arora**, **Michael F. Bachner**, and **David Levitt**[54] to certify that:

- at all times after being retained by Ulysses T. Ware they functioned and performed as Ulysses T. Ware's competent, independent, effective, loyal, and *effective* Sixth Amendment *counsel*;

- at all times provided the *"independent" "effective" "assistance"* of *"counsel"* as required by the Sixth Amendment;

---

[53] Cf., Appx. 2 and Exhibit 22, infra: Marlon Kirton, Esq., an officer of the court, represented Jones at the *fabricated and fraudulent* September 2006, 05cr1115, Rule 11 plea proceedings before Magistrate Judge Michael H. Dolinger, see Exhibits 29, infra. Mr. Kirton knowingly and willfully colluded and conspired with the Government's Lawyers (i.e., AUSA Alexander H. Southwell, Michael J. Garcia, et al.) and allowed, permitted, encouraged, and suborned his client, the government's "principal witness" purported codefendant Jeremy Jones to knowingly and intentionally lie, commit perjury, and commit a fraud on the courts; and falsely testify (commit perjury) *he was involved in a conspiracy with Ulysses T. Ware the SEC's lawyer had absolved him of in 2003, see Exhibit 8, by not including Jones in the sham Las Vegas 03-0831 (D. NV) litigation*, as the fraudulent and fabricated legal and factual basis to permit the Government's trial lawyers, AUSAs Alexander H. Southwell, Nicholas S. Goldin, Steven D. Feldman, and Michael J. Garcia, *to introduce fabricated and perjury hearsay testimony into the 1115 trial record permitted by the hearsay exception, FRE 801(d)(2)(E)*, which substantially prejudiced Ulysses T. Ware and the administration of criminal justice in the District Court (SDNY). See also Exhibits 29, infra.

Thus, the government's motive for the bogus and fraudulent purported Sept. 22, 2006, fabricated USSG 5k Rule 11 perjury contracts was to enable it to create a fraud on the court by the knowing admission of fabricated hearsay testimony supplied by Jones.

[54] Garland, Arora, and Levitt appeared in 1224 as the purported independent, adversarial, and effective retained attorneys of records for Ulysses T. Ware; Bachner, the Garland Firm's *affiliate* (agent) appeared in 1115 as the retained purported independent, adversarial, and effective attorney of record for Ulysses T. Ware. Garland, Arora, Donald F. Samuel, Levitt, and Bachner, jointly, (the **"Retained Lawyers"**).

- at all time undertook all adversarial processes, procedures, and methods to attack the government's theory of prosecution in 1224 and 1115;[55]

- certify at no time was Mr. Ware pressured by Garland, Arora, Levitt, or Bachner to plead guilty to the charges in the 1224 and 1115 indictment; and at no time was Mr. Ware informed that no motions would be filed because, "Judge Pauley will punish me if I do that ... he is not a very nice person ...." (quoting Michael G. Bachner, Esq.);

- at no time was Mr. Ware informed, " ... you can't beat Judge Sand and his people up there ... It's best that you let us work you out a good plea deal ... else Mr. Southwell said that you either plead guilty or go to trial and be found guilty ... those are your choices, but you are going to prison ...." (quoting Edward T.M. Garland, Esq.);

12. For Merrick B. Garland, Lisa O. Monaco, Vanita Gupta, Jeffrey R. Ragsdale, Damian Williams, Margaret M. Garnett, Daniel Gitner, Melissa Childs, Audrey Strauss, and John M. McEnany to certify that since May 12, 2021, all reasonable steps have been taken to comply in full with the Brady Orders' commands and the Court Judgments' actual and inherent preclusive effects; and all material Brady *actual innocence* exculpatory, impeachment, and favorable evidence in the possession of the USAO, FBI, or SEC has been disclosed to Ulysses T. Ware as required by the commands of the Brady Orders;

---

[55] See Appx. 2.

13. For the DOJ Respondents and/or Government Lawyers to certify that they did not collude, conspire, or encourage, aid or abet, assist, help, coordinate, or enable 1115 government witness FBI analyst Maria Font to commit a fraud on the court, and fabricate and manufacture bogus and fraudulent chart evidence, GX 92 and GX 93; *and knowingly and willfully in bad faith suborn the perjured trial testimony of Font regarding GX 92 and GX 93*[56] that claimed in direct contradiction to Exhibit 22, suppressed Brady exculpatory evidence, INZS, and SVSY's press releases *"artificially increased the price* of the INZS and SVSY's securities as knowingly testified to perjuriously by Font on behalf of the Government at trial in 05cr1115;

14. For the Government Lawyers to certify that they did not collude, conspire, encourage, aid, or abet, assist, help, coordinate, suborn or enable FBI special agent David Makol to knowingly and willfully submit to the magistrate court, Exhibit 23, his perjured affidavit[57], used to procure arrest warrants for Petitioner while Makol and the Government Lawyers knew they lacked probable cause given para. 33, a

---

[56] See Exhibit 8-1, infra, for Mr. Ware's brutal cross-examination of Ms. Font in 1115, who in tears threw in the towel and confessed she had no evidence at all that any press release of INZS and SVSY were ever read by anyone.

[57] Makol's affidavit , Exhibit 23, is perjured because Makol, AUSA Southwell, and magistrate Andrew J. Peck all knew and were aware of para. 33 in the 03-0831 (D. NV) __unsigned__ complaint, and aware of its legal and factual consequences on probable cause: para. 33 as a matter of law vitiated and abrogated all probable cause to arrest or indict Petitioner and Jeremy Jones regarding the __immaterial__ press releases of INZS and SVSY. As a matter of law and fact the United States (the SEC or DOJ) lacked Article III standing and the Article III federal courts lacked Article III subject matter jurisdiction to adjudicate the __moot__ subject matter of __immaterial__ press releases. Both 03-0831 (D. NV) and 05cr1115 are moot.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

binding judicial admission and confession, Exhibit 22, in the 03-0831 (D. NV)

unsigned complaint.

## VII.

**A.**   **Habeas Corpus Claims.**

Ulysses T. Ware, the Prevailing Party, hereby this 15th day of March 2022, incorporates by reference, and included the same herein, in heac verba, as if set forth herein, the March 15, 2022, Declaration of Ulysses T. Ware, (the "**Declaration**"), as the factual predicates to, (i) invoke 28 USC 2241(a) actual and factual innocence and (ii) the District Court (SDNY) **inherent** General Supervisory Authority and Jurisdiction to impose sanctions and other remedies.

**B.**   **Actual and factual habeas corpus claims regarding United States v. Ware, 04cr1224 (SDNY).**

### Claim #1.

Strickland v. Washington Ineffective Assistance of Counsel Claims.

1.   Ineffective assistance of counsel claims in *United States v. Ware*, 04cr1224 (SDNY).

In 2005 Petitioner retained Edward T.M. Garland, Esq., Manny Arora, Esq., Donald F. Samuel, Esq., and David Levitt, Esq., collectively, (the "Garland Firm"), as his Sixth Amendment counsel of record in 04cr1224. Petitioner was assured by Edward T.M. Garland, Esq. that "… *all steps will be undertaken to defend against the Government's charges at trial* …" (emphasis in original) in the 04cr1224 indictment. See Exhibit 18-1, infra (the Garland Firm's withdrawal from 04cr1224). Petitioner was denied a fair trial.

Petitioner repleads paragraphs 1-50 in the Declaration herein in heac verba and claims that:

a.   The **Garland Firm's** (i) intentional, conspiratorial, deliberate, bad faith, collusive, disastrous, and egregious breach of their fiduciary duties and their *deficient and unconstitutional performance* as retained Sixth Amendment counsel violated the legal standards of *Strickland v.*

*Washington*; and (ii) Petitioner was **materially prejudiced** by the Garland Firm's knowing, deliberate, and intentional, agreed, acted in concert, and colluded deficient performance; and its maliciously conspiratorial misconduct in collusion with the DOJ Respondents, the Government Lawyers, District Judges Pauley and Sweet, the State Bar of Georgia, and others; and with respect to the **United States v. Ware**, 04cr1224 (SDNY) indictment's fabricated charges in Counts I, II, and III, deliberately, intentionally, and vehemently refused and failed to:

(i)     conduct *any* investigation of the charges or allegations in the indictment;

(ii)    research the law regarding the alleged 18 USC 401(3) criminal contempt charges;

(iii)   develop any coherent or effective trial theory or strategy to try the case at trial;

(iv)    refused to and failed to file any Brady, Giglio, Rule 16, or other pretrial discovery motions;

(v)     refused to and failed to research, draft, or file any motion(s) to dismiss the indictment for lack of 18 USC 3231 subject matter jurisdiction;

(vi)    secretly in violation of the express instructions of Petitioner to "not negotiate any Rule 11 plea," the Garland Firm covertly colluded and conspired with the DOJ Respondents and Government Lawyers and negotiated a bogus Rule 11 plea for Petitioner to enter a bogus and legally insufficient plea to Counts I, II, and III in the indictment;

(vii)   the Garland Firm bullied and harangued Petitioner to enter a Rule 11 plea to the indictment's charges stating, " ... *you can beat Judge Sand and his people up there in New York ... the best thing for you is to let us negotiate you a guilty plea, AUSA Goldin has said*

that you will not receive any jail time, **but you will have to give up your law license**. You are a young man you can find another career ...." (quoting Edward T.M. Garland);

(viii)  refused to provide Petitioner **_any_** _advice_, _counsel_, or _strategy_ regarding his right to challenge the indictment's false and fabricated 18 USC 401(3) criminal contempt charges claims;

(ix)(a)  refused and failed to contact FINRA and the SEC and confirm that each of the "Civil Plaintiffs" named in paragraph 8 of the indictment at all time before, during, and after the indictment had been and were 15 USC 78o(a)(1) _unregistered broker-dealers_, and accordingly, lacked all Article III and 28 USC 1332(a) standing to have filed the 02cv2219 (SDNY) civil lawsuit; and therefore, the 02cv2219 (SDNY) district court (Sand, J.) (deceased) lacked Article III and 28 USC 1332(a) diversity subject matter jurisdiction over the proceedings;

(ix)(b)  refused to interview or contact any witnesses suggested by Petitioner, to wit: Elorian Landers, the former CEO of IVG Corp., Dennis S. Meir, Esq., Kenneth A. Zitter, Esq., the Securities and Exchange Commission Office of the General Counsel, FINRA representatives;

(x)  failed and refused to research the law regarding 15 USC 78(a)(1) and develop any strategy to defend the charges against Petitioner that the 04cr1224 district court (Sweet, J.) lacked 18 USC 3231 subject matter jurisdiction over the indictment;

(xi)   failed and refused to research the law regarding 15 USC 77b(a)(11); and failed to become informed on the law, **SEC Release 33-7190 n. 17 (1995),** that prohibited the "Civil Plaintiffs"—that is, *judicially admitted and confessed Section 2(a)(11) statutory underwriters of IVG Corp.,* were *legally ineligible* for any Rule 144(k) exemption to Section 5 of the 1933 Securities Act's *strict-liability* registration requirements;

(xii)   failed and refused to become informed on the law that it is not an 18 USC 401(3) criminal contempt "offense" for Petitioner to not criminally violate the federal securities laws, 15 USC 77e, 77xx, and 78ff, and draft, sign, and issue bogus and fraudulent Rule 144(k) legal opinions to the "Civil Plaintiffs"—that is, (i) **unregistered broker-dealers** and (ii) **Section 2(a)(11) statutory underwriters**, are legally ineligible for any exemption from Sections 5 and 77x, of the 1933 Securities Act, and Section 78ff of the 1934 Exchange Act, to enable *an illegal unregistered public offering* of IVG, a/k/a GPMT's, unregistered securities (GX 1-4);

(xiii)   failed and refused to become informed of the law, 28 USC 547(1), that prohibited and restricted the USAO, the DOJ Respondents, and the Government Lawyers from seeking any 18 USC 401(3) criminal contempt indictment regarding the 02cv2219 (SDNY) lawsuit's moot and fabricated orders and judgments, i.e., (i) *the USAO lacked probable cause* and (ii) an *"offense"* to prosecute with respect to the moot 02cv2219 (SDNY) proceedings, orders (GX-11 and GX-24); and judgments (GX-7);

(xiv)   the Garland Firm vehemently refused and failed to research the law and understand that para. 10.1(iv) of the so-called "Subscription Agreement"[58] (cf. para. 10.1(iv) of GX-5; see also para. 12 and 13 of the 02cv2219 (SDNY) complaint) was an *affirmative defense* to Counts I, II, and III *pleaded by the Government*, the DOJ Respondents, *on the face of the 04cr1224 indictment*. Ergo, ipso facto, by operation of law the Government or DOJ Respondents pleaded themselves out of the 04cr1224 court and *mooted the proceedings on or about November 17, 2004*;

(xv)   the Garland Firm, the DOJ Respondents, and the Government Lawyers knowingly colluded, conspired, and racketeered, separately, individually, and as an illegal association-in-fact, a criminal enterprise, (the "**DOJ Criminal Enterprise**"), in the Southern District of New York and elsewhere; beginning in or around 2004, using the means and instruments of interstate commerce, agreed, acted in concert, confederated, planned, coordinated, participated, and facilitated the 18 USC 401(2) and 401(3) criminal and civil contempt of the 04cr1224 (SDNY) Brady Court Order, Exhibit 2, by the Garland Firm's deliberate and intentional vehement refusal to file any pretrial Brady discovery order or engage in any adversarial capacity with the DOJ Respondents in violation of 18 USC 1961 et seqs;[59]

---

[58] See Exhibit 30, infra.

[59] The Garland firm has a history of shady, illegal, and unethical business dealings in its practice of the law, to wit: reported at 441 F. Supp. 2d 1227 (2006), Paul R. MARCUS, Plaintiff, v. GARLAND, SAMUEL & LOEB, P.C., and Edward T.M. Garland, Defendants. No. 05-21550-CIV KING. United States District Court, S.D. Florida. Miami Division. Plaintiff's Complaint alleges that on or about September 15, 2001, Plaintiff

(xvi)   the Garland Firm's *deliberate* and *intentional* constitutional deficient and prejudicial performance, its refusal to file any discovery motions, or challenge the Government in any effective adversarial posture, forced Petitioner to terminate the Garland Firm, see Exhibit 18-1, and enter his appearance as pro se counsel;[60]

(xvii)  (a)   Judges Edgardo Ramos and Laura Taylor-Swain have since 2021, jointly and individually, as knowing participants, have knowingly or *recklessly* unknowingly in contradiction to the law and the facts, have knowingly and willfully participated in the DOJ Criminal Enterprise;

---

referred a client [Jerome Jacobson][2] to Defendants. (Plaint. Comp. at ¶¶ 5-6.) Plaintiff alleges that at the time Plaintiff referred "his client" to Defendants, it was agreed that Plaintiff would participate in the client's legal representation in the federal case. (Plaint. Comp. at ¶¶ 5-6.) Plaintiff further alleges that at the time Plaintiff referred "his client' to Defendants, it was agreed that Plaintiff's participation fee would be one-third (1/3) of the *1229 fee "Plaintiff's client" paid to Defendants. (Plaint. Comp. at ¶ (7.)

In its Answer and Affirmative Defenses, Defendants [the Garland Firm] contend that Plaintiff's attempt to enforce an oral fee-sharing agreement fails to comply with the requirements of Rule 4-1.25(g) of the Florida Rules of Professional Conduct, and is therefore unenforceable. (Def. Affirm. Defenses. at ¶ 1.) Defendants further contend that Plaintiff's claims fail due to the fact that the alleged contract is unenforceable under the statute of frauds. (Def. Affirm. Defenses. at ¶ 7.).

Cf., Exhibits 18 (Garland claimed and boasted that he "did nothing wrong or unethical ..." in regard to his disastrous and criminal misrepresentation of Petitioner).

[60] See Dkt. 22 (the Garland Firm's 03/17/2007 withdrawal from 04cr1224); Dkt 23 (Petitioner's 04/17/2007, entry of appearance as pro se counsel); and Dkt. 26 (06/05/2007, conversion of 04cr1224 to non ECF case, given pro se status of Petitioner).

Page **63 of 395**
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

(b)     they have willfully without any shame or remorse aided, abetted, assisted, helped, *suppressed, and covered up material Brady and Giglio exculpatory and impeachment evidence;*

(c)     they have deliberately violated the spirit and letter of Local Rules District Court (SDNY) 1.5(b)(5) that aided and abetted the Garland Firm to conceal and cover-up its ineffective assistance of counsel, fraudulent inducement, fraud, theft, and conversion of the attorney's fees paid by Petitioner to the Garland Firm; and

(d)     *Judges Ramos and Taylor-Swain have knowingly aided and abetted the DOJ Respondents and Government Lawyers to cover up and conceal their civil and criminal contempt violations of the DOJ's, the District Court's, and New York Bar Association's rules on ethics and professional conduct;[61]*

(xviii)  But for the egregious deliberate and intentional ineffective assistance of counsel, and criminal and unethical breaches of their fiduciary duties owed to Petitioner by the Garland Firm,[62] and the constitutional violations committed by the DOJ Respondents, the

---

[61] Judges' Ramos and Taylor-Swain's willful aiding and abetting the 18 USC 401(3) criminal contempt of the Brady Court Orders and the Final Judgments constitute *impeachable* "high crimes and misdemeanors," egregious violations of the Codes of Conduct for Federal Judges, and insidious judicial misconduct.

[62] The Garland Firm has a history and pattern of shady and unethical business dealings in the law, to wit, reported at:  Court of Appeals of Georgia. GARLAND, SAMUEL & LOEB, P.C. et al. v. AMERICAN SAFETY CASUALTY INSURANCE COMPANY. No.  A07A1900. Decided: August 14, 2007.

In April 2005, a Florida attorney filed a breach-of-contract claim against Garland and his firm in Florida, alleging that Garland had breached a fee-sharing agreement between the two parties.   Specifically, the Florida attorney alleged that he had referred a client to Garland for legal representation in return for

Government Lawyers, and others who aided and abetted the crimes and constitutional

violations, it is more likely than not that no reasonable juror would have been authorized

to convict Petitioner. Accordingly, Petitioner is actually and factually innocent of all

charges in 04cr1224.

(xix)   **Petitioner's request for relief to the District Court:**

1. order the DOJ Respondents, the Government Lawyers, the member of the
   Garland Firm, and District Judges Edgardo Ramos and Laura Taylor to file an
   answer admitting or denying the above claims;

2. order an *evidentiary hearing* on all disputed or denied material factual
   allegations;

3. issue subpoenas and demands to produce to the Garland Firm and the State Bar
   of Georgia[63] demanding the production of the ***entire and complete case file***

---

***Garland's promise to pay him one-third of the legal fees paid by the client, but that Garland had not
paid him the promised amount.***   Shortly after being served with the Florida attorney's complaint,
Garland and his firm tendered the defense of the lawsuit to American Safety.   However, following its
review of the lawsuit, American Safety denied that it had a duty to defend, claiming that the breach-of-
contract action was not within the scope of coverage provided by its insurance policy. CF., Exhibits 18,
infra.

[63] The Garland Firm and the State Bar of Georgia's Office of the General Counsel, have acted in concert,
have colluded, and have conspired. Both have vehemently and adamantly refused all requests and
demands by Petitioner to turn over to Petitioner his *client* records, his *client* escrow accounting records,
or any *client* files and records whatsoever associated with the Garland Firm's purported Sixth Amendment
representation of Petitioner in ***United States v. Ware***, 04cr1224 (SDNY) and ***United States v. Ware***,
05cr1115 (SDNY). Petitioner has been delayed and prejudiced in the preparation of this claim due to the
unprecedented fraud on the court and the obstruction of justice of the Garland Firm and the State Bar of
Georgia's lawyers, officers of the court.

prepared by the Garland Firm, and the **_complete escrow accounting_** of all attorney's fees, costs, expenses, and other disbursements made by the Garland Firm regarding its alleged and purported Sixth Amendment representation of Petitioner in 04cr1224;

4. reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

5. remand to the District Court for a new trial;

6. annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

7. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the **_unethical and criminal_** misconduct of the Garland Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judge Ramos and Taylor-Swain;

8. certify the habeas corpus record and refer each member of the Garland Firm to the State Bar of Georgia with a judicial recommendation of disbarment, and refer each member of the Garland Firm to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for a term of 153 months (the same as Petitioner's sentence);

9. certify the habeas corpus record and refer each of the DOJ Respondents and the Government Lawyers to the DOJ's Office of Professional Responsibility with a judicial recommendation of prosecutorial misconduct, and refer each member to

the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for the term of 153 months (the same as Petitioner's sentence);

10. certify the habeas corpus record and refer District Judges Edgardo Ramos and Laura Taylor-Swain to the Administrative Office of the U.S. Courts and the Court of Appeals for the Second Circuit's Committee on Judicial Discipline with a judicial recommendation of impeachment for high crimes and misdemeanors, 18 USC 401(3), the criminal contempt of the Brady Court Orders and Final Judgments; and,

11. any other relief the Court deems just and proper.

## Claim #2

## Brady v. Maryland Blatant, Flagrant, and Bad Faith Brady Violation Claims in 04cr1224 (SDNY).

2.    The DOJ Respondents,' the Government Lawyers,' District Judges' Edgardo Ramos, Laura Taylor-Swain, and Robert W. Sweet's, willful, reckless, and bad faith *Brady v. Maryland* violations in *United States v. Ware*, 04cr1224 (SDNY).

Petitioner hereby incorporates by reference paragraphs 1-50 of the Declaration, and repleads Claims 1 and the same herein, in heac verba, and pleads and claims:

(a)    On August 10, 2007, Dkt 32, the District Court (Sweet, J.), *on the unopposed by the Government's lawyers* request of Petitioner entered its lawful, specific, unequivocal, and definite Brady Court Order, Exhibit 2, that ordered and commanded the Government's Lawyers and DOJ Respondents to disclose "all" Brady and Giglio *exculpatory* (favorable)[64] and impeachment[65] materials to Petitioner "prior to trial."

(b)    The DOJ Respondents, AUSAs Nicholas S. Goldin, and Maria E. Douvas acquiesced, consented, and offered no opposition to the entry of the Brady Court Order. Cf., Exhibit 2.

(c)    The DOJ Respondents and the Government's Lawyers actually and/or constructively, knew of and have been aware of the Brady Court Order since August 10, 2007.

---

[64] See Exhibit 7, FINRA's May 17, 2021, undisclosed and concealed *dispositive*, material Brady exculpatory evidence certification of **unregistered broker-dealer status** for each of the "Civil Plaintiffs" named in paragraph 8, Exhibit 7-1, of the 04cr1224 indictment: as a matter of law, **unregistered broker-dealers** are legally ineligible for any Rule 144(k) exemption from Section 5 strict-liability registration requirements; which annulled and vitiated the Government's trial theory, indictment, and prosecution in 04cr1224 (SDNY). **Exhibit 7, dispositive Brady exculpatory evidence rendered probable cause to indict and arrest Petitioner null and void ab initio, and moot**.

[65] See Exhibit 10 (testimony of government witness Ari Rabinowitz that admitted and confessed that he, LH Financial Services, and Alpha Capital, AG were unregistered broker-dealers);

Exhibit 12 (cf., *SEC v. Honig, et al.,* 18cv08175 (SDNY) (Ramos, J.). The SEC charged Alpha Capital, AG (Anstalt) with market manipulation and securities fraud in a conspiracy to extort companies using the convertible debenture fraud (i.e., cf., GX 1-4 (the IVG convertible debenture notes); and named Ari Rabinowitz as the "New York-based unregistered investment adviser.");

Exhibit 14 (the official 'bad acts' of the government's FRE 404(b) 'bad acts' 04cr1224 trial witness, disgraced former SEC lawyer Jeffrey B. Norris, Esq. Norris had been suspended without pay twice by the SEC for official misconduct when Norris testified in November 2007. Brady impeachment evidence that was deliberately, willfully, in bad faith concealed, suppressed, and covered up by the Government Lawyers and District Judge Robert W. Sweet).

(d)     The DOJ Respondents and the Government's Lawyers, actually and constructively, while aided, abetted, assisted, coordinated with, colluded, and conspired with Judges Sweet, Ramos, Taylor-Swain, and others; and deliberately, intentionally, willfully, with thoughtful planning, execution and malice prior to trial, during trial, and after trial have knowingly, willfully, in bad faith, flagrantly, and blatantly *suppressed*, *concealed*, *hid*, and *covered up material* and *dispositive* Brady exculpatory and Giglio impeachment materials that were required to have been disclosed to Petitioner pursuant to the Brady Court Order, Exhibit 2.[66]

(e)     The DOJ Respondents, Government Lawyers,' and others' deliberate Brady violations caused Petitioner to be wrongfully convicted, sentenced, searched, seized, and his liberty and freedoms unlawfully restrained in violation of the Constitution and laws of the United States.

(f)     Exhibit 7, infra, the May 17, 2021, certification of 15 USC 78o(a)(1) *unregistered broker-dealer status* for each of the "Civil Plaintiffs" named in paragraph 8 of the 04cr1224 indictment is *dispositive material Brady exculpatory evidence* that was willfully, deliberately, intentionally, and in bad faith suppressed and concealed by the DOJ and Government Lawyer respondent; Exhibit 7, was required to have been disclosed "prior to trial" by the DOJ Respondents and the Government Lawyers.[67]

---

[66] See Exhibits 2 thru to 15, infra, attached hereto and made a part hereof, (the "**1224 Suppressed Material Actual Innocent Brady Evidence**").

[67] Exhibits para. 10.1(iv) of GX-5 and Exhibit 7 (FINRA's certification of unregistered broker-dealer status), *dispositive material Brady exculpatory evidence*, as a matter of law annulled, vitiated, and voided all 28 USC 547(1) standing, probable cause and 18 USC 3231 subject matter jurisdiction to adjudicate any claim of the Government in the 04cr1224 indictment.

(g)     Paragraph 10.1(iv) of government trial exhibit GX-5, is dispositive material Brady exculpatory evidence deliberately, intentionally, and in bad faith suppressed and concealed by the DOJ Respondents and Government Lawyers that was required to have been disclosed to Petitioner "prior to trial."

(h)     Paragraphs 12 and 13 of the 02cv2219 (SDNY) complaint are dispositive material Brady exculpatory evidence[68] that was willfully, deliberately, and in bad faith suppressed and concealed by the DOJ Respondents, Government Lawyers, and Judges Sweet, Ramos, Taylor-Swain, Hall, Katzmann, and Jones, B., which was required to have been disclosed to Petitioner "prior to trial."

(i)     Exhibit 5 is material dispositive Brady exculpatory evidence willfully, deliberately, in bad faith suppressed and concealed by the DOJ Respondents, Government Lawyers, Judges Sweet, Katzmann, Hall, Jones, B., the U.S. Probation Office, Kenneth Zitter, Esq., and others; that knowingly and willfully confederated, acted in concert, and conspired to collude, obstruct justice, committed a fraud on the court, and criminally and civilly resist and disobey the commands of the Brady Court Order;

---

[68] Paragraphs 12 and 13 are *binding judicial admissions and confessions* of the "Civil Plaintiffs" that each are in fact 15 USC 77b(a)(11) **statutory underwriters** of IVG Corp. unregistered securities, GX 1-4; and therefore, legally ineligible for any Rule 144(k) exemption to Section 5 of the 1933 Securities Act's strict-liability registration requirements. Ergo, the 02cv2219 "Civil Plaintiffs" through counsel, Kenneth A. Zitter, Esq., the government's 04cr1224 trial witness, pleaded themselves out of the 2219 district court on or about March 20, 2002; and ipso facto, as a matter of law the 04cr1224 indictment's charges failed. Why? Because Section 2(a)(11) statutory underwriters, see **SEC Release 33-7190 n. 17 (1995)**, *are legally ineligible for any exemption from Section 5*. Accordingly, the 04cr1224 indictment's Counts, I, II, and III failed to charge an 18 USC 401(3) criminal contempt "offense."

(j)   Exhibits 10,[69] 12,[70] 13,[71] 14,[72] and 15,[73] collectively, are indisputable material Brady exculpatory and impeachment evidence that was willfully, intentionally, and in bad faith suppressed and concealed by the DOJ and Government Lawyers respondents, Judges Sweet, Hall, Katzmann, Jones, Ramos, and Taylor-Swain in civil and criminal contempt of the Brady Court Order's commands.

(k)   But for the egregious and *flagrant* Brady constitutional violations committed by the DOJ Respondents, the Government Lawyers, and others who aided and abetted the crimes and constitutional violations, it is more likely than not that no reasonable jury would have

---

[69] The trial testimony of government witness Ari Rabinowitz, tr. 180-242, was fatal and dispositive Brady exculpatory evidence against the government's charges in the 04cr1224 indictment: Rabinowitz testified, Tr. 202-06, that he, LH Financial Services, and Alpha Capital, AG were in fact **unregistered broker-dealers**; and, Tr. 220-240, sold IVG's **unregistered securities** into "the open market" in 2003 in criminal violation of 15 USC 5, 77x, and 78ff.

[70] *SEC v. Honig, et al.,* 18cv08175 (SDNY) (Ramos, J.) (SEC 's complaint that charged Alpha Capital, AG (Anstalt) and Rabinowitz, "the New York-based unregistered investment adviser" with securities fraud and market manipulation). Thus, Rabinowitz was an **unregistered investment adviser** in 2007 when testifying for the Government in 04cr1224, indisputable Brady impeachment material suppressed and concealed by the DOJ and Government Lawyers respondents in willful or reckless violation of the Brady Court Order, Exhibit 2.

[71] AUSA Alexander H. Southwell's concealed and suppressed official DOJ email that confirmed Petitioner was kidnapped in Atlanta, GA on September 1, 2004, based on the null and void orders in the 02cv2219 (SDNY) proceedings as an element in the criminal enterprise's illegal Hobbs Act money laundering conspiracy to intimidate and threaten Petitioner with threats of violence to obtain possession of bogus and fraudulent Rule 144(k) legal opinions. Cf., Exhibits 21, infra.

[72] Willfully suppressed and concealed Giglio impeachment evidence willfully and in bad faith suppressed and concealed by the DOJ and Government Lawyers respondents: the government's FRE 404(b) 'bad acts' witness disgraced former SEC lawyer Jeffrey B. Norris, Esq., own 'bad acts" committed prior to trial in 2007.

[73] U.S. Probation Office confirmation of Petitioner's September 1, 2004, Atlanta, GA kidnapping by the U.S. Marshals, who acted and functioned as the unlawful debt collectors for the "Civil Plaintiffs'" illegal Hobbs Act racketeering money laundering criminal enterprise.

been authorized to convict Petitioner. Accordingly, Petitioner is actually and factually innocent of all charges in 04cr1224.

(l)   **Petitioner's request for relief to the District Court:**

1. order the DOJ Respondents, the Government Lawyers, and District Judges Edgardo Ramos and Laura Taylor-Swain to file an answer admitting or denying the above claims;

2. order an *evidentiary hearing* on all disputed or denied material factual allegations;

3. issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

4. reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

5. remand to the District Court for a new trial;

6. annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

7. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the *unethical and criminal* misconduct of the Garland

Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judge Ramos and Taylor-Swain;

8. certify the habeas corpus record and refer each member of the Garland Firm to the State Bar of Georgia with a judicial recommendation of disbarment, and refer each member of the Garland Firm to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for a term of 153 months (the same as Petitioner's sentence);

9. certify the habeas corpus record and refer each of the DOJ Respondents and the Government Lawyers to the DOJ's Office of Professional Responsibility with a judicial recommendation of prosecutorial misconduct, and refer each member to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for the term of 153 months (the same as Petitioner's sentence);

10. certify the habeas corpus record and refer District Judges Edgardo Ramos and Laura Taylor-Swain to the Administrative Office of the U.S. Courts and the Court of Appeals for the Second Circuit's Committee on Judicial Discipline with a judicial recommendation of impeachment for high crimes and misdemeanors, 18 USC 401(3), the criminal contempt of the Brady Court Orders and Final Judgments; and,

11. any other relief the Court deems just and proper.

Claim #3

3.    Flagrant prosecutorial misconduct and fraud on the court claims in *United States v. Ware*, 04cr1224 (SDNY).

Petitioner repleads in heac verba paragraphs 1-50 in the Declaration and further repleads Claims 1 and Claims 2 herein, in heac verba, and plead and claims:

A.    Petitioner is actually and factually innocent of all charges; a fundamental miscarriage of justice occurred predicated on the ***flagrant and criminal*** constitutional violations of the DOJ Respondents, and others who aided, abetted, and assisted their ***flagrant*** constitutional violations.

(a)    The DOJ Respondents and Government Lawyers Respondents' official misconduct as government lawyers, officers of the court, governed by the DOJ's Rule of Professional Conduct, the District Court's Rule on Professional Conduct, and the ABA's and New York State Bar Association's Rules on Professional Conduct, jointly, (the "Rules"),

(1)    breached their duty of "complete candor" to the court regarding the existence of undisclosed material Brady and Giglio evidence in the possession of the USAO or the SEC;

(2)    knowingly, willfully, deliberately, recklessly, and in bad faith suppressed and concealed before, during, and after trial each item of the 1224 Suppressed Brady Exculpatory Evidence (i.e., Exhibits 2-15, infra), as part of an illegal plan and scheme to deliberately violate the constitutional rights of the Petitioner;

(3)      and as a *Jim Crow racially-motivated retaliatory hate crime* against Petitioner for his

refusal to criminally violate the federal securities laws, Sections 5, 77x, and 78ff, and issue bogus

and fraudulent Rule 144(k) legal opinions to the "Civil Plaintiffs" (i) Section 2(a)(11) statutory

underwriters and (ii) unregistered broker-dealers, ineligible for any Rule 144(k) opinion letters

the DOJ Respondents and Government Lawyer Respondents, and others including the Garland

Firm, Judges Hall, Katzmann, Jones, B., Colleen McMahon, Sand, Thrash, Dawson, Sweet, Ramos,

and Taylor-Swain; the U.S. Probation Office, the U.S. Marshals, the office of the District Clerk

(Ruby Krajick), orchestrated, coordinated, fabricated, falsified, solicited, admitted,  and willfully

in bad faith suborned known perjured trial testimony of Ari Rabinowitz, Kenneth A. Zitter, Esq.,

and Kelley Quinn;

(4)      offered into evidence at trial known false, fabricated, and misleading evidence, to wit,

para. 10.1(iv) of GX-5; GX-7, GX-11, GX-24, etc.;

(5)      lied and knowingly committed perjury and fraud on the 04cr1224 grand jury in regard to

material facts the USAO knew was false, i.e., that (a) each of the "Civil Plaintiffs" was not a Section

2(a)(11) statutory underwriters, and (b) each of the "Civil Plaintiffs" was registered as a lawful

broker-dealer in the United States as required by federal law, 15 USC 78o(a)(1);

(6)      knowingly and willfully in bad faith colluded, conspired, and acted in concert with the

Garland Firm, the SEC, the U.S. Marshals, the U.S. Probation Office, the office of the district clerk

(SDNY), the State Bar of Georgia, Judges Sweet, Thrash, Dawson, Hagenau, C. Ray Mullins,

Margaret H. Murphy, Joyce Bihary, Andrew J. Peck, Michael H. Dolinger, Ramos, Taylor-Swain,

McMahon, Hall, Katzmann, and Jones, B.; and acted with an evil and malicious criminal intent, and orchestrated and coordinated material criminal overt acts, mail and wire frauds, obstruction of justice, conspiracy, money laundering, perjury, etc., which enabled the DOJ Respondents and the Government Lawyers to evade, willfully resist and disobey the commands of the Brady Court Order which caused Petitioner injuries, harms, and damages to his constitutional rights.

(7)    But for the egregious constitutional violations committed by the DOJ Respondents, the Government Lawyers, and others who aided and abetted the crimes and constitutional violations, no reasonable jury would have been authorized to convict Petitioner. Petitioner is actually and factually innocent of all charges. Accordingly, Petitioner is actually and factually innocent of all charges in 04cr1224.

(b)    **Petitioner's request for relief to the District Court:**

1.    order the DOJ Respondents, the Government Lawyers, and District Judges Edgardo Ramos and Laura Taylor-Swain to file an answer admitting or denying the above claims;

2.    order an *evidentiary hearing* on all disputed or denied material factual allegations;

3.    issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16

materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

4. reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

5. remand to the District Court for a new trial;

6. annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

7. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the ***unethical and criminal*** misconduct of the Garland Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judge Ramos and Taylor-Swain;

8. certify the habeas corpus record and refer each member of the Garland Firm to the State Bar of Georgia with a judicial recommendation of disbarment, and refer each member of the Garland Firm to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for a term of 153 months (the same as Petitioner's sentence);

9. certify the habeas corpus record and refer each of the DOJ Respondents and the Government Lawyers to the DOJ's Office of Professional Responsibility with a judicial recommendation of prosecutorial misconduct; refer each member to the District Court's Disciplinary Committee with a recommendation of disbarment

from the District Court for the term of 153 months (the same as Petitioner's sentence);

10. certify the habeas corpus record and refer District Judges Edgardo Ramos and Laura Taylor-Swain to the Administrative Office of the U.S. Courts and the Court of Appeals for the Second Circuit's Committee on Judicial Discipline with a judicial recommendation of impeachment for high crimes and misdemeanors, 18 USC 401(3), the criminal contempt of the Brady Court Orders and Final Judgments; and,

11. any other relief the Court deems just and proper.

## Claim #4

4. Lack of 28 USC 547(1) authority and the lack of probable cause to indict, arrest, or prosecute Petitioner in United States v. Ware, 04cr1224 (SDNY).

Petitioner repleads in heac verba paragraphs 1-50 in the Declaration and further repleads Claims 1, Claims 2, and Claims 3 herein, in heac verba, and plead and claims:

(a)      The USAO, the DOJ Respondents, and the Government Lawyers lacked 28 USC 547(1) statutory authority to indict, arrest, and prosecute the 04cr1224 proceedings because the

04cr1224 indictment's Counts I, II, and III, failed to charge an 18 USC 401(3) criminal contempt "offense."[74]

(b)     It is not an 18 USC  401(3) criminal contempt "offense" with respect to the 02cv2219 (SDNY) proceedings, moot and null and void ab initio orders (GX -11 and GX-24), and judgments (GX-7) for Petitioner to not criminally violate Sections 5, 77x, and 78ff of the federal securities laws and not issue illegal and fraudulent Rule 144(k) legal opinions to the "Civil Plaintiffs" to enable the criminal circumvention of the federal securities laws, and permit an unregistered public offering of the restricted securities, GX 1-4, of IVG Corp., a/k/a Group Management Corp. pursuant to paragraph 10.1(iv) of GX-5.

(c)     But for the egregious constitutional violations committed by the DOJ Respondents, the Government Lawyers, and others who aided and abetted the crimes and constitutional violations, no reasonable jury would have been authorized to convict Petitioner. Petitioner is actually and factually innocent of all charges. Accordingly, Petitioner is actually and factually innocent of all charges in 04cr1224.

(d)     **Petitioner's request for relief to the District Court**:

> 1. order the DOJ Respondents, the Government Lawyers, and District Judges Edgardo Ramos and Laura Taylor-Swain to file an answer admitting or denying the above claims;

---

[74] The USAO is statutorily authorized and lawfully permitted to only prosecute "offenses" within the Southern District Of New York, (SDNY).

2.  order an *evidentiary hearing* on all disputed or denied material factual allegations;

3.  issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

4.  reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

5.  remand to the District Court for a new trial;

6.  annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

7.  remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the *unethical and criminal* misconduct of the Garland Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judge Ramos and Taylor-Swain;

8.  certify the habeas corpus record and refer each member of the Garland Firm to the State Bar of Georgia with a judicial recommendation of disbarment, and refer each member of the Garland Firm to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for a term of 153 months (the same as Petitioner's sentence);

9. certify the habeas corpus record and refer each of the DOJ Respondents and the Government Lawyers to the DOJ's Office of Professional Responsibility with a judicial recommendation of prosecutorial misconduct, and refer each member to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for the term of 153 months (the same as Petitioner's sentence);

10. certify the habeas corpus record and refer District Judges Edgardo Ramos and Laura Taylor-Swain to the Administrative Office of the U.S. Courts and the Court of Appeals for the Second Circuit's Committee on Judicial Discipline with a judicial recommendation of impeachment for high crimes and misdemeanors, 18 USC 401(3), the criminal contempt of the Brady Court Orders and Final Judgments; and,

11. any other relief the Court deems just and proper.

## Claim #5

5.     Lack of 18 USC 3231 and Article III subject matter jurisdiction over the United States v. Ware, 04cr1224 (SDNY) proceedings.

Petitioner repleads in heac verba paragraphs 1-50 in the Declaration and further repleads Claims 1, Claims 2, Claims 3, and Claims 4 herein, in heac verba, and plead and claims:

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

(a)    The 04cr1224 indictment did not plead in Counts I, II, and III an 18 USC 401(3) criminal contempt offense for the reasons set forth in Claims 4 supra. Accordingly, lacking an "offense" the 04cr1224 district court (Sweet, J.) (deceased), lacked 18 USC 3231 statutory subject matter jurisdiction over the proceedings to adjudicate the moot indictment.

(b)    The 04cr1224 indictment, conviction, and sentence are null and void ab initio, and moot.

(c)    But for the egregious constitutional violations committed by the DOJ Respondents, the Government Lawyers, and others who aided and abetted the crimes and constitutional violations, no reasonable jury would have been authorized to convict Petitioner. Petitioner is actually and factually innocent of all charges. Accordingly, Petitioner is actually and factually innocent of all charges in 04cr1224.

**(d)**    **Petitioner's request for relief to the District Court:**

      1.  order the DOJ Respondents, the Government Lawyers, and District Judges Edgardo Ramos and Laura Taylor-Swain to file an answer admitting or denying the above claims;

      2.  order an *evidentiary hearing* on all disputed or denied material factual allegations;

      3.  issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16

materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

4.  reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

5.  remand to the District Court for a new trial;

6.  annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

7.  remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the **unethical and criminal** misconduct of the Garland Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judge Ramos and Taylor-Swain;

8.  certify the habeas corpus record and refer each member of the Garland Firm to the State Bar of Georgia with a judicial recommendation of disbarment, and refer each member of the Garland Firm to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for a term of 153 months (the same as Petitioner's sentence);

9.  certify the habeas corpus record and refer each of the DOJ Respondents and the Government Lawyers to the DOJ's Office of Professional Responsibility with a judicial recommendation of prosecutorial misconduct, and refer each member to the District Court's Disciplinary Committee with a recommendation of disbarment

from the District Court for the term of 153 months (the same as Petitioner's

sentence);

10. certify the habeas corpus record and refer District Judges Edgardo Ramos and

Laura Taylor-Swain to the Administrative Office of the U.S. Courts and the Court

of Appeals for the Second Circuit's Committee on Judicial Discipline with a judicial

recommendation of impeachment for high crimes and misdemeanors, 18 USC

401(3), the criminal contempt of the Brady Court Orders and Final Judgments;

and,

11. any other relief the Court deems just and proper.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Claim #6

6.     In re Winship Due Process Clause unconstitutional jury charge by District
       Court (Sweet, J.) in United States v. Ware, 04cr1224 (SDNY). Cf., Exhibit 36.
       Judge Sweet, knowingly, willfully, maliciously, and with evil and racially-
       motivated animus towards Petitioner, directed a verdict of guilty on the
       "lawful" element of the Government's burden of proof.

Petitioner repleads in heac verba paragraphs 1-50 in the Declaration and further repleads

Claims 1, Claims 2, Claims 3, Claims 4, and Claims 5 herein, in heac verba, and plead and claims:

(a)    On or about November 20, 2007, District Judge Robert W. Sweet, as an overt act in

furtherance of the DOJ's Continuing Criminal Enterprise, conspires, colluded, acted in concert,

and with an evil and insidious racially-motivated animus towards Petitioner, deliberately and

knowingly fraudulently charged the jury, Tr. 889 L 2-11, Exhibit 36, in such a nefarious way—that

is, Judge Sweet acted *in an evil and malicious manner*, in the "clear absence of all jurisdiction," in

his personal and individual capacity, ultra vires, over the 04cr1224 proceedings; and in direct

violation of the Due Process Clause directed a verdict of guilty on the Government's "lawful"

element of trial proof; so as an overt act in furtherance of the DOJ Criminal Enterprise to relieve

the Government of its mandated constitutional burden **to convict on each element**, "lawful," of

the alleged 18 USC 410(3) criminal contempt offense "beyond a reasonable doubt." ***In re***

***Winship***, 397 U.S. 358 (1970).

(b)    District Judge Sweet fraudulently, deliberately, in bad faith charged the jury:

       "I instruct you that *as a matter of law* [and I, the District Judge, in violation of the
       Constitution, find the defendant guilty on the lawful element] the order [GX-7, GX-11, and
       GX-24] *was lawful and proper in every respect* and did not violate any constitutional or

other legal rights of the defendant or anyone else, and, therefore, *the first element of the offense would be satisfied*." (emphasis added).

(c)    The Government, the plaintiff in a federal criminal proceeding had the constitutional burden to prove beyond a reasonable doubt the orders (GX-11 and GX-24) and judgment (GX-7) were "lawful."

(d)    Lacking an 18 USC 401(3) criminal contempt "offense" as a matter of law the trial jury ipso facto could not have convicted Petitioner of the charges in the 04cr1224 alleged indictment.

(e)    As a matter of law the Government's trial proof failed. The Government did not and could not prove beyond a reasonable doubt that GX-7, GX-11, and GX-24 were "lawful" because the Government offered no proof at trial the issuing court, the 02cv2219 (SDNY)  district court, possessed subject matter jurisdiction over its respective proceedings.

(f)    The Government's trial proof failed on the "willful" element, because *the Government offered proof at trial*, the admission of paragraph 10.1(iv) of GX-5, Tr. 190, and conceded, ipso facto, each of the "Civil Plaintiffs" named in paragraph 8 of the indictment were in fact 15 USC 77b(a)(11) *statutory underwriters* of IVG Corp. unregistered securities, GX 1-4. Ergo, Section 2(a)(11) *statutory underwriters are legally ineligible* for any Rule 144(k) exemption from Section 5 strict-liability registration requirements. SEC Release 33-7190 n. 17 (1995).

(g)    But for the egregious constitutional violations committed by the DOJ Respondents, the Government Lawyers, and others who aided and abetted the crimes and constitutional violations, no reasonable jury would have been authorized to convict Petitioner. Petitioner is actually and

factually innocent of all charges. Accordingly, Petitioner is actually and factually innocent of all charges in 04cr1224.

(h)     **Petitioner's request for relief to the District Court**:

1. order the DOJ Respondents, the Government Lawyers, and District Judges Edgardo Ramos and Laura Taylor-Swain to file an answer admitting or denying the above claims;

2. order an *evidentiary hearing* on all disputed or denied material factual allegations;

3. issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

4. reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

5. remand to the District Court for a new trial;

6. annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

7. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the ***unethical and criminal*** misconduct of the Garland

Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judge Ramos and Taylor-Swain;

8. certify the habeas corpus record and refer each member of the Garland Firm to the State Bar of Georgia with a judicial recommendation of disbarment, and refer each member of the Garland Firm to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for a term of 153 months (the same as Petitioner's sentence);

9. certify the habeas corpus record and refer each of the DOJ Respondents and the Government Lawyers to the DOJ's Office of Professional Responsibility with a judicial recommendation of prosecutorial misconduct, and refer each member to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for the term of 153 months (the same as Petitioner's sentence);

10. certify the habeas corpus record and refer District Judges Edgardo Ramos and Laura Taylor-Swain to the Administrative Office of the U.S. Courts and the Court of Appeals for the Second Circuit's Committee on Judicial Discipline with a judicial recommendation of impeachment for high crimes and misdemeanors, 18 USC 401(3), the criminal contempt of the Brady Court Orders and Final Judgments; and,

11. any other relief the Court deems just and proper.

## Claims #7

7.   **Flagrant bad faith, reckless, and blatant judicial misconduct, frauds on the courts, and judicial corruption in United States v. Ware, 04cr1224 (SDNY) and related judicial proceedings.**

Petitioner repleads in heac verba paragraphs 1-50 in the Declaration and further repleads Claims 1, Claims 2, Claims 3, Claims 4, Claims 5, and Claims 6 herein, in heac verba, and plead and claims:

a.   That District Judges Robert W. Sweet (deceased)[75] and Edgardo Ramos (SDNY) knowingly, deliberately, intentionally, in bad faith, and reckless disregard for the facts, the truth, and the law, conducted illegal and unconstitutional **extra-judicial** proceedings, under the color of law, while knowing and in the "clear absence of all jurisdiction" over the 04cr1224 (SDNY) unlawful proceedings.

b.   Judges Sweet and Ramos have conducted the illegal extra-judicial proceedings in flagrant and blatant violation and disregard for the Codes of Conduct for Federal Judges; and each have acted with an evil, malicious, and hateful **racially-motivated Jim Crow** animus towards Petitioner, to such an extent Petitioner was and is currently prejudiced, biased, and unable to exercise his right to due process of law and have the district court adjudicate his claims.

---

[75] Former District Judge Robert W. Sweet, knowingly, willfully, in bad faith, recklessly, as a direct knowing participant in the DOJ Criminal Enterprise colluded, agreed, confederated, acted in concert, facilitated, and aided and abetted the USAO's conspiracy to suppress, conceal, hide, and cover up all Brady exculpatory or impeachment evidence that was inculpatory and incriminating to unregistered broker-dealers Alpha Capital, AG and LH Financial Services; KTS, Kenneth A. Zitter, Esq., and others.

c.      Judges Sweet and Ramos have knowingly, willfully, in bad faith, and in violation of federal law, 28 USC 455 et seqs, the Codes of Conduct for Federal Judges,  18 USC 2, 241, 242, 371, 401(2), 401(3), and the **Double Jeopardy and Due Process Clauses** of the Constitution of the United States, knowingly and with malice aforethought illegally conspired and colluded with the USAO, the DOJ Respondents, Government Lawyers, and other known and unknown, and used the processes and procedures of the federal courts to cover up, hide, suppress, and conceal material, dispositive Brady exculpatory and impeachment evidence, Exhibits 5, 7, 8, 9, 10,12, 13, 14, and 15, infra, required to have been disclosed to the Petitioner pursuant to the commands of the Brady Court Order, Exhibit 2.

c(ii).    Judges Sweet and Ramos, see Dkt. 160 (Sweet, J.), both entered and have maintained, respectively, unconstitutional, and fraudulent filing sanctions imposed on Petitioner, with an evil and malicious motive, under the color of law, in the "clear absence of all jurisdiction" as the evil and insidious means and methods to shield themselves and the DOJ Respondents, the Government Lawyers, and others from penal (18 USC 401(2) and 401(3)) and pecuniary (+$2.225 billion) jeopardy; and

c(iii).   as the illegal means and methods to deny, obstruct, delay, impede, and prevent Petitioner access to the court to present material newly discovered Brady exculpatory and Giglio impeachment evidence claims.

d(i).    Chief Bankruptcy Judge **Wendy L. Hagenau** (NDGA), (the ringleader), M. Regina Thomas,

Patricia Sinback, C. Ray Mullins, Joyce Bihary, and ringleader Margaret H. Murphy,[76] jointly, (the

"**Bankruptcy Court Employees**"), and the Atlanta, GA law firm Kilpatrick, Townsend, & Stockton,

LLP and its partners (C. Ray Mullins, Dennis S. Meir, Esq., John W. Mills, III, and J. Henry Walker,

IV), jointly, ("**KTS**"), the Bankruptcy Court Employees and KTS, jointly, (the "**Bankruptcy**

**Unindicted Co-Conspirators**"), beginning in or around 2011 and continuing without interruption

to the present, covertly and secretly organized, agree, coordinated, confederated, and formed

an illegal association-in-fact, *a criminal enterprise*, with an objective to deny, delay, obstruct,

frustrate, impede, and prevent Petitioner, an *11 USC 1109(b) statutory party in interest* in the ***In***

***re Group Management Corp.***, 03-93031-mhm (BC NDGA) Chapter 11 proceedings[77] from access

to the bankruptcy court to adjudicate a Rule 9024/60(d)(3) fraud on the court petition. See

Exhibits 16, infra.

(ii).    The criminal enterprise sought to unlawfully (criminally) use the processes and

procedures of the Atlanta, GA federal bankruptcy court as the means to cover up, hide, conceal,

and suppress Brady exculpatory and impeachment materials, to wit: (a) that KTS' clients, the

"Civil Plaintiffs" named in para. 8 of the 04cr1224 indictment, cf., Exhibit 7-1, infra, lacked all

---

[76] See Exhibits 16 and 37 and Appx. 6 for Murphy's history and pattern of fraud, obstruction of justice, and criminality in bankruptcy cases.

[77] See government trial exhibits GX 250 to GX 253 in 04cr1224 (SDNY).

standing and subject matter jurisdiction to have appeared in, requested any judicial relief, obstructed, and prevented Group Management's Chapter 11 reorganization.

(iii).   The criminal enterprise sought and did prevent Petitioner, an 11 USC 1109(b) statutory party in interest, from all access to the bankruptcy court to adjudicate his Rule 9024/60(d)(3) fraud on the court claims, see Exhibits 16 (criminal obstruction of justice, conspiracy to obstruct justice; and aiding and abetting the civil and criminal contempt of the Brady Court Order, Exhibit 2).

(iv).   Had Petitioner not been egregiously and maliciously denied access to the bankruptcy court, the Government's trial evidence, GX 250 to GX 253[78], would be required to be stricken from the 04cr1224 trial record; Group Management Corp.'s Chapter 11 reorganization would be required to be reinstated; *the 11 USC 362 automatic stay reimposed, which would annul and vitiate the November 17, 2004, purported 04cr1224 (SDNY) indictment as a matter of law, impose draconian (est. +$2.225 billion) monetary sanctions on KTS, its clients, the "Civil Plaintiffs," and its partners; **and the 04cr1224 proceedings dismissed with prejudice.***

(iv)   But for the egregious constitutional violations committed by the DOJ Respondents, the Government Lawyers, and others who aided and abetted the crimes and constitutional violations,

---

[78] The Government Lawyers, AUSAs Maria E. Douvas and Nicholas S. Goldin, at trial in 04cr1224 knowingly, willfully, recklessly, and in bad faith admitted exhibits, GX 250 to GX 253, from matters in the Atlanta, GA bankruptcy court regarding Group Management Corp.; matters that the bankruptcy court, its employees, and its judges fraudulently rigged and fixed in favor of KTS and the "Civil Plaintiffs" while knowingly and willfully concealing and suppressing, a fraud on the court, the **unregistered broker-dealer** status, cf., Exhibits 7, 7-1, and 8, of each civil plaintiff.

no reasonable jury would have been authorized to convict Petitioner. Petitioner is actually and factually innocent of all charges.

(e)  **Petitioner's request for relief to the District Court:**

1. order the DOJ Respondents, the Government Lawyers, District Judges Edgardo Ramos, Laura Taylor-Swain, and Wendy L. Hagenau to file an answer admitting or denying the above claims;

2. order an *evidentiary hearing* on all disputed or denied material factual allegations;

3. issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

4. order the USAO to prepare and file into the Court and serve a copy of the same on Petitioner *an itemized inventory* of all alleged Brady, Giglio, and Rule 16 evidence that was served on Petitioner "prior to trial", after trial, and during trial regarding 04cr1224 and 05cr1115;"

5. order the USAO to file into the Court and serve a copy of the same on Petitioner a certified copy of each and every cooperation agreements, USSG 5k contracts, USSG 5k downward departures, Rule 11 plea contracts, Rule 11 plea allocutions,

or other statements of all witnesses who testified at trial in 04cr1224 or 05cr1115; and the grand jury testimony of all witnesses who testified before any grand jury and also testified at trial in 04cr1224 and 05cr1115 (SDNY);

6. order the Office of the District Clerk (SDNY), Ruby Krajick, **to certify under oath** the 04cr1224 and 05cr1115 (SDNY) dockets as complete containing all judicial public records and documents of the proceedings in 04cr1224[79] and 05cr1115 (SDNY)[80];

7. issue subpoenas and demands to produce to the U.S. Bankruptcy Court (NDGA) and the Atlanta, GA law firm KTS; and compel the production of all judicial public records, docketed or undocketed,[81] submitted to the Bankruptcy Court (NDGA) in regard to **In re Group Management Corp**., 03-93031-mhm (BC NDGA);

8. subpoena and compel KTS and its partners to produce all responses to grievances submitted to the State Bar of Georgia by its former partner Dennis S. Meir, Esq. in regard to allegations made regarding his and government 04cr1224 trial witness Kenneth A. Zitter's, Esq., roles in concealing and suppressing their clients',

---

[79] All ex parte communications between the USAO and District Judge Robert W. Sweet (deceased) and Leonard B. Sand (deceased) regarding the 02cv2219 (SDNY) and 04cr1224 (SDNY) proceedings.

[80] All ex parte communications between the USAO and District Judge Edgardo Ramos and Williams H. Pauley, III (deceased); including the September 2006 USSG 5k Rule 11 perjury contract of Jeremy Jones; the perjured Rule 11 September 2006 allocution of Jeremy Jones; the 2008 USSG 5k Government's letter to the District Court (Pauley, J.) that requested a downward departure in Jones; sentence for his known perjured testimony suborned by the USAO at trial in 05cr1115 (SDNY).

[81] Including but not limited to all transcripts, all pleadings, all letters, all records, all documents, all submissions by Ulysses T. Ware, whether docketed or undocketed

the "Civil Plaintiffs,'" status as *unregistered broker-dealers* from the Bankruptcy

Court during the Group Management Corp. Chapter 11 proceedings;

9. order the Office of the Bankruptcy Clerk (NDGA), M. Regina Thomas, *__to certify__*

*__under oath__* the *In re Group Management Corp.,* 03-93031-mhm (NDGA) docket

*is complete containing __all__ judicial records required to be docketed pursuant to*

*Bankruptcy Rules 5003*;

10. order the State Bar of Georgia to produce *__all__* records and documents used or

relied on to initiate or used in any alleged disbarment proceedings regarding

Ulysses T. Ware that depended in whole and/or in part on the 04cr1224 and

05cr1115 (SDNY) proceedings;[82]

11. order the District Court (NDGA) to produce any and all records and documents

regarding any alleged or purported disbarment proceedings concerning Ulysses

T. Ware that depended in whole and/or in part on the 04cr1224 or 05cr1115

(SDNY) proceedings;

12. reverse and vacate Petitioner's conviction and sentence nunc pro tunc November

2007;

---

[82] See Exhibit 17-6, the forged and fabricated by the State Bar of Georgia alleged "affidavit of service" in *In re Ulysses T. Ware* (2008) purported disbarment proceedings. According to Bureau of Prisons personnel and records Ulysses T. Ware on January 15, 2007, was not incarcerated in the MDC Brooklyn, NY federal prison; *__nor incarcerated by the Bureau of Prison in any prison in the United States__*. Exhibit 17-6 was deliberately and intentionally *forged and fabricated* by the State Bar of Georgia's Office of the General Counsel as the fraudulent pretext and as an overt act in the conspiracy with District Judge William H. Pauley, III (deceased) and the USAO to steal Ulysses T. Ware's personal and business property, his right to practice law.

13. remand to the District Court for a new trial;

14. annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

15. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the *unethical and criminal* misconduct of the Garland Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judges Ramos and Taylor-Swain;

16. certify the habeas corpus record and refer each member of the Garland Firm to the State Bar of Georgia with a judicial recommendation of disbarment, and further refer each member of the Garland Firm to the District Court's (SDNY) Disciplinary Committee with a recommendation of disbarment from the District Court for a term of 153 months (the same as Petitioner's sentence);

17. certify the habeas corpus record and refer each of the DOJ Respondents and the Government Lawyers to the DOJ's Office of Professional Responsibility with a judicial recommendation of prosecutorial misconduct, and refer each member to the District Court's Disciplinary Committee with a recommendation of disbarment from the District Court for the term of 153 months (the same as Petitioner's sentence);

18. certify the habeas corpus record and refer District Judges Edgardo Ramos and Laura Taylor-Swain to the Administrative Office of the U.S. Courts and the Court of Appeals for the Second Circuit's Committee on Judicial Discipline with a judicial

recommendation of impeachment for high crimes and misdemeanors, 18 USC 401(3), the aiding and abetting of the criminal contempt of the Brady Court Orders and Final Judgments;

19. certify the habeas record and refer the record to the Director of the FBI, Christopher Wrey, with a judicial referral for the FBI to open a money laundering, obstruction of justice, and bankruptcy fraud conspiracy criminal investigation of:

(1) the Atlanta, GA bankruptcy court's role and involvement in the criminal obstruction of justice regarding Petitioner's 2012 Rule 9024/60(d)(3) fraud on the court pleadings (see Exhibits 16);

(2) the Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP;

(3) **C. Ray Mullins**;

(4) Joyce Bihary;

(5) M. Regina Thomas;

(6) Patricia Sinback;

(7) **Wendy L. Hagenau**;

(8) Dennis S. Meir, Esq.;

(9) John W. Mills, III, Esq.;

(10) J. Henry Walker, IV;

(11) Kenneth A. Zitter, Esq.,

(12) ***convicted felon*** Edward M. Grushko, Esq.,

(12.1) Barbara R. Mittman, Esq.;

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

(13) **District Judge Thomas W. Thrash, Jr.;**

(14) **Chief District Judge Timothy C. Batten, Sr.;**[83]

(15) District Judge Orinda D. Evans;

(16) ***Margaret H. Murphy***;[84]and

20. any other relief the Court deems just and proper.

---

[83] Chief District Judge (NDGA) Timothy C. Batten, Sr., has colluded, agreed, acted in concert, and conspired with the USAO, the DOJ Respondents, the Government Lawyers, and the State Bar of Georgia, and has concealed, suppressed, hid, covered up, misappropriated, and removed from the public docket judicial public records regarding an alleged 2008 *In re Ulysses T. Ware* purported disbarment proceeding predicated on the moot and null and void ab initio 05cr1115 and 04cr1224 (SDNY) proceedings.

[84] Former Bankruptcy Judge (NDGA) Margaret H. Murphy presided over *In re Group Management Corp.*, 03-93031-mhm (BC NDGA); and knowingly, willfully, in bad faith, and recklessly rigged, fixed, colluded, confederated, conspired, and facilitated the cover up, concealment, and suppression of the unregistered broker-dealer status of each of the "Civil Plaintiffs" by the fraudulent and fabricated 2003 dismissal of GPMT's Chapter 11 reorganization with prejudice.

The *ultra vires (unregistered broker-dealers lack Article III standing to appear in a bankruptcy court and request judicial relief)*, fraud on the court, bogus, and fraudulent dismissal with prejudice was ***predicated on the ultra vires, frivolous, filed for an improper purpose, vexatious, and fraudulent motion to dismiss filed by KTS on behalf of the civil plaintiffs*.**

Claim #8

8.    December 20, 2007, Dkt. 90, *voluntary* Rule 41(a)(2), *after the statute of limitations had run on all claims in the 02cv2219 (SDNY) lawsuit*: A *superseding* final judgment on the merits for Group Management Corp., Ulysses T. Ware, and Elorian and Becky Landers, jointly, (the "Prevailing Parties").

Petitioner repleads in heac verba paragraphs 1-50 in the Declaration and further repleads Claims 1, Claims 2, Claims 3, Claims 4, Claims 5, Claims 6, and 7 herein, in heac verba, and plead and claims:

(a)    On or about **December 20, 2007**, the 02cv2219 (SDNY) "Civil Plaintiffs" counsel, and government 04cr1224 (SDNY) trial witness Kenneth A. Zitter, Esq., ***after* the statute of *limitation had run on all claims in the 02cv2219 lawsuit**, secretly, ex parte, without notice to the defendants, moved the 02cv2219 (SDNY) District Court (Sand, J.), (deceased), pursuant to Fed. R. Civ. P. 41(a)(2) to ***voluntarily*** dismiss the 02cv2219 (SDNY) lawsuit, see Exhibit 5;

(b) on or about **December 20, 2007**, Dkt. 90, the District Court (Sand, J.) granted the "Civil Plaintiffs" requested ex parte relief, ***and without notice to the defendants***, *dismissed the 02cv2219 (SDNY) lawsuit with prejudice*; ***a superseding final judgment on the merits in favor of the Prevailing Parties***; that annulled, vitiated, and ipso facto vacated by operation of law the Government's 04cr1224 grand jury and trial evidence, to wit: (1) GX-7; GX-11; and GX-24, jointly,

(the "**Government's Annulled Evidence**");[85] and annulled and vitiated Petitioner's purported conviction and sentence in 04cr1224 as moot for lack of 18 USC 3231 subject matter jurisdiction.

(c)    The *Government's Annulled Evidence* constituted post-trial material and dispositive Brady exculpatory evidence covered by the Brady Court Order, Exhibit 2, and was required to have been disclosed to the Petitioner, the District Court, and the U.S. Probation Office.

(d)    After December 20, 2007, the 04cr1224 and 02cv2219 (SDNY) district courts lacked all jurisdiction over the moot subject matter, orders, judgments, and proceedings regarding 04cr1224 and 02cv2219.

(e)    But for the egregious constitutional violations committed by the DOJ Respondents, the Government Lawyers, and others who aided and abetted the crimes and constitutional violations, no reasonable jury would have been authorized to convict Petitioner. Petitioner is actually and factually innocent of all charges. Accordingly, Petitioner is actually and factually innocent of all charges in 04cr1224.

(f)    **Petitioner's request for relief to the District Court:**

---

[85] See *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952) (voluntary dismissal by the ["Civil Plaintiffs"] of its own [02cv2219] lawsuit, *__annulled__*, vitiated, and voided *__all__* prior orders, judgments, and proceeding therein, as if the [02cv2219] lawsuit "had never been filed." And terminated the court's jurisdiction over the subject matter [i.e., GX-7, GX-11, and GX-24], and rendered the proceedings moot). (emphasis added).

1. order the DOJ Respondents, the Government Lawyers, District Judges Edgardo Ramos, Laura Taylor-Swain, and Wendy L. Hagenau to file an answer admitting or denying the above claims;

2. order an *evidentiary hearing* on all disputed or denied material factual allegations;

3. issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

4. order the USAO to prepare and file into the Court and serve a copy of the same on Petitioner ***an itemized inventory*** of all alleged Brady, Giglio, and Rule 16 evidence that was served on Petitioner "prior to trial", after trial, and during trial regarding 04cr1224 and 05cr1115;"

5. order the USAO to file into the Court and serve a copy of the same on Petitioner a certified copy of each and every cooperation agreements, USSG 5k contracts, USSG 5k downward departures, Rule 11 plea contracts, Rule 11 plea allocutions, or other statements of all witnesses who testified at trial in 04cr1224 or 05cr1115; and the grand jury testimony of all witnesses who testified before any grand jury and also testified at trial in 04cr1224 and 05cr1115 (SDNY);

6.  order the Office of the District Clerk (SDNY), Ruby Krajick, **to certify under oath** the 04cr1224 and 05cr1115 (SDNY) dockets are complete containing all judicial public records and documents of the proceedings in 04cr1224[86] and 05cr1115 (SDNY)[87];

7.  reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

8.  remand to the District Court for a new trial;

9.  annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

10. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the **unethical and criminal** misconduct of the Garland Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judges Ramos and Taylor-Swain;

11. and grant any other relief the Court deems just and proper.

---

[86] All ex parte communications between the USAO and District Judge Robert W. Sweet (deceased) and Leonard B. Sand (deceased) regarding the 02cv2219 (SDNY) and 04cr1224 (SDNY) proceedings.

[87] All ex parte communications between the USAO and District Judge Edgardo Ramos and Williams H. Pauley, III (deceased); including the September 2006 USSG 5k Rule 11 perjury contract of Jeremy Jones; the perjured Rule 11 September 2006 allocution of Jeremy Jones; the 2008 USSG 5k Government's letter to the District Court (Pauley, J.) that requested a downward departure in Jones; sentence for his known perjured testimony suborned by the USAO at trial in 05cr1115 (SDNY).

Claim #9

9.    15 USC 77b(a)(11) statutory underwriters, the "Civil Plaintiffs", judicially admitted by the Government in para. 10.1(iv) of GX-5, Exhibit 30, are legally ineligible for Rule 144(k) exemption to 15 USC 77e, Section 5, strict-liability registration requirements. SEC Release 33-7190 n. 17 (1995).

Petitioner repleads in heac verba paragraphs 1-50 in the Declaration and further repleads Claims 1, Claims 2, Claims 3, Claims 4, Claims 5, Claims 6, Claims 7, and Claims 8 herein, in heac verba, and plead and claims:

(a)    Petitioner, as a matter of law and fact, is actually and factually innocent of all 18 USC 401(3) criminal contempt charges as alleged in the 04cr1224 indictment's Counts I, II, and III.

(b)    The "Civil Plaintiffs," cf., Exhibit 7-1, judicially admitted and confessed by the Government's trial evidence, para. 10.1(iv) of GX-5, Exhibit 30, *an affirmative defense pleaded on the face of the indictment*; ipso facto, by operation of law, *actually and factually acquitted* Petitioner at trial in November 2007 of all moot 18 USC 401(3) criminal contempt charges by the admission of GX-5 into evidence, Tr. 190.

(c)    **Petitioner's request for relief to the District Court:**

1.  order the DOJ Respondents, the Government Lawyers, District Judges Edgardo Ramos, Laura Taylor-Swain, and Wendy L. Hagenau to file an answer admitting or denying the above claims;

2.  order an *evidentiary hearing* on all disputed or denied material factual allegations;

3. issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

4. order the USAO to prepare and file into the Court and serve a copy of the same on Petitioner *an itemized inventory* of all alleged Brady, Giglio, and Rule 16 evidence that was served on Petitioner "prior to trial", after trial, and during trial regarding 04cr1224 and 05cr1115;"

5. order the USAO to file into the Court and serve a copy of the same on Petitioner a certified copy of each and every cooperation agreements, USSG 5k contracts, USSG 5k downward departures, Rule 11 plea contracts, Rule 11 plea allocutions, or other statements of all witnesses who testified at trial in 04cr1224 or 05cr1115; and the grand jury testimony of all witnesses who testified before any grand jury and also testified at trial in 04cr1224 and 05cr1115 (SDNY);

6. order the Office of the District Clerk (SDNY), Ruby Krajick, *to certify under oath* the 04cr1224 and 05cr1115 (SDNY) dockets as complete containing all judicial

public records and documents of the proceedings in 04cr1224[88] and 05cr1115

(SDNY)[89];

7.  reverse and vacate Petitioner's conviction and sentence nunc pro tunc November

2007;

8.  remand to the District Court for a new trial;

9.  annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the

04cr1224 indictment;

10. remand to the District Court with instructions to conduct show cause sanctioning

proceedings regarding the *unethical and criminal* misconduct of the Garland

Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers,

and District Judges Ramos and Taylor-Swain;

11. and grant any other relief the Court deems just and proper.

---

[88] All ex parte communications between the USAO and District Judge Robert W. Sweet (deceased) and Leonard B. Sand (deceased) regarding the 02cv2219 (SDNY) and 04cr1224 (SDNY) proceedings.

[89] All ex parte communications between the USAO and District Judge Edgardo Ramos and Williams H. Pauley, III (deceased); including production of, (i) the Government's USSG 5k contract that was included in the bogus and fraudulent September 2006 purported Rule 11 plea (perjury) contract; (ii) the September 2006 USSG 5k Rule 11 perjury contract of Jeremy Jones; (iii) the suborned perjured Rule 11 September 2006 allocution of Jeremy Jones; and (iv) the *fraudulent and fabricated* 2008 USSG 5k Government's letter to the District Court (Pauley, J.) that requested a downward departure in Jones' sentence for his known and suborned perjured testimony suborned by the USAO at trial in 05cr1115 (SDNY). Cf., Exhibits 29, infra.

## Claim #10

10.    Petitioner's claim for "fundamental miscarriage of justice" actual and factual innocence of all charge in United States v. Ware, 04cr1224 (SDNY) as a result of egregious, flagrant, and criminal constitutional violations of the DOJ Respondents and others that aided, abetted, and assisted their flagrant constitutional violations. See Appx. #1 for memorandum of law.

a.    Petitioner repleads in heac verba paragraphs 1-50 in the Declaration and further repleads Claims 1, Claims 2, Claims 3, Claims 4, Claims 5, Claims 6, Claims 7, Claims 8, and Claims 9 herein, in heac verba, and plead and claims:

(a)    Petitioner, as a matter of law and fact, is actually and factually innocent of all 18 USC 401(3) criminal contempt charges as alleged in the 04cr1224 indictment's Counts I, II, and III.

(b)    It is more likely than not that but for the flagrant, blatant, egregious, and criminal constitutional violations pleaded in Claims 1-9, supra, no reasonable jurors would have been authorized to vote to convict Petitioner;

(c)    but for the *flagrant* Brady violations, 18 USC 401(3) criminal contempts—that is, Brady violations that constitute willful criminal contempt of Brady Court Orders, are by definition, ipso facto, as a matter of law, deemed "flagrant," committed by the DOJ Respondents and those who have aided, abetted and facilitated the criminal contempts of the Brady Court Orders, Exhibits 2 and 3, infra, the USAO (SDNY) lacked 28 USC 547(1) probable cause, and therefore lawful authority, to have prosecuted Petitioner in 04cr1224 (SDNY).

(c)    The *newly discovered evidence*, previously suppressed and concealed by the DOJ Respondents and their aiders and abettors, is overwhelming, clear, and convicting, that a "fundamental miscarriage of justice" was *intentionally* and willfully permitted to occur to cover up and conceal **Alpha Capital, AG (Anstalt)**[90] Hobbs Act international money laundering criminal enterprises' *participants,*[91] *profits, and revenues* from legal jeopardy. See Exhibits 21, infra.

(d)    **Petitioner's request for relief to the District Court**:

1. order the DOJ Respondents, the Government Lawyers, District Judges Edgardo Ramos, Laura Taylor-Swain, and Wendy L. Hagenau to file an answer admitting or denying the above claims;

2. order an *evidentiary hearing* on all disputed or denied material factual allegations;

3. issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

---

[90] See Exhibits 21 and 21-2, infra; see also SEC's complaint in *SEC v. Honig, et al.,* 18cv08175 (SDNY) (Ramos, J.) (charged Alpha Capital, AG (Anstalt) with securities fraud and market manipulation; consent final judgment entered against Alpha; fined and ordered to disgorge +$2.5M, and other civil penalties).

[91] See Exhibit 31, infra.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

4. order the USAO to prepare and file into the Court and serve a copy of the same on Petitioner *an itemized inventory* of all alleged Brady, Giglio, and Rule 16 evidence that was served on Petitioner "prior to trial", after trial, and during trial regarding 04cr1224 and 05cr1115;"

5. order the USAO to file into the Court and serve a copy of the same on Petitioner a certified copy of each and every cooperation agreements, USSG 5k contracts, USSG 5k downward departures, Rule 11 plea contracts, Rule 11 plea allocutions, or other statements of all witnesses who testified at trial in 04cr1224 or 05cr1115; and the grand jury testimony of all witnesses who testified before any grand jury and also testified at trial in 04cr1224 and 05cr1115 (SDNY);

6. order the Office of the District Clerk (SDNY), Ruby Krajick, *to certify under oath* the 04cr1224 and 05cr1115 (SDNY) dockets as complete containing all judicial public records and documents of the proceedings in 04cr1224[92] and 05cr1115 (SDNY)[93];

---

[92] All ex parte communications between the USAO and District Judge Robert W. Sweet (deceased) and Leonard B. Sand (deceased) regarding the 02cv2219 (SDNY) and 04cr1224 (SDNY) proceedings.

[93] All ex parte communications between the USAO and District Judge Edgardo Ramos and Williams H. Pauley, III (deceased); including production of, (i) the Government's USSG 5k contract that was included in the bogus and fraudulent September 2006 purported Rule 11 plea (perjury) contract; (ii) the September 2006 USSG 5k Rule 11 perjury contract of Jeremy Jones; (iii) the suborned perjured Rule 11 September 2006 allocution of Jeremy Jones; and (iv) the *fraudulent and fabricated* 2008 USSG 5k Government's letter to the District Court (Pauley, J.) that requested a downward departure in Jones' sentence for his known and suborned perjured testimony suborned by the USAO at trial in 05cr1115 (SDNY). Cf., Exhibits 29, infra.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

7. reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

8. remand to the District Court for a new trial;

9. annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

10. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the *unethical and criminal* misconduct of the Garland Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judges Ramos and Taylor-Swain;

11. and grant any other relief the Court deems just and proper.

C.    Actual and factual innocence habeas corpus claims regarding United States v. Ware, 05cr1115 (SDNY).

## Claim #11

## Strickland v. Washington Ineffective Assistance of Counsel Claims in 05cr1115.

11.    Deliberate, willful, and bad faith, fraudulent ineffective assistance of [retained] counsel, the Garland Firm and Michael F. Bachner, Esq., jointly, ("Retained Counsels"), in violation of the legal standard of *Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner was denied a fair trial.

## Introduction

1.    In or about 2005 Petitioner retained the Garland Firm,[94] see Claim 1, supra, as Sixth Amendment counsel to represent his legal interests in *United States v. Ware*, 04cr1224 (SDNY).[95] During that representation Petitioner was informed by the Garland Firm the USAO demanded that he '*immediately plead guilty*' to the 18 USC 401(3) criminal contempt charges in 04cr1224

---

[94] See Exhibits 18, 18-2, 21-3, and Appx. 2.

[95] The 04cr1224 (SDNY) indictment charged Petitioner, frivolously, while knowingly lacking all probable cause, and/or in reckless indifference of the law and the facts, with three counts of 18 USC 401(3) criminal contempt for his refusal to criminally violate Sections 5, 77x, and 78ff of the federal securities laws by -- as the securities counsel for the 02cv2219 (SDNY) defendant, IVG Corp., a/k/a Group Management Corp. (OTCBB: GPMT), a publicly traded company -- drafting, signing, and issuing to the 02cv2219 (SDNY) "Civil Plaintiffs," see Exhibits 7, 7-1, and 8, infra, (i) 15 USC 77b(a)(11) **statutory underwriters**; and (ii) **unregistered broker-dealers** (see Exhibit 7), *legally ineligible for any Rule 144(k) exemption to Section 5 of the 1933 Securities Act's strict-liability registration requirements*. See SEC Release 33-7190 n. 17 (1995) (Section 2(a)(11) statutory underwriters *are required to register* with the SEC *all* distributions [public offering] of securities [GX 1-4]). (emphasis added).

The 04cr1224 (SDNY) indictment was and is null and void ab initio: as a matter of law and fact, the indictment failed to charge an 18 USC 401(3) criminal contempt "offense" over which the ultra vires 04cr1224 (SDNY) District Court (Sweet, J.), pursuant to 18 USC 3231 was lawfully authorized to adjudicate the claims. *The charges are moot*. Cf., para. 10.1(iv) of GX-5, and the 04cr1224 indictment's para. 8-12, i.e., *affirmative defenses pleaded by the Government on the face of the indictment*. Ipso facto, as a matter of law an acquittal on the merits in favor of Petitioner.

(SDNY). The Garland Firm informed Petitioner, " … that unless you plead guilty immediately, the Government will bring a major conspiracy charge [*United States v. Ware*, 05cr1115 (SDNY)] against you, *and you will be found guilty* …." (quoting Edward T.M. Garland, Esq. and Manny Arora, Esq.) (emphasis in original).

2.    Petitioner refused to plead guilty to the *moot and frivolous* 04cr1224 (SDNY) criminal contempt indictment; and, thus, the DOJ Respondents with a malicious and evil racially-motivated Jim Crow animus retaliated against Petitioner; and on September 26, 2005, they deliberately filed the known to be fabricated, moot, and legally and factually frivolous[96] *United States v. Ware*, 05cr1115 (SDNY) complaint for arrest warrants.

---

[96] The DOJ Respondents on **September 26, 2005**, knew, and/or were reckless in not knowing, that in or about **July 2003**, the SEC's lawyers, on behalf of the United States, *the real party in interest*, and its privies at para. 33 of the sham Las Vegas 03-0831 (D. NV) complaint, Exhibit 22, judicially admitted, and confessed in the SEC's *unsigned* complaint, *judicial and equitable estoppel against the United States*, and its privies (the USAO (SDNY), the FBI, the SEC, etc.) INZS and SVSY's press releases were *immaterial, and accordingly, not civilly (03-0831) or criminally (05cr1115) actionable in the federal courts*. In or about July 2003 the SEC's lawyers judicially admitted and confessed in the 03-0831 district court, para. 33, the INZS and SVSY press releases were moot subject matter not within the scope of Article III subject matter jurisdiction—that is, *a live case or controversy did not exist between the United States and Petitioner with respect to the materiality of the press releases*.

As a matter of law the SEC's lawyers pleaded the United States and its privies out of the 03-0831 and 05cr1115 district courts on or about July 2003 in para. 33 of the 03-0831 (D. NV) complaint, Exhibit 22, infra. The 05cr1115 (SDNY) district court (Pauley, J.) lacked 18 USC 3231 subject matter jurisdiction over moot subject matter (i.e., the immaterial INZS and SVSY press releases). *Therefore, the 05cr1115 complaint and indictments failed to charge an 18 USC 3231 "offense," over which the USAO pursuant to 28 USC 547(1) was lawfully authorized to prosecute.*

3.   The DOJ Respondents by and through the USAO (SDNY) on October 26, 2005, Dkt. 7, fraudulently, while knowingly lacked all probable cause,[97] filed the ultra vires, null and void ab initio *United States v. Ware*, 05cr1115 (SDNY) *malicious retaliatory*, bad faith, and legally and factually frivolous indictment against Petitioner. The 05cr1115 indictment was predicated on the same *moot* and *immaterial* subject matter of the moot, null and void ab initio 2003 sham, moot, and *pretextual* SEC's civil Las Vegas 03-0831 (D. NV) lawsuit[98]—that is, the *immaterial* (i.e., not civilly or criminally actionable in the federal courts) press releases of the publicly traded companies, tickers, OTCBB, INZS, and SVSY.[99]

---

[97] The USAO's DOJ Respondents (i.e., AUSA Alexander H. Southwell, et al.) by implication had to have **materially misled and committed perjury** before the 05-mj-01630 (Peck, J.) magistrate court (09/20/**2005**, Dkt. 1: affidavit of FBI special agent David Makol in support of application for arrest warrants for Ulysses T. Ware and Jeremy Jones); and (2) on 10/26/**2005**, Dkt. 7, before the alleged grand jury to seek the 05cr1115 (SDNY) indictment based on the moot, immaterial, and not actionable INZS and SVSY press releases, cf., Exhibit 22, SEC's judicial admission and confession, (i.e., judicial, and equitable estoppel against the USAO with respect to Makol's known and suborned perjury affidavit, and Makol's known and suborned perjury in his grand jury testimony) in para. 33 of the SEC's July **2003** Las Vegas Litigation *unsigned by an admitted SEC lawyer complaint*).

[98] The SEC's lawyers and officials knowing and willfully aided, abetted, coordinated with, and provided material support to the USAO (SDNY), (see Exhibits 8, 9, 10, 13, 13-1, 14-1, and 15, infra) a conspiracy to obstruct justice, and for an improper purpose, i.e., to illegally gather evidence pursuant to the Federal Rules of Civil Procedure, while knowing the USAO imminently intended to bring the (criminal) 05cr1115 (SDNY) indictment predicated on the same subject matter as the SEC's frivolous Law Vegas (civil) 03-0831 (D. NV) lawsuit.

[99] See para. 33 in the SEC's frivolous and moot **2003** 03-0831 (D. NV) complaint, Exhibit 22, infra. On or about July 14, 2003, the SEC's learned lawyers pleaded the United States, *the real party interest, and its privies*—that is, the **USAO (SDNY)**, the FBI, the SEC, the USPO, the U.S. Marshals, the BOP, etc., out of the federal courts in regard to the INZS and SVSY subject matter by its binding judicial admissions, *judicial and equitable estoppel against the United States and its privies in all subsequent litigation*.

The SEC's lawyers pleaded, judicially confessed, and admitted that the INZS and SVSY press releases *as a matter of law and fact were immaterial*; and consequently not civilly (in 03-0831) or criminally (in 05cr1115) actionable in the federal courts; and admitted that the INZS and SVSY press releases "*did not* actionable in the federal courts; and admitted that the INZS and SVSY press releases "***did not***

4.     The Garland Firm, after being retained to represent Petitioner, as an intentional overt omission, deficient performance, and in collusion and conspiracy with the USAO, in prearranged fashion, to materially prejudice Petitioner, with former **_AUSA Alexander H. Southwell_**, (i.e., the ringleader and organizer of the DOJ's conspiracy to falsely prosecute and convict Petitioner),[100] vehemently refused to accompany Petitioner to the 05cr1115 arraignment in New York on September 26, 2005; and instead, the Garland Firm deliberately and willfully colluded and conspired with the DOJ Respondents, willfully breached and violated the Sixth Amendment, maliciously and deceptively breached its fiduciary duty to Petitioner, **_and in a coordinated and_**

---

have the intended effect and **_increase_** the **_stock's price_**." (emphasis added), (the "**SEC's Acquittal Admission**").

Accordingly, the USAO (SDNY)'s  September 2005 (i) complaint for arrest warrants for Petitioner, see Exhibit 23 (the known and suborned perjured affidavit of former FBI special agent David Makol), and (ii) the 05cr1115 (SDNY) indictment's charges and Government's trial theory—that is, that INZS and SVSY's **_legally and factually immaterial_** press releases somehow "artificially **_inflated_** the stocks' **_prices_**" failed as a matter of law and fact.

Consequently, Petitioner and alleged co-defendant Jeremy Jones (cf., Exhibits 29) are actually and factually innocent of all **_moot and ultra vires charges_** in the 05cr1115 (SDNY) indictment, i.e., as a matter of law and fact, ipso facto, predicated on the SEC Acquittal Admission made in para. 33 of the 03-0831 (D. NV) complaint, see Exhibit 22, infra, the 05cr1115 complaint and indictments failed to charge  an 18 USC 3231 conspiracy or securities fraud "offenses." The 05cr1115 (SDNY) proceedings are, therefore, null and void ab initio, moot, and required to be immediately dismissed with prejudice, _Steel Co._, 523 U.S. at 93-95 (subject matter jurisdiction is a "threshold issue" that **_every_** federal court [05cr1115] must **_sua sponte_** raise and confirm for itself; and if found to be lacking, the **_only_** remaining function of the court is to announce the fact jurisdiction is lacking, **_and dismiss the cause._**) (Scalia, J.). (emphasis added).

[100] See Exhibits 8, 9, 10, 13, 13-1, 15, 18, 18-1, 21-3, 21-4, 21-5, 26-3, 29-1, and 29-5.1, infra.

*prearranged fashion* forced Petitioner to appear at the September 26, 2005 05cr1115 (SDNY)

(Pittman, J.) arraignment in **unrepresented pro se status**.[101]

5.     After being retained and paid, the Garland Firm refused to enter an appearance in

05cr1115 (SDNY), refused to refund Petitioner his attorney fees, and informed Petitioner,

> " … you will have to find another lawyer to represent you in New York if you want to go
> to trial. We will not try the case … you better think about pleading guilty, that is your best
> option … if you go to trial Judge Pauley is going to make sure that you are found guilty."
> (quoting Edward T.M. Garland, Esq.).

6.     The Garland Firm referred Petitioner to NYC lawyer Michael F. Bachner, Esq., who

Petitioner retained, paid, and hired, based on Garland's referral, as Sixth Amendment counsel in

05cr1115 (SDNY). (Dkt. 9, entry of appearance for Michael F. Bachner, Esq.).

7.     Bachner initially refused to file any discovery or other pretrial motions; however, under

severe and intense pressure by Petitioner, Bachner finally relented **and filed a single boiler-plate**

**discovery motion**, Dkt. 15; see Exhibit 3, May 19, 2006, Dkt. 17, transcript: excerpts of the

conference (Pauley, J.) on Petitioner's discovery motion (Dkt. 15); Dkt. 17, Tr. 5-6: entry of Brady

Court Order, Exhibit 3).

---

[101] See 05cr1115 (SDNY) 09/26/2005 minute entry ("Deft [Ulysses T. Ware] **appears with CJA atty Isabella Kirshner (for Rule 5 only)**. AUSA Alexander Southwell present for the gov't."); cf., n. 34, supra, the Garland Firm's atrocious and horrendous breach of its fiduciary duty owed to its client, the Petitioner, and its abandonment of Petitioner's legal interests in favor of the Government's point of view. The Garland Firm did not intend, and never appeared as **independent** "effective" adverse "counsel" to the Government's trial position; and moreover, never provided Petitioner any "effective" legal "assistance" in 04cr1224 or 05cr1115 (SDNY). A **per se** violation of the Strickland legal standard, cf., **United States v. Cronic, Omnibus Memorandum on Law.**.

8.    After the May 19, 2006, discovery conference Petitioner requested that Bachner file a

*Kordel* motion to suppress all evidence the USAO obtained from the SEC's sham 2003 Las Vegas

civil 03-0831 (D. NV) lawsuit. Bachner vehemently refused, and in a panic stated:[102]

> "*I absolutely cannot and will not do that … the [USAO] will punish me if I do that …. You can file it yourself if you like, but I would not do that if I were you. Judge Pauley will slam you; he is not a very nice person …* **he's going to make sure that you are convicted***. The best strategy is for me to work you out a good plea deal with Southwell … else you are going to prison for a long time ….*" (emphasis in original). (quoting retained Sixth Amendment counsel Michael F. Bachner, Esq.).

---

[102] Purported *independent,* retained Sixth Amendment, *adversarial* counsel Bachner, a purported "seasoned lawyer" (quoting Edward T.M. Garland, Esq.) lost his nerve and was implicitly intimidated, and under the influences of Judge Pauley and the USAO. Bachner was psychologically manipulated by the USAO and former District Judge Pauley's reputations for brutality, retaliation, and retribution against lawyers that challenged the USAO's prosecutorial authority. Bachner was not and did not function as *independent adversarial* Sixth Amendment effective counsel where he was professionally controlled and under various nefarious influences. Bachner functioned under an *undisclosed and covert* actual and apparent personal conflict of interest in violation of the Rules of Professional Conduct of the District Court, and the NY Bar Association Rules of Professional Conduct and Ethics that prejudiced Petitioner's legal interests and right to a fair trial with the effective assistance of independent and adverse counsel.

| 12/12/2006 | 29 | ORDER as to Ulysses Thomas Ware., as to Ulysses Thomas Ware;Government Responses due by 12/4/2006. On December 1, 2006 this Court received a letter application from the Deft requesting an adjournment of the January 16, 2007 trial date. Deft alleges the Government failed to produce requested discovery. The Government responded on December 4, 2006 submitting that such requests were answered in a timely manner and objecting to any adjournment of the trial date. This Court has reviewed the submission by the parties and the Deft's application for an adjournment of the January 16, 2007 trial date is denied at this time. (Signed by Judge William H. Pauley III on 12/11/06)(jw, ) (Entered: 12/13/2006) |
| 12/22/2006 | 30 | ORDER as to Ulysses Thomas Ware. The Defendant's application for an adjournment of the 1/16/2007 trial date is again denied. The parties are directed to appear for a pre-trial conference on 1/3/2007 at 12:30pm in courtroom 11D. SO ORDERED. (Signed by Judge William H. Pauley III on 12/22/2006)(jar, ) (Entered: 12/26/2006) |
| 12/22/2006 | | Set/Reset Deadlines/Hearings as to Ulysses Thomas Ware: Ready for Trial by 1/16/2007. Pretrial Conference set for 1/3/2007 12:30 PM before Judge William H. Pauley III.(jar, ) (Entered: 12/26/2006) |
| 01/03/2007 | 31 | MOTION to Suppress all Evidence. Document filed by Ulysses Thomas Ware. (jw, ) (Entered: 01/04/2007) |
| 01/03/2007 | 32 | MEMORANDUM in Support by Ulysses Thomas Ware re 31 MOTION to Suppress Evidence (jw, ) (Entered: 01/04/2007) |
| 01/04/2007 | 33 | MEMORANDUM in Opposition by USA as to Ulysses Thomas Ware re 31 MOTION to Suppress.. (Southwell, Alexander) (Entered: 01/04/2007) |
| 01/05/2007 | 40 | DEFT THOMAS WARE'S MEMORANDUM OF LAW IN RESPONSE TO THE GOVERNMENT'S REPLY BRIEF IN OPPOSITION TO HIS to Motion |

| | | by Ulysses Thomas Ware re 31 MOTION to Suppress Evidence (jw, ) (Entered: 01/10/2007) |
| 01/08/2007 | 34 | NOTICE OF ATTORNEY APPEARANCE Steven David Feldman appearing for USA. (Feldman, Steven) (Entered: 01/08/2007) |

**05cr1115 docket showing Dkt. 31, 32, and 40: Petitioner's pro se Kordel suppression motion.**

9.       Petitioner rejected Bachner's generous offer to obtain a "good plea deal," *immediately*

terminated Bachner as retained Sixth Amendment counsel, *entered his appearance as pro se*

*counsel*, Dkt. 21 (10/04/2006); and filed the requested *Kordel* motion to suppress all evidence,

Dkt. 31, 32, and 40 (01/03/2007).

## Ineffective Assistance of Counsel Claims in United States v. Ware, 05cr1115.

(a)      Petitioner repleads in heac verba paragraphs 1-50 in the Declaration and further repleads Claims 1, Claims 2, and Claims 4 herein, in heac verba, and plead and claims:

1.      Petitioner is as a matter of law and fact, actually and factually innocent of all charges as alleged in the **United States v. Ware**, 05cr1115 (SDNY) purported indictment;

2.      but for the egregious and criminal 'ineffective' 'assistance' of 'counsel,' (i) the **deficient performance**, of the Retained Counsels, that (ii) **prejudiced** Petitioner, it is more likely than not that no reasonable juror would have voted to convict Petitioner given the newly discovered material and dispositive Brady exculpatory and impeachment evidence the Retained Counsels aided and abetted the DOJ Respondents to willfully and in bad faith flagrant suppress, conceal, hid, and cover-up in willful resistance and disobedience, 18 USC 401(3), criminal contempt, of the Brady Court Order, Exhibit 3, infra.

3.      Petitioner contends that the Retained Counsels performance as conflicted non-adverse and not independent Sixth Amendment counsel as required by *Strickland's* legal standard was egregiously deficient and prejudiced Petitioner to such an extent Petitioner did not receive a fair trial, evidenced by the following acts, deliberate and intentional omissions, and refusals to acts committed by:

i. Bachner and the Garland Firm failed to perform "effectively" in an **_independent and adversarial_** capacity and effectively develop a strategy to challenge the Government's charges in the indictment;[103]

ii. Bachner and the Garland Firm failed to investigate the law and the facts of the allegations alleged in the indictment;[104]

iii. Bachner and the Garland Firm failed to interview any witnesses[105] suggested by Petitioner, to wit: Thomas Vidmar, the CEO of INZS;[106]

---

[103] _Adamson v. Bachner_, 99 Civ. 3741 (JSM), (S.D.N.Y. May. 31, 2000) ("Accepting Plaintiff's allegations as true, Mr. Bachner clearly created an actual conflict of interest by representing both Plaintiff and Mr. Nejaime because the latter was and is potentially liable to the former as a result of the stock transfer mishap. **_Mr. Bachner and Mr. Nejaime may have even actively colluded to delay any action against Mr. Nejaime as Plaintiff has alleged_**."). (emphasis added).

[104] See n. 69 and n. 72 supra, for details how an effective independent and adversarial legal strategy to effectively challenge and confront the Government's legally and factually frivolous allegations in the moot 05cr1115 could have been formulated by an independent, adversarial, and effective counsel.

[105] In July 2006 Petitioner informed Bachner that INZS's CEO Thomas Vidmar had agreed to testify at trial for Petitioner that there was no false or misleading information contained in any INZS press release. Bachner refused to contact Vidmar and gain his point of view regarding the contents of the INZS press releases. Bachner acting under the criminal influence of the USAO and Judge Pauley egregiously and with perfidy breach his fiduciary duty of loyalty and confidentiality to Petitioner, and treacherously passed Petitioner's confidential trial strategy and information to AUSA Alexander H. Southwell and District Judge Pauley.

AUSA Southwell fearing that his case regarding INZS was lost, cancelled the trial scheduled for September 2006, and on September 14, 2006, Dkt. 19, filed a superseding indictment, S-1, which added and frivolously alleged the same bogus charges in the original indictment against another of Petitioner's clients, SVSY. On October 14, 2006, Petitioner fired Bachner as Sixth Amendment counsel, entered his appearance as pro se counsel, Dkt. 21, and readied the 05cr1115 case for trial in January 2007.

[106] The CEO of INZS, Thomas Vidmar, was prepared to testify at trial that all information supplied to Petitioner's law firm was supplied not to Petitioner, personally, but was actually supplied to government trial witnesses Jeremy Jones and Carlton Epps. Vidmar would have testified at trial that he had no

iv.     Bachner and the Garland Firm vehemently refused to file any motion(s) to dismiss the indictment and motions to suppress evidence based on prosecutorial misconduct of the DOJ Respondents and SEC's lawyers' collusion and conspiracy in the SEC's Las Vegas 03-0831 (D. NV) civil litigation regarding the same subject matter as the 05cr1115 (SDNY) indictment;

v.     Bachner and the Garland Firm vehemently refused to communicate with Petitioner regarding the development of any legal strategy to defend the charges in the indictment at trial;

vi.     Bachner and the Garland Firm knowingly passed confidential client information and trial strategy[107] to AUSA Alexander H. Southwell and District Judge William H. Pauley III (deceased) who intimidated and psychologically dominated Bachner as a willing flunky and lacky; Bachner was dependent on Pauley and the USAO for his financial business success;[108]

vii.     Petitioner contends there "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Had Bachner and

---

communications at all with the Petitioner; furthermore, all information Vidmar supplied to the Ware law firm, in his belief, was true and correct.

[107] See *Adamson v. Bachner*, 99 Civ. 3741 (JSM), (S.D.N.Y. May. 31, 2000). Plaintiff, Donald Adamson, has brought this *action claiming breach of fiduciary duty, fraud, professional malpractice, breach of contract, and violation of New York Judiciary Law § 487 against his former lawyer, Michael Bachner*, and his former stock broker, Todd Nejaime. *Plaintiff alleges that due to an undisclosed conflict of interest and collusion between the defendants, Mr. Bachner failed to pursue indemnification claims on Plaintiff's behalf against Mr. Nejaime.*

[108] See *Donald Adamson v. Michael F. Bachner, Esq.,* District Court (SDNY). Civil suit that alleged Bachner sold out Mr. Adamson to the SEC, covertly, and prejudiced Mr. Adamson's claims without his knowledge. Bachner has a history and pattern of devious and disloyal professional misconduct to his *African American clients.*

the Garland Firm performed as independent, adversarial, and effective advocates for Petitioner, the Kordel motion, and motion to dismiss the indictment with prejudice would have been filed; and

viii.    had Bachner and the Garland Firm not betrayed Petitioner's confidences and trial strategy to AUSA Alexander H. Southwell and District Judge Pauley, the USAO would not have superseded the indictment, and would have lost the case at trial; cf. n. 82, infra, Bachner has a history of, pattern, and practice of colluding, rigging, and fixing cases against his African American clients, which benefit his personal pecuniary interests.

**Petitioner's request for relief to the District Court:**

1. order the DOJ Respondents, the Government Lawyers, District Judges Edgardo Ramos, Laura Taylor-Swain, and Michael F. Bachner and the Garland Firm to file an answer admitting or denying the above claims;

2. order an *evidentiary hearing* on all disputed or denied material factual allegations;

3. issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to Petitioner "prior to trial" as ordered and commanded by the Brady Court Order;

4.  order the USAO to prepare and file into the Court and serve a copy of the same on Petitioner ***an itemized inventory*** of all alleged Brady, Giglio, and Rule 16 evidence that was served on Petitioner "prior to trial", after trial, and during trial regarding 04cr1224 and 05cr1115;"

5.  order the USAO to file into the Court and serve a copy of the same on Petitioner a certified copy of each and every cooperation agreements, USSG 5k contracts, USSG 5k downward departures, Rule 11 plea contracts, Rule 11 plea allocutions, or other statements of all witnesses who testified at trial in 04cr1224 or 05cr1115; and the grand jury testimony of all witnesses who testified before any grand jury and also testified at trial in 04cr1224 and 05cr1115 (SDNY);

6.  order the Office of the District Clerk (SDNY), Ruby Krajick, ***to certify under oath*** the 04cr1224 and 05cr1115 (SDNY) dockets as complete containing all judicial public records and documents of the proceedings in 04cr1224[109] and 05cr1115 (SDNY)[110];

---

[109] All ex parte communications between the USAO and District Judge Robert W. Sweet (deceased) and Leonard B. Sand (deceased) regarding the 02cv2219 (SDNY) and 04cr1224 (SDNY) proceedings.

[110] All ex parte communications between the USAO and District Judge Edgardo Ramos and Williams H. Pauley, III (deceased); including production of, (i) the Government's USSG 5k contract that was included in the bogus and fraudulent September 2006 purported Rule 11 plea (perjury) contract; (ii) the September 2006 USSG 5k Rule 11 perjury contract of Jeremy Jones; (iii) the suborned perjured Rule 11 September 2006 allocution of Jeremy Jones; and (iv) the ***fraudulent and fabricated*** 2008 USSG 5k Government's letter to the District Court (Pauley, J.) that requested a downward departure in Jones' sentence for his known and suborned perjured testimony suborned by the USAO at trial in 05cr1115 (SDNY). Cf., Exhibits 29, infra.

7. reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

8. remand to the District Court for a new trial;

9. annul and dismiss with prejudice, nunc pro tunc, September 2005, the 05cr1115 indictment;

10. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the **unethical and criminal** misconduct of the Garland Firm, Michael F. Bachner, Alexander H. Southwell, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judges Ramos and Taylor-Swain;

11. and grant any other relief the Court deems just and proper.

Claim #12

A.    Flagrant and egregious prosecutorial misconduct by the government's prosecutors: AUSAs Maria E. Douvas, Nicholas S. Goldin, Alexander H. Southwell, Steven D. Feldman, Andrew L. Fish, Sarah E. Paul, Katherine Polk-Failla, David N. Kelley, Michael J. Garcia, Joon Kim, Preet Bharara, Audrey Strauss, Damian Williams, Margaret M. Garnett, Daniel Gitner, and others, jointly, (the "USAO").

Petitioner repleads in heac verba paragraphs 1-50 in the Declaration, Exhibits 7, 8, 9, 10, 11, 12, 14-1, 29, and 30, and Appendices 1, 2, 3,  4, and 6, herein;  and further repleads Claims 1, Claims 2, Claims 3, Claims 4, Claims 5, Claims 6, Claims 7, Claims 8, Claims 9 Claims 10, and Claims 11 herein, in heac verba, and plead and claims:

1.     The USAO knowingly, deliberately, intentionally, in bad faith, and/or in reckless disregard for the law, the truth, and the facts, having actual and/or constructive notice and awareness of the Brady Court Orders, Exhibits 2 and 3, willfully colluded and conspired, and:

      (a)     resisted;

      (b)     disobeyed;

      (c)     aided and abetted; and

      (d)     acted in concert with others known and unknown in violation of 18 USC 401(3);

and committed numerous acts or omissions that *resisted* and/or *disobeyed* the lawful commands of the ***Brady Court Orders***, Exhibits 2, and Exhibits 3, jointly and severally.

2.     The USAO knowingly and willfully, in bad faith, egregiously violated DOJ Rules on Professional Conduct,[111] see Exhibits 28; the District Court's Rules on Professional Conduct; and the New York State Bar Association Rules on Professional Conduct by its willful *resistance* and *disobedience* of the Brady Court Orders.[112]

## B.     Petitioner's request for relief to the District Court.

1.  order the DOJ Respondents, the Government Lawyers, District Judges Edgardo Ramos, Laura Taylor-Swain, and Wendy L. Hagenau to file an answer admitting or denying the above claims;

2.  order an *evidentiary hearing* on all disputed or denied material factual allegations;

3.  issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to

---

[111] See Exhibits 28 and 28-1: §§9-5.001 DOJ's policy on disclosure of Brady exculpatory and impeachment evidence in a criminal proceeding. See also Exhibits 45 re: New York Law Journal article on government's duty to disclosure cooperating witnesses' (i.e., "principal witness" Jeremy Jones, et al.) prior inconsistent statements.

[112] See Exhibit 14-1 (the perjured affidavit of AUSA Maria E. Douvas), and Appendices 1, 2, 3, and 4 (Dkt. 44 in 05cr1115), infra.

Petitioner **"prior to trial,"**[113] **during trial**, or **after trial** in 04cr1224 or 05cr1115, as ordered and commanded by the Brady Court Orders, Exhibits 2 and 3;

4.  order the USAO to prepare and file into the Court and serve a copy of the same on Petitioner *an itemized inventory* of all alleged Brady, Giglio, and Rule 16 evidence that was served on Petitioner "prior to trial", after trial, and during trial regarding 04cr1224 and 05cr1115;"

5.  order the USAO to file into the Court and serve a copy of the same on Petitioner

    - *a certified copy of each and every cooperation agreements*, USSG 5k contracts, USSG 5k downward departures, Rule 11 plea contracts, Rule 11 plea allocutions, or other statements of all witnesses, oral or written, who testified at trial in 04cr1224 or 05cr1115;

    - and the *grand jury testimony* of all witnesses who testified before any grand jury and also testified at trial in 04cr1224 and 05cr1115 (SDNY);

6.  order the Office of the District Clerk (SDNY), Ruby Krajick, *to certify under oath* the 04cr1224 and 05cr1115 (SDNY) dockets are complete in all aspects and

---

[113] Principal witness" Jeremy Jones' USSG 5k *perjury* contract; September 22, 2006, alleged Rule 11 plea allocution; *all letters from counsel Marlon G. Kirton, Esq. to the Court*; and all post-trial USSG 5k letters or other associated USSG 5k documents submitted by the government to the Court (Pauley, J.), to Jones' counsel; *or submitted to the U.S. Probation Office*.

contain all judicial public records and documents of the proceedings in 04cr1224[114] and 05cr1115 (SDNY)[115];

7.  reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

8.  remand to the District Court for a new trial;

9.  annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

10. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the *unethical and criminal* misconduct of the Garland Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judges Ramos and Taylor-Swain;

11. and grant any other relief the Court deems just and proper.

---

[114] All ex parte communications between the USAO and District Judge Robert W. Sweet (deceased) and Leonard B. Sand (deceased) regarding the 02cv2219 (SDNY) and 04cr1224 (SDNY) proceedings.

[115] All ex parte communications between the USAO and District Judge Edgardo Ramos and Williams H. Pauley, III (deceased); including the September 2006 USSG 5k Rule 11 perjury contract of Jeremy Jones; the perjured Rule 11 September 2006 allocution of Jeremy Jones; the 2008 USSG 5k Government's letter to the District Court (Pauley, J.) that requested a downward departure in Jones; sentence for his known perjured testimony suborned by the USAO at trial in 05cr1115 (SDNY).

## Claim #13

### USAO's Brady violation claims.

13. Willful, deliberate, bad faith, reckless, flagrant, and material Brady v. Maryland violations in 05cr1115 (SDNY).

Petitioner repleads in heac verba paragraphs 1-50 in the Declaration, Exhibits 7, 8, 9, 10, 11, 12, 14-1, 29, and 30, and Appendices 1, 2, 3,  4, and 6, herein;  and further repleads Claims 1, Claims 2, Claims 3, Claims 4, Claims 5, Claims 6, Claims 7, Claims 8, Claims 9 Claims 10, Claims 11, and Claims 12 herein, in heac verba, and plead and claims:

1. The USAO's prosecutors did knowingly, deliberately, intentionally, in bad faith, and/or in reckless disregard for the law, the truth, and the facts, having actual and/or constructive notice and awareness of the Brady Court Orders, Exhibits 2 and 3, willfully colluded and conspired, and:

   (a)   resisted;

   (b)   disobeyed;

   (c)   aided and abetted; and

   (d)   acted in concert with others known and unknown in violation of 18 USC 401(3);

and committed numerous acts or omissions that *resisted* and/or *disobeyed* the lawful commands of the **Brady Court Orders**, Exhibit 3, jointly and severally.

2.    The USAO knowingly and willfully, in bad faith, egregiously violated DOJ Rules on Professional Conduct,[116] see Exhibits 28; the District Court's Rules on Professional Conduct; and the New York State Bar Association Rules on Professional Conduct by its willful *resistance* and *disobedience* of the Brady Court Orders.[117]

## B.    Petitioner's request for relief to the District Court.

1.  order the DOJ Respondents, the Government Lawyers, District Judges Edgardo Ramos, Laura Taylor-Swain, and Wendy L. Hagenau to file an answer admitting or denying the above claims;

2.  order an *evidentiary hearing* on all disputed or denied material factual allegations;

3.  issue subpoenas and demands to produce on the United States Attorney's Office (SDNY), (the "**USAO**"), and the Securities and Exchange Commission, (the "**SEC**"), ordering each to disclose all Brady exculpatory, Giglio impeachment, and Rule 16 materials in their possession that was required to have been disclosed to

---

[116] See Exhibits 28 and 28-1: §§9-5.001 DOJ's policy on disclosure of Brady exculpatory and impeachment evidence in a criminal proceeding. See also Exhibits 45 re: New York Law Journal article on government's duty to disclosure cooperating witnesses' (i.e., "principal witness" Jeremy Jones, et al.) prior inconsistent statements.

[117] See Exhibit 14-1 (the perjured affidavit of AUSA Maria E. Douvas), and Appendices 1, 2, 3, and 4 (Dkt. 44 in 05cr1115), infra.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Petitioner **"prior to trial,"**[118] **during trial**, or **after trial** in 04cr1224 or 05cr1115,

as ordered and commanded by the Brady Court Orders, Exhibits 2 and 3;

4.  order the USAO to prepare and file into the Court and serve a copy of the same on Petitioner **an itemized inventory** of all alleged Brady, Giglio, and Rule 16 evidence that was served on Petitioner "prior to trial", after trial, and during trial regarding 04cr1224 and 05cr1115;"

5.  order the USAO to file into the Court and serve a copy of the same on Petitioner

- **a certified copy of each and every cooperation agreements**, USSG 5k contracts, USSG 5k downward departures, Rule 11 plea contracts, Rule 11 plea allocutions, or other statements of all witnesses, oral or written, who testified at trial in 04cr1224 or 05cr1115;

- and the **grand jury testimony** of all witnesses who testified before any grand jury and also testified at trial in 04cr1224 and 05cr1115 (SDNY);

6.  order the Office of the District Clerk (SDNY), Ruby Krajick, **to certify under oath** the 04cr1224 and 05cr1115 (SDNY) dockets are complete in all aspects and

---

[118] Principal witness" Jeremy Jones' USSG 5k *perjury* contract; September 22, 2006, alleged Rule 11 plea allocution; *all letters from counsel Marlon G. Kirton, Esq. to the Court*; and all post-trial USSG 5k letters or other associated USSG 5k documents  submitted by the government to the Court (Pauley, J.), to Jones' counsel; *or submitted to the U.S. Probation Office*.

contain all judicial public records and documents of the proceedings in 04cr1224[119] and 05cr1115 (SDNY)[120];

7. reverse and vacate Petitioner's conviction and sentence nunc pro tunc November 2007;

8. remand to the District Court for a new trial;

9. annul and dismiss with prejudice, nunc pro tunc, November 17, 2004, the 04cr1224 indictment;

10. remand to the District Court with instructions to conduct show cause sanctioning proceedings regarding the *unethical and criminal* misconduct of the Garland Firm, the State Bar of Georgia, the DOJ Respondents, the Government Lawyers, and District Judges Ramos and Taylor-Swain;

11. and grant any other relief the Court deems just and proper.

---

[119] All ex parte communications between the USAO and District Judge Robert W. Sweet (deceased) and Leonard B. Sand (deceased) regarding the 02cv2219 (SDNY) and 04cr1224 (SDNY) proceedings.

[120] All ex parte communications between the USAO and District Judge Edgardo Ramos and Williams H. Pauley, III (deceased); including the September 2006 USSG 5k Rule 11 perjury contract of Jeremy Jones; the perjured Rule 11 September 2006 allocution of Jeremy Jones; the 2008 USSG 5k Government's letter to the District Court (Pauley, J.) that requested a downward departure in Jones; sentence for his known perjured testimony suborned by the USAO at trial in 05cr1115 (SDNY).

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

# VI.

## District Court's Supervisory Authority Claim #1

1. The Government Lawyers and their supervisors knowingly, willfully, in bad faith, conspired and colluded with each other and with Petitioner's retained counsels[121], Edgardo Ramos, the CJA counsels, and others, and knowingly aided and abetted the willful resistance, hindrance, avoidance, disobedience, and generally impeded and deliberately failed to undertake all reasonable steps in full compliance of the Brady Court Orders' lawful definitive commands and disclose "all" material Brady exculpatory and impeachment evidence in the actual or constructive possession of the USAO, the SEC, the FBI, or FINRA which **substantially prejudiced Petitioner** and denied Petitioner the constitutional right to due process of law and a fair trial in 1224 and 1115;

2. And the Government Lawyers have deliberately and intentionally undertaken unethical and unlawful illegal processes and procedures in egregious violation of the DOJ's Rules for Professional Responsibility and the New York Bar Association Rule on Professional Conduct; and they knowingly in bad faith plotted, planned, and willfully illegally schemed and have resisted, hindered, frustrated, impeded, acted in concert with Edgardo Ramos, Petitioner's retained counsels, with CJA counsels Gary G. Becker and Marlon Kirton, and have covered up, hid, suppressed, and concealed material Brady exculpatory evidence

---

[121] Garland, Arora, Bachner, Levitt,  CJA stand-by counsel Gary G. Becker, and CJA counsel Marlon Kirton, Esq., for co-defendant Jeremy Jones.

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

required to have been disclosed to Petitioner; have knowingly and willfully lied, committed perjury, committed fraud on the court, and violation the ethical and professional responsibility standards required by the New York Bar Association and the DOJ's Rules of Professional Conduct in numerous court filings, see Dkt. 250 (1115) (AUSA Melissa Childs and Audrey Strauss);

3. Edgardo Ramos, in "the clear absence of all jurisdiction" acted in his **personal and individual capacity** as a lawyer, an officer of the court, and since on or around July 12, 2021, Ramos has been aware of the Brady Court Orders and Court Judgments; and Ramos has taken deliberate and insidious, unethical steps, processes, and procedures, and Ramos has deliberately and intentionally implemented unlawful procedures in 1224 and 1115 (see Dkt. 304, 307, and 309) designed to unlawfully aid and abet the Government Lawyers to resist, impede, hinder, avoid, and disobey the commands of the Brady Court Orders and Court Judgments egregious violation of the Code of Conduct for Federal Judge; and Ramos knowingly, willfully, and in bad faith aided and abetted the Government Lawyers' violations of the ethical and professional responsibility policies expressed in the U.S. Attorney's Manual Sections 9-5.001-02, and other sections.[122] Ramos has

---

[122] Ramos has deliberately and intentionally refused all requests from the Petitioner to "affirmative confirm" the Article III and 18 USC 3231 subject matter jurisdiction of the district courts over the 1224 and 1115 proceedings as required by binding Supreme Court and Circuit precedents; Ramos has deliberately and intentionally while he lacked all subject matter jurisdiction over the proceedings entered ultra vires orders, Dkt. 304, 307, and 309, willfully designed to aid and abet the Government Lawyers to continue to resist the Brady Court Order and the Court Judgments; Ramos has knowingly and willfully relied on null and void ab initio purported filing injunctions, Dkt. 222 (1115) and Dkt. 160 (1224) entered in violation of due process of law, as the illegal plan and scheme to enable the Government Lawyers to continue to resist full compliance willfully and knowingly with the Brady Court Order and the Court

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

deliberately and intentionally lied, commit perjury, and committed a fraud on the federal courts in egregious violation of the Code of Conduct for Federal Judges when Ramos refused to enforce the Brady Court Orders' and Court Judgments' express commands and inherent preclusive effects;

4. Garland, Arora, Levitt, and Bachner knowingly and willfully colluded and conspired with the Government Lawyers as an illegal plan and scheme to violate Petitioner's Sixth Amendment constitutional right to the "independent" "effective" "assistance" of legal "counsel;"[123] and for personal and professional benefits violated the New York Bar Association Rules for Professional Conduct in the egregious of their fiduciary duties of loyalty, trust, singular focus and purpose, avoidance of any conflict of interest, etc., owed to their client, the Petitioner.

5. CJA counsels, Marlon Kirton, Esq. and Gary G. Becker, Esq., see Facts 41 and 42, infra, knowingly, willfully, intentionally colluded, conspired, aided, and abetted the

---

Judgments. Ramos has deliberately and in bad faith refused to adjudicate any motion or application submitted to the court by Petitioner. Ramos has sua sponte refused to recuse himself while knowing that he is in possession of material Brady exculpatory evidence regarding Alpha Capital, AG (Anstalt), exculpatory evidence – Ramos knows that he will be subpoenaed and compelled to testify as a material witness at any evidentiary hearing on Petitioner's pending Brady motion, thus, his refusal to conduct any evidentiary hearing on Petitioner's motion, see Dkt. 272, 299, 300, and undocketed 51B -- Ramos learned during the 18cv08175 (SDNY) (Ramos, J.) proceedings. See 1115 Dkt. 263, 267, 272, 276, 291, 299, 302, 300, 302, 303, 305, and undocketed 51A, 51B, 51C, 51D, 51E, 51F, 51G, and 51H.

[123] Garland, Arora, Levitt, and Bachner all refused to file any adversarial motion that challenged any aspect of the Government's alleged facts, theory of prosecution, and also refused to file any discovery motions to obtain Brady, Giglio, or Rule 16 evidence to develop a coherent trial strategy to effectively defend Petitioner in the 1224 and 1115 proceedings.

Government Lawyers to resist, avoid, hinder, subvert, and effectively void full compliance with the commands of the Brady Court Orders and Court Judgments.

6.  Kirton lied, committed a fraud on the court, and conspired with the Government Lawyers to suborn the perjury of his client government "principal witness" Jeremy Jones in exchange for a secret deal that Jones would receive no prison time if Jones knowingly lied, perjured himself and fabricated trial testimony that he was involved in a conspiracy with Ulysses T. Ware, and that he (Jones) "artificially inflated" or "increased" the "prices" of INZS and SVSY's securities, **in complete contradiction to Jones' SEC sworn deposition testimony**. See Exhibits 8 and 22.

7.  Becker acted and functioned as a covert government agent on behalf of the Government Lawyers, and acted and functioned as the conduit for the Government Lawyers to receive stolen confidential information concerning the trial strategy for Ulysses T. Ware.

VII.

Memorandum of Law: Criminal Contempt

A.      The Legal standard.

"Criminal contempt [by the Government's Lawyers' willful and knowingly resistance to, avoidance, hindrance, aiding and abetting the resistance to, hindrance, avoidance, and frustration of the commands of the Brady Court Orders and the Court Judgments] **is a crime** [18 USC 401(2) and 401(3), **and ethical, and professional responsibility violations**] in the ordinary sense," *Bloom v. Illinois*, 391 U.S. 194, 201 (1968). (emphasis added). "Civil contempt ... consists of a party's disobedience to a specific and definite court order[124] by failure to take all **reasonable steps** within the party's power to comply[125]." *In re Dual–Deck Video Cassette Recorder Antitrust*

_____

[124] Exhibits 1, 2, 3, 4, and 5 are **lawful and valid court orders,** (the "Court Orders"). entered in favor of Ulysses T. Ware, the **Prevailing Party**. The Brady Orders, **Exhibits 2 and 3**, expressly **ordered** the United States Attorney's Office (SDNY) to disclose to Mr. Ware all exculpatory and impeachment evidence "**prior to trial.**" The USAO's prosecutors and agents knowingly and willfully aided, abetted, resisted, disobeyed, and obstructed the complete compliance with the terms of the court Orders. On October 28, 2007, AUSA Steven D. Feldman, **Exhibit 1**, moved the District Court (Pauley, J.) to dismiss the 05cr1115 (SDNY) indictment pursuant to Rule 48(a). That motion was granted, Dkt. 96, and the 05cr1115 indictment was dismissed by final judgment with prejudice on October 28, 2007. On August 18, 2009, **Exhibit 4**, the Court of Appeals (2d Cir.) in *United States v. Ware*, 07-5670cr (XAP), **Gov.-I**, the Government's dismissed with prejudice Rule 28.1 cross-appeal, see Exhibit 6, infra, entered final judgment in favor of Ulysses T. Ware, the Prevailing Party, and ratified the November 7, 2008, Article II appellate political decision, (the "**USAG's Article II Appellate Political Decision**"), by the United States Attorney General, (the "**USAG**"), executive branch to terminate and dismiss with prejudice 07-5670 (2d Cir.) actually and necessarily 05cr1115 (SDNY) as a matter of law.

[125] The Government's Lawyers to this day, September 9, 2021, have knowingly, willfully, in bad faith, and to commit a fraud on the federal courts have continued to resist, evade, hinder, subvert, and ignore the commands of the Brady Court Orders, a "continuing" obligation, and disclose to Mr. Ware all Brady exculpatory evidence in their possession or in the possession of the SEC or FINRA, Alpha Capital, AG (Anstalt), LH Financial Services, Kilpatrick, Townsend, & Stockton, LLP, Ari Rabinowitz, Kenneth A. Zitter, the convicted felon Edward M. Grushko, Esq., Barbara R. Mittman, Esq., and other in active concert with the Government's employees. Cf., Exhibit 7, May 17, 2021, FINRA certification of unregistered broker-dealer

*Litig.*, 10 F.3d 693, 695 (9th Cir.1993). A party may also be held liable for **knowingly aiding and abetting another to violate a court order**. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) ("defendants may nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding"). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." *Dual–Deck*, 10 F.3d at 695 (citing *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir.1982) ).

A party may also be held liable for **knowingly aiding and abetting** another to violate a court order. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) ("defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding").

A party to an injunction who assists others in performing forbidden conduct may be held in contempt, even if the court's order did not explicitly forbid his specific acts of assistance. *See NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 413 (1960) (Frankfurter, J., concurring) (observing that "[e]very affirmative order in equity carries with it the implicit command to refrain from action designed to defeat it"); *United States v. Shipp*, 214 U.S. 386, 422–23 (1909) (holding sheriff in contempt for failing to prevent lynching and observing that he "in effect aided and abetted"). *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir.1990) ("The law does not permit the instigator of contemptuous conduct to absolve himself of contempt liability by leaving the

---

status for each of the "Civil Plaintiffs" named in para. 8 of the 04cr1224 (SDNY) indictment. Material Brady exculpatory evidence required to have been disclosed to Mr. Ware "prior to trial." Exhibit 2.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

physical performance of the forbidden conduct to others. As a result, **those who have knowledge of a valid court order and abet others in violating it are subject to the court's contempt powers.**")[126]. (emphasis added).

*NLRB v. Laborers' Int'l Union of N. Am., AFL–CIO*, 882 F.2d 949, 954 (5th Cir.1989) ( "One need **not commit an unlawful act** in order to be liable **for conspiring to evade a judgment** of a court: it is contempt to act solely for the purpose of evading a judgment."). (emphasis added).

*United States v. Paccione*, 964 F.2d 1269, 1274 (2d Cir. 1992) ("[A] person who knowingly *assists a defendant [the Contemnors] in violating an injunction* subjects himself to civil as well as **criminal proceedings** for contempt." (quoting *Alemite*, 42 F.2d at 832) (emphasis added)); *Cf. United States v. Karen Bags, Inc.*, 602 F. Supp. 1052, 1064 (S.D.N.Y. 1985) ("The elements necessary to prove aiding and abetting [criminal contempt] are ` *the commission of the underlying offense* by someone, a voluntary act or omission, and a specific intent that such act or omission promote the success of the underlying criminal offense.'" (quoting *United States v. Perry*, 643 F.2d 38, 46 (2d Cir. 1981)) (emphasis added)), *aff'd sub nom. United States v. Klaymine*, 780 F.2d 179 (2d Cir. 1985), *rev'd on other grounds, sub nom. Young v. United States*, 481 U.S. 787 (1987).

---

[126] The Government employees, DOJ, and SEC are deemed as a matter of law to have actual and/or constructive knowledge and awareness of the Court Orders. The Government's trial witnesses, Norris, Zitter, and Font, are deemed to have actual knowledge of the Court Orders. The State Bar employees obtained knowledge and awareness from Mr. Ware of the Court Orders and initiated and continued unlawful and retaliatory disbarment proceedings against Mr. Ware in willful resistance to the Court Orders as an over act in conspiring with the Government's employees to steal Mr. Ware' personal property, license to practice law, in violation of due process of law.

The seminal decision in **Brady v. Maryland**, 373 U.S. 83 (1963) and its progenies required the Government's Lawyers as part of their ethical and professional responsibilities to disclose all Brady favorable, impeachment, and exculpatory evidence to Ulysses T. Ware whether ordered or not. In 1224, Exhibit 2 and 1115, Exhibit 3, the respective district courts entered lawful court orders, the Brady Court Orders, which **ordered** the Government's Lawyers to disclose "prior to trial" (1224 Brady Court Order) or "before the start of trial" (1115 Brady Order) "all" Brady exculpatory and impeachment evidence. The Government Lawyers, their supervisors, and Edgardo Ramos were aware of the absolute ["shall"] commands in the Brady Court Orders, definitive lawful court orders.

Standing professional responsibility and ethical regulatory requirements of the Department of Justice memorialized in the U.S. Attorney's Manual[127] 9-5.001, et seqs, required the Government Lawyers in furtherance of their ethical and professional responsibility duties and requirements to fully obey and take all reasonable steps to fully comply with the commands of the Brady Court Orders.[128]

---

[127] See Exhibit 28, infra. U.S. Attorney's Manual Brady Ethical and Professional Responsibility Disclosure Requirements.

[128] **Section 9-5.002 – Criminal Discovery (U.S. Attorney's Manual):**
"By following the steps described below and being familiar with laws and policies regarding discovery obligations, prosecutors are more likely to meet all legal requirements, to make considered decisions about disclosures in a particular case, and to achieve a just result in every case. Prosecutors are reminded to consult with the designated criminal discovery coordinator in their office [i.e., **AUSA John M. McEnany (SDNY)**] when they have questions about the scope of their discovery obligations. **Rules of Professional Conduct** in most jurisdictions also impose **ethical** obligations on prosecutors regarding discovery in criminal cases. *Prosecutors are also reminded to contact the __Professional Responsibility Advisory Office__ when they have questions about those or any other ethical responsibilities.*" (emphasis added).

IX

Declaration of Undisputed Material Actual Innocent Facts by Ulysses T. Ware:

Facts 1-50.

I Ulysses T. Ware, hereby this 15th day of March 2022, in the city of Brooklyn, in the State of New York, while under oath, set my hand and seal, subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 USC 1746, hereby have made this sworn Declaration in my personal and individual capacity, and set forth the following facts that are true, correct, and indisputable. I hereby incorporate by reference herein and make the same a part hereof as if attached hereto, the Government's trial exhibits, 1224 and 1115 PSIs in heac verba, briefs, motions, memoranda, transcripts, orders, judgments, and dockets from the 02cv2219 SDNY, 03-93031-mhm (BC NDGA), 03-0831-kjd (D. NV), 04cr1224 SDNY, 05cr1115 SDNY, and related proceedings, jointly (the "**Ware Cases**").

**Fact #1.**

During the Dot.com Wallstreet financial bubble on or about February 2, 2001, Alpha Capital, AG, ("**Alpha**"), Stonestreet, L.P., Markham Holdings, Ltd., and Amro International, S.A., LH Financial, Ari Rabinowitz, and others both known and unknown, jointly and severally, ("**Alpha**" or "**Unregistered Broker-Dealers**" or "**Brokers**" or "**Civil Plaintiffs**")), knowingly and willingly, while ***not registered*** with the Securities and Exchange Commission, ("**SEC**"), or the Financial Industry Regulatory Agency, ("**FINRA**")[129], see Exhibit 7, entered into an illegal financing agreement with Group Management Corp., ("**GPMT**"), (the "**Illegal Financing Agreement**" or government trial exhibit in ***U.S. v. Ware***, 04-cr-1224 SDNY ("**GX-5**"))[130].

---

[129] According to the SEC and FINRA's public database, www.brokercheck.gov, neither Alpha, Stonestreet, Markham, Amro, LH Financial, Ari Rabinowitz, Rhino Advisors, **fugitive** Thomas Badian, **convicted felon** Edward M. Grushko, Esq., Barbara R. Mittman, Esq., nor Kenneth A. Zitter, Esq., have ever been lawfully registered pursuant to 15 USC 78o(a)(1) as brokers or dealers. Exhibit 7-1. Cf. Rabinowitz's testimony at Tr. 204-06 confessing to criminal violations of Section 15(a)(1) registration requirements, Exhibit 11.

[130] "GX" shall hereinafter refer to Government trial exhibits fraudulently entered in ***United States v. Ware***, 04cr1224 (SDNY) (Sweet, J.), via AUSAs Nicholas S. Goldin and Maria E. Douvas through government witnesses Ari Rabinowitz an admitted, (see Tr. 180-82, 188, 202-08), Exhibit 11, **unregistered** broker-dealer operating in **criminal violations** of the federal securities laws, Section 15(a)(1), and Kenneth A. Zitter, Esq. (an officer of the court); and ***United States v. Ware***, 05cr1115 (SDNY) (Pauley, J.) (AUSAs Alexander H. Southwell and Steven D. Feldman).

### Fact #2

On February 2, 2001, the Brokers, while not registered with the SEC or FINRA, entered into and knowingly executed paragraph 10.1(iv) of GX-5[131]; and illegally purchased for **immediate resale,** via an illegal public offering,[132] $1.1 million of GPMT's restricted convertible notes, (the "Notes"), GX 1-4.

### Fact #3

On March 20, 2002, Alpha, et al., through its retained counsel, Kenneth A. Zitter, Esq., while recklessly lacking Article III and 28 USC 1332(a) diversity subject matter jurisdiction[133] and standing, knowingly, willfully, in bad faith, and for an improper purpose[134] Alpha, et al. filed their frivolous, malicious, fraudulent and null and void ab initio complaint in *Alpha Capital, AG, et al.*

---

[131] Paragraph 10.1(iv) of GX-5 conferred 15 USC 77b(a)(11) statutory underwriter status on each unregistered Broker involved in the February 2, 2001, transactions: "Section 2(a)(11) **statutory underwriters required to register all distribution of securities**" (quoting SEC Release 33-7190); cf., *Berckeley*, 455 F.3d at 220 (same); *Kern*, 425 F.3d at 152-56 (Pooler, J.) (same). (emphasis added). See Exhibit 30, infra.

[132] According to paragraph 10.1(iv) of GX-5 the Brokers, jointly and severally, intended to immediately resell GPMT's Notes [within 135 day of 02/02/2001], rather than hold the Notes [for the Rule 144(k) holding period requirement, i.e., 2 years] as a bona fide *investment* as required by 15 USC 77d(2), Section 4(2), evidenced by requiring GPMT to immediately register the conversion securities on Form SB-2 and file the same with the SEC. See also paragraphs 12 and 13 in the *Alpha Capital, AG, et al. v. Group Management Corp, et al.*, case no. 02cv2219-LBS (SDNY), ("2219"), complaint, (the "**2219 Complaint**"). CF., also with the 2219 district court's 11/25/2002 Memorandum and Opinion, (the "**2219 Opinion**"), confirming the original intentions of Alpha, et al. on 02/02/2001: Alpha, et al., had no intentions of being **bona fide investors** in GPMT; rather Alpha, et al., initially to immediately resell the conversion securities of GPMT as found by the Court: Alpha, et al. intended to be **unregistered statutory underwriters** of GPMT's securities in criminal violation of 15 USC 78o(a)(1) and Id. 77x, and 78ff.

[133] Unregistered broker-dealers lack Article III and diversity subject matter jurisdiction to enforce illegal contract entered into and performed in criminal or civil violation of the federal securities laws, see 15 USC 78cc(b); cf., *Regional Props., Inc. v. Fin. & Real Estate Consulting Co.,* 678 F.2d 552, 562-64 (5th Cir. 1982). (unregistered brokers not entitled to receive any damages for alleged breach of illegal contract entered into or performed in violation of the securities laws).

[134] Cf., Fed. R. Civ. Proc. Rule 11(b)(1-4) sanctions; 28 USC 1927; and the Article III inherent power of the courts' to sanction frivolous, and bad faith pleadings signed and filed by Kenneth A. Zitter, Esq., on behalf of Alpha. Alpha, et al., filed the 02cv2219 (SDNY) Complaint seeking to force GPMT, and its legal counsels to issue *false, fraudulent, and bogus* Rule 144(k) legal opinions to enable Alpha, et al., to criminally circumvent 15 USC 77e(a), (c), Section 5, *strict liability* registration requirement before offering for sale GPMT's Notes, GX 1-4.

*v. Group Management Corp, et al.*, case no. 02cv2219-LBS (SDNY), ("**2219**"), complaint, (the "2219 Complaint") in willful violation of Fed. R. Civ. P. 11(b)(1-4); and 28 USC 1927.

### Fact #4

From 2001 continuing to 2007 Alpha, et al., knowingly criminally violated Sections 77e, 77x and 78ff, by the knowing and willful sale of millions of unregistered shares of GPMT, see 11/25/2002 2219 Opinion, (Sand, J.); and a "good few hundred" small publicly traded companies' shares according to the sworn testimony of government 04cr1224 SDNY government trial witness Ari Rabinowitz, Tr. 202-08. See Exhibit 11.

### Fact #5

On or about November 25, 2002, the 2219 district court (Sand, J.), while lacking all Article III and Section 1332(a) diversity subject matter jurisdiction over the 2219 proceeding, and to knowingly and willfully aid, abet, and facilitate the criminal and racketeering activity of laundering of the illegal profits, proceedings, revenues, and property extorted by Alpha, et al. issued the 2219 Opinion; and purported to enter a bogus and fraudulent void ab initio default judgment, GX-7, against GPMT and the 2219 defendants (Elorian and Becky Landers).[135] However, nevertheless, in the 2219 Opinion Judge Sand ruled, (i) that each of the Brokers was in fact Section 2(a)(11) statutory underwriters of GPMT restricted securities, GX 1-4; and further ruled that each of the Brokers were, in fact, Section 16(a) statutory insiders not permitted to trade in the equity securities of GPMT as of 02/02/2001.

### Fact #6

In January 2003 due to the continuing and violent personal threats and extortion demands of Alpha, et al., Zitter, and Rabinowitz Elorian Landers and the board of directors of GPMT appointed Ulysses T. Ware, Esq., as chief executive officer and chairperson of the board of directors of GPMT; notified the SEC of the change; and resigned from GPMT. Mr. Ware as of January 2003 functioned as chief executive officer and securities counsel for GPMT until falsely incarcerated in November 2007.

### Fact #7

Beginning in January 2003 and continuing to 2007 Kenneth A. Zitter, Esq., an officer of the court, and Ari Rabinowitz, on behalf of their clients LH Financial and Alpha, et al., continued to contact and threaten Mr. Ware, via the mail and wires of the United States, as CEO of GPMT ( a publicly-

---

[135] The Landers had been forced to file personal bankruptcy to fend off the illegal and unethical violent extortion and criminal contempt threats directed towards them by Alpha's counsel Kenneth A. Zitter, Esq., (an officer of the court) in his quest to force the Landers' and their securities counsels to issue bogus and fraudulent Rule 144(k) legal opinions to enable the criminal unregistered sale of more than 15 million free-trading shares of GPMT's stock. See Tr. 283.

traded company); and made illegal extortion threats and demands on Mr. Ware, to wit: Zitter demanded that Mr. Ware fraudulently issues to him (Zitter), on behalf of LH Financial and Alpha, et al., more than 10 million free-trading shares of GPMT; and further demanded that Mr. Ware prepare and provide to him (Zitter on behalf of Alpha, et al.) bogus and fraudulent Rule 144(k) legal opinions to enable LH Financial and Alpha, et al. to criminally circumvent Sections 77x and 78ff and conduct an __illegal unregistered public offering__ of GPMT's shares[136].

Else, Zitter stated to Mr. Ware, " … **I will have Judge Sand throw your ass in prison, nigger, and you will never get out … who do you think that you are fucking with … I want that stock and those opinions; else I will have the marshals arrest your ass … you better give them to us … I'm not playing around with you … don't do it and see what happens to you ….**"[137] (emphasis in original) (quoting Kenneth A. Zitter, Esq. in March 2003; see also the transcript of the September 1, 2004, illegal arrest (kidnapping) proceedings of Mr. Ware in Atlanta, GA,[138] on the admitted request of Zitter and Rabinowitz, by the U.S. Marshals (NDGA) held before District Judge Thomas W. Thrash, Jr.; cf. Doc. #88 order in 2219 (Sand, J.) ruling Thrash and the Marshals lacked authority and jurisdiction to have entered Mr. Ware's law office in Atlanta, GA on September 1, 2004, demanding the issuance of bogus Rule 144(k) legal opinions and more than 10 million free-trading shares of GPMT's stock)[139].

---

[136] See the sworn testimony of both Rabinowitz and Zitter in 04cr1224 under direct and cross examination admitting to criminal violations of the federal securities and criminal laws of the United States in 2002-2007 attempting to extort GPMT and Mr. Ware out of more than $500 million dollars in market capitalization value. Both Rabinowitz and Zitter confessed under oath to aiding and abetting a Hobbs Act extortion criminal enterprise; and both confessed to aiding and abetting a conspiracy to launder the profits and proceeds derived from the extortion of GPMT, the Landers, and Mr. Ware regarding the shares of GPMT.

[137] Zitter testified under oath in 04cr1224 that __he and Judge Sand__ arranged for Mr. Ware's illegal arrest on September 1, 2004, in Atlanta, GA by the U.S. Marshals (NDGA) in their attempt to extort Mr. Ware and GPMT out of more than 10 million free-trading shares of GPMT's stock. See Doc. #88 in 02cv2219 (SDNY) order (Sand, J.) conceding the Marshals lacked lawful authority on September 1, 2004, to have arrested (kidnapped) Mr. Ware in Atlanta, GA; confirming that the 2219 district court's lack of subject matter jurisdiction over 2219. CF., Tr. 322; Tr. 325 Zitter confessed that **he received 4,026,695 unregistered shares** of GPMT [**valued at more than $100 million dollars**] from Mr. Ware based on his (Zitter's and Sand's) continued Hobbs Act extortion threats of violence. See Exhibit 15.

[138] See Exhibits 13 and 13-1.

[139] Zitter testified, Tr. 371, that Mr. Ware's 09/01/2004 arrest in Atlanta, GA by the U.S. Marshals was in fact illegal. See Exhibit 15.

## Fact #8

In January and March of 2003 Zitter and Rabinowitz -- to facilitate the laundering of the illegal profits and proceeds derived from the illegal sale of GPMT's unregistered shares sold in violation of Sections 77x and 78ff (both sections criminalize the unregistered sale of securities) – colluded and conspired with District Judge Leonard B. Sand, and had Sand enter bogus and fraudulent null and void ab initio purported orders (GX-11) directed to GPMT to criminally violate the federal securities laws by issuing fraudulent and bogus Rule 144(k) legal opinions to Zitter and LH Financial to enable Alpha, et al., to criminally circumvent Section 5 of the 1933 Act, and illegally sell GPMT's unregistered securities in violation of Sections 77x and 78ff.

## Fact #9

On or about August 13, 2003, Sand, Zitter, LH Financial, and others both known and unknown, see Doc. #65 (2219), GX-24, entered into illegal ex parte proceedings with Judge Sand where Alpha, et al., judicially admitted in the ex parte proceedings to actually be the "**beneficial owner of more than 9.9% of [GPMT's] stock**" (emphasis added), (quoting Sand, J.; cf., 08/13/2003 order (Sand, J.)); thus conferring draconian statutory insider status, 15 USC 78p(b), Section 16(b), on Alpha, et al[140]; and admitted ineligibility for any exemption to Section 5's strict-liability registration requirements.

## Fact #10

Due to the continued and violent extortion threats made by Zitter and Alpha, et al. to Mr. Ware as securities counsel for GPMT, on December 3, 2003, GPMT filed for Chapter 7 bankruptcy protection, *In re Group Management Corp.* (BC NDGA),. Chapter 7 protection triggered 11 USC 362(a) automatic stay injunction order had the following legal effects: prohibited against any further extortions threats by Zitter, Sand, Rabinowitz, and Alpha, et al., demands, or collection methods of any type in regard to any lawful or unlawful alleged prepetition debt of GPMT; prohibited David N. Kelley from any attempt to enforce via criminal contempt the collection of any prepetition debt of GPMT; and terminated forever the 2219 court's subject matter jurisdiction over any aspect of the 02/02/2001 Illegal Transaction; Mr. Ware also notified the

---

[140] Statutory insiders are *per se* ineligible for Rule 144(k); and Alpha, et al. are required to disgorge back to GPMT all profits from the trading in GPMT's securities from February 2, 2001; thus, ipso facto, legally precluding Alpha, et al., from any alleged loss amount. Cf. appeal briefs of Ulysses T. Ware, Esq. filed in *United States v. Ware*, 09-0851cr (2d Cir. 2010) for a detailed explanation of Section 5, Rule 144(K), Section 16 and the August 13, 2003, order's legal effects on the 02cv2219 and 04cr1224 proceedings.

2219 district court (Sand, J.) and Zitter of GPMT's Chapter 7 filing and the Section 362(a) automatic stay.[141]See Appx. 6 and Exhibits 16.

## Fact #11

On December 22, 2003, in willful and knowing violation of the December 3, 2003 Section 362(a) automatic stay resulting from GPMT's December 3, 2003 Chapter 7 filing; and while lacking all jurisdiction over the 2219 proceedings, Judge Sand on the urging of Zitter, Rabinowitz, and Alpha, et al., knowingly, willfully, in bad faith, and maliciously -- to aid and abet the continued Hobbs Act extortion and money laundering conspiracy being run by Alpha, et al., -- entered bogus, fraudulent null and void ab initio orders in 2219, GX-34.[142]

## Fact #12

On or about November 17, 2004, United States Attorney (SDNY) David N. Kelley and others both known and unknown, (**"Kelley, et al."**), government lawyers officers of the court, using the null and void ab initio 2219 proceeding's orders: (1) March 13, 2003 order (Sand, J.), GX-11; (2) August 13, 2003, GX-24; and (3) November 25, 2002 judgment, GX-7, allegedly approached a federal grand jury and knowingly and recklessly while lacking 28 USC 547(2) statutory standing and legal probable cause for any 18 USC 401(3) criminal contempt offense[143] committed by Mr. Ware in regard to the null and void ab initio 2219 proceedings recklessly and maliciously, presented to

---

[141] GPMT's December 3, 2003, Chapter 7 filing triggered the 11 USC 362(a) automatic stay against Alpha, et al., Zitter, and the 2219 district court; and voided all post-petition orders or judgments entered in 2219 and 04cr1224 (SDNY). See Judge Sand's December 4, 2003, bogus and null and void ab initio order confirming actual notice of the GPMT's 12/03/2003 Chapter 7 filing.

[142] As of December 3, 2003, pursuant to 11 USC 362(a), et seqs. all jurisdiction over the 2219 proceedings in regard to any alleged prepetition debts of GPMT rested **exclusively** in the Bankruptcy Court (NDGA): in the New York 2219 district court lacked lawful jurisdiction after December 3, 2003, to enter any order in 2219 without first the GPMT Chapter 7 Bankruptcy Court (NDGA) lifting the Section 362(a) automatic stay on motion and a hearing **by a party having standing** in the Chapter 7 bankruptcy proceedings. Alpha, et al. being **unregistered broker-dealers** lacked lawful claims, and thus, lacked standing to appear in the Bankruptcy Court regarding any proceedings concerning GPMT, or any successor in interest of GPMT. As of the February 2, 2001, execution of paragraph 10.1(iv) of GX-5 Alpha, et al., as unregistered broker-dealers, lacked any enforceable legal rights, i.e., claim, apropos GPMT's securities, see 15 USC 78cc(b); cf., *Regional*, 678 F.2d at 561-64.

[143] It is not an 18 USC 401(3) criminal contempt **offense** to not issue bogus and fraudulent Rule 144(k) legal opinions to unregistered broker-dealers, Section 16(b) statutory insiders, and Section 2(a)(11) statutory underwriters to enable, aid, abet, or facilitate the criminal circumvention of Section 5 registration requirements in violation of 15 USC 77x and 78ff; and 18 USC 2, 371, 1341, 1343, 1951(a), 1956-57, and 1962(a-d), all racketeering activities. See *U.S. v. Lloyd*, 807 F.3d 1128 (9th Cir. 2015) (aff'd conviction and sentences for Section 77x violations).

the federal grand jury known to be null and void ab initio documents,  known and suborned perjured testimony of witnesses, and evidence fabricated by Kelley, et al., in criminal violation of 18 USC 241, 242, 371, 1201-02, 1951(a), 1621-23, 1956-57, and 1962(a-d) and numerous state laws (the "**RICO Acts**").

### Fact #13

On November 17, 2004, in  *United States v. Ware*, 04cr1224 (SDNY) (RWS), regarding the null and void proceedings, orders, and judgments entered in the void ab initio 2219 proceedings probable cause was a legal impossibility and a nullity for U.S. Attorney (SDNY) David N. Kelley, et al., to have presented any information to a federal grand jury and lawfully charged Ulysses T. Ware, Esq., GPMT's securities lawyer, with an alleged 18 USC 401(3) criminal contempt offense for refusing to aid, abet, assist and facilitate Alpha, et al., to criminally circumvent Section 5 of the 1933 Act by the issuance of fraudulent and bogus Rule 144(k) legal opinions; which Kelley knew or was reckless in not knowing bogus and fraudulent Rule 144(k) legal opinions would have enabled Alpha, et al. to conduct an illegal unregistered public offering of GPMT's securities in criminal violation of Sections 5, 10j(b), 77x, 78ff, and Rule 10b-5[144].

### Fact #14

Lacking probable cause, and ipso facto an offense, the 04cr1224 district court (Sweet, J.) as a matter of law lacked Article III and statutory 18 USC 3231 subject matter jurisdiction over the proceedings. Therefore, the 04cr1224 proceedings were as a result ultra vires, invalid, without any validity, and null and void an initio.

### Fact #15

The 02cv2219 SDNY proceedings were ultra vires, invalid, and null and void ab initio. Consequently, the 04cr1224 SDNY District Court (Sweet, J.) lacked jurisdiction over the subject matter of the void 02cv2219 proceedings, orders (GX 11, GX-24, GX-34, etc.) and judgments (GX-7, etc.) on which the factual predicate of the 04cr1224 was formed.

### Fact #16

---

[144] Kelley knew and/or was reckless in not knowing he and the USAO lacked lawful 28 USC 547(2) statutory standing – the USAO (Kelley, et al.) only has standing to prosecute an **offense** -- to have pursued any fake and bogus criminal contempt charges against Mr. Ware in regard to not issuing bogus and fraudulent Rule 144(k) legal opinions to Section 2(a)(11) statutory underwriters (i.e., Alpha, et al.).  According to **SEC Release 33-7190**, "Section 2(a)(11) statutory underwriters **are required to register all distribution [(public offerings)] of securities [pursuant to Section 5 of the 1933 Act.]**" (emphasis added); cf., *Kern*, 425 F.3d at 152-56 (Pooler, J.) (same); cf., *Berckeley*, 455 F.3d at 220 (same).

From beginning on or about 2002 and continuing to the present date and beyond United States Attorneys David Kelley, Michael J. Garcia, and Preet Bharara; and AUSAs Katherine Polk-Failla, Sarah E. Paul, Nicholas S. Goldin, and Maria E. Douvas, jointly and severally, (the **"USAO"** of **"DOJ Lawyers"**) all knowingly, willfully, in bad faith, recklessly have acted in concert; and all knew or were reckless and/or professionally negligent in not knowing the legal consequences of their own trial exhibits on the Government's ability to prove beyond a reasonable doubt the factual elements of the alleged 18 USC 401(3) criminal contempt charges, to wit:

(i) GX-5 paragraph 10.1(iv), Exhibit 30, of the February 2, 2001, purported "subscription agreement" pled by Zitter in paragraphs 12 and 13 of the March 20, 2002, 2219 complaint; however, GX-5 was in actuality an illegal null and void ab initio, cf., 15 USC 78cc(b), underwriting contract which was explicitly adopted by the Government in its 04cr1224 indictment and argued at trial as its Article II, §3 prosecutorial litigation strategy, by the admission into evidence by AUSA Nicholas S. Goldin, Tr. 180-88, through **unregistered broker-dealer** government witness Ari Rabinowitz; and

(ii) GX-24 the August 13, 2003, order (Sand, J.), Doc. #65, ex parte proceedings in which Alpha, et al., judicially admitted and confessed to Section 16(b) statutory insider status as of February 2, 2001[145]; and judicially admitted by necessary implication they were required to disgorge back to GPMT all profits **(estimated at $500 million dollars in post-Chapter 11 reorganization market**

---

[145] Alpha, et al., judicially admitted in the August 13, 2003 illegal and unethical ex parte proceedings to the devastating fact of being **"the beneficial owner or more than 9.9% of [GPMT's] stock"** (emphasis added) (quoting Sand, J. in August 13, 2003 order, (GX-24), Doc. #65 in 2219); which had the draconian effect of irrevocably conferring Section 16(b) statutory insider status on Alpha, et al. **as of February 2, 2001**; and **required the immediate Section 16(b) disgorgement of all profits back to GPMT realized from the illegal trading in GPMT's stock.**

Thus, precluding any and all fines, USSG §2B1.1 loss amount calculation, assessments, or other monetary sanctions in regard to the null and void ab initio 04cr1224 proceedings. See 04cr1224 direct examination of Ari Rabinowitz by AUSA Goldin confessing and admitting to illegal insider trading in GPMT's stock from 2001 to 2004.

See also Mr. Ware's appeal briefs filed in **U.S. v. Ware**, 09-0851cr (2d Cir. 2010) detailing the bankruptcy fraud conspiracy by the **Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP, ("KTS"), and its partners Dennis S. Meir, Esq.** (Zitter testified in 04cr1224 that Meir was a classmate of Zitter at Harvard Law School), **and John W. Mills, III, Esq.,** see Appx. 1 and Appx. 6; hired by Zitter to commit a bankruptcy fraud conspiracy on the 03-93031-mhm (NDGA) Bankruptcy Court, (i.e., impede, delay, and obstruct the Section 16(b) profits disgorgement of Alpha, et al. back to GPMT); conceal the illegal insider trading by Alpha, et al.; and disrupt and interfere in GPMT's 2003, **In re Group Management Corp.**, case no. 03-93031-mhm (BC NDGA) Chapter 11 reorganization. CF., Doc. #101-1 (07/15/01 filed in 02cv2219 SDNY) pgs. 3-8 for Zitter, KTS, Mills, and Meir's bankruptcy fraud in 03-93031 (BC NDGA) to conceal Alpha, et al. Section 16(b) insider trading in GPMT's stock.

capitalization) realized from the illegal insider trading in GPMT's unregistered securities. A statutory insider cannot suffer any legal loss as a result of statutory, 15 USC 78p(b), disgorgement.

### Fact #17

In the 02cv2219 proceedings on or about December 20, 2007, Doc. #90, order (Sand, J.), Exhibit 5, **after the statute of limitation had run on all claims in 2219**, in another ex parte proceeding (cf., with Zitter and Sand's August 13, 2003 ex parte proceeding referenced in GX-24) Kenneth A. Zitter, Esq. again approached District Judge Sand (2219) and demanded that Judge Sand, **without notice to Mr. Ware, the Landers, or GPMT**, pursuant to Fed. R. Civ. P. Rule 41(a)(2), **immediately reverse, vacate, annul, and vitiate all proceedings, orders, and judgments previously entered in 2219**; and Zitter implicitly and by necessary implication demanded that Judge Sand enter a superseding final judgment in 2219 in favor of GPMT, Mr. Ware, and the Landers; furthermore, Zitter implicitly demanded by necessary implication that Judge Sand confer via Rule 41(a)(2) superseding final judgment <u>prevailing party status</u> on GPMT, the Landers, and Mr. Ware **for the purpose of civil and criminal contempt enforcement proceedings against any party willfully resisting the 12/20/2007, Doc. #90 Rule 41(a)(2) superseding final judgment/order.** See 18 USC 401(2) and 401(3).

### Fact #18

On **December 20, 2007**, Doc. #90, superseding final judgment (Sand, J.), Exhibit 5, Judge Sand acquiesced to Mr. Zitter's unethical and improper ex parte unnoticed, *voluntary dismissal* Rule 41(a)(2) demand; entered the superseding final order/judgment, Doc. #90; and **by operation of law** reversed, vacated, annulled, and vitiated, **all prior proceedings** (any purported civil or criminal contempt proceedings), **all orders** (GX-11, GX-24, GX-34; and the order which dismissed GPMT's counterclaim, Doc. #31, etc.,), **all judgments** (GX-7, etc.); and dismissed with **prejudice** the 2219 proceedings[146].

### Fact #19

In 2008 long after the 2219 case had been **dismissed with prejudice** by District Judge Sand on 12/20/2007, Doc. #90, Exhibit 5, pursuant to the superseding Rule 41(a)(2) final order/judgment, United States Probation Office, ("USPO"), employee, an officer of the court (see 18 USC 401(2)), Thomas J. McCarthy, knowingly, willfully, in bad faith, and to commit a fraud on a federal court by an officer of the court, deliberately and intentionally prepared, signed, and filed in the 04cr1224 Court a known to be false, fraudulent, and completely fabricated presentence report,

---

[146] See binding circuit precedent in *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952) (voluntary dismissal of lawsuit by plaintiff [Alpha, et al.] annulled and vitiated all prior orders, judgments, and proceedings; treated the proceedings as if they had never been filed; rendered the proceedings moot; and terminated the court's jurisdiction over the moot proceedings).

(the "1224 PSI"); filed by McCarthy as part of the conspiracy to conceal and cover up the Hobbs Act money laundering extortion conspiracy run by Alpha, et al[147].

### Fact #20

The USAO's lawyers, Garcia, Goldin, and Douvas; McCarthy and the USPO; Sweet; and the USAO's 09-0851 (2d Cir.) appeal filers (Polk-Failla, Douvas, Paul, and Bharara) all either knew or were deliberately and intentionally reckless and negligent in not knowing the legal consequences of Judge Sand's 12/20/2007, Doc. #90, superseding Rule 41(a)(2) final order/judgment on the 2219 and, by necessary converse implication, the 04cr1224 proceedings[148].

### Fact #21

In the 1224 PSI prepared by McCarthy in 2008, he ostensibly had access to both the 2219 case file and Judge Sand's 12/20/2007 Doc. #90 superseding Rule 41(a)(2) final order/judgment given the numerous references made to the 2219 proceedings in the 1224 PSI by McCarthy, and ostensibly had access to the 05cr1115 case file and related documents evident by the numerous referenced to the 1115 proceedings. Rather than fulfill his lawful and ethical duty of complete candor to the courts, as an officer of the court, in all official transactions, cf., 18 USC 401(2), McCarthy conspired with the USAO's lawyers, Goldin, Douvas, and Garcia to cover up and conceal from the courts and the public the ongoing Alpha, et al., Hobbs Act money laundering criminal conspiracy; and the fact the 2219 proceedings went moot on 12/20/2007 by Judge Sand's Rule 41(a)(2) superseding final judgment.

---

[147] McCarthy's PSI was deliberately, intentionally, fraudulently, and negligently prepared, signed, and knowingly filed into the 1224 Court **after the 2219 case had been dismissed with prejudice by Judge Sand on 12/20/2007**, doc. #90; filed as a fabricated inaccurate judicial document to adversely affect Mr. Ware; and prepared, signed, and filed into the records of a federal court as the illegal and criminal means and methods to provide the fraudulent and fabricated factual basis for the USAO and District Judge Sweet to impose a null and void conviction and sentence; and to illegally increase the sentence of Mr. Ware by the fraudulent imposition of a consecutive sentence in violation of the Due Process and Double Jeopardy Clauses.

[148] The record is indisputable: as a matter of law once Zitter and Sand annulled 2219 on 12/20/2007, ipso facto, by converse necessary implication 1224 was also annulled. Judge Sand on 12/20/2007 acted based on the 1224 post-trial **voluntary** Rule 41(a)(2) ex parte demand of Zitter and Alpha, et al. to annul, vitiate, vacate, void, and dismiss with prejudice the 2219 proceedings; demanded after Zitter had knowingly testified for the Government in 1224; and demanded after Zitter had knowingly committed perjury and falsely testified at trial in 1224 regarding paragraphs 12 and 13 of the 2219 complaint; and paragraph 10.1(iv) of GX-5. Perjury knowingly suborned by the USAO's lawyers Garcia, Douvas, and Goldin.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

### Fact #22

McCarthy was and is currently a USPO employee, an officer of the court, 18 USC 401(2); McCarthy had and was required by law **to exercise a duty of complete candor to the federal courts in the performance of his official duty and transactions with the Courts (see Federal Tort Claim Act)**; and in his preparation of the 1224 PSI, an official transaction, McCarthy was required by law, Section 401(2) to have notified the 1224 Court in 2007 that the 2219 proceedings had been dismissed with prejudice on 12/20/2007 by Judge Sand pursuant to voluntary Rule 41(a)(2) ex parte demand by government trial witness Zitter; furthermore, McCarthy was required to exercised complete candor and notified the Court of the legal consequences of Judge Sand's superseding Rule 41(a)(2) final judgment on the 1224 proceedings. That was not done by McCarthy and the management of the USPO.

### Fact #23

Since on or about 12/20/2007 continuing to the present (August 14, 2021) McCarthy and the USPO's executive management have knowingly, deliberately, intentionally, in bad faith, and recklessly, in criminal violation of 18 USC 401(3) and 401(2)[149] actively "resisted" the legal consequences on the USPO and its employees in regard to (1) Judge Sand's 12/20/2007, Doc. #90, superseding Rule 41(a)(2) final order/judgment[150] apropos their official court employee transactions concerning both the 04cr1224 and 05cr1115 null and void ab initio dismissed with prejudice proceedings; and (2) knowingly and willfully actively resisted the binding legal effects of the United States Attorney General ("USAG"), November 7, 2008 Article II, §3 Executive Branch appellate political decision **to dismiss with prejudice** the Government's cross-appeal filed in *United States v. Ware*, 07-5670cr (XAP) (2d Cir.), *Gov.-J[151]*, ratified by the Second Circuit's

---

[149] Contempt, active resistance, in the **official transactions** of the USPO (officers of the court) regarding Mr. Ware given 18 USC 3231 subject matter jurisdiction in 1224 terminated on November 17, 2004, upon David N. Kelley filing the 1224 indictment in the record of the court containing affirmative defenses on the face of the indictment. CF., *Cammer v. United States*, 399 U.S. 399, 404 (1956) (court employees, judges, marshals, bailiffs, court clerks, probation officers, etc. are officers of the court subject to contempt in their official transactions).

[150] "A court of the United States shall have the power to punish by fine or imprisonment, or both, .... (3) [d]isobedience or **resistance to** its lawful ... order [i.e., the 12/20/2007 Rule 41(a)(2) final order/judgment entered in 2219 (Sand, J.)]." (emphasis added).

[151] On November 7, 2008, Exhibit 6, the USAG pursuant to 18 USC 3742(b), Fed. R. App. P. 42(b), and Article II, §3 exercised his exclusive Executive Branch prerogative to control all litigation in 05cr1115 and thus notified the Court of Appeals for the Second Circuit at page 2* in its 07-5222 (2d Cir.) government brief as follows: "**The Government filed a notice of appeal but is not pursuing a cross-appeal** [of the 1115 District Court's October 2007 post-trial Rule 29 rulings in favor of Mr. Ware, to wit: Doc. #99, S.Tr. 31 L 18-25 (R-1); S. Tr. 35-36 (R-2); and S. Tr. 73-76 (R-3), jointly, (the "**Pauley Acquittal Verdicts**")]."  (the "**USAG's Appellate Political Decision**") (emphasis added).

08/18/2009 superseding final judgment entered in Gov.-I (07-5670) (2d Cir.). CF., (i) Judge Sand's 12/20/2007 Doc. 90 Rule 41(a)(2) final order/judgment and (ii) the Second Circuit's 08/18/2009 Gov.-I final judgment, jointly, (the **"Final Judgments"**)[152].

### Fact #24

Since December 20, 2007, continuing without interruption to the present (August 14, 2021) the USPO (SDNY) and its employees, and the USAO and its employees, officers of the court, **all privies of the United States**, and thus, therefore accordingly all bound absolutely by the **Final Judgments** entered in proceedings in the federal courts in New York; and therefore consequently all are subject to res judicata, collateral estoppel; and civil and criminal contempt enforcement sanctions in regard to their personal[153] and official transactions apropos: (1) the Judge Sand's

---

On August 18, 2009, see Exhibit 4, based on the USAG's 11/07/2008 Appellate Political Decision to dismiss with prejudice the Government's 07-5670 cross-appeal the Court of Appeals **ipso facto affirmed** the October 2007 Pauley Actual Innocent Acquittal Verdicts R-1, R-2, and R-3, Exhibits 39, 40, and 41, respectively), **and entered final judgment in _Gov.-I_ against the United States and its privies**, (i.e., the USPO, the USAO, the AOC, the.BOP, the U.S. Marshals, the FBI, the SEC, et al.); **triggered the Double Jeopardy Clause's protections for Mr. Ware**; triggered **res judicata**, **collateral estoppel**, and terminated all courts', the United States, and the DOJ's and its lawyers' subject matter jurisdiction over all issues and claims **actually** or **necessarily** resolved by the legal effects of the _Gov.-I_ final judgment. see _Federated_, 452 U.S. at 398-401 (final judgment [Gov.-I] absolutely binding on all courts [the 02-cv-2219, 03-0831 D. NV, 05cr1115, 04cr1224, 07-5222 (2d Cir.), and Supreme Court (i.e., _Ware v. United States_, 10-6449)], the parties [Mr. Ware and the United States], and their privies [i.e., **the DOJ, the USPO, the SEC, the AOC, FBI, IRS, U.S. Marshals, and the BOP] in all subsequent proceedings between the parties**; all issues and claims actually or necessarily resolved by final judgment are "**forever settled between the parties.**") (emphasis added); and consequently irrevocably conferred **_prevailing party_** status on Mr. Ware for the purposes of civil and Fed. R. Crim. P. 42(a) criminal contempt sanctions and enforcement of the _Gov.-I_ final judgment.

[152] Judge Sand's 02cv2219 12/20/2007 Doc. 90, Exhibit 5, Rule 41(a)(2) superseding final order/judgment and the Second Circuit's 08/18/2009, Exhibit 4, superseding final judgment entered in Gov.-I jointly, (the "Final Judgments").

[153] Clearly lacking and in the absence of all subject matter jurisdiction — it is clear, indisputable, and axiomatic by the concepts of res judicata, collateral estoppel, and the Double Jeopardy Clause's maxims no **live** Article III case or controversy can legally exist, in any proceeding, **between Mr. Ware and the United States**, its privies and agents, with respect to **all issues and claims actually or necessarily resolved in whole or in part by the Final Judgments entered in favor of Mr. Ware, GPMT, and the Landers** — all actions therefore taken by the United States, its agents, or its privies in willful "resistance to" [see 18 USC 401(3)] the Final Judgments were therefore taken in the **personal and/or official capacity** of the individual(s) or agencies taking such ultra vires and extra-judicial actions; and accordingly the individuals and/or agencies have already retrospective and prospectively incurred draconian personal civil monetary and criminal contempt sanctions liability to Mr. Ware, GPMT, and the Landers. see _Stump v. Sparkman_, 435 U.S. 349, 350 (1978). (no judicial immunity for ultra vires action taken "in the clear absence of all jurisdiction."). Hence the USPO's employees and in particular those who prepared and signed the PSIs in

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

12/20/2007, Doc. #90, superseding Rule 41(a)(2) final judgment entered in 2219; and (2) bound by and subject to the Second Circuit's 08/18/2009 superseding final judgment entered in *Gov.-I* (07-5670) (2d Cir.).

### Fact #25

The U.S. Probation Office, see Appx. 5, infra, submitted to a federal court in 1224 a materially false and fraudulent PSR dated August 28, 2008, prepared by Thomas J. McCarthy, which was used to sentence Mr. Ware to the illegal and unreasonable sentence as a matter of law.

McCarthy knowingly and deliberately included known false and fraudulent information in the PSR. Paragraphs 1-4 contained the known false information that Mr. Ware was a named defendant in 02-CV-2219(LBS); and that Ware disobeyed an order of the 2219(LBS) court.

Paragraphs 7-24 contained the known false information that Mr. Ware willfully disobeyed orders of the 2219(LBS) court: GX-7, GX-11, and GX-24.

Paragraphs 50-53 were known false and fraudulent information obtained from District Judge William H. Pauley, III and U.S.P.O. Cathleen Tyler regarding INZS and SVSY which is in direct contradiction to the position of the AUSA Feldman's statement at sentencing on October 26, 2007, S. Tr. 46, regarding SVSY.

On page 21 of the false and fraudulent 1224 PSR, the USPO recommended a **"consecutive sentence"** (emphasis added) based on the fraudulent and void sentence entered in 05-CV-1115(WHP). Cf., Exhibit 5, the December 20, 2007, Rule 41(a)(2) superseding final judgment in 02cv2219 that annulled, vitiated and abrogated the USPO's corrupt and fraudulent PSR.

### Fact #26

Rabinowitz testified at trial in 1224, Tr. 228-29, that IVG/GPMT and its counsel (Mr. Ware) were contractually authorized to "stop or impede the sale or delivery of their [GPMT's] securities [GX 1-4]" if as Rabinowitz testified at Tr. Id., "as may be required by law [i.e., Rule 144(k); SEC Release 33-7190; *Kern*, 425 F.3d at 152-56]." See also Exhibit 11.

### Fact #27

At trial in 1224 Zitter, testified under brutal and devastating cross-examination by Mr. Ware as follows, to wit:

---

1224 and 1115, Thomas J. McCarthy and Colleen Tyler, respectively, are all **personally civilly monetarily liable to Mr. Ware** for compensatory civil and penal criminal contempt sanctions. CF., Fed. R. Crim. P. 42(a), and 18 USC §§ 401(2) and 401(3).

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

1. that he did not heed Ware's advice and proceeded to take additional steps to conduct the illegal distribution of IVG/GPMT securities, including having Ware illegally arrested and kidnapped on September 1, 2004, GX-34 (Tr. 360-61); GX-35 (Tr. 363); GX-251 (Tr. 343);

2. Tr. 371 (Zitter admits Ware's [09/01/2004 Atlanta, GA] arrest was illegal);

3. Tr. 466 (Zitter stated, "his motion to **punish** [threats of violence on Mr. Ware] for contempt.");

4. Tr. 468 (Zitter stated: "I know we [he and Judge Sand] took further action ... [b]ut we did take further actions to **punish** you [Ware] for contempt because there were different ....");

5. Tr. 456 (Zitter testified that his steps were taken to compel (extort) GPMT by holding Ware in contempt of court.

6. Zitter testified at Tr. 457 of his steps in furtherance of the illegal distribution of IVG/GPMT securities as follows:

Mr. Ware: What were those steps?

Zitter: We [Judge Sand and the four plaintiffs] attempted to compel [extort] you [Mr. Ware] to issue the [GPMT free-trading] stock [in violation of Section 4(1)].

Mr. Ware: How did you attempt to compel [extort] Mr. Ware to issue the stock?

Zitter: By applying to [Judge Sand] to hold you in civil contempt [kidnapping] if you [Mr. Ware] didn't do so.


**Fact #28**

At trial in 1224 the following events regarding AUSA Nicholas S. Goldin's conspiracy to obstruct justice took place:

1. AUSA Goldin made the binding judicial admission when in direct examination of Zitter at Tr. 305, Goldin, ostensibly, totally ignorant to the elements of criminal securities fraud as well as §77b(a)(11), introduced into evidence GX-9, Mr. Ware's letter dated January 28, 2003, addressed to Zitter, in regard to Zitter's Hobbs Act extortion attempts on Mr. Ware and GPMT (GX-52, 52A, 52B, i.e., Hobbs Act extortion demands).

2. AUSA Goldin actually had Zitter read into the record at GX-9, Tr. 305 L13, Mr. Ware's January 28, 2003, letter: "Dear Mr. Zitter, we are in receipt of a fax originating from your office requesting an **illegal issuance of [GPMT's] free trading** shares to your clients." (emphasis added).

3. AUSA Goldin's faux pas is a confession by Goldin and Zitter, that the plaintiffs through Zitter were on notice of the illegality of their actions as early as January 28, 2003, and took "steps" to further the Hobbs Act conspiracy money laundering criminal activities.

4. At Tr. 306-07, AUSA Goldin foolishly introduced into evidence GX-10 (Zitter's letter of January 29, 2003, addressed to Ware in reply to Ware's January 28, 2003, letter).

5. In GX-10 Zitter admits to taking "steps" necessary for the unregistered distribution of IVG/GPMT's securities on behalf of his clients (the four plaintiffs in 02-CV-2219(LBS)) thus, conferring §2(a)(11) statutory underwriter status on them as well.

### Fact #29

### The Government's _stipulated_ actual innocence facts.

At trial in 1224 the Government via AUSAs Nicholas S. Goldin and Maria E. Douvas made the following judicial admissions, to wit:

1.    The Government admitted via its indictment ¶¶9-10, the Notes (GX 1-4) were sold pursuant to GX-5, the subscription agreement.

The Government introduced GX-1 and GX-5, at trial, through its own witness Rabinowitz at Tr. 182, Tr. 190 respectively; and AUSA Goldin, Tr. 252, stated as an officer of the court:

> **"These are very complex areas of the law. There is no one [associated with the Government] in this courtroom [other than Mr. Ware] qualified to discuss these matters. The document [GX-5 (the subscription agreement)] speaks for itself."** (emphasis added). Mr. Goldin apparently did not understand or realize exactly what para. 10.1(iv) of GX-5 was in fact speaking. (emphasis added).

2.    Therefore, the Government's judicially admitted GX-5's unredacted content -- ¶10.1(iv), requested IVG **to file a Form SB-2 registration statement within 90 days of February 7, 2001,** the purchase date of the Notes [GX 1-4], to enable the conversion shares, "to be sold on the open market without restriction" -- 'speaks for itself.'"

Hence, the Government admitted via the admissions contained in GX 1-4, 5 and through Rabinowitz's testimony:

a)    Alpha purchased IVG Notes (GX 1-4) and Promissory Notes, "with a view to a 'public offering' ", _Cavanaugh_, 445 F.3d at 111 citing _Wolfson_, 405 F.2d at 782; and

b)    any persons (Rabinowitz, Kenneth A. Zitter, Esq., ("Zitter"), Edward Grushko, Esq., ("**Grushko**"), Barbara R. Mittman, Esq., ("**Mittman**"), Ari Kluger, Dennis Meir, Esq., ("**Meir**"), Kilpatrick, Townsend & Stockton, LLP, Thomas V. Sjoblom, Esq., Prokauser & Rose, LLP, and District Judge Sand, acting in his personal capacity without subject-matter jurisdiction, were also

§2(a)(11) principal underwriters of GPMT's restricted securities (GX 1-4). **Kern**, 425 F.3d at 152; **R.A. Holman & Co., Inc.**, 366 F.2d at 449; **Geiger**, 363 F.3d at 487.

c)      By "engag[ing] in steps necessary to the distribution of [IVG] securities [,]" the participants were aiders and abettors in the distribution of [IVG] securities. **SEC v. Murphy**, 626 F.2d 633, 649 (9th Cir. 1980) (Secondarily liable for enabling the distribution); **SEC v. Management Dynamics, Inc.**, 515 F.2d 801, 810-11 (2d Cir. 1975)(Discussing **Spectrum**, recklessness is sufficient to establish negligence as an aider or abettor liability.); **SEC v. Spectrum, Ltd.**, 489 F.2d 535, 541 (2d Cir. 1975) (Issuer's attorney thought to be negligent for recklessly issuing legal opinion enabling an unregistered distribution of issuer's securities.); **SEC v. North American R&D Corp.**, 424 F.2d 63, 72 (2d Cir. 1970)(Substantial assistance will Impose secondary liability as aider and abettor).

### Fact #30

At trial in 1224 Rabinowitz, an admitted Section 2(a)(11) underwriter, admitted at Tr. 199, 204; and Zitter, Tr. 481, that 1,351,351 **unregistered** shares of GPMT [valued at +$225 million dollars] **"were sold into the open market" in June 2003** [an illegal unregistered public offering], thus confessing to §5, 77x, 78ff, and a §15(a)(1) violations since he and Alpha were admitted unregistered brokers and dealers, Tr. 206.

Nathan Landenberg, Esq., according to Rabinowitz's trial testimony, Tr. 219, supplied the extortion money and laundered the profits and proceeds for his and Alpha's "private placement business," a "few hundred times". See Exhibits 11 and 12.

### Fact #31

At trial in 1224, Rabinowitz testified to hiring Zitter, Tr. 196; and Zitter hired Dennis S. Meir, Esq.[154] in GPMT's Chap 11, Tr. 376-82, cf. Appx. 1, and also hired Grushko & Mittman, P.C., Tr. 493-94;

1.   Zitter performed steps necessary to the distribution of GPMT's securities and was a Section 2(a) (11) underwriter, **Kern**, 425 P.3d at 152; and procured through Grushko & Mittman, P.C. a fraudulent Rule 144 legal opinion, Tr. 494-95, and sent a false and fraudulent -- mail and wire fraud -- letter (GX 52-B) to GPMT's transfer agent demanding free trading shares, Tr. 301-02; **Geiger**, 363 F.3d at 487 quoting:

---

[154] Meir was employed by the Atlanta, GA law firm of Kilpatrick, Townsend, and Stockton, LLP; Zitter's classmate from Harvard Law School. See Appx. 1 for memorandum of law to Dennis S. Meir, Esq., the "Civil Plaintiffs'" bankruptcy counsel in **In re Group Management Corp**., a/k/a GPMT, 03-93031-mhm (BC NDGA), Chapter 11 (2003) (Meir and KTS knowingly and corruptly committed criminal bankruptcy fraud, 18 USC 157, in the Chapter 11 proceedings by concealing and hiding the Civil Plaintiffs' status as unregistered broker-dealers, cf., Exhibit 7 (FINRA's May 17, 2021, certification of unregistered broker-dealer status for each of KTS' clients in the GPMT Chapter 11), Appx. 6, and also see Exhibits 16).

"It was [Zitter] who procured those [GPMT's] certificates [Tr. 322-326]; GX-16 (June 16, 2003, ltr. from Ware to Zitter); GX-17 (Zitter's June 3, 2003, letter sent to Rabinowitz, "I got shares [4,026,695 unregistered shares of GPMT which were unlawfully sold pursuant to Rule 144(k) in June 2003 in violation of Section 5 and 77x, pursuant to fraudulent legal opinion of Grushko & Mittman, P.C., Tr. 493-94.]]"

2.  Zitter further admitted, Tr. 368, of requesting that Mr. Ware be arrested on 09/01/2004 in Atlanta, GA for not issuing the fraudulent Rule 144(k) legal opinions.
3.  Zitter testified, Tr. 370, of contacting the Marshals to arrest Mr. Ware illegally and fraudulently on 09/01/2004 for not issuing the fraudulent Rule 144(k) legal opinions.
4.  Zitter, Tr. 322, went before Judge Sand on June 2, 2003, to get Sand to force the fraudulent issuance of bogus Rule 144(k) legal opinion, GX-16, GX-17.
5.  Zitter, Tr. 332-33, admitted he participated in a telephone conference on June 16, 2003, and July 2, 2003, to cause the illegal issuance and distribution of GPMT's unregistered securities.
6.  Zitter's admitted participation in steps necessary to the June 2003 illegal unregistered distribution of GPMT's unregistered securities, by a Section 2(a)(11) statutory underwriter. Which imposed criminal liability on Zitter and Meir for taking steps in GPMT's Chapter 7 (GX-250), Tr. 376-82; Tr. 400-01, DX-Q, to cause the illegal June 2003 issuance of GPMT's restricted securities.

(i)  Grushko and Mittman, P.C. presented fraudulent Rule 144(k) legal opinions to the court, Tr. 493-94, in an attempt to aid and abet Zitter and Judge Sand to conduct an unregistered distribution of IVG securities.

The illegal unregistered distribution did take place by the public sale of GPMT's shares by Alpha, et al., in criminal violation of Section 5, 77x, and 78ff, in June 2003 of more than **4,026,695** unregistered shares of IVG/GPMT, [valued at +$225 million dollars] Tr. 322-25; GX-55, Tr. 480-81;Tr. 325-333: GX-16, GX-17, GX-19;

and pursuant to *Kern*, 425 F.3d at 152; *Geiger*, 363 F.3d at 487; *Murphy*, 626 F.2d at 649; *Spectrum*, 489 F.2d at 541; 15 U.S.C. §78ff; *Wolfson*, 405 F.2d at 783-84; and *Abrams*, 357 F.2d at 547, imposed criminal liability on Edward Grushko, Esq. **(a convicted felon for securities fraud)**, and Barbara R. Mittman, Esq., for signing a fraudulent Rule 144(k) legal opinion as a step in the unregistered distribution of GPMT's securities in June 2003, Tr. 493-94.

**Fact #32**

(a)      Since on or about May 24, 2019,[155] see Appx. 3 and Appx. 5, Damian Williams, Margaret M. Garnett, Daniel Gitner, AUSA Melissa Childs, acting USA Audrey Strauss, AUSA John M. McEnany, (the "**USAO's Lawyers**"), former District Judge William H. Pauley, III (deceased), District Judge Edgardo Ramos, and others both known and unknown corruptly coordinated and orchestrated the proceedings in 04cr1224 and 05cr1115 (SDNY) in such a manner and fashion to delay, obstruct, hinder, and frustrate Mr. Ware's constitutional right to due process of law;

(b).      Judge Pauley and Judge Ramos knowingly and willfully colluded and conspired with the USAO's lawyers to cause Mr. Ware irreparable harm, injury, and damages, specifically, by refusing to enter any order directed to the USAO to come forth and establish its Article III and statutory, 18 USC 3231, subject matter jurisdiction and standing to have filed Dkt. 250; moreover, for the USAO to establish the Article III and statutory subject matter jurisdiction of the 04cr1224 and 05cr1115 district courts to have conducted any Article III adjudication of the merits of the respective proceedings in 04cr1224 and 05cr1115;

(c)      Mr. Ware has suffered and will continue to suffer tremendous irreparable harm, injury, and damages to his professional reputation as an attorney at law and as a businessman due to the void ab initio, bogus and fraudulent convictions and sentences that remain on the record of the courts unless the court immediately directs the United States to come forth and establish its Article III and 18 USC 3231 statutory subject matter jurisdiction, initially, and currently over the 04cr1224 and 05cr1115 (SDNY) proceedings, respectively ;

(d)      Mr. Ware has suffered and will continue to suffer tremendous irreparable harm, injury, and damages to his ability to raise capital and secure investment and employment opportunities due to the bogus, fraudulent, void ab initio, and currently moot judgments of conviction and sentence the USAO's lawyers have fraudulently presented to the District Court as an overt act in furtherance of the retaliatory Jim Crow racially-motivated hate crime conspiracy perpetrated against Mr. Ware regarding and in furtherance of the criminal interests of **unregistered broker-dealer** Alpha Capital, AG (Anstalt) and LH Financial Services;

(e)      Mr. Ware has suffered and will continue to suffer tremendous irreparable harm, injury, and damages from the direct conspiracy to obstruct justice and conceal Alpha Capital, AG (Anstalt), et al., continuing criminal enterprise aided, abetted, and facilitated by the USAO's lawyers, federal judges, and others involved in the cover-up of the RICO Hobbs Act money laundering and extortion conspiracy run from, directly and/or indirectly, the Manhattan federal courts and the Manhattan office of the United States Attorney's (SDNY);

(f)      Mr. Ware has suffered and will continue to suffer tremendous irreparable harm, injury, and damages from the criminal acts of the USPO (SDNY) officers, Michael Fitzpatrick, Thomas J. McCarthy, Colleen Tyler, and David Mulcahy, (the "USPO Officers"), who all knowingly and willfully, as overt acts in furtherance of the RICO Conspiracy, (i) materially fabricated and

---

[155] Ulysses T. Ware was released from the BOP's Brooklyn, NY MDC federal prison on May 24, 2019.

manufactured, prepared, signed, and submitted to the district courts two bogus and fraudulent PSI judicial documents, as officers of the court, in criminal violation of 18 USC 401(2); and the illegal means and methods to have Mr. Ware falsely incarcerated to enable the RICO Conspiracy to remail covert and unexposed;

(g)    Mr. Ware has suffered and will continue to suffer tremendous irreparable harm, injury, and damages caused by the illegal and fraudulent unwritten alleged "special conditions" of supervised release fraudulently imposed by the USPO (David Mulcahy) since May 24, 2019; that have caused Mr. Ware to lose several employment opportunities by not being permitted to enter the federal court buildings (SDNY) without David Mulcahy permission and he following Mr. Ware throughout the federal court buildings in violation of due process of law; when in fact no "special conditions" of supervised release were ever imposed in 04cr1224 and 05cr1115 (SDNY); the USAO and Mulcahy fraudulently fabricated and lied as officers of the court, in collusion and while conspiring with Judge William H. Pauley, III, to obstruct justice and cause Mr. Ware extreme injury, harm, and damages. See Appx. 5.

(h)    Mr. Ware has, is, and will continue to suffer irreparable harm, injury, and damages as a result of the unethical and illegal conduct of **Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel**, and **David B. Levitt**, officers of the court, and his retained lawyers, who colluded, conspired, acted in concert, and enabled the Government's lawyers [**David N. Kelley, Michael J. Garcia, Preet Bharara, Alexander H. Southwell, Steven D. Feldman, Steve R. Peikin, Nicholas S. Goldin, Maria E. Douvas, Katherine Polk-Failla, Sarah E. Paul, and others**] to commit "flagrant" prosecutorial misconduct Brady exculpatory evidence violations, to commit a fraud on the District Courts (SDNY), NDGA, and elsewhere, to commit perjury in open court, to fabricate grand jury and trial evidence, to receive kickbacks, payoffs, bribes, illegal gratuities, and other things of value (employment and advancement opportunities) for their involvement and participation in the conspiracy to obstruct the due administration of justice, 18 USC 2, 4, 157, 201, 241, 242, 371, 1201, 12341, 1343, 1346, 1512, 1612, 1956-57, and 1962 (a-d), (the "**Racketeering Offenses**"). See Appx. 2.

(i)    Mr. Ware will prevail on the merits of his Brady disclosure claims; Rule 33 Motion for a New Trial for Flagrant Brady Violation; For Dismissal of the 04cr1224 and 05cr1115 indictments for "flagrant" prosecutorial misconduct and fraud on the court; Motion for Kordel Relief; Motion to Immediate Brady Disclosures; and imminent claims of professional negligence by GSL; Fraud on the Court by District Judge Edgardo Ramos; Fraud on the Court by acting U.S. Attorney (SDNY) Audrey Strauss, AUSAs John M. McEnany, Melissa Childs, and other claims that will be raised once the Government fully complies with its "continuing" Brady disclosure obligations. See Appx. 3.

<div align="center">

**Fact #33**

</div>

After being released from jail in Atlanta, GA on 02/11/2005 from the illegal kidnapping by the U.S. Marshals, District Judges Thomas W. Thrash, Jr., and Leonard B. Sand, in Atlanta, GA on September 1, 2004, and again on February 1, 2005, in Atlanta, GA, Ulysses T. Ware retained and

paid Atlanta, GA lawyer Edward T.M. Garland, Esq., ("**Garland**"), and his law firm, Garland, Samuel, & Loeb, P.C., ("**GSL**")[156], as Sixth Amendment counsel to represent his legal interest in *United States v. Ware*, 04cr1224 (SDNY), ("**1224**"). Mr. Ware informed Garland that he would not be pleading guilty to any charges and to prepare the case for trial. Mr. Garland reviewed the 1224 indictment and agreed the case was weak and would research the issues. Mr. Ware agreed. See Exhibit 15 and Appx. 2.

### Fact #34

After retaining GSL Mr. Ware met regularly with Garland, Donald F. Samuel, ("**Samuel**"), Arora, and Janice Singer, ("**Singer**"), jointly, ("**GSL**" or "**Unindicted Co-conspirators**") and explained in detail exactly why the 1224 Indictment's charges were fatally flawed, failed as a matter of law to charge an 18 USC 401(3) criminal contempt offense, and why an immediate motion to dismiss the indictment with prejudice should be filed. See Appx. Id.

(a).     Garland hesitated and stated, "I need to do more research before we file that motion ...." Mr. Ware explained to Garland that **SEC Release 33-1790 n. 17 (1995)** strictly prohibited the "Civil Plaintiffs" in the 02cv2219 (SDNY) lawsuit, Section 2(a)(11) statutory underwriters[157] from any Rule 144(k) exemption to Section 5 registration requirements. Garland responded, "We will check that out and get back to you on it ...."

(b).     From the date that Mr. Ware hired GSL to the date Mr. Ware terminated GSL, 04/17/2007, Dkt. 22, *GSL filed not one single discovery motion* (Brady, Giglio, Rule 16, etc.), adversarial motion (Motion to Dismiss the Indictment with Prejudice), or filed any other paper, pleading, or brief that attacked in any way whatsoever the Government's bogus and baseless charges in the frivolous, null and void ab initio 1224 indictment. See 04cr1224 (SDNY) docket report.

---

[156] GSL employed Manny S. Arora, Esq., ("**Arora**"), an attorney who eventually entered his appearance in 1224 on 03/14/2005, Dkt. 4; Garland entered his appearance on 01/06/2006, Dkt. 14; and David B. Levitt, Esq., ("**Levitt**"), appeared on behalf of GSL on 04/19/2006, Dkt. 17, all subject to the disciplinary and professional responsibility rules, duties, and obligations of the District Court (SDNY) to enforce disciplinary and ethics rules regarding lawyers appearing before the District Court. Each of the above lawyers, officers of the court, applied for Pro Hac Vice authorization, and were granted permission to appear in the District Court (SDNY), and therefore all are subject to the District Court's general supervisory authority to supervise the ethic and professional conduct of lawyers appearing before the Court. See *United States v. Hammad*, 858 F.2d 834, 837 (2d Cir. 1988) ("The federal courts enforce professional responsibility standards pursuant to their *general supervisory authority over member of the bar. In re Snyder*, 472 U.S. 634, 655 n. 6 (1985)."). (emphasis added).

[157] See para. 12 and 13 in the Civil Plaintiffs' 02cv2219 (SDNY) complaint. A judicial admission and confession of being 15 USC 77b(a)(11) statutory underwriters of IVG Corp., a/k/a GPMT's restricted securities, GX 1-4.

(c).    On or about 03/17/2007 Mr. Ware during a conference with Garland and Arora informed GSL, due to the indisputable fact GSL was not properly representing the legal interests of Mr. Ware, to withdraw from 1224. See Exhibits 18.

(d).    Garland during the 03/17/2007 conference informed Mr. Ware:

> "We've worked you out a good plea deal with AUSA Goldin and the USAO ... he will allow you to plead guilty to a misdemeanor ... you won't have to do any jail time, but you will have to give up your license to practice law. This is a good deal ... you better take it ... you can't go up against Judge Sand and his people up there, the case is hopeless ... we will not try the case ... you need to really think about pleading guilty and move on with your life ... you are a young man you can find another career ...." (emphasis added).

The alleged Rule 11 plea was rejected by Ulysses T. Ware.

(d).    Mr. Ware never authorized GSL to negotiate any plea deal. Any "good plea deal" was done with fraud, deceit, misrepresentation, and dishonesty by Garland, Arora, Samuel, and Levitt in violation of the Rules of Ethics of the District Court (SDNY), and State Bar of GA Rule 4-102. GSL pressured and harangued Mr. Ware to plead guilty to the 1224 Indictment or he would "end up in federal prison for a very long time ...." (quoting Edward T.M. Garland, Esq.). See Appx. 2 and Exhibits 17.

(e).    Immediately after being retained GSL ceased all *effective, competent, adversarial,* and *independent* Sixth Amendment representation as Mr. Ware's independent adversarial "effective" "counsel." Rather GSL corruptly joined the prosecution and maliciously worked against the legal rights and interests of their client Mr. Ware in criminal violation of 18 USC 2, 201(d), 241, 242, 371, and obstruction of justice to have Mr. Ware surrender his constitutional rights as an egregious and flagrant fraud on the District Court (SDNY).

(f).    GSL corruptly worked with and assisted the Government's lawyers, AUSA Nicholas S. Goldin and Alexander H. Southwell, to build a case against Mr. Ware by sharing confidential client information and strategies to defeat the Government's frivolous 1224 indictment.

(g).    GSL's unethical and criminal professional misconduct, conspired with the Government's lawyers to the detriment of their client, blatantly and flagrantly violated the District Court's Rules of Ethics and Professional Conduct which requires the District Court to exercise its supervisory authority over lawyers appearing before the District Court to immediately demand that GSL appear before the Court and explain their unethical professional misconduct in colluding with the Government's lawyers against the interest of their client, Mr. Ware. See L.R. (SDNY) Rule 1.5(b)(5).

(h).    Mr. Ware asserts as fact that Garland, a lawyer with "more than 40 years of experience" (quoting Garland) knew from the initial conference on or about 02/11/2005, and after reviewing the 1224 indictment's[158] flimsy charges, the indictment was a sham and was null and void ab initio. Rather than providing the competent and independent Sixth Amendment required "effective" "assistance" of "counsel" GSL saw an opportunity to extort Mr. Ware out of "$1.0 million dollars" in requested attorney's fees to "have the case go away ...." (quoting Garland).

(i)     GSL from inception never performed as "counsel." Never provided any "assistance." And was never "effective" in attacking the Government's bogus and frivolous charges in the 1224 Indictment. GSL did nothing whatsoever to expose the Government's criminal conspiracy with **unregistered** broker-dealers Alpha Capital, AG, et al. (the plaintiffs named at para. 8 of the 1224 Indictment, see Exhibits 7 and 7-1).

(j).    GSL refused to demand the Government's lawyers provided the required **actual innocence** Brady exculpatory evidence (i.e., the fact that each of the entities named at para. 8 of the 1224 Indictment had never registered in the United States as required by federal law, 15 USC 78o(a)(1), with FINRA "on or around February 2001" as charged in para. 9 of the 1224 Indictment). Which rendered the 1224 Indictment null and void ab initio; and was required as a matter of law to be dismissed with prejudice. See Exhibit 2 (Order, Dkt 32 (04cr1224)(SDNY), on Ulysses T. Ware's **pro se** motion for Brady disclosure).

(k).    GSL did not provide Mr. Ware with any **independent** and **competent** legal **advice** from being retained until being terminated—that is,

- GSL concealed the fact from Mr. Ware it was incompetent in advanced securities law litigations in the criminal context;
- GSL concealed the fact that it was not informed or aware of the SEC rules and regulations that governed the transactions at issue in the government's charging instruments;
- GSL concealed the fact that it did not intend to investigate the facts or the law in order to formulate an **effective** defense to the charges in the charging instruments;
- GSL concealed the fact that it was aligned with the government and had no intentions of **adversarily** challenging the government's bogus and frivolous charges;
- GSL concealed the fact that its interests were aligned with District Judge Thomas W. Thrash, Jr. (NDGA), the Atlanta, GA law firm of Kilpatrick, Townsend, & Stockton, LLP, and its partners Dennis S. Meir, Esq., and C. Ray Mullins, see Appx. 1. Appx. 2, Appx. 6, and Exhibits 13 and 16; and that it intended to betray the

---

[158] See Dkt. 1, November 17, 2004, 04cr1224 (SDNY) indictment.

confidences and strategies learned from Mr. Ware and convey the same to the government to aid and assist the government to convict their client;

- Had GSL been competent in the law regarding 15 USC 77b(a)(11), Section 2(a)(11) statutory underwriters, i.e., the "Civil Plaintiffs" named in para. 8 of the 04cr1224 purported indictment, Exhibit 7-1, a competent criminal lawyer would have heeded the advice of its client and researched and investigated SEC Release 33-7190 n. 17 (1995); and concluded the 04cr1224 charging instrument was as a matter of law fatally flawed and defective and immediately moved to dismiss the purported indictment with prejudice

### Fact #35

On July 29, 2021, Dkt. 306,[159] Mr. Ware filed into the record in 04cr1224 and 05cr1115 (SDNY) a sworn certification obtained from FINRA, Exhibit 7, that verified and confirmed that each of the entities, (the "**Civil Plaintiffs**")[160] named at para. 8 of the Government's November 17, 2004, 1224 Indictment were then and have never lawfully registered as required by United States law, 15 USC 78o(a)(1), Section 15(a)(1), as brokers or dealers.

Evidence suppressed and concealed by Government lawyers that was material Brady exculpatory evidence required to have been disclosed "prior to trial" pursuant to the August 10, 2007, Dkt. 32-page 2 written Brady order (Sweet, J.). A "flagrant" violation, disobedience, and resistance, to the Brady order, an 18 USC 401(3) criminal contempt offense by Judge Ramos and the government's lawyers. See n. 157 and n. 158, supra.

(a).    As a matter of law and fact **unregistered** brokers or dealers, the "Civil Plaintiffs" named at para. 8 of the 1224 Indictment lacked Article III and 28 USC 1332(a) diversity standing on March 20, 2002, to enforce the February 2001 Notes, **(GX 1-4)** and Subscription Agreement, **(GX-5)**.

---

[159] Dkt. 306 is suppressed and concealed material Brady exculpatory and exoneration evidence required to have been discloses to Mr. Ware "prior to trial" as ordered by District Judge Sweet (deceased) in the August 10, 2007, Dkt. 32, page 2 (04cr1224) Brady order. ("Ware has requested that the Government provide him with **all exculpatory** and impeachment materia **before the commencement of the trial** .... In its brief (and in prior communications to the Defendant), *the Government has repeatedly consented to this request*. There being no opposition, **this aspect of the motion shall be granted**."). (emphasis added).

[160] Para. 8 of the 1224 Indictment characterized the **plaintiffs** named in the 02cv2219 (SDNY) (LBS) lawsuit as "Civil Plaintiffs" which as a matter of law required the "Plaintiffs" to at all times possess Article III and 28 USC 1332(a) standing to appear in the District Court and be granted any judicial relief, see *Lujan*, 504 U.S. at 560-61.

jointly, (the "**Illegal Contracts**")[161], to have filed the moot 02cv2219 (SDNY) civil lawsuit against defendants IVG Corp., a/k/a GPMT, and Elorian and Becky Landers.

(b).     The "Civil Plaintiffs" lacked Article III standing to have filed the 02cv2219 (SDNY) lawsuit, thus, the 2219 District Court (Sand, J.) lacked all Article III subject matter jurisdiction "to proceed at all" and enter any "lawful" orders (GX-11 and GX-24) and judgment (GX-7). Accordingly, GX-7, GX-11, and GX-24 are null and void ab initio, unlawful, invalid, **advisory**[162], and ultra vires.

(c).     On November 17, 2004, as a matter of law and fact GX-7, GX-11, and GX-24, the alleged factual basis for Counts, I, II, and III in the 1224 Indictment, were null and void ab initio, and therefore were not "lawful" orders or judgments within the scope of 18 USC 401(3). Accordingly, the 1224 Indictment's alleged charges failed to and were fatally flawed as a matter of law to charge an 18 USC 401(3) criminal contempt "offense."[163] Cf., Exhibits 7 and 7-1.

(d).     It is not an 18 USC 401(3) criminal contempt "**offense**" for Mr. Ware, GPMT's securities counsel, to refuse to draft, sign, and issue bogus and fraudulent Rule 144(k) legal opinions to the Civil Plaintiffs, confirmed **unregistered** broker-dealers and Section 2(a)(11) statutory underwriters of GPMT's restricted securities, (GX 1-4), and enable an illegal unregistered public

---

[161] See 15 USC 78cc(b) contracts made in or performed in violation of the federal securities laws are not enforceable by the party that violated the federal securities laws. When the Illegal Contract were made and entered into "on or around February 2001" as alleged at para. 9 of the 1224 Indictment, the "Civil Plaintiffs" were then and thereafter lawfully registered with FINRA as broker-dealers; and therefore, were in civil and criminal violation of the federal securities laws and prohibited from any enforcement of the Illegal Contracts.

[162] **Advisory** orders and judgments, GX-7, GX-11, and GX-24, are unenforceable, moot, null and void ab initio, and do not and cannot provide the factual basis for any probable cause for former United States Attorney (SDNY) David N. Kelley on November 17, 2004, to have procured the 1224 Indictment. Lacking probable cause Kelley, et al., *acted in their personal and individual capacities* and all are personally and individually monetarily liable to Mr. Ware in the sum certain amount of $2.25 billion dollars, jointly and severally. See *Steel Co.*, 523 U.S. at 94 ("*Without jurisdiction* the *court cannot proceed at all* in any cause [02cv2219, 04cr1224, or 05cr1115]. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). *Ex parte McCardle*, 7 Wall. 506, 514 (1869). (emphasis added).

[163] 18 USC 401(3): A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
(3).     Disobedience or resistance to its **lawful** [i.e., the issuing court had subject matter jurisdiction over its proceedings, or the commands of the order or judgment are unlawful] writ, process, order, rule, decree, or command.

offering of GPMT's securities in **civil and criminal violation** the United States federal securities law, 15 USC 77e, 77x, and 78ff.[164]

(e)      As of "on or around February 2001" as alleged in para. 9 of the 1224 Indictment given the unregistered broker-dealer legal status, Exhibit 7, of each of the "Civil Plaintiffs" named in para. 8 of the Indictment, Exhibit 7-1, the Article III federal court as a matter of law lacked a live Article III case or controversy over which to exercise their Article III and 18 USC 3231 subject matter jurisdiction.

Therefore, all judicial proceedings that involved the Civil Plaintiffs' criminal attempts to enforce the Illegal Contracts, GX 1-4 and GX-5,[165] and null and void ab initio; and all orders and

---

[164] See Exhibit 12, **SEC v. Honig**, 18cv08175 (SDNY) (Ramos, J.) para. 86-87 of the SEC's complaint, 02cv2219 (SDNY) "Civil Plaintiff[]" Alpha Capital, AG (Anstalt) was charged by the SEC with securities fraud for obtaining a false and bogus Rule 144 legal opinion from an unnamed lawyer; and then Alpha and others engaged in an illegal and unregistered public offering of restricted securities of "Company A" according to SEC lawyer Nancy Brown, Esq. Judge Ramos, the judge assigned to 18cv08175, himself, therefore possesses material Brady exculpatory evidence required to currently be disclosed to Mr. Ware pursuant to Judge Sweet's August 10, 2007, Dkt. 32, page 2, Brady order, Exhibit 2.

Obviously, Judge Ramos has an actual and apparent conflict of interest as a material witness in the 04cr1224 and 05cr1115 (SDNY) matters and the judge assigned to both; and thus, Judge Ramos is judicially disqualified regarding 04cr1224 and 05cr1115 as of 2018. Judge Ramos' July 28, 2021, Dkt. 304 and August 5, 2021, Dkt. 307, orders are null and void ab initio due to his **concealed and undisclosed actual conflicts of interest**, and is a material interest in the outcome of the 04cr1224 and 05cr1115 proceedings as a material witness possessing suppressed Brady material exculpatory evidence. Judge Ramos will be subpoenaed and called as a Brady exculpatory evidence material witness at the required evidentiary hearing in the event the Government or GSL denies any fact herein, or denies by acquiescence, estoppel by acquiescence or silence.

Judge Ramos has adamantly refused to enforce the court's Brady Orders, Dkt. 32 (04cr1224), Exhibit 2, and Dkt. 17, Tr. 5-9 (05cr1115), Exhibit 3, and demand that the Government's lawyers and privies disclose all **actual innocence** Brady exculpatory evidence to Mr. Ware, for the obvious reason he (Judge Ramos) would be required to come forth and give material Brady exculpatory testimony as a material witness regarding the **SEC v. Honig**, 18cv08175 (SDNY) (Ramos, J.), Exhibit 12, proceedings that concern unregistered broker-dealer, Section 2(a)(11) statutory underwriter, "Civil Plaintiff[]" Alpha Capital, AG (Anstalt). See Exhibits 22-26.

---

[165] See **In re Group Management Corp.**, no. 03-93031-mhm (BC NDGA), GPMT's 11 Chapter reorganization proceedings.; cf., Dkt. 261 (05cr1115), Mr. Ware's brief dated December 19, 2011, to the Civil Plaintiffs' Chapter 11 bankruptcy counsel, Atlanta, GA lawyer Dennis S. Meir, Esq.

judgments entered in any such moot judicial proceedings are themselves moot, null and void ab initio, and invalid. See Exhibit 7.

### Fact #36

(a)     District Judge Edgardo Ramos (SDNY) is hereby designated as an *actual innocent* **Brady exculpatory evidence material witness** and identified as an **UNINDICTED CO-CONSPIRATOR**. See n. 35 supra.

(b)     Judge Ramos, an Unindicted Co-conspirator, has adamantly refused all requests by Mr. Ware to have the Brady Orders enforced. See 05cr1115 (SDNY) Dkt. 260, 263, 267, 272, 273, 274, 275, 276, 283, 287, 291, 293, 294, 295, 299, 302, 305, and unfiled, concealed, and suppressed filings by Mr. Ware, 51A, 51B, 51C, 51D, and 51E, jointly, (the "**Ware Actual Innocence Brady Exculpatory Evidence**").

### Fact #37

**GSL, see Appx. 2 and Exhibits 18,** has adamantly, egregiously, and flagrantly violated the Rule of Professional Conduct and Ethics of the District Court (SDNY), (see **L.R. (D. Ct SDNY), Rule 1.5(b)(5))**[166] and despite numerous requests from their former client, Mr. Ware, GSL, has refused to  (i) immediately turn over all client files[167] and (ii) provide a full escrow accounting of all

---

[166] **Local Civil Rule 1.5. Discipline of Attorneys**: (b) Grounds for Discipline or Other Relief. Discipline or other relief, of the types set forth in paragraph (c) below, may be imposed, by the Committee on Grievances, after notice and opportunity to respond as set forth in paragraph (d) below, if any of the following grounds is found by clear and convincing evidence:
(5) In connection with activities in this Court [04cr1224 and 05cr1115 SDNY], *any* attorney [**Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel, and David B. Levitt, and the Government's lawyers**] is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time by the Appellate Divisions of the State of New York. In interpreting the Code, in the absence of binding authority from the United States Supreme Court or the United States Court of Appeals for the Second Circuit, this Court, in the interests of comity and predictability, will give due regard to decisions of the New York Court of Appeals and other New York State courts, absent significant federal interests.

[167] **What does the ABA have to say about releasing client files?**
In July 2015, the American Bar Association (ABA) provided further guidance on the return of client files in Formal Opinion 471, *Ethical Obligations of Lawyer to Surrender Papers and Property to which Former Client is Entitled.* The ABA noted that the lawyer must, at a minimum, turn over materials that would likely harm the client's interest if not provided.
Applying Model Rule 1.15, the ABA determined that the lawyer must return all property that came into his possession in connection with the representation. This includes tangible personal property; items with intrinsic value or that affect valuable rights, such as securities, negotiable instruments, wills, or deeds; and any documents provided by the client.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

attorney's fees paid by Mr. Ware for GSL's Sixth Amendment representation in 04cr1224 and 05cr1115 (SDNY).[168] See unfiled and undocketed August 13, 2021, pleading 51E; and see GSL's April 30, 2019, letter to Mr. Ware (Exhibit #1 attached hereto). See also August 11, 2021, State Bar of GA Bar grievances filed against GSL by Mr. Ware (in the possession of the Office of the General Counsel, Paula Fredrick, Esq.), Exhibits 17 and Appx. 2.[169]

<center>Fact #38</center>

GSL has violated **L.R. (D. Ct SDNY) 1.5(b)(5)** by the adamant and continued refusal (see Dkt. 51E August 13, 2021, unfiled and undocketed pleading submitted to District Judge Edgardo Ramos and Chief Judge (SDNY) the Hon. Laura Taylor-Swain) to return all requested client files and provide a full escrow accounting of all fees paid for Sixth Amendment representation in 04cr1224 and 05cr1115 (SDNY) and is therefore subject to the District Court's general supervisory authority to discipline lawyer to appear before the District Court (SDNY).

---

Applying Model Rule 1.16(d), the ABA determined that the lawyer must surrender any materials provided by the client; legal documents filed with a tribunal (or those completed and ready to be filed); executed instruments like contracts; orders or other records of a tribunal; correspondence in connection with the representation (including emails retained according to the lawyer's document retention policy); discovery or evidentiary exhibits (including interrogatories and their answers, deposition transcripts, expert witness reports and witness statements, and exhibits); legal opinions issued at the client's request; and third-party evaluations or records paid for by the client.

[168] *Implicit in the attorney-client relationship is a fiduciary and ethical obligation to the client* to properly manage client and third-party funds by establishing and maintaining an attorney trust or escrow account. This duty is governed by specific ethics rules. Avoiding the commingling of client funds is only one of the many duties under those rules. **New York's Rule 1.15** contains strict and strongly enforced rules for escrow accounts. In addition to prohibiting commingling client or third-party funds with the lawyers' funds (or, of course, misappropriating them), it requires: separate and specially designated accounts for escrow funds; • notification to a client or third person upon the receipt of escrow funds; • prompt payment from escrow accounts on proper request; • **complete and accurate record-keeping procedures**; • disbursements to be made only by New York-admitted lawyers; and • account withdrawals to be made only to a named payee and not to cash.

[169] The Office of the General Counsel, State Bar of Georgia, Paula Fredrick, Esq., et al., deliberately, intentionally, willfully, and in bad faith has aided, abetted, and enabled GSL to escape punishment for their unethical and illegal criminal conduct committed against their client, Mr. Ware, by colluding and conspiring with GSL and the "Civil Plaintiffs" lawyers involved in *In re Group Management Corp.*, 03-93031-mhm (BC NDGA), Chapter 11 reorg., Kilpatrick, Townsend, & Stockton, LLP. Dennis, S. Meir, John W. Mills, III, and J. Henry Walker, IV, jointly, ("**KTS**"), see Dkt. 261 (05cr1115), cf., GX 250, 251, 252, and 253 (04cr1224) to whitewash any claim or allegations made against GSL or KTS. See Appx. 2 and Exhibits 17.

**Fact #39**

(a)     The Unindicted Co-conspirators individually, jointly, severally, as an illegal association-in-fact, a continuing criminal enterprise, knowingly, willfully, with malice aforethought, have willfully resisted, disobeyed, aided, abetted, and orchestrated the resistance of and disobedience to lawful court orders and final judgment, the Ware Court Orders, in willful violation of 18 USC 401(2) and 401(3), criminal contempt;

(b)     Edgardo Ramos, has since on or about July 12, 2021, in the "clear absence of all jurisdiction" acted in his personal and individual capacity, and had knowingly and willfully resisted, disobeyed, and has knowingly aided, abetted, colluded, conspired, and racketeered with Audrey Strauss, Melissa Childs, John M. McEnany, and the Unindicted Co-conspirators to continue to resist and disobey the written Brady Orders, Exhibit 2 and 3, resisted Exhibits 3, 4, and 5, and Ramos has knowingly rigged and fixed the 04cr1224 and 05cr1115 proceedings, claiming to rely on null and void ab initio "leave to file" orders, Dkt 160 (04cr1224) and Dkt. 220 (05cr1115), entered in violation of Circuit precedent, and entered in violation of all due process of law, without any notice or opportunity to be heard, see Exhibits 22-26;

(c)     Audrey Strauss, Melissa Childs, John M. McEnany, current AUSAs employed by the DOJ's USAO (SDNY) currently have in their possession material Brady exculpatory evidence, see Appx. 3, the official DOJ emails of Alexander H. Southwell, Nicholas S. Goldin, Maria E. Douvas, Steven D. Feldman, Sarah E. Paul, Katherine Polk-Failla, David N. Kelley, Michael J. Garcia, Joon Kim, Preet Bharara, Andrew L. Fish, FBO analyst Maria Font, former FBI special agent David Makol, all ex parte communications between the USAO and Robert W. Sweet, William H. Pauley, III, Leonard B. Sand, Kenneth A. Zitter, Ari Rabinowitz, and the SEC that contain material Brady exculpatory evidence required to be immediately disclosed to Ulysses T. Ware pursuant to the express commands of the Brady court orders;

(d)     Strauss, Childs, McEnany, and the Unindicted Co-conspirators have colluded, conspired, and racketeered with Ramos to delay, hinder, impede, frustrate, and obstruct "all reasonable efforts" to fully comply with the terms and commands of the Ware Court Orders in violation of 18 USC 401(2) and 401(3), and civil contempt.

(e)     Ulysses T. Ware, the Petitioner, Prevailing Party to the Ware Court Orders, has suffered, is suffering, and will continue to suffer irreparable harms, injuries, and damages as a direct and indirect result of the Unindicted Co-conspirators' continued willful and knowing resistance and disobedience of the Ware Court Orders in the sum certain amount of $2.25 billion dollars.

**Fact 40**

(a)     **The Unindicted Co-conspirators are judicial, prosecutorial, and lay criminal and dangerous predators that are a current and present danger to the community;**

(b)     On September 1, 2004, in Atlanta, GA, the Unindicted Co-conspirators arranged and orchestrated the kidnapping of Atlanta, GA lawyer Ulysses T. Ware, see Exhibits 13, and 15, infra, by the U.S. Marshals, District Judge Thomas W. Thrash, Jr. the USAO, Kenneth A. Zitter, Esq., Leonard B. Sand, and others known and unknown;

(c)     on September 1, 2004, in Atlanta, GA during the **kidnapping**[170], 18 USC 1201 and 1202 of Ulysses T. Ware, the U.S. Marshals, with guns drawn, threatened to murder Mr. Ware unless Mr. Ware, right then, drafted and issued bogus and fraudulent Rule 144(k) legal opinions to the **unregistered broker-dealers**, the "Civil Plaintiffs" named in para. 8 of the 04cr1224 (SDNY) indictment, Exhibits 7 and 8, infra;

---

[170] **18 USC 1201, 1202: Kidnapping.**
**(a)**Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—
**(1)** the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;
**(2)** any such act against the person is done within the special maritime and territorial jurisdiction of the United States;
**(3)** any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 46501 of title 49;
**(4)** the person is a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title; or
**(5)** the person is among those officers and employees described in section 1114 of this title and any such act against the person is done while the person is engaged in, or on account of, the performance of official duties,
shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.
**(b)** With respect to subsection (a)(1), above, the failure to release the victim within twenty-four hours after he shall have been unlawfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away shall create a rebuttable presumption that such person has been transported in interstate or foreign commerce. Notwithstanding the preceding sentence, the fact that the presumption under this section has not yet taken effect does not preclude a Federal investigation of a possible violation of this section before the 24-hour period has ended.
**(c) If two or more persons conspire to violate this section and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.**
**(d) Whoever attempts to violate subsection (a) shall be punished by imprisonment for not more than twenty years.**

(d)     The Unindicted Co-conspirators are dangerous predatory criminals, and will not hesitate to use and cause bodily harm, injury, damages, including murder, see Exhibit 21, infra, to any individual who attempts to hold them accountable for their crimes; the predators are a current and present danger to any community in which they inhabit or reside to such an extent given prior violent acts of kidnapping, threats of murder, extortion money laundering, and, bribery, conspiracy, racketeering, bankruptcy fraud, securities frauds, and other racketeering activities, no amount of bail or conditions will safely secure the community from the predatory Unindicted Co-conspirators; and therefore,

(e)     after arrest on charges of criminal contempt, 18 USC 401(3), sui generis[171], each of the Unindicted Co-conspirators **are required by law to be denied all bail and arrested in the jurisdictional district where they currently reside.**

(f)     Criminal and Civil Contempt and high crimes and misdemeanors of Crimes of Edgardo Ramos, and civil and criminal contempts of DOJ prosecutors Melissa Childs, Audrey Strauss, and John M. McEnany.

### Fact 41.

Beginning from around July 12, 2021, in the Southern District of New York, and elsewhere Edgardo Ramos, ("**Ramos**"), **in his personal and individual capacity,** "in the clear absence of all jurisdiction"[172] knowingly, willfully, acted in concert, aided, abetted, assisted, in bad faith, as an

---

[171] The legal equivalent crime associated with the criminal contempt of the Ware Court Orders is 18 USC 1201 and 1202, kidnapping, and conspiracy to kidnap, **violent crimes**, which are not bailable.

[172] Article III and 18 USC 3231 subject matter jurisdictions have not been "**affirmatively established**" (i.e., "**jurisdiction must be shown affirmatively**, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (emphasis added)) by the United States [the USAO] in regard to Dkt. 250:05cr1115 (SDNY), and thus, the **legal presumption** is that jurisdiction is absent. See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 ("Federal courts are courts of limited jurisdiction. They possess **only that power** authorized by Constitution and statute, see *Willy v. Coastal Corp.*, 503 U.S. 131, 136-137 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), *which is not to be expanded by judicial decree, American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). **It is to be presumed that a cause [Dkt 250:05cr1115] lies outside this limited jurisdiction**, *Turner v. Bank of North-America*, 4 Dall. 8, 11 (1799), **and the burden of establishing the contrary rests upon the party [the USAO] asserting jurisdiction**, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). (1994) (emphasis added).

A federal judge, Ramos, is civilly monetarily liable to Ulysses T. Ware for money damages (+$2.225 billion dollars) when he or she "acts in the clear absence of all jurisdiction." **Stump v. Sparkman**, 435 U.S.

overt act in the furtherance of the conspiracy to resist, avoid, hinder, frustrate, obstruct, evade, and disobey the express and inherent preclusive effects of the Court Orders willfully and knowingly in violation of 18 USC 401(2) and 401(3), criminal contempt. See Exhibits 22-26.

Ramos intentionally, deliberately, with malice aforethought, colluded and conspired with the Unindicted Co-conspirators and coordinated and arranged the 1224 and 1115 proceedings in such a way that he and Audrey Strauss, Melissa Childs, John M. McEnany, (the "**USAO**"), and other Unindicted Co-conspirators were positioned and enabled to **willfully** and **knowingly** resist, avoid, evade, hinder, frustrate, and refuse to take all "reasonable steps"[173] necessary to fully comply with the express and inherent terms and commands of the Ware Court Orders, in particular the Brady Orders, Exhibits 2 and Exhibits 3, and Ramos knowingly and willfully committed the following criminal and civil contempt of the Ware Court Orders, to wit[174]:

---

349, 357-58 (1978). Clearly Ramos has a disqualifying financial interest in the outcome of the contempt proceedings, and is therefore constitutionally and statutorily disqualified, 28 USC 455(a), 455 (b)(1-5), from any and all judicial function regarding any aspect of the contempt motions.

Ramos is strictly prohibited by the Constitution from being a judge in his own case or in a case where he has a financial interest. See *Tumey v. Ohio*, 270 U.S. 510, 523 (1927) ("But it certainly violates the Fourteenth Amendment, *and deprives a defendant in a criminal case of due process of law*, to subject his liberty or property to the judgment of a court a judge [Ramos, J.] **of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case**.") (emphasis added); and *In re Murchison*, 349 U.S. 133, 136 (1952) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent **even the probability of unfairness**. To this end, **no man [Edgardo Ramos] can be a judge in his own case, and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered**.") (emphasis added), respectively.

[173] District Judge Pauley ordered the government's prosecutors, **Exhibit 3** ("This Court will direct the **government to produce no later than the Thursday before the start of trial [05cr1115] that exculpatory material** ....") (emphasis added) and District Judge Sweet, **Exhibit 2** ("The Government **shall** produce *all* **Brady material prior to trial**.") (emphasis added) to disclose **all** Brady evidence **prior to trial** to then defendant Ulysses T. Ware, which the government's prosecutors acknowledged was a "continuing" obligation.

[174] "Civil contempt ... consists of a party's disobedience to a specific and definite court order by failure to take all **reasonable steps** within the party's power to comply." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.1993). A party may also be held liable for **knowingly aiding and abetting another to violate a court order**. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) ("defendants may nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding").

(a)     Ramos, a purported United States District Court Judge (SDNY), knew or was recklessly ignorant of the law, and/or turned a blind eye and a deaf ear to the truth and the law, since July 12, 2021, *recklessly and irresponsibly—that is, in the clear absence of all jurisdiction*, orchestrated and coordinated a criminal conspiracy, (the "**Ramos Conspiracy**") with AUSAs Melissa Childs, John M. McEnany, acting U.S. Attorney (SDNY) Audrey Strauss, the USAO, and the Unindicted Co-conspirators, and Ramos willfully and knowingly manipulated and perfidiously arranged and coordinated the 1224 and 1115 proceedings in such a way that the USAO and its privies, and those acting in concert with the USAO, were and are permitted and able to continue to knowingly resist, evade, avoid, impede, obstruct, and disobey the Brady Orders, Exhibits 2 and 3; suppress and conceal material Brady exculpatory evidence[175] required to be disclosed to Ulysses T. Ware; and resist, avoid, delay, and hinder, specifically the disclosure of Exhibit 22, para.

---

[175] See Exhibits 7 to 15 in 51H (August 29, 2021, Rule 42(a) submission); see also Exhibit 22, infra, para. 33 of the **unsigned** SEC-DOJ commingled Las Vegas 03-0831 (D. NV) complaint: material Brady exculpatory evidence that confirmed, impeached, and vitiated the USAO's trial theory in 05cr1115 that the "**prices**" of INZS and SVSY securities "were **artificially inflated**" by press releases attributed to Ulysses T. Ware, see 1115 indictment, Exhibit 23, and Exhibit 26, infra, the moot August 18, 2009, opinion, (Kearse, J.), *United States v. Ware*, 07-5222cr (2d Cir. 2009), *Ware-I*; Cf., Exhibits 4 and 6, August 18, 2009, final judgment entered in *United States v. Ware*, 07-5670cr (XAP)(2d Cir. 2009), *Gov.-I* (final judgment on the November 7, 2008, **irrevocable USAG's Article II Appellate Political Decision** to terminate, abort, abandon, and dismiss with prejudice the Government's Rule 28.1 "cross-appeal" 07-5670).

Para. 33, Exhibit 22, actual innocence Brady exculpatory fact, is a binding judicial admission and confession, judicial and equitable estoppel, by the United States, the real party in interest, in 03-0831, 04cr1224, and 05cr1115 INZS and SVSY's share "**prices**" did not "**increase**" and therefore did not "**artificially inflate**" caused by any press release of INZS and SVSY fraudulently attributed to Ulysses T. Ware by the USAO's bogus and fraudulent 05cr1115 indictment, Exhibit 23.

The legal consequence of judicial and equitable estoppel of para. 33 on the 03-0831 and 05cr1115 proceedings is that (i) *the 03-0831 **unsigned** complaint (Brady exculpatory evidence) was null and void ab initio, failed to state a claim, and lacks any preclusive effect*; (ii) *para. 33 on July 14, 2003, vitiated and annulled all **probable cause** for the USAO to have sought arrest warrants and the 05cr1115 indictment based on the "artificial inflation" of INZS and SVSY's stock prices prosecutorial trial theory as charged in the null and void ab initio moot 05cr1115 indictment*.

Accordingly, the 05cr1115 indictment was fatally flawed, failed to charge an "offense" (*immaterial disclosures are not civilly [03-0831 D. NV] or criminally [05cr1115 SDNY] actionable in a federal court*); and (iii) *the 1115 district court (Pauley, J., and Ramos, J.) lacked an "offense" and currently lacks all 18 USC 3231 subject matter jurisdiction over the 1115 proceedings, and the 07-5222cr (2d Cir.) court of appeals lacked all Article III subject matter jurisdiction over the moot 05cr1115 proceedings*. Therefore, Dkt. 96, 10/30/2007, Exhibit 17-5, alleged judgment is null and void ab initio, and the State Bar of Georgia, the USAO, Orinda D. Evans, Thomas W. Thrash, Jr., and others are all guilty of willful resistance and disobedience of the Ware Court Orders.

33, infra, a judicial admission, and confession, in the **unsigned** null and void ab initio, moot SEC-DOJ's Las Vegas 03-0831 (D. NV) complaint.[176]

(b)       Ramos knowingly and willfully has colluded and conspired with the USAO and the Unindicted Coconspirators since July 12, 2021, and Ramos maliciously and insidiously orchestrated and coordinated the 1224 and 1115 proceedings and utilized a **fraudulent scheme** predicated on two null and void ab initio, purported "leave-to-file" injunctions, Dkt. 222:1115 (Pauley, J.), Exhibit 24, and Dkt 160:1224 (Sweet, J.), Exhibit 25, both entered in egregious violation of Circuit precedent[177] and the Due Process Clause of the Constitution of the United States, (the "**Fraudulent Scheme**"), to willfully avoid, evade, resist, obstruct, hinder, frustrate, and disobey the Ware Court Orders;

---

[176] CF., Exhibit 22, para. 33 taken from the SEC-DOJ's Las Vegas litigation's **unsigned** complaint with Exhibit 26, infra, the August 18, 2009, risible opinion of Circuit Judge Kearse entered in **United States v. Ware**, 075222-cr (2d Cir. 2009), **Ware-I**: Judge Kearse in numerous places in the 07-5222 opinion, Exhibit 26-1, claimed that the INZS and SVSY's securities' "**prices**" were "**inflated**" "**increased**" or "**artificially inflated**" which is completely impeached and vitiated, **(A)** by para. 33, Exhibit 22, (i.e., " ... **did not** have the intended effect of **increasing** the company's [INZS and SVSY's] stock **price**."). Indisputably material Brady exculpatory evidence willfully and deliberately suppressed by the SEC, the USAO, Ramos, Pauley, Sweet, and the USPO; and **(B)** impeached and vitiated by the teary testimony of FBI analyst Maria Font under brutal cross-examination by Ulysses T. Ware at trial in 05cr1115, **Exhibit   8-1**. The Unindicted Coconspirators' criminal willful contempt of the Brady Orders.

[177] See **Viola v. United States**, 481 Fed. Appx. 30, 31 (2d Cir. 2012) ("[T]he procedure for imposing leave-to-file sanctions involves **three stages**: (1) the court [Pauley, Sweet, and Ramos **first**] notifies the litigant that future frivolous filings might result in sanctions; (2) if the litigant continues this behavior, **the court orders the litigant to show cause as to why a leave-to-file sanction order should not issue**; and (3**) if the litigant's response does not show why sanctions are not appropriate**, the court issues a sanctions order.") (internal quotation marks and citation omitted). (emphasis added).

No required "show cause" order was ever entered in 1224 and 1115 according to the certified dockets in both proceedings. Nor was Ulysses T. Ware ever given any opportunity to be heard why any such sanction was not appropriate. **Accordingly, Dkt. 222 and Dkt. 160 are null and void ab initio and have no lawful preclusive effects** to prohibit Ramos from adjudicating Mr. Ware's Rule 33 motion for a New Trial predicated on "Flagrant" Brady violation; Motion to Dismiss the 05cr1115 and 04cr1224 (SDNY) Indictments; Motion to Enforce the Brady Orders; Motion for Kordel Relief, Motion Challenging the Subject Matter Jurisdiction of the 1224 and 1115 District Court, and other pending Emergency Motions. Ramos, Pauley, and Sweet designed and entered the ultra vires purported "leave-to-file" injunctions as the illegal and fraudulent scheme to cover up, hide, suppress, and conceal their crimes in aiding and abetting the willful resistance, avoidance, and disobedience of the Brady Orders and the Court Orders done to violate the constitutional and legal rights of Ulysses T. Ware.

(c)      Ramos maliciously, willfully, and knowingly, acted in concert with the USAO, as an overt act in furtherance of the criminal conspiracy to obstruct the due administration of justice in the District Court (SDNY), **within the purview of the "general supervisory authority" of the Hon. Chief District Judge Laura Taylor-Swain to prevent[178]**, and Ramos used the Fraudulent Scheme as the illegal means and method for him, the USAO, and the Unindicted Co-conspirators to willfully and knowingly evade, resist, obstruct, delay, impede, hinder, disobey, and avoid their legal obligations imposed by the terms and commands of the Ware Court Orders to take **every** "reasonable step" in full compliance of the Ware Court Order's terms and conditions. Else willfully violate 18 USC 401(2) and 401(3).[179]

(d)      Ramos and the USAO knew it was "reasonable" for Ulysses T. Ware, the Prevailing Party to the Brady Orders and the Ware Court Orders, to exercise his legal right of enforcement of the Ware Court Orders and petition the Court for enforcement.[180] Thus, the fraudulent concoction of the **Ramos Fraudulent Scheme** was designed and fabricated as an illegal device to evade, resist, hinder, delay, and avoid all "reasonable steps" for full compliance of the Ware Court Orders[181] as an overt act in a racially-motivated Jim Crow retaliatory hate crime conspiracy to

---

[178] The federal courts enforce professional responsibility [judicial, the Code of Conduct for Federal Judges, and prosecutorial] standards pursuant to their **general supervisory authority** over members of the bar. *In Re Snyder*, 472 U.S. 634, 645 n. 6 (1985). (emphasis added).

[179] A party may also be held liable for **knowingly aiding and abetting** another to violate a court order. *See Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 14 (1945) ("defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding"). **The USAO, a party to the Brady and Ware Court Orders, conducted its willful and knowing resistance to the Court Orders through Ramos' conspiratorial Fraudulent Scheme to obstruct justice and in willful criminal contempt of the Ware Court Orders.**

[180] In general, "the power to punish for contempt is inherent in all courts*." Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 63 (E.D.N.Y. 2008) (citations omitted). "The underlying concern is 'disobedience to the orders of the [j]udiciary,' not 'merely the disruption of court proceedings.'" Id. (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). *As such, an individual* [Edgardo Ramos and the Unindicted Co-conspirators] *who disobeys a valid order of the court may be subject to both civil and criminal penalties for his actions*. Id. (citing *United States v. Petito*, 671 F.2d 68, 72 (2d Cir. 1982)). "Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's orders or **to compensate the complaining party [Ulysses T. Ware] for losses [+$2.225 billion dollars] incurred as a result of the contemnor's conduct.**" Id. (citing *Hess v. New Jersey Transit Rail Operations, Inc.*, 846 F.2d 114, 115 (2d Cir. 1988)). (emphasis added).

[181] *Sacco v. Burke,* 764 F. Supp. 918, 921 (S.D.N.Y. 1991) ("The **only** defenses to civil contempt are (1) that the order claimed to be violated is vague and indefinite as to whether particular action is required or . . .; (2) that the disobedient party lacked actual knowledge of the terms of the order; or (3) that proof of the party's noncompliance is not clear and convincing." (internal citation omitted)).

"punish" Mr. Ware for not issuing fraudulent and bogus Rule 144(k) legal opinions to the "Civil Plaintiffs" named in para. 8 of the 04cr1224 indictment, Exhibit 7, (i) **unregistered broker-dealer** and (ii) 15 USC 77b(a)(11) **statutory underwriters** legally ineligible for Rule 144(k). See **SEC Release 33-7190 n. 17 (1995)** (Section 2(a)(11) **statutory underwriters required to register all distribution of securities** with the SEC).

## Fact 42

Retained counsels, Edward T.M. Garland, Donald F. Samuel, Manibur S. Arora, David Levitt, and Michael F. Bachner, officers of the court, appeared in 1224 and 1115, respectively, as purported *adversarial and independent* Sixth Amendment counsel on behalf of the legal interests of Ulysses T. Ware. See Exhibits 18, 18-1. See Appx. 2.

(a)    From the entry of appearance the retained counsels refused and failed to provide the Sixth Amendment required adversarial and independent "effective" "assistance" of "counsel" and all failed to advance any cogent or coherent *adversarial* defense strategy, failed to undertake any *independent* investigation of the alleged facts and Government's theory of prosecution, and all failed to file any *adversarial* and *effective* motion that challenged the elements of the Government's case in any strategic manner.

(b)    From the entry of appearance the retained counsels *corruptly and perfidiously* aligned themselves with the interests of the Government Lawyers and all knowingly, willfully, in bad faith colluded, conspired, acted in concert, and assisted the Government Lawyers to resist, conceal, suppress, and cover-up material Brady exculpatory evidence that would have required the 1224 and 1115 indictments be dismissed with prejudice. See Exhibits 5, 7, 8, 8-1, 9, 10, 11, 12, 13, 13-1, 14-1, 15, and 22 (the **"Actual Innocence Facts"**); cf., Appx. 2 and Appx. 3.

(c)    From the entry of appearance the retained counsels refused to adequately and properly research the law regarding the acts claimed in the Government's 1224 and 1115 indictments. All refused to *assist* Ulysses T. Ware as "counsel," prepare strategy or formulate a viable defense, all refused to act and function as "counsel," all were deliberately ineffective, all performed and functioned in a deficient and subpar manner, and all acted in concert and corruptly with the Government Lawyers to breach their fiduciary duties owed to their client Ulysses T. Ware.

(d)    From the entry of appearance the retained counsels have refused and failed to provide any escrow accounting of all retainers received from Ulysses T. Ware in violation of the ABA and New York State Bar Association Rules of Professional Conduct.

(e)    From the entry of appearance the retained counsels deliberately, intentionally, and in bad faith, deceived, misrepresented, lied, committed fraud, and misinformed their client Ulysses T. Ware as overt acts in furtherance of the collusion and conspiracy entered into with the

Government Lawyers to have Ulysses T. Ware falsely and fraudulently convicted and unlawfully sentenced to prison for alleged crimes that he did not commit.

(f)    The retained counsels all pressured and badgered Ulysses T. Ware to plead guilty to the non-offense charges in the 1224 and 1115 indictments. All lied and committed a fraud on their client by mispresenting the facts and the law while colluding and acting in concert with the Government Lawyers to violate the Sixth Amendment right to non-conflicted counsel. See Appx. Id.

### Fact 43

CJA counsel Gary G. Becker, Esq., an officer of the court, from the entry of appearance in 1115 corruptly acted and functioned in collusion and conspired with the trial judge, William H. Pauley, III (deceased) and the Government Lawyers *as a mole and government agent* to convey confidential information Becker learned from the close association to Ulysses T. Ware at trial at the defense table.[182]

(a)    Becker, over the objections of Ulysses T. Ware, sat at the defense table throughout the 1115 trials and sought to and did convey a pejorative posture to the trial jury by reading a book at the defense table in the courtroom during the trial as part of his assigned duties to subvert the judicial process and due process of law.[183]

(b)    Becker was paid a bribe or illegal gratuity, the fraudulent payment of CJA fees, for functioning in this agreed role as a government and court agent to learn the confidences and strategies of Mr. Ware, and to convey those learned strategies and confidences to the government's prosecutors and the district court.

---

[182] Gary G. Becker, Esq., was appointed by the 1115 Court (Pauley, J), as CJA "stand-by" **counsel** over the objections of Ulysses T. Ware, who appeared in 1115 as pro se counsel after retained counsel Michael F. Bachner, Esq. was caught and terminated for transmitting trial strategy and confidential information to AUSA Alexander H. Southwell; and for Bachner's refusal to file a motion to suppress the government's evidence. See Dkt. 30, 31, and 33 in 1115. Becker was not paid for any **legal services** performed as CJA "counsel" but, rather, was paid by District Judge William H. Pauley, III as a kickback, a bribe, or as an illegal gratuity for his unlawful services as a government agents, a mole, and a spy, in violation of the New York Bar Association Rule on Professional Conduct.

[183] Becker corruptly functioned as a covert government agent, a mole, and a spy, as the conduit for the trial judge, Pauley, J., and the Government Lawyers to receive confidential information and learn of the defense's trial strategy.

### Fact 44

CJA counsel for codefendant government 1115 trial witness Jeremy Jones, see Exhibits 29, Marlon Kirton, Esq., an officer of the court, knowingly, willfully, and in bad faith *corruptly* colluded, conspired, and aided and abetted the Government Lawyers to commit a fraud on the 1115 trial (Pauley, J.) and magistrate courts (Dolinger, J.) by actively and knowingly aided and abetted the Government Lawyers to conceal and suppress Brady exculpatory evidence in possession of the USAO (SDNY), the FBI, and the SEC in civil and criminal contempt of the Brady Court Orders and the Court Judgments. See Exhibits 2, 2-1, 3, 3-1, 8, 8-1, 9, 10, 13, 13-1, and 22.

(a)     Kirton corruptly, see Exhibits 29, acted, and functioned as a covert government agent from the entry of appearance, and Kirton agreed, colluded, conspired, coordinated, and suborned the known perjury of his client, Jeremy Jones, in collusion and while conspiring with Government Lawyers AUSAs Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Andrew L. Fish, Maria E. Douvas, and Michael J. Garcia.

(b)     Kirton arranged, coordinated, and suborned the known perjury of Jeremy Jones as the overt act for the Government Lawyers to commit a fraud on the 1115 trial jury and court by the introduction and subornation of perjured testimony by Jones that he was involved in a criminal conspiracy that he was unaware of, and a conspiracy that he testified before the 03-0831 (D. NV) SEC lawyers that he was unaware of any conspiracy, and had he been aware be would not have joined and participated.[184] **See Exhibits 29, infra.**

(c)     Kirton knew that Jones intended to lie and encouraged Jones, in collusion with the government's lawyers, to knowingly commit perjury at trial in 1115. Kirton arranged, coordinated, conspired, and colluded with the Government Lawyers to have Jones enter into a secret deal with the Government Lawyers, Exhibits 29, that Jones would not receive any prison time if he (Jones) lied and committed perjury that he was involved in a conspiracy with Ulysses

---

[184] See the **suppressed and concealed** SEC *actual innocent* Brady Email, Exhibit 8: The contents of the official SEC email sent to Jones by SEC lawyer Jeffrey B. Norris, cf., Exhibits 9, 10, 13, 13-1, and 14-1, material Brady exculpatory evidence in the possession of the SEC and constructive possession of the Government Lawyers. Jones and the 1115 government trial witnesses were not added to the SEC's Las Vegas 03-0831 (D. NV) civil lawsuit because the SEC's lawyers did not believe there was any conspiracy between Ulysses T. Ware, Jones, and the government's 1115 trial witnesses.

Actual innocence Brady exculpatory evidence that was knowingly and willfully suppressed and concealed by District Judge William H. Pauley, III and the Government Lawyers' willful conspiracy to obstruct justice, see Pauley, J., January 8, 2007, Order, Dkt. 35, that prohibited Ulysses T. Ware from exercising his Sixth Amendment constitutional right to present a "complete defense to the government's charges" and subpoena and compel the SEC's Las Vegas litigation, 03-0831 (D. NV), lawyers in possession of the Brady exculpatory evidence to testify on his behalf at trial in 1115.

T. Ware, and "artificially inflated" the prices of INZS and SVSY's securities, which in direct contradiction to his sworn SEC deposition testimony[185], which would enable the Government to admit into evidence known fabricated and manufactured hearsay testimony and evidence pursuant to FRE 801(d)(2)(E).

(d)     Kirton falsely and fraudulently prepared and submitted bogus and fraudulent CJA payment requests to the District Court (SDNY) while knowing that he acted and functioned not as "counsel" but as a covert government agent to commit a fraud on the court and knowingly suborn the lies and perjury of his client government "principal witness" Jeremy Jones,[186] and Kirton knew that he aided and abetted the Government Lawyers to suppress and conceal material Brady exculpatory evidence that Jones was not involved in any conspiracy, not did Jones "artificially inflate" or "increase" the "prices" of INZS and SVSY's securities. See Exhibit 22.

(e)     Kirton, knowingly, deliberately, willfully, and in bad faith, as an officer of the court, aligned himself with the Government, and agreed, colluded, conspired, suborned, and facilitated his client, the Government's "principal witness," Jeremy Jones, to knowingly commit perjury on or about September 22, 2006, by allegedly entering into a null and void ab initio, unenforceable, bogus, and fraudulent Rule 11 plea (perjury) contact. See Exhibit 29-3, and 29-4, infra.

### Fact 45

Since beginning in or around 2005 in the Eastern District of New York, the Southern District of New York, and elsewhere, Damian Williams, Merrick Garland, Williams H. Pauley, III (deceased), Robert W. Sweet, (deceased), Audrey Strauss, Melissa Childs, Margaret M. Garnett, Daniel Gitner, David Mulcahy, Michael Fitzpatrick, Thomas J. McCarthy, Merrick B. Garland, and others known and unknown, knowingly, *deliberated, confederated, agreed, and have corruptly acted and functioned with an evil and malicious motive in concert as an illegal association-in-fact, a continuing criminal enterprise*, in willful violation of the Constitution of the United States and its laws, have orchestrated an illegal plan and scheme to restrict Petitioner's freedoms, mobility, and rights he is entitled to under the First and Fifth Amendments of the Constitution. See Appx. 3 and Appx. 5.

### Fact 46

Since August 10, 2007, Dkt. 32, see Exhibit 2, the United States, and the government's prosecutors, and those that have knowingly and willfully in bad faith, aided and abetted them,

---

[185] Cf., Exhibit 8.

[186] See Exhibits 23 and 26-1.

Page **176** of 395
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

have been in civil and criminal contempt of the Brady Court Order entered in *United States v. Ware*, 04cr1224 (SDNY) (Sweet, J.) (deceased);

(a)      the government knowingly and willfully in bad faith suppressed, concealed, hid, and covered up material Actual Innocent Brady exculpatory and impeachment materials required to have been disclosed to Ulysses T. Ware "prior to trial" as ordered by the commands of the Brady Court Order.

(b)      the government is currently in willful criminal and civil contempt of the Brady Court Order, Exhibit 2.

### Fact 47

Since May 19, 2006, Dkt. 17, see Exhibit 3, the United States, and the government's prosecutors, and those that have knowingly and willfully in bad faith, aided and abetted them, have been in civil and criminal contempt of the Brady Court Order entered in *United States v. Ware*, 05cr1115 (SDNY) (Pauley, J.) (deceased);

(a)      the government knowingly and willfully in bad faith suppressed, concealed, hid, and covered up material Actual Innocent Brady exculpatory and impeachment materials required to have been disclosed to Ulysses T. Ware "prior to trial" as ordered by the commands of the Brady Court Order.

(b)      the government is currently in willful criminal and civil contempt of the Brady Court Order, Exhibit 3.

### Fact 48

GSL's purported Sixth Amendment legal counsel's performance was per se ineffective, and Mr. Ware was prejudiced by the subpar performance.

### Fact 49

Michael F. Bachner, Esq. purported Sixth Amendment counsel's performance was per se ineffective; and Mr. Ware was prejudiced by the subpar performance.

**Fact 50**

GSL, Michael F. Bachner, Esq., and Gary G. Becker, Esq., jointly and severally, aided, abetted, facilitated, and assisted the government as a government agent, to rig and fix the 04cr1224 and 05cr1115 proceedings in such a manner that Mr. Ware was deprived of his constitutional rights to the effective assistance of counsel; for which he was harmed, injured, and prejudiced.

**End of Document**

I Ulysses T. Ware have this 15th day of March 2022 in Brooklyn, NY set my hand and seal, under oath, subject to the penalty of perjury, having personal knowledge of the facts, and pursuant to 28 USC 1746 have made the foregoing statements of fact and certify each Fact is true and correct and signed this Declaration.

/s/ Ulysses T. Ware

Ulysses T. Ware
March 15, 2022

Ulysses T. Ware

03.15.22
Date

03.17.22

Page **178** of **395**
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Notary Signature

**Notary Signature**

**Date:** _3/17/2022_

**Notary Public Seal**

JÓLAN OSTANE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01OS6286856
Qualified in King County
Commission Expires Aug. 05, 20 25

_8/5/2025_

**My commission expires on**

Page 179 of 395
54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Scanned with CamScanner

# Exhibits

Clear and convincing evidence of civil and criminal contempt of the Final Judgments and Court Order; and suppressed and concealed Brady exculpatory and Giglio impeachment evidence.

Exhibit 1

Gov't Oct. 2007 Rule 48 dismissal of the 05cr1115 (SDNY) indictment

| | | Ware's Application for an Immediate Order for an Extension purs to Federal Rule of Appellate Procedure 4(b)(4) for good cause for an extension of 30 days to file the Notice of Appeal. Application Denied. This court lacks jurisdiction to grant the requested relief. So Ordered.. (Signed by Judge William H. Pauley III on 10/2907)(pr) (Entered: 10/30/2007) |
| 10/30/2007 | | DISMISSAL OF COUNTS on Government Motion as to Ulysses Thomas Ware (1) Count 1,2. (jw) (Entered: 11/01/2007) |
| 10/30/2007 | 96 | FILED JUDGMENT IN A CRIMINAL CASE as to Ulysses Thomas Ware (1), Count(s) 1, 2, Underlying indictments and counts are dismissed on the motion of the US; Found guilty to Count(s) 1s, 2s, Imprisonment for a total term of 60 Months on Count 1 and 97 months on count 2 to run concurrently. Supervised release for a term of 3 Years on both counts. The Court makes the following recommendations to the Bureau of Prisons: The Court recommends the deft be designated to a facility closest to the Atlanta, Georgia Metropolitan area. The deft shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2pm on January 10, 2008. Special Assessment of $200 which is due immediately. Fine of $25,000. The defendant shall pay a |

Exhibit 2

04cr1224 (SDNY) Dkt. 32 Brady Order

UNITED STATES OF AMERICA, - against - ULYSSES THOMAS WARE, a/k/a THOMAS WARE,
Defendant.
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK
2007 U.S. Dist. LEXIS 58786
04 Cr. 1224 (RWS)
August 8, 2007, Decided
August 10, 2007, Filed

Editorial Information: Subsequent History

Later proceeding at United States v. Ware, 2008 U.S. Dist. LEXIS 101537 (S.D.N.Y., Dec. 9, 2008)

Counsel:                    For Thomas Ware (1), also known as Ulysees Thomas Ware (1),
Defendant: Nancy Lee Ennis, LEAD ATTORNEY, Quijano & Ennis, P.C. (381 Park Ave. S.),
New York, NY.
                            Thomas Ware (1), also known as Ulysses Thomas Ware (1),
LEAD ATTORNEY, Defendant, Pro se, Norcross, GA.
                            For USA, Plaintiff: Nicholas Stoloff Goldin, LEAD ATTORNEY,
U.S. Attorney's Office, SDNY (St Andw's), New York, NY.
Judges: ROBERT W. SWEET, U.S.D.J.

Opinion

Opinion by:       ROBERT W. SWEET

Opinion

MEMORANDUM OPINION AND ORDER

Sweet, D.J.:

Defendant Thomas Ware (the "Defendant" or "Ware") has filed a motion seeking the following: (1)
Dismissal of the Indictment for lack of proper venue in the Southern District of New York; (2)
Production of exculpatory material; (3) Notice of other act evidence the Government intends to
introduce at trial under Fed. R. Evid. 404(b); (4) A bill of particulars; (5) Disclosure of *ex parte*
communications between Judge Leonard B. Sand and the plaintiffs in the civil contract action
underlying the pending criminal contempt charges, *Alpha Capital, et al. v. Group Management, et
al.*, No. 02 Civ. 2219 (LBS) (the "Civil Action"); (6) Disclosure of the name and contact information of
the Government official who certified certain affidavits in the Civil Action; (7) Disclosure of the
criminal history and plea agreement of "Edward M. Grushko"; (8) Disclosure of the indictments of
"Thomas Badian" and "Andres Badian"; and (9) Disclosure of the identity of the Assistant United
States Attorney who presented the Indictment to the Grand Jury. For the reasons stated below, the
motion will be granted in part and denied in part.

*Venue is Proper*

When a defendant is charged with criminal contempt for violating a court order, "[t]he district in
which the court order was issued is . . . said to have sufficient contact with the criminal contempt to
be the site of prosecution." *United States v. Reed*, 773 F. 2d 477, 481-82 (2d Cir. 1985). All charges

Tyboaues

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

## Exhibit 2-1

*The Government Shall Produce All Brady Material Prior to Trial*

Ware has requested that the Government provide him with all exculpatory and impeachment material before the commencement of the trial, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In its brief (and in prior communications to the Defendant), the Government has repeatedly consented to this request. There being no opposition, this aspect of the motion shall be granted.

*The Government Shall Provide Notice of Other Act Evidence*

Ware has requested that the Government provide him with all "other act" evidence by a date certain before the trial. In its brief, the Government has agreed to provide notice of all Fed. R. Evid. 404(b) evidence by September 19, 2007, which is the current deadline for the filing of *in limine* motions. There being no opposition, this aspect of the motion shall be granted. Should the deadline for the filing of *in limine* motions be extended, the deadline for notice of "other act" shall likewise be extended to coincide with the newly established *in limine* deadline.

**Exhibit 3**

**05cr1115 (SDNY) Dkt. 17 Brady Order**



SA-30

P. 71

5

65JAAMARC                    Conference

1   for that and to let the Court know there may -- the government
2   may seek to return a superseding indictment because we may add
3   additional counts.
4        THE COURT:  The government always has that right,
5   obviously, so long as it's not close to trial.
6        MR. SOUTHWELL:  Certainly, your Honor.
7        THE COURT:  I'll direct the government to provide the
8   defendants with such a letter by June 21.
9        Now, the defendants also make applications for early
10  disclosure of Brady material and Jinx Act material and Giglio
11  material.  The government has acknowledged its continuing duty
12  to turn over exculpatory material and asserts that it is not
13  aware of any materials of the current time.  The government's
14  representation is sufficient to satisfy the government's Brady
15  obligations in this case.  See United States versus Gallo, 1999
16  Westlaw 9848 at star 7 SDNY 1999.
17       With respect to Jinx Act and Giglio material,
18  obviously, that material needs to be produced in time for its
19  effective use at trial.  It's the government's responsibility
20  to determine when that material should be produced to permit
21  its effective use.  See En Re United States v. Coppa, 273 F3rd
22  132 2d Cir. 2001.
23       This Court will direct the government to produce no
24  later than the Thursday before the start of trial that
25  exculpatory material unless the government believes that such

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8/27/2012

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 3-1  Page 2 05cr1115 Brady Order



## SA-31

P. 72

6

65JAAWARC                    Conference

1   early disclosure would create a security risk for a witness in
2   which case the government can make an ex parte application to
3   the Court and the disclosure that I am requiring on the
4   Thursday before the start of trial relates to witnesses the
5   government intends to call during the first week of trial so
6   that we can avoid any delays during the course of the trial to
7   afford defense counsel an opportunity to review material.
8          Obviously, at the same time and this feeds directly
9   into the government's need to exercise appropriate discretion
10  and judgment here, the more materials that the government has
11  to produce concerning a particular witness, the more important
12  it is for the government to produce them earlier rather than
13  later.
14         Finally, the defendants make an application for
15  disclosure of communications between the SEC and the United
16  States Attorney's Office in connection with this matter.
17         The defendants' allegations of collusion between the
18  SEC staff and the U.S. Attorney staff are conclusory and
19  they're belied by documents that including a letter exchange
20  that the government has produced as part of its opposition to
21  this motion. And I take it, Mr. Southwell, that the only
22  communications between the U.S. Attorney's Office and the SEC
23  that are in writing are these letters or are there other
24  letters or exchange between the agencies?
25         MR. SOUTHWELL: I believe there may be some

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8/27/2012

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 4

August 18, 2009, Final judgment entered in 07-5670cr (XAP) (2d Cir), Dkt. 113
(05cr1115), see Ex. 4-1.

| 04/15/2009 | | First Supplemental ROA Sent to USCA (File)(4 VOL). Supplemental Indexed record on Appeal Files as to Ulysses Thomas Ware re: 103 Notice of Appeal - Final Judgment USCA Case Number 07-5222, were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/15/2009) |
| 04/17/2009 | | Payment of Fine from Ulysses Thomas Ware in the amount of $50.00. Date Received: 4/17/09. (mn) (Entered: 04/17/2009) |
| 04/20/2009 | 112 | SEALED DOCUMENT placed in vault. (jri) (Entered: 04/20/2009) |
| 08/20/2009 | 113 | MANDATE of USCA (certified copy) as to Ulysses Thomas Ware re: 102 Notice of Appeal - Final Judgment, 103 Notice of Appeal - Final Judgment, USCA Case Number 07-5222-cr(L), 07-5670-cr. Ordered, Adjudged and Decreed that the judgment of the District Court is AFFIRMED and the matter is REMANDED for additional proceedings in connection with sentencing in accordance with the opinion of this court. Catherine O'Hagan Wolfe, Clerk USCA. Issued As Mandate: 7/18/2009. (nd) (Entered: 08/20/2009) |
| 08/20/2009 | | Transmission of USCA Mandate/Order to the District Judge re: 113 USCA Mandate - Final Judgment Appeal,. (nd) (Entered: 08/20/2009) |
| 08/31/2009 | 114 | ENDORSED LETTER as to Ulysses Thomas Ware, addressed to Judge Pauley, from Nicholas S. Goldin, AUSA, dated 8/26/09, re: On 8/18/09, the Court of Appeals affirmed the conviction of the dft Ulysses Thomas Ware and rejected all of his claims on appeal with one exception: whether there is a factual basis for applying the four-level role enhancement under the Sentencing Guidelines.... The Gov't is reviewing the decision of the Court of Appeals and the record in this Court with respect to the role enhancement issue, and seeks |

Exhibit 4-1

Gov.-I, 07-5670 (2d Cir) Aug. 18, 2009, final judgment.



**UNITED STATES COURT OF APPEALS**
**FOR THE**
**SECOND CIRCUIT**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of August, two thousand and nine.

PRESENT:    Amalya L. Kearse,
            Robert D. Sack,
            Peter W. Hall,
                Circuit Judges.

United States of America,

        Appellee-Cross-Appellant,

        v.                                          **JUDGMENT**
                                                    Docket Number: 07-5222-cr (L)
                                                                   07-5670-cr
Ulysses Thomas Ware, also known as Thomas Ware,

        Defendant-Appellant-Cross-Appellee,

Jeremy Jones,

        Defendant.

The appeal in the above-captioned case from a judgment of United States District Court for the Southern District of New York having been submitted on the district court record and the parties' briefs. On consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the judgment of the District Court is AFFIRMED and the matter is REMANDED for additional proceedings in connection with sentencing in accordance with the opinion of this Court.

A TRUE COPY                          FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk       Catherine O'Hagan Wolfe,
                                     Clerk
by _____
      DEPUTY CLERK                   By: _____
                                     Judy Pnamanont, Motions Staff Attorney

CERTIFIED: June 18, 2019

Exhibit 5

December 20, 2007, Dkt. 90, voluntary Rule 41(a)(2) superseding <u>final judgment</u> entered in 02cv2219 (SDNY) after the statute of limitation had run on all claims.



**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 6

Nov. 7, 2008, USAG's Article II Appellate Political Decision that dismissed with prejudice 07-5670 (XAP) and triggered the Double Jeopardy Clause's and res judicata protection in favor of Ulysses T. Ware, the Prevailing Party. Cf., Exhibit 4, supra.



USAO's 11/07/2008 appeals brief in 07-5222-CR and 07-5670-Cr (XAP).

2

William H. Pauley III, United States District Judge, and a jury.

Indictment S1 05 Cr. 1115 (WHP) (the "Indictment") was filed on September 14, 2006, in two counts. Count One charged Ware and Jeremy Jones with conspiring to commit securities fraud and wire fraud, in violation of Title 18, United States Code, Section 371. Count Two charged Ware and Jones with securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

Ware's first trial began on January 15, 2007. Ware, a securities attorney, represented himself *pro se* with the assistance of standby counsel appointed under the Criminal Justice Act. On January 23, 2007, Judge Pauley declared a mistrial at Ware's request after one of the Government's witnesses fell critically ill during a weekend recess in the course of his testimony.

Ware's retrial began on April 16, 2007, with Ware again representing himself with the assistance of standby counsel. On April 30, 2007, the jury found Ware guilty on both counts.

On October 26, 2007, Judge Pauley sentenced Ware to a term of 97 months' imprisonment, to be followed by

*[handwritten]* J. (S. Tr. found the gov't trial proof to be insufficient on elemen fraud on the market theory. Ex. at 11, supra.

*[handwritten]* United States' Art. II, §3 political decision made on 11/3/2008

The Government filed a notice of appeal but is not pursuing a cross-appeal.

*[handwritten]* 10/12/2007 (S.Tr. 30-31) and 10/26/2007 (S.Tr. 73-74

*[handwritten]* See Dkt. #99 or Ex. at 1-2 and Ex. at 8-11.

Exhibit 7

Suppressed Material Brady exculpatory evidence

FINRA's May 17, 2021, certification of unregistered broker-dealer status for each of the "Civil Plaintiffs" named in para. 8 of the 04cr1224 indictment.

## CERTIFICATION OF NO FINRA BUSINESS RECORDS

I, Marcia E. Asquith, being first duly sworn, depose and state as follows:

1. I am the Executive Vice President, Board and External Relations. In that capacity, I oversee the functions of the Office of the Corporate Secretary at the Financial Industry Regulatory Authority, Inc. ("FINRA"). I am familiar with and am a custodian of FINRA business records, including interpretations, policies and rules adopted by the FINRA Board of Governors.

2. No documents related to the firms listed below were prepared, kept and maintained in the ordinary course of FINRA's business:

        a) Alpha Capital, AG
        b) Stonestreet, L.P.
        c) Markham Holdings, Ltd.
        d) Amro International, S.A.
        e) LH Financial Services

Marcia E. Asquith
Executive Vice President, Board and External
Relations and Corporate Secretary

Subscribed and sworn to before me this ___ day of _____May_____, 2021.

Notary Public, District of Columbia

My commission expires: __5/31__

Exhibit 7-1

Para. 8 of the 04cr1224 (SDNY) indictment.

Case 1:04-cr-01224-ER   Document 1   Filed 11/17/04   Page 2 of 12

exising under the laws of Ontario with its principal place of business in Ontario, Canada.

5.   At all times relevant to this Indictment, Group Management Corporation, formerly known as IVG Corporation, formerly known as Internet Venture Group, Inc., was a Delaware corporation with its principal place of business in Atlanta, Georgia.

6.   From on or about August 25, 2004 to on or about the date of the filing of this Indictment, Silver Screen Studios, Inc. was a Georgia corporation and a successor to Group Management Corporation with its principal place of business in Atlanta, Georgia.

7.   At various times relevant to this Indictment, as set forth herein, THOMAS WARE, a/k/a "Ulysses Thomas Ware," the defendant, served as the chief executive of and attorney for Group Management Corporation and was affiliated with Silver Screen Studios, Inc.

BACKGROUND

Civil Action

8.   On or about March 20, 2002, Alpha Capital Aktiengesellschaft, Amro International, S.A., Markham Holdings, Ltd., and Stonestreet Limited Partnership (collectively the "Civil Plaintiffs") commenced a civil lawsuit against Group Management Corporation ("GMC") and certain of its shareholders at

Exhibit 8

Suppressed Material Brady exculpatory evidence: SEC Brady exculpatory and impeachment email.

¶21

The USAO and the SEC bribed Judge Pauley for the entry of the Barasch Bribe Order to intentionally violate Mr. Ware's Fifth and Sixth Amendment rights to "present a complete defense" by offering at trial in 1115 the live testimony of the "SEC's Lawyers" (Barasch, Webster, Norris, Hannan, and Martin), and District Judge Dawson regarding the exculpatory and favorable evidence the SEC's Judicial Admissions (¶¶30, 31, and 33), (Ex. at 22-23) in the 0831 complaint (which pled the United States out of court in 0831 and conversely, pled the United States out of court in 1115 and 1224), Brady (exculpatory) evidence and Giglio (impeachment) evidence.

¶22

The Barasch Bribe Order (Ex. at 32-36) was entered by Judge Pauley while colluding and conspiring with the SEC, the USAO, and Judge Dawson, to suppress the exculpatory and favorable SEC Brady Email sent to alleged 1115 co-defendant Jeremy Jones (who allegedly pled guilty to the indictment pretrial, however there are no records of Jones' purported guilty plea in the court's files) by SEC lawyer Norris informing Jones as follows regarding any conspiracy regarding INZS:

"Mr. Jones you were not added to the SEC's Las Vegas litigation because the SEC believed your sworn SEC deposition testimony that you and the employees (Epps, Williams, Sadler, and Jackson, the "Gov't Stooges") 'were not involved in any conspiracy with Mr. Ware [because there was no conspiracy], and would not have participated had you known.' (emphasis added).

Mr. Jones keep your contact information current in the event the Commission needs to talk to you again. I am sure Mr. Ware will contact you seeking your assistance." (the "SEC Brady Email").

¶23

The SEC Brady Email, which was suppressed by the Barasch Bribe Order was material evidence -- which if disclosed to Mr. Ware before or during trial, the Gov't Stooges' known perjured testimony "they were part of a conspiracy" would have been directly impeached, their credibility seriously and irreparably vitiated, i.e., the jury would have surely wanted to know why the SEC's Lawyer believed the Gov't Stooges and did not add them to the SEC's Las Vegas litigation' yet the USAO did not believe their sworn SEC deposition testimony -- the case would have been placed "in a different light,"

Exhibit 8-1

# Suppressed Brady exculpatory evidence:

05cr1115 trial testimony of FBI analyst Maria Font under brutal cross-examination by Mr. Ware. In tears Ms. Font confessed that she had not evidence that anyone ever read a press release of INZS or SVSY.



Exhibit 9

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Suppressed Material Brady exculpatory evidence

Draper, Julia D.

**From:** Norris, Jeffrey B.
**Sent:** Monday, April 18, 2005 2:58 PM
**To:** Pennington, Mark R.
**Cc:** Draper, Julia D.
**Subject:** FW: Supplemental Brief

This is one of my favorite e-mail of all time. Ware sent it to me after I filed the Supplemental Memo in Opposition to his motion to vacate the final judgment. Of course, everything he says is true, but the fact that it's Ware saying it makes it somehow inappropriate.

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102
Phone: (817) 978-6442
Fax: (817) 978-4927
E-mail: norrisj@sec.gov

**From:** Thomas Ware [mailto:rgwinc@mindspring.com]
**Sent:** Tuesday, December 14, 2004 9:21 AM
**To:** Norris, Jeffrey B.
**Subject:** Re: Supplemental Brief

Your ignorance of the law appears to be boundless. Had you spent some time in the law library you would have discovered, to your amazement, that your brief in opposition is also frivolous. Your lack of understanding of law is amazing, truly amazing.

Perhaps in the future you will spend less time giving libelous and slanderous interviews to newspaper reporters prematurely, and spend more time in the law library.

Thomas Ware

----- Original Message -----
**From:** Norris, Jeffrey B.
**To:** Thomas Ware
**Cc:** Draper, Julia D. ; Korobash, Stephen J.
**Sent:** Tuesday, December 14, 2004 9:09 AM
**Subject:** RE: Supplemental Brief

Mr. Ware:

Thank you for sharing your opinion, but I have a good faith belief in the merit of my arguments. Moreover, I believe, in fairness, I should have the opportunity to respond to issues that you raised for the first time in your "reply" brief. Accordingly, I will not be withdrawing my Supplemental Brief. I am confident that the Court will agree with me both procedurally and substantively.

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office

*Brady Evidence hidden by Southwell* (handwritten annotation)

4/18/2005

9

3501 - 98

Exhibit 10

Suppressed Material Brady exculpatory evidence



Draper, Julia D.

From:   Harris, Jeffrey B.
Sent:   Monday, April 18, 2005 2:58 PM
To:     Pennington, Mark R.
Cc:     Draper, Julia D.
Subject: FW: Supplemental Brief

This is one of my favorite e-mail of all time. Ware sent it to me after I filed the Supplemental Memo in Opposition to his motion to vacate the final judgment. Of course, everything he says is true, but the fact that it's Ware saying it makes it somehow inappropriate.

Jeffrey B. Harris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 11

Suppressed Material Brady exculpatory evidence

---

*UNITED STATES v. WARE*, CASE NO. 09-0851 (2D CIR.) (2010)
ON APPEAL FROM *UNITED STATES v. WARE*, 04cr1224 (Sweet, J.)
18 USC 401(3) CRIMINAL CONTEMPT PROSECUTION
APPELLANT WARE'S OPENING BRIEF

1  Moreover, being unregistered brokers-dealers operating in violation of 15 U.S.C.
2  §78o(a)(1), Tr. 204-05, Rabinowitz testified as follows at Tr. 204:

3

4  **ADMISSION OF BROKER-DEALER STATUS BY**
5  **ARI RABINOWITZ UNDER CROSS EXAMINATION.**
6

7  **Mr. Ware: What is the name of your company?**

8  **Rabinowitz: LH Financial Services.**

9  **Mr. Ware: What business is that company?**

10  **Rabinowitz: We are in the private placement business.**

11  **Tr. 206**

12  **Mr. Ware: Approximately how many companies have you assisted Alpha Capital**
13  **with over, let's say, the last five years?**

14  **Rabinowitz: A good few hundred.**

15  **Mr. Ware: A good few hundred?**

16  **Rabinowitz: Yes,**

17  Rabinowitz' testimony of being in the private placement business, and assisting
18  Alpha Capital with "a good few hundred" transactions: pursuant to 15 U.S.C.
19  §77b(a)(12) Rabinowitz and Alpha were "dealers" not eligible for any exemption
20  under Title 15 Section 4, and thus not eligible for 17 C.F.R. §240.144(k)/(Rule 144(k)
21  regarding the purchase of the Notes of IVG/GPMT (GX 1-4).

Page 4 of 12
Appellant Ware's Statement of Facts
U.S. v. Ware, 09-0851cr (2d Cir.)
Opening Appeal Brief

Exhibit 12

Suppressed Material Brady exculpatory evidence

---

## Commission Partially Settles Microcap Fraud Manipulation Action

T. Gorman | Posted on February 10, 2019 | Posted in SECActions

The Commission and the staff may have returned to the office in time to pack-up. By all reports there is no deal on funding the government past the end of the week, February 15, 2015. If that continues the stalemate could begin anew at the close of business on Friday.

Since the government returned the Commission has continued to move forward in court, partially settling a large microcap fraud action — the type of case that is central to its retail investor focus. The settlements were in *SEC v. Honig*, Civil Action 18-cv-08175 (S.D.N.Y. Filed Sept. 7, 2018) with Defendants Mark Groussman, his firm Melechdavid and Alpha Capital Anstalt, a Lichtenstein hedge fund managed by an unnamed New York based unregistered investment adviser.

Page 4 of 14
January 29, 2021
IRNewswires Ulysses T. Ware Exoneration and Innocence Project

---

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

## Exhibit 13

Suppressed Brady exculpatory evidence concealed by AUSAs Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Michael J. Garcia, Joon Kim, Preet Bharara, Audrey Strauss, Melissa Childs, John M. McEnany, Wm. H. Pauley, III, Edgardo Ramos, and the SEC in willful resistance to the Brady Order, Dkt. 17, Exhibit 2.



## Former AUSA Southwell

He likely means when he was arrested on the civil contempt order. He was arrested in Atlanta and released the same day, which was somewhere around the beginning of September. As it turned out, a warrant on a civil contempt order cannot extend beyond 100 miles from the courthouse or in the same state, so he was improperly arrested (which he pointed out to Judge Sand, the wily guy that he is). So we are working on a criminal contempt charge which (confidentially) should happen within a week or two.

Alex

-----Original Message-----
From: Norris.J@SEC.GOV [mailto:Norris.J@SEC.GOV]
Sent: Wednesday, October 06, 2004 12:57 PM
To: Southwell, Alexander
Subject: Thomas Ware

Alexander:

3501 - 72

Have there been any developments in the contempt prosecution of Thomas Ware since the beginning of September? I got a cryptic e-mail from

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 13-1

Suppressed Brady exculpatory evidence of the illegal collusion and conspiracy between the SEC and the USAO (SDNY) lawyers, which AUSA Southwell lied and committed perjury, twice, a fraud on the court, that "there are no emails between my office and the SEC ...." Dkt. 17, Tr. 5-9; and Dkt. 44.

---

**Draper, Julia D.**

| | |
|---|---|
| From: | Norris, Jeffrey B. |
| Sent: | Wednesday, October 06, 2004 1:18 PM |
| To: | Alexander.Southwell@usdoj.gov |
| Cc: | Draper, Julia D.; Korotash, Stephen J. |
| Subject: | RE: Thomas Ware |

Alexander:

Who raised the 100 mile limit argument?  That is a spacious argument with no legal basis. I have won that issue with a number of district courts where a person held in contempt was trying to avoid extradition.  Based on orders from courts in the Northern District of Texas, I have had the Marshals arrest people in California, Washington, Wisconsin, Nevada and probably other jurisdictions that I can't remember.  Several of these people have been incarcerated in Texas for more than a year.  One person arrest in Washington state for civil contempt is still in prison in Texas after more than 2 years.

Read Federal Rule of Civil Procedure 4.1.  It states that an order of civil commitment for a person held in contempt "may be served and enforced in any district."  It goes on to state that other orders in contempt proceedings are subject to the 100 mile limit.

Whoever argued this matter didn't do his or her homework.  Someone needs to file a motion for reconsideration and have him arrested again!

Jeffrey B. Norris
Trial Counsel
United States Securities and Exchange Commission
Fort Worth Office
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX  76102
Phone:  (817) 978-6452
Fax:  (817) 978-4927
E-mail:  norrisj@sec.gov

-----Original Message-----
From: Alexander.Southwell@usdoj.gov [mailto:Alexander.Southwell@usdoj.gov]
Sent: Wednesday, October 06, 2004 1:04 PM
To: 'NorrisJ@SEC.GOV'
Subject: RE: Thomas Ware

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 14

Perjured declaration of AUSA Maria E. Douvas, knowingly and willfully lied and committed a fraud on the court of appeals where she suppressed the Brady evidence below regarding gov't trial witness SEC lawyer Jeffrey B. Norris.



r. 10

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
- - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,       :

        Appellee,               :   08-0151-cr

        v.                      :

THOMAS WARE,                    :

        Defendant-Appellant.    :
- - - - - - - - - - - - - - - -x

        MARIA E. DOUVAS, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

        1.   I am an Assistant United States Attorney in the Office of Levi L. Dassin, Acting United States Attorney for the Southern District of New York, and I am one of the attorneys responsible for representing the Government in this appeal. This affirmation is submitted in support of the Government's motion for a 30-day extension of time in which to file its affirmation in response to Appellant's Motion for the Government to Certify Compliance with Brady and Giglio and Motion for bail in 37-5222-cr and 03-0051-cr.

        2.   This request for an extension represents the first request for an extension by the Government in connection with Appellant's instant motion.

        3.   Appellant has appealed from an order entered on November 17, 2007, in the United States District Court for the Southern District of New York, by the Honorable Robert W. Sweet, United States District Judge, which ordered the Appellant to be

        Government has conducted an initial review of Ware's claims, and finds them to be wholly without merit. However, the Government has not been able to complete its investigation because neither of the prosecutors in United States v. Ulysses Thomas Ware, 05 Cr. 1115 (WHP) are currently employed by the United States Department of Justice, and there is a substantial number of documents and records involved in connection with that criminal trial. Because of the time required to review the trial record, and to communicate with the trial attorneys in that case, and my work on numerous other matters, I have not had an opportunity to draft the Government's response to Ware's motion.

        9.   Accordingly, the Government respectfully requests a 30-day extension of time to file its response in opposition the Appellant's motion until June 10, 2009, and leave to file this motion out of time.

Dated:   New York, New York
         May 11, 2009

                                _____
                                MARIA E. DOUVAS
                                Assistant United States Attorney

47

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 14-1

Suppressed Brady exculpatory evidence suppressed by AUSAs Douvas, Nicholas S. Goldin, Michael J. Garcia, Katherine Polk-Failla, Sarah E. Paul, Southwell, Bharara, Kim, Strauss, Childs, McEnany, Ramos, Sweet, Jones, Katzmann, Hall, Thrash, Feldman, Peikin, and other Unindicted Co-conspirators.

## Background

> Norris served as a Trial Attorney with the SEC from February 23, 1992, until he was removed on August 28, 2009. Before the events leading to his removal, discipline was initiated against Norris for exercising poor judgment and misuse of government email on two separate occasions. In 2007, Norris was suspended from service without pay for one day for exercising poor judgment in emailing an attorney who represented a witness in an ongoing SEC case, and expressing his opinion about the merits of the case. Thereafter, from March to May 2007, Norris exchanged a series of antagonistic emails from his SEC email account, and in which he identified himself as SEC trial counsel, with businessman Mark Cuban, owner of the Dallas Mavericks professional basketball team. Based on this exchange, Norris was suspended without pay for fourteen calendar days due to his misuse of government email.

Exhibit 15

Sept. 1, 2004, kidnapping by District Judge Thomas W. Thrash, Jr., the SEC, the USAO, and the US Marshals.

| 75. | 9/1/04 Age: 44 | Contempt of Court | Atlanta, Georgia | 10/15/04: Dismissed pursuant to order of Judge Leonard B. Sand |
| --- | --- | --- | --- | --- |



76. According to Sr. U.S. Probation Officer Atonya M. Craft of the Northern District of Georgia, on September 1, 2004, the defendant was arrested in the Northern District of Georgia in response to an order issued by the Honorable Leonard B. Sand, U.S. District Judge, Southern District of New York, in 02 CV 2219 (LBS). On December 22, 2003, Judge Sand ordered the defendants in this civil matter (which included the defendant) to deliver Silver Screen Studios, Inc. common stock to honor all of the conversion requests for Group Management Corp. or Silver Screen Studios, Inc. stock duly submitted by the plaintiffs. On June 21, 2004, Judge Sand issued a warrant for the defendant's arrest for contempt of court, for failure to obey the December 22, 2003, order. This arrest order indicated that the defendant was to be arrested by the U.S. Marshals Service and detained until the defendant purged himself of contempt by delivering the above-referenced



# Sept. 1, 2004 kidnapping

WARE, ULYSSES THOMAS

15

P47014 - C. Tyler

common stock. On July 1, 2004, the defendant was arrested by the U.S. Marshals Service in the Northern District of Georgia. He appeared before the Honorable Thomas W. Thrash, Jr., in that district, refused to purge himself of contempt and offered no acceptable reason to prevent enforcement of the contempt order. On September 2, 2004, the Honorable Thomas W. Thrash, Jr., ordered the defendant to remain in the custody of the U.S. Marshals Service until he purged himself of contempt or was ordered released by either Judge Thrash or Judge Sand. The defendant's request for bond was granted, and he was released on September 3, 2004, after posting $150,000 in cash and a $100,000 bond, cosigned by two other individuals.

77. On September 28, 2004, the Honorable Leonard B. Sand vacated the June 21, 2004, order in part to the extent that it authorized the arrest of the defendant outside of the state of New York and more than 100 miles from the U.S. Courthouse located at 500 Pearl Street, New York, New York. The order remained in effect insofar as it could be served on the defendant in the state of New York or within 100 miles of the U.S. Courthouse located at 500 Pearl Street, New York, New York.

78. On October 7, 2004, the defendant moved to vacate and release the bail of $250,000 set on September 2, 2004. On October 15, 2004, the defendant's motion was granted by the Honorable Thomas W. Thrash, Jr.; $150,000 was refunded to the defendant, and the corporate surety bond was discharged.



**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibits 16

## Atlanta, GA bankruptcy court's employees willful resistance to the Court Orders.

P. 86                                                                    P. 86

Via Certified Mail #: 7003 1680 0005 1206 0748

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

July 30, 2012

The Honorable Joyce Bihary
Chief Judge
U.S. Bankruptcy Court
For the Northern District of Georgia
U.S. Courthouse
75 Spring St., SW
Atlanta, GA 30303

RE:  In re Group Management Corp., 03-93031-MHM (NDGA), ("93031")
     July 12, 2012 Emergency Motion, July 25, 2012 Letter, and 07/30/2012 Emergency
     Motion.

Dear Judge Bihary:

     This letter is in regard to the above pleadings, and the July 25, 2012 letter of
Clerk M. Regina Thomas, included in the 07/30/2012 Emergency Motion as Ex. #1.

1.      First, I am requesting that the enclosed pleading be processed according to the
emergency procedures of the Court, where time is of the essence, and the petitioner
Mr. Ware is currently suffering irreparable harm, and will continue to suffer
irreparable harm unless the requested relief is granted on an emergency basis as set
forth in the 07/30/2012 Emergency Motion.

2.      Second, Judge Bihary (as an officer of the court) you have a duty of candor and
a fiduciary duty to the orderly administration of justice in the Court to process
all pleadings submitted to the Court in a timely and orderly manner, which M. Regina
Thomas did not do with respect to the 07/12/2012 Emergency Motion, thus
necessitating the 07/30/2012 Emergency Motion.

3.      Judge Bihary, as Chief Judge of the Court, pursuant to Bankr. Rule 5005(a), the
enclosed pleadings are being submitted to your attention, due to the fact that M.
Regina Thomas (Clerk), is names as a respondent, and thus has a conflict of interest
regarding this matter.

4.      The petitioner Mr. Ware has requested a relief date of 08/07/2012, and for the
enclosed pleadings to be processed on an emergency basis.

     If there are any question please contact the undersigned on or before close of
business on 08/02/2012, else I will assume that the pleadings will be timely processed
on an emergency basis.

Sincerely,

Ulyss T. Ware

Ulysses Thomas Ware, pro se
enclosures:  07/30/2012 Emergency Motion, Sup. Appx. 1.0, Exhibit #1.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 16-1

P. 85

MEMORANDUM OF POINTS AND AUTHORITIES OF PG. 95 IN SUPPORT OF EMERGENCY MOTION
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE GROUP MANAGEMENT CORP., DEBTOR, 03-93031-MHM   (ND GA)

PETITIONER: ULYSSES THOMAS WARE (PARTY IN INTEREST).

RESPONDENTS - UNINDICTED COCONSPIRATORS:

Alpha Capital, AG, Stonestreet, LP, Markham Holdings, Ltd., Amro International,
SA, Kenneth A. Zitter, Ari Rabinowitz, Nathan Ladenburg, Edward D. Grushko,
Barbara R. Mittman, Dennis S. Meir, John W. Mills, III, Kilpatrick, Townsend, &
Stockton, LLP, Edward T. M. Garland, Manny Arora, David Levitt, Don Samuel,
Garland, Samuel & Loeb, P.C., William F. Smith, III, William A. Myers, Johnathn
Hewitt, Jenny Mittleman, Carmen Rojas-Rafter, Christina A. Petris, Connie F.
Henry, Dan O'Sullivan, George H. Carley, Carol Hunstein, Margaret E. Murphy,
Thomas W. Thrash, Jr., Linda T. Walker, Orinda D. Evans, Nife C. Carter, Marvin
H. Shoob, Gerrilyn G. Brill, James N. Hatten, Alexander H. Southwell, Nicholas
S. Goldin, Maria E. Douvas, Sarah E. Paul, Preet Bharara, Michael J. Garcia, David
Kelly, Katherine Polk-Failla, Kent J. Dawson, Robert J. Johnston, James Morawitz,
Jeffrey B. Norris, Spencer C. Barasch, Robert C. Banman, John C. Martin, Rebecca
R. Fairchild, Stephen Korotash, Stephen Webster, Michael Post, Robert W. Sweet,
Leonard B. Sand, William H. Pauley, III, Barbara S. Jones, Ruby Krajick, Amila
M. Kearse, Robert D. Sack, Peter W. Hall, Robert A. Katzmann, B.D. Parker, Kevin
Nagel, Rosemary S. Pooler, Dennis G. Jacobs, Gail McKenzie, U.S. Marshals (ND GA),
James Olan, U.S. Marshal (#2) LNU, U.S. Marshal (#3) LNU, U.S. Marshal (#4) LNU,
Thomas J. McCarthy, Andrews & Kruth, LLP, Thomas V. Sjblom, Prokauer & Rose, LLP,
Grushko & Mittman, P.C. (NYC), Steven D. Feldman, David Makol, Eric H. Holder,
Jr., the United States of America, and others known and unknown.

COLLECTIVELY, THE RACKETEERS, in their individual and personal
capacity.

EMERGENCY MOTION FOR FRAUD ON THE COURT PROCEEDINGS.

The petitioner moves the Court pursuant to Bankr. Rule 9024 and Fed.
Rule of Civ. Proc. Rule 60(b)(4, 6) and Rule 60(d)(3) to set this
matter down under the emergency procedures of the Court and direct
and order the respondents to file a response in opposition, if any,
on or before close of business on July 25, 2012 in writing by filing
any and all pleadings with the Office of the Bankruptcy Clerk at 75
Spring St., N.W., Atlanta, GA 30303, or via the PACER system, and filing
a paper copy of the same on the petitioner at the Atlanta Prison
Camp, P.O. Box 150160, Atlanta, GA 30315 (Reg. No. 56218-019).

Submitted by _____

*Ulysses Thomas Ware* (signature)

Ulysses Thomas Ware, (Reg. No. 56218-019), pro se
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315   07/12/2012
07/12/2012 10:04:22 AM printed

**PRIORITY**

7/12/2012

P. 86

Via Certified Mail #: 7003 1680 0005 1206 0748

P. 86

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

July 30, 2012

The Honorable Joyce Bihary
Chief Judge
U.S. Bankruptcy Court
For the Northern District of Georgia
U.S. Courthouse

Exhibit 16-2



2:55   12cv4397_Doc. 1-6.pdf

←   12cv4397_Doc. 1-6.pdf

P. 80

United States Bankruptcy Court
Northern District of Georgia
1290 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303-3367

Chambers of
Margaret H. Murphy
Judge

(404) 215-1008

January 11, 2012

Mr. Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P. O. Box 150160
Atlanta, GA  30315

Dear Mr. Ware:

The copies of pleadings you mailed to Judge Murphy on or about December 21, 2011, were referred to me. The pleadings do not appear to relate to any active bankruptcy case before Judge Murphy and your purpose in sending copies of the pleadings is unclear.

The pleadings will not be shown to Judge Murphy and will not be made a part of any bankruptcy case file. If you wish to communicate with the court concerning the above-referenced case, you should do so by means of an appropriate motion or application that complies with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Practice for the United States Bankruptcy Court for the Northern District of Georgia.

Very truly yours,

Pat Sinback
Law clerk to
Judge Margaret H. Murphy

Exhibit 16-3

2:52 ⏱ 📱 ⚙ ... 📶 🔋 98% 🔋

← 12cv4397_Doc. 1-6.pdf 💬 🔍 ⋮

P. 79

United States Bankruptcy Court
Northern District of Georgia
1290 United States Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303-3367

Chambers of
Margaret H. Murphy
Judge

(404) 215-1008

December 28, 2011

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P O Box 150160
Atlanta, GA 30315

Re:    Alpha Capital, AG Atlanta, GA Litigation

Dear Mr. Ware:

Your letter dated December 10, 2011 was referred to me. The local rules, BLR 9003-2 provides:

Communications to a Bankruptcy Judge regarding a request for an order or other relief (including a request for an extension of time) or matters that are or may be in dispute, or communications of facts or legal issues regarding a particular case, proceeding, or matter pending before that Bankruptcy Judge, shall be by written motion, pleading, or other paper, and not by letter. Ordinarily, a letter seeking such action will not be treated as a motion, will not be considered by the Bankruptcy Court, and will not be filed with the Bankruptcy Clerk. Parties and their counsel shall not provide the Bankruptcy Court with copies of correspondence among themselves relating to matters that are or may be in dispute.

Your letter will not be shown to Judge Murphy and will not be made a part of Debtor's file. If you wish to communicate with the court concerning the above-referenced case, you should do so by means of an appropriate motion or application which complies with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of Practice for the United States Bankruptcy Court for the Northern District of Georgia.

Very truly yours,

Pat Sinback
Law clerk to
Judge Margaret H. Murphy

cc:   State Bar of Georgia, Office of General Counsel
Supreme Court of Georgia, State Disciplinary Board
Dennis S. Meir

8/15/

8/27/2012                    8/4/2012

||| ◯ < ⚹

Exhibit 16-4

P. 81                                                          P. 81

**United States Bankruptcy Court**
Northern District of Georgia
1340 U.S. COURTHOUSE
75 SPRING STREET S.W.
ATLANTA, GEORGIA 30303

M. REGINA THOMAS
CLERK OF COURT

July 25, 2012

Mr. Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

RE:   Documents received by United States Bankruptcy Court

Dear Mr. Ware:

This Court has received papers mailed by you, or on your behalf, that do not relate to any active bankruptcy case filed in the Bankruptcy Court for the Northern District of Georgia. The case to which you make reference in your letter, Group Management Corp. 03-93031, was dismissed on May 21, 2003 and closed on June 3, 2003.

No action can be taken with respect to the papers sent to the Court as they do not commence a case over which this Court would have jurisdiction.

Sincerely,

M. Regina Thomas
Clerk of Court

MRT/bm

Bankruptcy fraud

8/27/2012                                            8/15/2012

P. 82                                                P. 81

Exhibit 16-5

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
1471 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

Chambers of
**WENDY L. HAGENAU**
Chief Judge

June 9, 2021

Mr. Ulysses T. Ware
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226

Dear Mr. Ware:

I am in receipt of your letter of April 22, 2021. The following responds to your requests.

1. You asked for all docketed and undocketed orders and pleadings in the referenced case. In my letter to you of April 5, 2021, I reminded you that the Court had returned all non-docketed items to you previously. A list of those non-docketed items was included. My April 5, 2021 letter also included a certified copy of the docket. By letter dated February 2, 2017, the Clerk of Court provided you a copy of each pleading, order and notice entered in the case no. 03-93031, Group Management Corp. Also included with that correspondence was a copy of the claims register and the three claims filed in the above case, one claim filed by Boise Cascade Office Products and two claims filed by Business Wire.

2. In her letter of February 2, 2017, the Clerk responded to your request for all transcripts in the Group Management Corp. case. The Clerk informed you that, "This case file was sent to archives as part of the normal process in 2010. To have a file retrieved from archives, the Judicial Conference of the United States has established a retrieval fee of $64. I cannot confirm the existence of any transcripts in this file without the file retrieval. If you would like this file ordered, please remit the required fee by money order or cashier's check made payable to Clerk, United States Bankruptcy Court." After your letter of April 22, 2021, we requested and obtained the transcripts which is why the response to your letter was delayed. Copies of the two transcripts received are enclosed and have been added to the docket of case no. 03-93031 at entries 41 and 42.

3. You asked for the entry of an administrative order directing the Clerk's office to enter and certify all orders in the case and to note and make available all transcripts. Such an order is not necessary or appropriate. All requested transcripts have been provided to you. Enclosed is a certified copy of the docket which reflects your correspondence beginning March 4, 2021.

Scanned with CamScanner

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 16-6

responses from the Court, and other documents submitted through June 2, 2021 (docket entries 34-40). While copies have previously been provided to you, certified copies in accordance with BR 5006 of the orders entered at docket entries 3, 10, 18, 19, 26, 28, 32 and 33 are enclosed.

A copy of your letter of April 21, 2021, and this response are "docketed." The case remains closed.

Very truly yours,

Wendy S. Hagenau

Wendy L. Hagenau
Chief United States Bankruptcy Judge

Enclosures

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 16-7: See Appx. 1 for complete letter to Kilpatrick, Townsend, & Stockton, LLP.

P. 91

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

December 19, 2011

Dennis S. Meir, Esq.
Kilpatrick, Townsend, & Stockton, LLP
1100 Peachtree St, NW
Suite 2800
Atlanta, GA 30309-4528

RE: In re Group Management Corp., 03-93031-MHM (N.D. Ga), ("93031").

Mr. Meir:

This letter is in regard to the proceedings in 93031 and your clients the plaintiffs in Alpha Capital AG, et al. v. IVG Corp., et al, 02-CV-2219(LBS)(SDNY), ("2219"); and the criminal violations of the federal securities laws admitted to by your clients (the 2219 plaintiffs), their lawyer (Kenneth A. Zitter, Esq.) and their agents (Ari Rabinowitz, fugitive Thomas Badian, convicted felon Edward D. Grushko, Esq., and others), (the "Racketeers").

1.     Enclosed is the October 23, 2011 motion for leave filed in 11-4181-CV (2d Cir.) detailing the criminal conduct of your clients in regard to the matters in 2219, 93031, and 1224 in the federal courts.

2.     Enclosed is a MEMORANDUM OF LAW dated November 27, 2011 detailing "the dire consequences" your client Stonestreet, L.P.'s August 13, 2003 admission had on the 93031, 2219, and 1224 proceedings.
       At pages 6-8 of the Memo, Stonestreet, L.P. judicially admitted to in fact being the beneficial owner of more than 9.9% of GPMT's outstanding stock, and accordingly, Stonestreet admitted to being a §16 statutory insider of GPMT, an affiliate of GPMT, and in the 2219 complaint at ¶¶12-13 Stonestreet and the 2219 plaintiffs judicially admitted to being 15 USC §77b(a)(11), (§2(a)(11)), statutory underwriters of GPMT's securities, prohibiting your clients (the 2219 plaintiffs) from any claim in regard to the 2219 matters, i.e., your clients thus, were not lawful creditors of GPMT having standing to appear in 93031.

3.     Even assuming, arguendo, that the 2219 plaintiffs had a claim against GPMT, as a result of the August 13, 2003 admission of Stonestreet, L.P. being the beneficial owner of more than 9.9% of GPMT's stock, 17 CFR §240.13d-5(b)(1) and the reasoning and holding of Roth v. Jennings, 489 F.3d 499, 506-10 (2d Cir. 2007), each of the 2219 plaintiffs were deemed the beneficial owner of Stonestreet's more than 9.9% beneficial ownership nunc pro tunc, Roth, 489 F.3d at 507, February 2, 2001 (the acquisition date of GPMT's Notes), i.e., §16 statutory insiders required to disgorge any profits back to GPMT -- your clients (the 2219 plaintiffs) still lacked a claim (a legal obligation) to the 2219 plaintiffs.
       Rather, according to federal law (§16 of the 1934 Act) the 2219 plaintiffs owed GPMT the profits (more than $18 million) realized from the securities fraud committed by your clients and the Racketeers: your clients lacked a claim, thus were not lawful creditors, and therefore lacked standing to

Exhibits 17

State Bar of GA willful resistance to Court Orders



# Offices of Ulysses T. Ware

**123 Linden Blvd.,**
**Suite 9-L**
**Brooklyn, NY 11226**
**Utware007@gmail.com**
**(718) 844-1260**

April 8, 2021

Sent via certified mail #: 7020 2450 0001 0306 6116
Return signature requested, and email to paulaf@gabar.org.

## PERSONAL AND CONFIDENTIAL

State Bar of Georgia
Office of the General Counsel
Ms. Paula Fredrick, Esq.
104 Marietta St.
Atlanta, GA 30303

## TIME OF THE ESSENCE

RE: *In re Ulysses T. Ware*, Esq. (2008): Unlawful and Moot Disbarment Proceedings of the State Bar of Georgia and its privies, (the "Moot" or "Void" Disbarment Proceedings").

## DEMAND TO IMMEDIATELY CEASE AND DESIST:

ALL DIRECT AND/OR INDIRECT LEGAL OR FACTUAL ENFORCEMENT, VALIDATION, OR RECOGNITION OF VITIATED AND MOOT JUDGMENTS ENTERED IN *United States v. Ware*, 05cr1115 (SDNY), AND RELATED MOOT APPEALS, (the "Moot Ware Proceedings").

Dear Ms. Fredrick:

Page **211** of **395**
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 17-1



TIME OF THE ESSENCE

**PERSONAL AND CONFIDENTIAL**

**Memorandum #3.0**

From: The Office of Ulysses T. Ware

To: State Bar of GA Office of the General Counsel: Bill NeSmith, Deputy General Counsel.

Date: April 9, 2021

**RE: Representation of State Bar employees in civil and criminal contempt litigation regarding In re Ulysses T. Ware; Mr. Ware's Fed. R. Civ. P. 11(b)(1-4) conferral with opposing counsel regarding all issues, facts, and claims to be presented in imminent litigation; and Request for State Bar Certifications.**

Mr. NeSmith:

1.     Mr. Ware has been informed by email dated April 8, 2021, from Paula Fredrick, Esq., the purported General Counsel of the State Bar, that you will represent her, Jenny Mittelman, Jessica Oglesby, Dawn Jones, Damon Elmore, the State Bar, **and yourself**, officially, regarding imminent litigation where the State Bar and its unindicted coconspirators, employees, agents, contractors, privies, and others that act in concert with the State Bar, jointly, (the "**State Bar**"), will be named as defendants, respondents, and interested parties.

2.     Mr. Ware is requesting that you present a letter of official representation to Mr. Ware, on the letterhead of the State Bar, signed by yourself, detailing your official representation of the State Bar in all future litigation between Mr. Ware, the petitioner, and the State Bar, the respondent. Please state the scope of your representation, and also please indicate whether or not you represent the State Bar's employees in their personal and individual capacities in the imminent civil and criminal contempt litigation.

Exhibit 17-2



IN THE SUPREME COURT
STATE OF GEORGIA

DISCIPLINARY PROCEEDINGS

IN THE MATTER OF:            )   SUPREME COURT DOCKET NO.
                             )   S08B0492
ULYSSES THOMAS WARE          )
STATE BAR NO. 737758         )   STATE DISCIPLINARY BOARD
                             )   DOCKET NO. 5422
        RESPONDENT.          )

SHOW CAUSE HEARING

* * *

The following proceedings were heard before
Special Master W. Alan Myers, at 104 Marietta
Street, NW, Atlanta, Georgia and reported by
Dessa Van Schuyver, Certified Court Reporter in
the State of Georgia, on May 19, 2008.

**ORIGINAL**

Exhibit 17-3

```
 1                    P R O C E E D I N G S
 2         MR. HEWETT:  This is in the matter of Ulysses
 3    Thomas Ware, State Disciplinary Board Docket Number
 4    5422.  This is a show cause hearing presided over by
 5    Special Master William A. Myers, who is here present
 6    in the room, and myself, Jonathan Hewett, the
 7    attorney for the State Bar of Georgia in this case.
 8         Mr. Ulysses Thomas Ware is not here.  I have
 9    asked at the front desk and the reception if they
10    have heard anything from Mr. Ware.  They report
11    having heard nothing from Mr. Ware.
12         The reason I say I did not expect Mr. Ware to be
13    here is, as recited in the show cause order, Mr. Ware
14    had most recently been at the Metropolitan Detention
15    Center in Brooklyn, New York.  I checked this morning
16    with the inmate locator service of the bureau of
17    prisons and they still showed him at the Metropolitan
18    Correctional Center in Brooklyn, New York as of this
19    morning.  So I don't expect Mr. Ware to be here.
20         SPECIAL MASTER:  I believe the show cause order
21    allowed him to make a written submission in lieu of
22    appearance and I believe he has done that.
23         MR. HEWETT:  That's correct.  He did make a
24    written submission, actually, in letters addressed to
25    the State Bar.  I don't think they were timely but,
```

Exhibit 17-4

| 23 | The State Bar, in this case, seeks Mr. Ware's |
| 24 | disbarment because of the two felony convictions and |
| 25 | the very serious nature of those convictions as well |

5

| 1 | as the seriousness being reflected both in the nature |
| 2 | of the convictions and the punishment imposed; this |
| 3 | lengthy prison sentence, the fine and the large |
| 4 | forfeiture. |
| 5 | So the issue then would be whether or not Mr. |
| 6 | Ware's written submissions present any basis for a |
| 7 | result other than that sought by the State Bar, which |
| 8 | is disbarment of Mr. Ware. |
| 9 | It's the State Bar's position that his |
| 10 | submissions, in fact, do not meet his burden and, in |
| 11 | fact, they really don't present relevant information |
| 12 | or information that's relevant to the Special |
| 13 | Master's determination. |
| 14 | So while we recognize that the letters should be |
| 15 | included in the record, the State Bar doesn't believe |

Exhibit 17-5
Used by the State Bar to initiate bogus and unlawful disbarment proceedings against Mr. Ware.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

SOUTHERN   District of   NEW YORK

UNITED STATES OF AMERICA
v.
ULYSSES THOMAS WARE
a/k/a "Thomas Ware"

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   S1 05 CR 1115 -01
USM Number:   56218-019

Ulysses Thomas Ware (pro se)
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.
X was found guilty on count(s)   1 & 2
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Securities Fraud and Wire Fraud | 2001 - 2002 | 1 |
| 15 USC 78j(b) | Securities Fraud | 2001 - 2002 | 2 |

The defendant is sentenced as provided in pages 2 through ____6____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s)   underlying indictment/counts   ☐ is   X are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 26, 2007
Date of Imposition of Judgment

Signature of Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-30-07

William H. Pauley III, United States District Judge
Name and Title of Judge

10 30 07
Date

000004

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 17-6

Mr. Ware did not self-surrender at the MDC federal prison until November 27, 2007. It is a factual impossibility that Mr. Ware was served on January 15, 2007, as required by law. A knowingly and willful complete fabrication by Willian A. Myers, Jonathan Hewitt, and the State Bar of Georgia as a conspiracy to obstruct justice. A forgery and fabricated document fraudulently submitted to the Supreme Court of Georgia, as a fraud on the court by the State Bar, its employees, and agents.

**SUPREME COURT, , STATE OF GEORGIA**

----------------------------------------------------------x

**SHERIFF'S AFFIDAVIT OF SERVICE**
**CPLR Section 306(d)**

**STATE OF GEORGIA**
Plaintiff/Petitioner

Vs

Sheriff's Case # 08000590

**FILED**
1-24-08 *cph*
STATE DISCIPLINARY BOARD
STATE BAR OF GEORGIA

**ULYSSES THOMAS WARE**
Defendant/Respondent

Index/Docket # S08B0040

----------------------------------------------------------x

**STATE OF NEW YORK**
**COUNTY OF KINGS** } SS:

I  C Palmieri   Deputy Sheriff of the City and State of New York, authorized pursuant to my special duties to serve process, hereby certify that: I am not a party to this action or proceeding and over 18 years of age. I further certify that on the 15th day of January 2007, at approximately 10.42AM at 30 29th Street in the borough of Brooklyn, County of Kings, I served the annexed: summons, complaint, X petition ☐ subpoena ☐ order/temporary order of protection ☐ order to show cause ☐ writ of habeas corpus ☐ property execution ☐ sheriff's sale notice ☐ sheriff's levy notice ☐ interrogatories ☐ financial disclosure affidavit X Attached Documents  upon
ULYSSES THOMAS WARE, the defendant/respondent, in the following manner:

| | |
|---|---|
| **PERSONAL DELIVERY** | ☑ By delivering to and leaving with the above named defendant/respondent personally a true copy thereof, said person being known as the person mentioned and described herein. |
| **PERSONAL SERVICE ALTERNATE PERSON** (RESIDENCE) | ☐ By delivering to and leaving with, _____ to the a person of suitable age and discretion, who is _____ to the defendant/respondent. A true copy thereof. Said address is the dwelling place/usual place of abode of the party served. |
| **PERSONAL SERVICE ALTERNATE PERSON** (EMPLOYMENT) | ☐ By delivering to and leaving with, _____, a person at the defendant's/respondent's place (work title) of employment: _____ (name of place of employment) |
| **MAILED** | ☐ On _____ I mailed the above mentioned process(es) by first class USPS mail to the defendant/respondent at his/her last known residence/actual place of business in an envelope bearing the legend "PERSONAL AND CONFIDENTIAL" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the defendant/respondent. |
| **CORPORATION** | ☐ By delivering to and leaving with, _____ a true copy thereof. Said person stated he/she was _____ (work title) an agent authorized to accept service of legal process. |
| **DESCRIPTION** | ☑ The person served is aX Male Female, and approximately: Age:48  Height: 6.4  Weight: 265lbs   Skin: Black   Hair: Black |

**NOTARY**
Sworn to (affirmed) before me
this  15  day of  November  2008

Rafael J Lucas

**DEPUTY SHERIFF Shield #180**

RAFAEL J. LUCAS
NOTARY PUBLIC, State of New York
No. 01LU5066044
Qualified in Queens County
Commission Expires September 30, 20, 10

000017

Page **217** of 395
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 18[187]

Letter from the Garland Law Firm

**Garland, Samuel & Loeb, P.C.**
TRIAL ATTORNEYS

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Telephone (404) 262-2225
Facsimile (404) 365-5041
www.gsllaw.com

Edward T. M. Garland
Donald F. Samuel
Robin N. Loeb
David E. Turetaski
Anne H. Coolidge-Kaplan
John A. Garland
Amanda R. Clark Palmer
Kristen Wright Novay
Matthew D. Dsley

Reuben A. Garland (1903-1982)

April 30, 2019

Ulysses T. Ware, Esq.
C/O Constantine Gaines (Power of Attorney)
800 McCullough Road
Stockbridge, Georgia 30281

Dear Mr. Ware and your power of attorney, Constantine Gaines:

Your letter has been received. Neither I, nor any of the people listed in your letter, specifically Manibur S. Arora, Donald F. Samuel, Davitt Levitt, Janice Singer, Michael F. Bachner, and Garland, Samuel & Loeb, P.C. jointly and severally, did anything improper, wrong or unethical. None will pay Mr. Ware a dime. Have a good day.

Sincerely yours,

Edward T.M. Garland, Esq.

ETMG/hh

Scanned with CamScanner

---

[187] CF., n. 36 and n. 39 , supra, for frauds, unethical, and shady business dealings of the Garland firm.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 18-1

The Garland Firms' letter of withdrawal in 04cr1224 (SDNY)

SENT BY: ED GARLAND Case 1:04-cr-01224-ER   Document 22   Filed 03/19/07   Page 2 of 2      PAGE 1/2

## Garland, Samuel & Loeb, P.C.
TRIAL ATTORNEYS

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Telephone (404) 262-2225
Facsimile (404) 365-5041
www.gsllaw.com

Edward T. M. Garland
Donald F. Samuel
Robin N. Loeb
David R. Tuszynski
Anne H. Coolidge-Kaplan
Manubir S. Arora
W. Charles Lea
John A. Garland

Reuben A. Garland (1903-1982)

March 12, 2007

By Fax: 212) 805-7925 and
U.S. Mail
HONORABLE ROBERT W. SWEET
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
MAR 12 2007
JUDGE SWEET CHAM

Re:   United States v. Thomas Ware
      Case No. 04 Cr. 1224 (RWS)

Your Honor,

This letter is respectfully submitted to request that the Court remove the undersigned as counsel from the above-captioned case. Unfortunately, counsel's relationship with Mr. Ware has become unworkable, and our differences at this point are irreconcilable. Mr. Ware's difficulty with counsel dates back at least a year, and counsel and Mr. Ware have done our best to keep the relationship on track. However, we have not succeeded. We are prompted to make this request by Mr. Ware's recent unequivocal statements that he is not satisfied with our representation, he no longer wants to work with us, and wants us to be removed from the case

This request comes in a timely manner. Defense motions are due on April 18, 2007. This case is scheduled to be tried on June 4, 2007. Replacement of counsel should not result in any delay. However, if the court relieves us as counsel, we reserve Mr. Ware's right to address scheduling matters.

If the Court grants this request, we further request that the Court endorse this letter as an Order relieving Garland, Samuel, and Loeb P.C. 3151 Maple Drive NE, Atlanta Georgia 30306 as counsel on the above captioned case.

Respectfully submitted,

GARLAND, SAMUEL & LOEB, P.C.

Page **219** of 395
54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 19

SEC's chief counsel Joan E. McKown's crimes.



IRN News Flash

IRN News Flash
Peter Bonn, JD, Ph.D., Esq. (summa cum laude)
10/28/2020
Re:  Joan McKown and the U.S. Securities and Exchange Commission #criminal public
corruption regarding statutory underwriters and unregistered broker-dealers, i.e., the 02cv2219
(SDNY) plaintiffs, Ari Rabinowitz, LH Financial, Rhino Advisors, convicted felon Edward M.
Grushko, Esq., Kenneth A. Zitter, Esq., Ari Kluger, David N. Kelley, Leonard B. Sand, Robert W.
Sweet, Michael J. Garcia, Alexander H. Southwell, Kilpatrick, Townsend, & Stockton, LLP,
Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, Thomas W. Thrash, Jr, Margaret H.
Murphy, Joyce Bihary, C. Ray Mullins, Patricia Sinback, M. Regina Thomas, Gerald B. Tjoflat,
and others both known and unknown, jointly and severally, (the "Unindicted Coconspirators").

**JOAN E. MCKOWN**
Partner

McKown, the SEC's purported chief counsel until 2010, in 2007 knowingly
approved the known perjured and fraudulent testimony of mentally ill Enforcement
Division lawyer #JeffreyBNorris as a FRE 404(b) witness for the gov't in U.S. v.
Ware, 04cr1224 (SDNY). Rabinowitz, under brutal cross-examination by Mr. Ware,

Page 1 of 4
October 28, 2020
IRNewswires News Flash

Exhibit 20

Fraud in the 02cv2219 (SDNY) moot proceedings.



**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 21

Murder or Suicide? LH Financial's boss.

## The Jewish Daily
# FORWARD

Home   Sections   Blogs   Videos   Podcasts   Local   Yiddish אידיש

Breaking News

# Death of N.Y. Jewish Millionaire — Murder or Suicide?

**By Natasha Mozgovaya (Haaretz)**

Published June 21, 2010.

🖨 PRINT   ✉ EMAIL   ⊞ SHARE

The mysterious death of an Orthodox Jewish millionaire on June 9 in New York has sparked a whirlwind of rumors, even though the medical examiner ruled the death a suicide.

Solomon (Shlomo) Obstfeld fell to his death from the 19th floor of his posh Manhattan apartment, and while New York police have yet to close the case, Obstfeld's family members and close friends believe he was murdered and have hired a private investigator to look into his death.

A friend of the Obstfeld family told Haaretz on Sunday that Obstfeld, 55, was murdered as the result of a conflict with an Israeli rabbi who had cast a "pulsa denura" death curse on Obstfeld.

According to the police investigation, no ladder or chair was found near the spot from which Obstfeld plunged to his death, a fact that bolsters the family's belief that he was murdered.

At this point, however, it does not appear that police are taking the family's suspicions seriously.

Many in New York's Jewish community are wondering whether a devout Orthodox father of five would take his own life.

"Suicide is not a common act by an Orthodox person – it is forbidden in Judaism," a friend of the Obstfeld family told Haaretz. "He was a very happy and successful man, who contributed to the community. There were no signs that he suffered from depression. On the contrary, he did not leave a note, will, letter or any other sign of suicide. If he had committed suicide, he certainly would have left something behind."

According to his associates, Obstfeld had several regular business chats in the hours before his death, including a long telephone conversation with a business colleague and had recently three luxury apartments up for sale for a combined 6.5 million dollars.

A person close to Obstfeld said he had complained of an Israeli rabbi living in the United States to whom he had rented an apartment at a below-market price. The rabbi allegedly did not pay the rent over a long period of time and this led to a serious feud between him and Obstfeld.

After Obstfeld evicted the rabbi, the rabbi allegedly told friends that he had cast a "pulsa dinura" death curse on Obstfeld.

A friend of Obstfeld claimed that the rabbi returned to Israel around the time of Obstfeld's death.

"We spoke with Obstfeld a lot recently, and despite the fact that the rent dispute disturbed him, he did not seem depressed and it did not seem like he had problems," Obstfeld's friend said. "He had many plans, he was young, he had a good family and good business. I have no doubt that these men [the rabbi and his associates] were behind this and I could be next in line, because they have no inhibitions."

The New York Daily News reported that Obstfeld was connected with former Israeli prime ministers Ariel Sharon and Ehud Olmert and also had ties with Austrian businessman Martin Schlaff, who attended Obstfeld's funeral.

Israeli police suspect Schlaff of having bribed Sharon and want to question him.

It has also been reported that Olmert visited Obstfeld's office two weeks before Obstfeld's death.

Exhibit 21-1: Five dead NYC federal judges. Murder or ?

## IRN

# Five (5) Dead New York Federal Judges?

### Are Alpha Capital, AG (Anstalt) and David N. Kelley responsible????

What is it that five (5) recently dead New York federal judges, William H. Pauley, III, Robert A. Katzmann, Peter W. Hall, Robert W. Sweet, Leonard B. Sand, dead convicted felon pedophile Jeffrey A. Epstein, dead Solomon Obstfeld, Boss of LH Financial, dead convicted felon Ponzi scammer Bernard Madoff, the Austrian purported bank BAWAG, disgraced NYC financier Leon Black, convicted felon sexual predator Harvey Weinstein, defunct and bankrupt New York broker Refco, Inc., New York law firms Dechert, LLP and Simpson, Thacher, & Bartlett, LLP; former and current New York federal prosecutors Audrey Strauss, Michael J. Garcia, Preet Bharara, David N. Kelley, Andrew J. Levander, Alexander H. Southwell, Steven D. Feldman, Steve R. Peikin, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, convicted felon Edward M. Grushko, Esq., Kenneth A. Zitter, Esq., Ari Rabinowitz, New York federal judge "error-prone" Edgardo Ramos, and Atlanta, GA federal judges Gerald B. Tjoflat and Thomas W. Thrash, Jr., all have in common? They all are directly or indirectly associated or affiliated with *international extortion and money laundering criminal enterprise unregistered broker-dealer Alpha Capital, AG (Anstalt)*. How is this possible? And what are the implications of the nefarious, covert, and incestuous relationships?

---

IRNewswires Special Public Corruption Investigation
Alan Reitman, JD, Ph.D., summa cum laude, Public Corruption Investigative Reporter
Sebastian Kolm, JD, Ph.D., summa cum laude, Public Corruption Legal Analyst
Meredith Kammler, LLB, LLM, Ph.D., summa cum laude, Public Corruption Analyst
August 8, 2021
London, UK

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 21-2[188]

Solomon Obstfeld was the Upper Boss of unregistered broker-dealer, LH Financial Services, see Exhibit 7, supra, who was allegedly murdered for his activities that involved the "Civil Plaintiffs" named in para. 8 of the 04cr1224 (SDNY) indictment, see Exhibit 7-1, supra.



**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 21-3[189]

Corruption of the Atlanta, GA Garland law firm.

# ewswires: Breaking News

### New York, NY

## "There is something rotten in the State of Denmark." Hamlet

## Would you hire these lawyers as your defense counsel?
## NO! Not under any circumstances.

IRN's investigators and lawyers have uncovered indisputable evidence that showed that Atlanta, GA lawyers Edward T.M. Garland, Manny Arora, and Donald F. Samuel aided, abetted, and assisted the United States Attorney's Office (SDNY), David N. Kelley, et al., to frame, prosecute, and convict their own client, Atlanta, GA lawyer Ulysses T. Ware, Esq.

  

| Ed Garland | Manny Arora | Donald F. Samuel |

## IRNewswires Public Corruption Investigative Reports
Alan Reitman, JD, Ph.D., Esq., summa cum laude, Int'l Public Corruption Investigative Reporter
Sebastian Kolm, JD, Ph.D., Esq., summa cum laude, Public Corruption Analyst
Meredith Kammler, LLB, LLM, Ph.D., Esq., Public Corruption Legal Analyst
August 12, 2021
New York, NY

---

[188] See full article at: https://bit.ly/3HOWCSf
[189] See N. 36 and n. 39, supra, for shady and unethical dealings of the Garland law firm.

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 21-4
Judicial and prosecutorial Brady fraud conspiracy

## International Investigative Reporters

*August 22, 2021*

### Judicial and Prosecutorial
### Brady Evidence Concealment Conspiracy

Wm H. Pauley, III, Michael F. Bachner, Gary G. Becker, Alexander H. Southwell, and Steven D. Feldman, Maria E. Douvas, Nicholas S. Goldin, Robert W. Sweet, et al.

Criminal obstruction of justice, conspiracy to obstruct justice, and fraud on a federal court.



Former NYC Federal Judge
Wm. H. Pauley, III
(deceased)

Former NYC Federal Judge
Robert W. Sweet
(deceased)

   

Michael F. Bachner, Esq.  Gary G. Becker, Esq.  Former AUSA Alexander H. Southwell  Former AUSA Steven D. Feldman

Michael K. Lawrence, JD, Ph.D., Esq., Investigative Journalist

Page 1 of 13

August 22, 2021

Exhibit 21-5

Is NYC federal Judge Edgardo Ramos above the law?

# IRN                    Breaking News

**"There is something rotten in the State of Denmark."** Hamlet

**NYC Federal Judge "Error-prone" Edgardo Ramos was named as an Unindicted Co-conspirator in Recent Concealed Court Filings. Is Judge Ramos above the Law? His Fate is Sealed.**

## IRNewswires Public Corruption Investigative Reports

Alan Reltman, JD, Ph.D., Esq., summa cum laude, Int'l Public Corruption Investigative Reporter
Sebastian Kolm, JD, Ph.D., Esq., summa cum laude, Public Corruption Analyst
Meredith Kammler, LLB, LLM, Ph.D., Esq., Public Corruption Legal Analyst
August 17, 2021
New York, NY

  

Former AUSA Alexander H. Southwell        "Error-prone" NYC        Former AUSA Nicholas S. Goldin

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 21-6

Error prone NYC federal judge Edgardo Ramos



NYC "Error-prone" federal judge Edgardo Ramos has been
implicated in a conspiracy to obstruct justice and cover-up
FINRA's certification of unregistered broker-dealer status for
Alpha Capital, AG (Anstalt), and others.



"Error-prone" NYC Federal Judge Edgardo Ramos' (SDNY) Fate is Sealed.

Exhibits 22-26

Clear and convincing evidence of civil and criminal contempts, ethical, and professional responsibility violations by Edgardo Ramos, an Unindicted Co-conspirator, acting in his <u>personal and individual capacity as a lawyer</u>, an officer of the court, i.e., in the "clear absence of all jurisdiction."

Exhibit 22

Suppressed and concealed Brady exculpatory evidence

Para. 33 in the SEC-DOJ's 03-0831 (D. NV) <u>unsigned</u> complaint.

Case 2:03-cv-00831-KJD-RJJ   Document 1-2059970   Filed 07/14/03   Page 14 of 25   P. 18

31.   In reality, these glowing descriptions and rosy <u>predictions</u> had no basis in fact.  Far from being the leader in the on-line casino business, the Investment Technology website did not generate a single cent of revenue for Investment Technology.  Indeed, during the approximately three-month blitz of reports and press releases touting the company's casino operation and stock, not a single wager was placed on the on-line casino's website.  Moreover, no wager has ever been made on the website at any time.

32.   The reports produced by Ware, RGW, Small Cap Research, and Centennial presented their recommendations of Investment Technology and its stock in terms that led readers to believe the recommendations were objective and disinterested.  None of the reports disclosed that Ware and/or RGW had received 7.5 million Investment Technology shares for their capital-raising and promotional efforts.

33.   For the two months prior to the casino promotion, Investment Technology stock had an average daily volume of 194,000 shares.  During the three-month campaign, the average daily volume increased to 757,000 shares traded, with volume in excess of 2 or 3 million on several days.  The misleading and fraudulent promotional campaign did not have the intended effect of increasing the company's stock price, however, because of the demand

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 23

05cr1115 indictment fabricated by AUSA Southwell and FBI special agent David Makol

Approved: **ALEXANDER H. SOUTHWELL**
Assistant United States Attorney

Before: HONORABLE ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :    **SEALED COMPLAINT**

- v. -                             :    Violation of
                                        18 U.S.C. §§ 2, 371
**ULYSSES THOMAS WARE,**           :    15 U.S.C. §§ 77q(a) & 77x
    a/k/a "Thomas Ware," and
**JEREMY JONES,**                  :    COUNTY OF OFFENSE:
                                        NEW YORK
                Defendants.        :

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

**DAVID MAKOL,** being duly sworn, deposes and says that he is a
Special Agent with the Federal Bureau of Investigation ("FBI"),
and charges as follows:

**COUNT ONE**
**(Conspiracy to commit securities and wire fraud)**

1.   From in or about January 2002 through in or about April
2002, in the Southern District of New York and elsewhere, ULYSSES
THOMAS WARE, a/k/a "Thomas Ware," and JEREMY JONES, the
defendants, and others known and unknown, unlawfully, willfully
and knowingly, did combine, conspire, confederate and agree
together and with others to commit offenses against the United
States, to wit, to commit:  (a) securities fraud, in violation of
Title 15, United States Code, Sections 77q(a) and 77x; and (b)
wire fraud, in violation of Title 18, United States Code, Section
1343.

2.   It was a part and an object of the conspiracy that
ULYSSES THOMAS WARE, a/k/a "Thomas Ware," and JEREMY JONES, the
defendants, and others known and unknown, unlawfully, willfully
and knowingly, in the offer and sale of securities issued by
Investment Technology, Inc., by the means and instruments of

Exhibit 24
Dkt. 222 (WHP) sua sponte entered without any notice or opportunity to be heard.

| 01/31/2013 | 218 | Letter addressed to Judge William H. Pauley, III from Defendant (05-Cr-1115-01) Ulysses Thomas Ware dated January 25, 2013 re: This Letter brief is in regard to the Motion referenced above filed in the Court on 12/09/2012. In particular I will address your fraud on the court in colluding, conspiring, and racketeering with the Unindicted Co-conspirators of the Department of Justice, (the "DOJ"), the defendant (Jeremy Jones), his lawyer Marlon Kirton, and magistrate judge Dolinger in regard to accepting the 09/22/2006 fabricated, (Dkt. #20, 24) Rule 11 plea of Jones lacking a factual basis, as a matter of law, to accept the Rule 11 plea; and your acceptance of the fabricated Rule 11 plea, (Dkt. #23), also lacking a factual basis to accept the plea. (bw) (Entered: 02/05/2013) |
| --- | --- | --- |
| 04/17/2013 | 219 | Supplement #2.2 to Rule 33, Rule 6 (e),Fraud on the Court's Motions Pending by Ulysses Thomas Ware as to Ulysses Thomas Ware, Jeremy Jones. (dnd) (Entered: 04/17/2013) |
| 08/13/2013 | 220 | Letter by Ulysses Thomas Ware addressed to Judge Michael H. Dolinger from Ulysses Thomas Ware dated 7/31/2013 re: This letter of inquiry is to obtain a copy of the court's report and recommendation, prepared for recommendation that District Judge William H. Pauley, III accept. (dnd) (Entered: 08/13/2013) |
| 10/01/2013 | 221 | LETTER addressed to Clerk of Court from Ulysses Thomas Ware dated 9/25/2013 re: Defendant submits this letter stating it his fourth letter of inquiry concerning his Rule 33 emergency motion to dismiss the indictment. Document filed by Ulysses Thomas Ware. (dnd) (Entered: 10/01/2013) |
| 11/27/2013 | 222 | ORDER as to Ulysses Thomas Ware. The Court received the attached letter dated November 12, 2013. This action has been terminated and in the absence of any pending proceeding, these documents will be docketed and no further actions will be taken. In addition, since his conviction in this case, Ware has sent almost one hundred pro se letters and motions-all equally without merit. In prior Orders, this Court has directed Ware to cease and desist his frivolous letter writing campaign. Ware has not heeded those Orders. Accordingly, the Clerk of Court is directed to close all pending motions in this case and not open any new motions absent an Order of this Court. The Clerk of Court is further directed to return all future correspondence from Ware. Ware is again directed to cease corresponding with the Court. (Signed by Judge William H. Pauley, III on 11/26/2013)(jw) (Entered: 11/27/2013) |

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 25

Dkt 160 (RWS) sua sponte entered without any notice or opportunity to be heard.

Page 27 of 28

SDNY CM/ECF NextGen Version 1.2
Case 1:05-cr-01115-WHP    Document 251-1    Filed 05/12/21    Page 28 of 29

| | | |
|---|---|---|
| 08/24/2017 | 159 | LETTER addressed to Judge Robert W. Sweet from Defendant Thomas Ware dated August 15, 2017 re: Sweet's, Tr. 821-24, jury charge ("lawful" element) Fraud and Collusion. (bw) (Entered: 08/25/2017) |
| 09/11/2017 | 160 | ORDER as to Thomas Ware (1): The Court is in receipt of Defendant's most recent motion, dated August 14, 2017, challenging the standing of the United States and jurisdiction of the Court with regard to Defendant's indictment, (Dkt. No. 158), and Defendant's letter, dated August 15, 2017, questioning the lawfulness of the jury charge at Defendant's trial, (Dkt. No. 159). In the absence of any pending proceedings or jurisdictional basis, these requests are denied. By the Court's Order dated July 20, 2017, Defendant was cautioned that continued motions made without a jurisdictional basis would result in the potential imposition of sanctions. See Dkt. No. 152.) Defendant has received similar warnings about his "meritless and frivolous" motions practice dating back to 2011. (Dkt. No. 118; see also Dkt. Nos. 125 & 130.) Accordingly, the Clerk of Court is directed to close all pending motions in this case and not open any new motions absent an Order of the Court. It is so ordered. (Signed by Judge Robert W. Sweet on 9/11/2017) (lnl) (Entered: 09/11/2017) |
| 09/18/2017 | 161 | LETTER addressed to Mr. Rod Rosenstein, Esq., and Office of the District Clerk/USDC (SDNY) from Defendant Thomas Ware dated 09/12/2017 re: Rosenstein's last and final request to terminate all resistence to lawful court orders, and BOP employees, Beaumont, TX criminal contempt of court Orders. (bw) (Entered: 09/19/2017) |
| 11/07/2017 | 162 | LETTER by Thomas Ware addressed to Judge Robert W. Sweet from Ulysses T. Ware, dated 10/25/2017, re: Sweet's July 21, 2017 order ruling 18 USC §3231 subject matter jurisdiction was lacking over the 04-cr-1224 proceedings. |

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibits 26

August 18, 2009, Kearse, J., bogus and fraudulent opinion in *United States v. Ware*, 07-5222cr (2d Cir. 2009). Kearse, risibly, relied on the Gov't false narrative without having access to para. 33, Exhibit 22, supra, which confirmed there was no "artificial inflation" of the "prices" of INZS and SVSY's securities. A fraud on the Court of Appeals by the USAO's lawyers, AUSAs Nicholas S. Goldin, Andrew L. Fish, and Katherine Polk-Failla.

# UNITED STATES v. WARE

| | | Font size: | A | A | Reset |

🖨 Print

United States Court of Appeals, Second Circuit.

UNITED STATES of America, Appellee-Cross-Appellant, v. Ulysses Thomas WARE, also known as Thomas Ware, Defendant-Appellant-Cross-Appellee.

Docket Nos.  07-5222-cr(L), 07-5670-cr.

Decided: August 18, 2009

Before: KEARSE, SACK, and HALL, Circuit Judges. Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y. (Nicholas S. Goldin, Andrew L. Fish, Assistant United States Attorneys, New York, NY, of counsel), for Appellee. Ulysses Thomas Ware, Brooklyn, NY, Defendant-Appellant pro se. Defendant pro se Ulysses Thomas Ware appeals from a judgment entered in the United States District Court for the Southern District of New York following a jury trial before William H. Pauley III, Judge, convicting him of securities fraud, in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), Rule 10b-5 promulgated thereunder by the Securities Exchange Commission ("SEC"), and 18 U.S.C. § 2; and conspiracy to commit securities fraud and wire fraud, in violation of 18 U.S.C. § 371.   Ware was sentenced principally to 97 months' imprisonment, to be followed by a three-year term of supervised release, a fine of $25,000, and forfeiture of $228,388.   On appeal, Ware contends, inter alia, that his right to be free from double jeopardy was violated, that the evidence was insufficient to support his convictions, and that the court made errors in sentencing.   We find no merit in any of Ware's contentions except his challenge to the sufficiency of the district court's sentencing findings as to his role in the offenses.   On that issue, we remand for additional proceedings; in all other respects we affirm.

Exhibit 26-1

CF., Exhibit 22, para. 33 in the suppressed and concealed SEC-DOJ 03-0831 (D. NV) unsigned complaint. On July 14, 2003, the SEC and DOJ judicially admitted and confessed there was not "increase", i.e., "artificial inflation" in the "prices" of INZS and SVSY's securities. Material Brady exculpatory evidence. Brady exculpatory evidence suppressed by AUSAs Southwell, Feldman, Goldin, Douvas, Fish, Polk-Failla, Garcia, Kim, Bharara, Melissa Childs, Audrey Strauss, John M. McEnany, and Edgardo Ramos as a conspiracy to resist and disobey the Brady Orders.

I.   BACKGROUND

The present prosecution focused on the conduct of Ware with respect to a "pump and dump" scheme from December 2001 through April 2002, involving the issuance of fraudulent press releases that artificially inflated the prices of the publicly-traded shares of two small companies: Service Systems International, Ltd. ("Service Systems"), and Investment Technology, Inc. ("Investment Technology").   The government's evidence at trial included press releases issued at Ware's behest; testimony from two participants in the drafting of the press releases, Jeremy Jones and Carleton Epps; charts showing increases in price and trading volume of the companies' shares corresponding to the dates on which such press releases were issued; and testimony from several investors who invested in Investment Technology in reliance on Ware's press releases, only to see the stock become worthless when the artificially inflated prices plummeted.   As discussed in Part II.B. below, the press releases contained materially false and misleading representations favorable to the companies, and/or omitted material information that was unfavorable, causing their stock prices to rise. Ware, who had acquired stock in the companies, sold most of his stock while causing the false press releases to be issued, reaping profits of more than $200,000 in a five-month period.

Ware was tried on one count of securities fraud and one count of conspiracy to commit securities fraud and wire fraud. After a first trial ended in a mistrial, necessitated by the illness of Jones (see Part II.A. below), Ware was retried and convicted on both counts.   He was sentenced principally as indicated above, calculated as discussed in Part III below.

II.   CHALLENGES TO THE CONVICTION

On appeal, Ware makes numerous challenges to his conviction, including contending that his prosecution was the product of government misconduct, that the district judge should have recused himself, that his right to be free from double jeopardy was violated, and that the evidence was insufficient to support his conviction on either count.   We reject Ware's charges of government misconduct-and his contention that he should have been allowed to argue to the jury that there was such misconduct-substantially for the reasons stated by the district court in an Order dated January 8, 2007, and in an in limine ruling on the record on May 19, 2006.   We reject Ware's contention that the district judge should have recused himself, as we find in the record no basis for recusal.   We reject Ware's double jeopardy and sufficiency challenges for the reasons that follow.

Exhibit 26-2
Exculpatory evidence frauds of AUSA Southwell.

# IRNewswires Public Corruption Investigative Reports

Alan Reitman, JD, Ph.D., Esq., summa cum laude, Int'l Public Corruption Investigative Reporter
Sebastian Kolm, JD, Ph.D., Esq., summa cum laude, Public Corruption Analyst
Meredith Kammler, LLB, LLM, Ph.D., Esq., Public Corruption Legal Analyst
August 17, 2021
New York, NY



Former AUSA Alexander H. Southwell    "Error-prone" NYC Federal Judge Edgardo Ramos    Former AUSA Nicholas S. Goldin

IRNewswires's lawyers and investigators have obtained copies of recently submitted court filings by Ulysses T. Ware that named "error-prone" NYC federal judge Edgardo Ramos as an "UNINDICTED CO-CONSPIRATOR" for aiding, abetting, assisting, and facilitating the willful, bad faith, and intentional resistance and disobedience of the written Brady Orders entered in *United States v. Ware*, 04cr1224 (SDNY) (RWS), Exhibit #1 and *United States v. Ware*, 05cr1115 (WHP), Exhibit #2.

Page 1 of 19

Tuesday, August 17, 2021
IRNewswires 2021 Ulysses T. Ware's Innocence Project

---

## Exculpatory Evidence and Perpetrate a Fraud on the Federal Courts.

The evidence is overwhelming. NYC incompetent "error-prone" federal judge Edgardo Ramos has conspired, colluded, facilitated, aided, and abetted acting U.S. Attorney (SDNY) Audrey Straus and her Office to willfully and in bad faith resist and disobey two (2) written Brady Disclosure Orders, Exhibits 1 and 3, infra, in civil and criminal contempt, 18 USC 401(2) and 401(3)[1] of lawful court orders. Judge Ramos, a judicial officer of the court, has clearly and egregiously violated the Codes of Judicial Conduct for a Federal Judge.[2]

[1] 18 USC 401: A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—
(1)
Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
(2)
Misbehavior of any of its officers in their official transactions;
(3)
Disobedience or resistance to its lawful writ, process, [Brady Disclosure Exhibits 1 and 3] or Rule 41(a)(2) superseding [Exhibit 3] order, rule, decree, or command.

[2] Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities.
A. Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Canon 2A. An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including harassment and other inappropriate workplace behavior. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not

Page 2 of 19

Tuesday, August 17, 2021
IRNewswires 2021 Ulysses T. Ware's Innocence Project

Exhibit 26-3
NYC federal judge Edgardo Ramos named as unindicted co-conspirator.

## IRN                    Breaking News

"There is something rotten in the State of Denmark." Hamlet

NYC Federal Judge "Error-prone" Edgardo Ramos was named as an Unindicted Co-conspirator in Recent Concealed Court Filings. Is Judge Ramos above the Law? His Fate is Sealed.

### IRNewswires Public Corruption Investigative Reports

Alan Reitman, JD, Ph.D., Esq., summa cum laude, Int'l Public Corruption Investigative Reporter
Sebastian Kolm, JD, Ph.D., Esq., summa cum laude, Public Corruption Analyst
Meredith Kammler, LLB, LLM, Ph.D., Esq., Public Corruption Legal Analyst
August 17, 2021
New York, NY




Former AUSA Alexander H. Southwell        "Error-prone" NYC        Former AUSA Nicholas S. Goldin

Exhibit 26-4

AUSAs Maria E. Douvas and Nicholas S. Goldin's unprecedented ignorance of the law.



*August 19, 2021*



| Former AUSA Maria E. Douvas | Former AUSA Nicholas S. Goldin |

The Government's Trial Counsels', AUSAs Douvas and Goldin, Unprecedented Ignorance of the Law, the Admission of Para. 10.1(iv) of GX-5, Acquitted Atlanta, GA Lawyer Ulysses T. Ware, Esq., of all Charges at Trial in U.S. v. Ware, 04cr1224 (SDNY).

Senior Investigative Reporter
Michael K. Lawrence, JD, Ph.D., Esq.
Washington, D.C.

Exhibit 27

07-5222cr (2d Cir.) named government witness Jeremy Jones as the "principal witness" in 05cr1115

A.  The Double Jeopardy Contention

Ware's first trial began on January 15, 2007.  The government's principal witness was Jones, who described his participation in Ware's securities fraud scheme and authenticated numerous exhibits for admission into evidence.  (See, e.g., Transcript of First Trial at 198-202, 214-15.)  When the trial was adjourned for the weekend on Thursday, January 18, Ware was in the process of cross-examining Jones.  During the weekend, Jones was hospitalized, suffering from elevated blood pressure and kidney failure.   With Ware's consent, the trial resumed on Monday, January 22, with testimony from other government witnesses.   On Tuesday morning, the government reported that it had been unable to obtain more information as to Jones's condition, and it proffered the name and telephone number of Jones's attending physician to Ware and the court.  Ware moved for a mistrial, arguing that having a hiatus of a week or more during his cross-examination of Jones would be unduly prejudicial.  (See id. at 618.)  The government opposed the motion, and the district court denied it.  (See id. at 620-23.)

On Tuesday afternoon, the government relayed to Ware and the court the physician's evaluation of Jones and inability to predict when Jones might be discharged from the hospital.   Ware again moved for a mistrial; the court postponed a ruling and continued the trial that afternoon.  (See id. at 740-44.)   Later in the day, an affidavit was received from Jones's physician stating that Jones was critically ill and would require hospitalization for an indefinite period of time.   Ware again moved for a mistrial, arguing that, as a practical matter, the jury would be unable to disregard Jones's testimony and the evidence admitted through his testimony.  (See id. at 798-99.)   Although the government urged the district court to wait a few days to see whether Jones's condition improved, the court found it clear that Jones would not be returning to testify soon; and it granted Ware's motion.   The court noted that

[t]here is no constitutional issue presented here because the defendant has moved for a mistrial; and it seems to me not to grant it would simply raise potential Sixth Amendment issues, because the defendant has not had an opportunity to complete his cross-examination of Mr. Jones.

Exhibit 28-1

DOJ Manual: Section 9-5.001 Exculpatory evidence disclosure policy.

**9-5.001 - POLICY REGARDING DISCLOSURE OF EXCULPATORY AND IMPEACHMENT INFORMATION**

A. **Purpose.** Consistent with applicable federal statutes, rules, and case law, the policy set forth here is intended to promote regularity in disclosure practices, through the reasoned and guided exercise of prosecutorial judgment and discretion by attorneys for the government, with respect to the government's obligation both to disclose exculpatory and impeachment information to criminal defendants and to seek a just result in every case. The policy is intended to ensure timely disclosure of an appropriate scope of exculpatory and impeachment information so as to ensure that trials are fair. The policy, however, recognizes that other interests, such as witness security and national security, are also critically important, see JM 9-21.000, and that if disclosure prior to trial might jeopardize these interests, disclosure may be delayed or restricted (e.g. pursuant to the Classified Information Procedures Act). This policy is not a substitute for researching the legal issues that may arise in an individual case. Additionally, this policy does not alter or supersede the policy that requires prosecutors to disclose "substantial evidence that directly negates the guilt of a subject of the investigation" to the grand jury before seeking an indictment, see JM 9-11.233.

B. **Constitutional obligation to ensure a fair trial and disclose material exculpatory and impeachment evidence.** Government disclosure of material exculpatory and impeachment evidence is part of the constitutional guarantee to a fair trial. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154 (1972). The law requires the disclosure of exculpatory and impeachment evidence when such evidence is material to guilt or punishment. *Brady*, 373 U.S. at 87; *Giglio*, 405 U.S. at 154. Because they are Constitutional obligations, *Brady* and *Giglio* evidence must be disclosed regardless of whether the defendant makes a request for exculpatory or impeachment evidence. *Kyles v. Whitley*, 514 U.S. 419, 432-33 (1995). Neither the Constitution nor this policy, however, creates a general discovery right for trial preparation or plea negotiations. *U.S. v. Ruiz*, 536 U.S. 622, 629 (2002); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).

1. **Materiality and Admissibility.** Exculpatory and impeachment evidence is material to a finding of guilt—and thus the Constitution requires disclosure—when there is a reasonable probability that effective use of the evidence will result in an acquittal. *United States v. Bagley*, 475 U.S. 667, 676 (1985). Recognizing that it is sometimes difficult to assess the materiality of evidence before trial, prosecutors generally must take a broad view of materiality and err on the side of disclosing exculpatory and impeaching evidence. *Kyles*, 514 U.S. at 439. While ordinarily, evidence that would not be admissible at trial need not be disclosed, this policy encourages prosecutors to err on the side of disclosure if admissibility is a close question.

Exhibit **28-2**
DOJ Manual: Exculpatory evidence disclosure policy

2. **The prosecution team.** It is the obligation of federal prosecutors, in preparing for trial, to seek all exculpatory and impeachment information from all the members of the prosecution team. Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant.*Kyles*, 514 U.S. at 437.

C. **Disclosure of exculpatory and impeachment information beyond that which is constitutionally and legally required.** Department policy recognizes that a fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the court but that may not, on its own, result in an acquittal or, as is often colloquially expressed, make the difference between guilt and innocence. As a result, this policy requires disclosure by prosecutors of information beyond that which is "material" to guilt as articulated in *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999). The policy recognizes, however, that a trial should not involve the consideration of information which is irrelevant or not significantly probative of the issues before the court and should not involve spurious issues or arguments which serve to divert the trial process from examining the genuine issues. Information that goes only to such matters does not advance the purpose of a trial and thus is not subject to disclosure.

1. **Additional exculpatory information that must be disclosed.** A prosecutor must disclose information that is inconsistent with any element of any crime charged against the defendant or that establishes a recognized affirmative defense, regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime.

2. **Additional impeachment information that must be disclosed.** A prosecutor must disclose information that either casts a substantial doubt upon the accuracy of any evidence—including but not limited to witness testimony—the prosecutor intends to rely on to prove an element of any crime charged, or might have a significant bearing on the admissibility of prosecution evidence. This information must be disclosed regardless of whether it is likely to make the difference between conviction and acquittal of the defendant for a charged crime.

3. **Information.** Unlike the requirements of *Brady* and its progeny, which focus on evidence, the disclosure requirement of this section applies to information regardless of whether the information subject to disclosure would itself constitute admissible evidence.

4. **Cumulative impact of items of information.** While items of information viewed in isolation may not reasonably be seen as meeting the standards outlined in paragraphs 1 and 2 above, several items together can have such an effect. If this is the case, all such items must be disclosed.

D. **Timing of disclosure.** Due process requires that disclosure of exculpatory and impeachment evidence material to guilt or innocence be made in sufficient time to permit the defendant to make effective use of that information at trial. *See, e.g. Weatherford v. Bursey*, 429 U.S. 545, 559 (1997); *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993). In most cases, the disclosures required by the Constitution and this policy will be made in advance of trial.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 29-1

NYC lawyer Marlon G. Kirton's involvement in a criminal perjury conspiracy.

# *IRNewswires Breaking News*

## Criminal Perjury Conspiracy in the NYC Federal Courts



Former AUSA Alexander H. Southwell (SDNY)   Former Federal Judge Wm. H. Pauley, III (deceased)   NYC CJA Lawyer Marlon G. Kirton, Esq.

IRNewswires Public Corruption Investigative Group
Alan Reitman, Esq.
September 21, 2021
New York, NY

1 | P a g e
September 21, 2021
IRN2021 Ulysses T. Ware's Innocence and Exoneration Project

Exhibit 29-2

Kirton's confession that Jeremy Jones received USSG 5k letter from the government and secretly cooperated with the government in 05cr1115



DOJ's willfully suppressed and concealed USSG 5K cooperation agreement: impeachment evidence.

Page 11 of 40
**Wednesday, November 10, 2021**
11.10.21 Ex. 52B-10.1 and 10.2 re Atlanta, GA law firm  Garland, Samuel & Loeb  Awards & Recognitions
_ Garland, Samuel & Loeb, P.C. _ Atlanta

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 29-3
Jeremy Jones' alleged Suppressed and concealed September 22, 2006, USSG 5k purported Rule 11 perjury contract proceedings.



**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 29-4
Jeremy Jones' alleged Sept. 22, 2006, Rule 11 allocution.



69MHJONP

1   THE DEFENDANT:  Yes, your Honor.

2   THE COURT:  Did you sign this plea agreement?  I am

3   referring to the letter dated September 15, 2006 --

4   THE DEFENDANT:  Yes, your Honor.

5   THE COURT:  -- from the United States Attorney to your

6   attorney.

7   THE DEFENDANT:  Yes, your Honor

8   THE COURT:  Before you signed it, did you discuss it

9   with your attorney?

10  THE DEFENDANT:  Yes, your Honor.

11  THE COURT:  Did he explain to you all of its terms and

12  conditions?

13  THE DEFENDANT:  Yes, your Honor.

14  THE COURT:  Do you understand in particular the

15  material contained on pages 2 and 3 refers to matters that will

16  be the discretion of the government as to whether to proceed

17  with them?

18  THE DEFENDANT:  Yes, your Honor.

19  THE COURT:  Do you also understand that as part of

20  this agreement, even if it turns out that the government has

21  improperly withheld from your attorney information that would

22  have been helpful to him in defending you at trial, you are

23  giving up your right to complain about that form of government

24  misconduct?

25  THE DEFENDANT:  Yes, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Page 245 of 395
54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 29-5

Jeremy Jones' lawyer Marlon G. Kirton's 2005 letter to District Court (Pauley, J.) and USAO informing them that the SEC did not make Jones a defendant in the sham 2003 SEC's Las Vegas litigation.

---

**Marlon G. Kirton, P.C.**

Marlon G. Kirton
Janet L. Brown

D. Andrew Marshall
Of Counsel

*Attorneys at Law*
230 Park Ave., Suite 1000
New York, New York 10169
Tel # (646) 435 - 5519
Fax # (212) 808 - 3020

December 20, 2005

Hon. William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1581

Re: United States v. Ulysses Thomas Ware and Jeremy Jones, 05 Cr. 1115 (WHP)

Dear Judge Pauley:

The court should not entertain the government's request. Mr. Jones and his family need additional time to comply with the conditions of the magistrate concerning the bail. I request the court allow this matter to be decided on our next scheduled court conference on January 6, 2006.

Mr. Jones' mother, Jane Jones, has been very helpful throughout the entire process. She has agreed to allow her home to be used to secure a portion of the bail package for Mr. Jones. She has also agreed to be one of the three (3) financially responsible individuals mandated to sign the bond. However, Mr. Jones' pre-trial services officer in Atlanta has not been very helpful. Ms. Jones has been in contact with, Amy Roberts, for over four (4) weeks concerning this issue. Ms. Roberts has not returned repeated calls by Ms. Jones. Ms. Jones has not been able to sign the bond because she has received no assistance from Ms. Roberts. Additionally, the government has had no contact, to my knowledge, with any of the pre-trial services personnel in Atlanta concerning Mr. Jones. The government did not communicate with anyone in Atlanta, to my knowledge, that Ms. Jones was an acceptable candidate for the bond.

Finally, Mr. Jones has been unable to secure any viable candidate to be the third signatory of the bond. I request that the court allow for additional time for Mr. Jones to secure a third signer of the bond.

The government's request for a court date this week is fantasy at best. Given the late notice of the request and the current work stoppage it is not possible for me to be in court before Thursday or Friday of this week. Mr. Jones has purchased tickets to be in court for our scheduled court date

Exhibit 29-5.1
Cont'd from 29-5

on January 6, 2005. I will be out of the state from December 25, 2005 through January 2, 2006. I would request that the court keep the same court date and allow the parties to work out their differences between now and then.

The government's response is typical of the heavy handed approach it has used against Mr. Jones. I have reviewed the discovery in this matter. This prosecution arose out of an investigation commenced by the Securities and Exchange Commission (S.E.C.) of Mr. Ware's company. I have spoken with the lead S.E.C. attorney on this case, Jeff Norris, concerning Mr. Jones. Mr. Jones was never made a defendant in the S.E.C. investigation. He gave them his full cooperation without an attorney for several months; as is evidenced by the transcripts turned over during the government's own discovery. The government has not only turned him from a potentially valuable witness into a defendant, they now seek to detain him in New York for the length of the case. I urge the court to decide these matters during our conference.

Sincerely,

Marlon G. KIrton, Esq.

cc: Alexander H. Southwell, Assistant United States Attorney

Exhibit 30

Para. 10.1(iv) of GX-5 (04cr1224)

9
10

12. Plaintiffs purchased the Notes pursuant to the terms of the Subscription Agreement (the "Subscription Agreement") entered into between and among the parties on or about February 2, 2001. Plaintiffs collectively paid $1.1 million to IVG and each Plaintiff received a Note in proportion to its investment, as set forth in the paragraph 10.

13. Pursuant to Section 10.1(iv) of the Subscription Agreement, IVG was obligated to file on or before May 3, 2001, a form SB-2 Registration Statement with the United States Securities and Exchange Commission registering the stock underlying the Notes so that upon conversion the stock could be sold on the open market without restriction. IVG was obligated to

4

121

Case 1:02-cv-02219-GM   Document 109-1   Filed 02/15/1

have such registration statement declared effective on or before June 17, 2001. Thus Section 10.1(iv) of the Subscription Agreement provides:

"The Company shall file with the Commission within 90 days of the Closing Date (the 'Filing Date'), and use its reasonable commercial efforts to cause to be declared effective a Form SB-2 registration statement (or such other form as it is eligible to use) within 135 days of the Closing Date in order to register the Registrable Securities for resale and distribution under the Act. The registration statement described in this paragraph must be declared effective by the Commission within 135 days of the Closing Date (as defined herein)('Effective Date')."

IVG failed to comply with its obligations and to date has not had its registration statement declared effective.

Exhibit 31

Knowing and willful direct and/or indirect participants in the "pattern of racketeering activities."

1. Merrick B. Garland, Lisa O. Monaco, Vanita Gupta
2. Jeffrey R. Ragsdale;
3. David N. Kelley, Michael J. Garcia, Joon Kim, Preet Bharara, Jeffrey Berman, Audrey Strauss, Damian Williams;
4. Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, Margaret M. Garnett, Daniel Gitner, Alexander J. Wilson, Steven R. Peikin, David Makol, Maria E. Font, Andrew L. Fish, Melissa Childs, John M. McEnany, the U.S. Marshals Service (NDGA) and (SDNY);
5. Edgardo Ramos, Laura Taylor-Swain, William H. Pauley, III, Robert W. Sweet, Michael H. Dolinger, Andrew J. Peck, Ruby Krajick;
6. Timothy C. Batten, Sr., Thomas W. Thrash, Jr., Orinda D. Evans, Marvin H. Shoob, James N. Hatten, Julie E. Carnes;
7. the State Bar of Georgia, Paula Fredrick, Bill NeSmith, Jenny Mittlemen, Adrienne Nash, William A. Myers, Jonathan Hewitt, Dan O'Sullivan;
8. Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel, David Levitt, Michael F. Bachner, Gary G. Becker, Lisa Scolari, James H. Roth, Marlon G. Kirton;
9. Michael Fitzpatrick, Thomas J. McCarthy, David Mulcahy, Cathleen Tyler;
10. Jeffrey B. Norris, Spencer C. Barasch, Kent J. Dawson, Steven Korotash, Steven Webster, John C. Martin, Robert C. Hannan, Joan E. McKown;
11. Amalya L. Kearse, Robert D. Sack, Peter W. Hall, Robert A. Katzmann, Barbara S. Jones;
12. Alpha Capital, AG (Anstalt)[190], Ari Rabinowitz, Edward M. Grushko, Barbara R. Mittman, LH Financial Services, Kenneth A. Zitter, Kilpatrick, Townsend, & Stockton, LLP, Dennis S. Meir, John W. Mills, Iii, J. Henry Walker, IV;
13. Margaret H. Murphy, Joyce Bihary, C. Ray Mullins, Wendy L. Hagenau, Patricia Sinback, M. Regina Thomas;
14. Jeremy Jones, Myron Williams, Elrico Sadler, Carlton Epps, Charles H. Jackson;
15. Gerald B. Tjoflat, Stanley Marcus, Adelburto Jordan, and Charles E. Wilson;
16. James Olas, John Doe #1, John Doe #2, John Doe #3 (U.S. Marshals NDGA);
17. Kelly Quinn, ComputerShare (GPMT's transfer agent)

---

[190] The international money laundering criminal enterprise located in New York and managed by LH Financial Services and *unregistered investment advisor* government 04cr1224 (SDNY) trial witness Ari Rabinowitz. See Exhibits 3-1, 3-3, and 5, supra.

Exhibit 32 Re: DOJ's conspiracy to obstruct justice article.

Article available at: https://bit.ly/3ojmsGn

# Breaking News:

## Probable cause to indict the USAG has been uncovered.





U.S. Atty (SDNY) Damian Williams       Deputy U.S. Atty Margaret M. Garnett

### "All evil deeds eventually come to the light."

USAG Merrick B. Garland and U.S. Attorney (SDNY) Damian Williams have been implicated in a DOJ conspiracy to obstruct justice and suppress material Brady exculpatory evidence in the Ware Cases.

**IRNewswires Government Investigations**
**Meredith Kammler, Esq., LL.B, LLM, Ph.D., Int'l investigative reporter**
**London, UK**
**February 2, 2022**

IRN's lawyers have received and reviewed Ulysses T. Ware's February 1, 2022, Memorandum of Law directed to the U.S. Attorney General Merrick B. Garland and his surrogate Damian Williams,

Page 1 of 17
**Wednesday, February 2, 2022**
IRN 2022 Ulysses T. Ware Innocence and Exoneration Project

Exhibit 33

Article: DOJ has placed itself in Brady disclosure checkmate in 04cr1224 and 05cr1115.

Article available at:  https://bit.ly/3qKNojV



# IRNewswires Breaking News:
### The USAO's (SDNY) Damian Williams' Job is on the Line. Will he last 48 hours?

*U.S. Attorney (SDNY) Damian Williams*

### The US Dept of Justice has placed itself in *Brady* disclosure *checkmate*.

IRNewswires Public Corruption Investigations.
Meredith Kammler, Esq., LLB, LLM, Ph.D., Int'l Investigative Reporter
Alan Reitman, Esq., JD, LLM, Ph.D., Managing Int'l Investigative Reporter
January 20, 2022
New York, NY

Page 1 of 51
January 20, 2022
RE: IRN's Ulysses T. Ware's 2022 Innocence and Exoneration Project

Exhibit 34

Article : Major shakeup coming to DOJ ....



**U.S. Atty (SDNY) Damian Williams**    **Deputy U.S. Atty Margaret M. Garnett**

Sources inside the DOJ have stated "a *major* shake-up is coming ... the President is not happy with several U.S. Attorneys, in particular, *Damian Williams* in New York. *Damian* has been a *major* embarrassment for the President ... he feels Senator Schumer *tricked* him into nominating *Damian* who is *totally* unqualified ...."

Alan Reitman, JD, LLM, Ph.D., *summa cum laude*, Managing Int'l Investigative reporter.
January 26, 2022
New York, NY

IRN's sources within the U.S. Department of Justice on Tuesday informed IRN's lawyers and investigators under a condition of confidentially " ... the President is not happy with how Garland is running things .... **He moves too slow ... he takes too long ...** he was a bad choice for the job ....The Manhattan U.S. Attorney Damian Williams, Garland's former law clerk, is even worst than Garland ... *the fruit does not fall far from the tree ... Damian is on very thin ice and it's July ....*" (quoting high-ranking DOJ officials).

1 | P a g e
26-Jan-22
IRN's 2022 Ulysses T. Ware's Innocence project.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
Tuesday, March 15, 2022

Exhibit 35

Article: Is USAG Garland above the law?

## Article available at: https://bit.ly/3J2W5MQ

# IRNewswires News Flash:

### USAG Merrick Garland acquiesced to DOJ's Deliberate Criminal Contempt of Brady Court Orders in the Ulysses T. Ware Cases.

### The Iago of the U.S. Justice Department. Is King Merrick, I, above the law?

**Garland: DOJ 'will apply the facts and the law' when considering Bannon referral**

By Tierney Sneed, CNN
Updated 1:20 PM EDT Tue October 21, 2021



(CNN) — Attorney General Merrick Garland told lawmakers that the Justice Department "will apply the facts and the law and make a decision consistent with the principles of prosecution" as it weighs whether the House is pursuing in opposition. Referring...

Garland is appearing before the House Judiciary Committee Thursday on the full House Hearings

*U.S. Attorney General Merrick Garland*

**IRNewswires Government Corruption Investigations**
Meredith Kammler, Esq., LLB, LLM, Ph.D., Int'l investigative reporter
Alan Reitman, Esq., JD, Ph.D., *summa cum laude*, Managing Int'l investigative reporter
London, UK
February 5, 2022

In Othello, the evil and villainous character, Iago, perhaps the evilest character in "all of literature" portrayed an image of trustworthiness, all the while plotting and

Page 1 of 2
February 5, 2022
IRNewswires 2022 Ulysses T. Ware's Actual Innocence and Exoneration Project and DAO

Exhibit 36

District Court (Sweet, J.) fraudulent jury charge in 04cr1224 (SDNY).

On November 20, 2007 Sweet, J. purported to charge the jury in 04-Cr-1224 (RWS)(SDNY), (18 USC §401(3), criminal contempt). District Judge Sweet knowingly, willfully, deliberately, and intentionally to commit a fraud on the jury, erroneously intentionally charged the jury in such a way as to egregiously violate the Due Process Clause of the Fifth Amendment, i.e., Sweet directed a verdict of guilty on the "lawful" element of the §401(3) statute, by which the Petitioner was prejudiced. Cf. Tr. 889 L 2-11.

District Judge Sweet knowingly and intentionally to violate the Petitioner's civil right charged that jury as follows:

> ... I instruct you that as a matter of law the order was lawful and proper in every respect and did not violate any constitutional or legal rights of the defendant or anyone else, and, therefore, the first element of the offense would be satisfied.

District Judge Sweet intentionally charged the jury in such a way to violate the due process rights of the petitioner; and to violate his oath of offense, and commit

Exhibit 37

Frauds and shady ethics of former Atlanta, GA bankruptcy court Judge Margaret H. Murphy and District Judge Thomas W. Thrash, Jr. (NDGA).

U.S. District Court for the Northern District of Georgia - 243 F. Supp. 2d 1375 (N.D. Ga. 2003)
January 13, 2003

≡ **JUSTIA** 🔍 👤

243 F. Supp. 2d 1375 (2003)

Jeffrey A. BRYAN, Plaintiff,
v.
Margaret H. MURPHY, Thomas W. Thrash, William S. Duffey, Jr., and Melanie D. Wilson, Defendants.

No. CIV.A.1:02-CV2492BBM



## I. *Factual and Procedural Background*

In his complaint, Jeffrey A. Bryan ("Bryan"), proceeding *pro se*, contends that United States Bankruptcy Judge Margaret H. Murphy ("Murphy") and United States District Judge Thomas W. Thrash ("Thrash") violated his civil rights while adjudicating his bankruptcy case. Specifically, Bryan alleges that his bankruptcy attorneys lied about a $30,000.00 fee he paid them, in order to ensure that the funds were excluded from Bryan's bankruptcy estate. After discovering his attorneys' fraud, Bryan allegedly reported the issue to Murphy. Although Bryan made Murphy aware of his attorneys' bad behavior, she did not investigate the issue. Instead, Bryan believes that Murphy "took affirmative acts and actions to aid and abet [his attorneys] from having legal or financial liability for their false statements." She took these actions, according to Bryan, "to ensure that the legal licenses and professional standing of [his

Page **255** of 395
54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 37-1
Continued

# ☰ JUSTIA     🔍 👤

## I. *Factual and Procedural Background*

In his complaint, Jeffrey A. Bryan ("Bryan"),
proceeding *pro se,* contends that United States
Bankruptcy Judge Margaret H. Murphy
("Murphy") and United States District Judge
Thomas W. Thrash ("Thrash") violated his civil
rights while adjudicating his bankruptcy case.
Specifically, Bryan alleges that his bankruptcy
attorneys lied about a $30,000.00 fee he paid
them, in order to ensure that the funds were
excluded from Bryan's bankruptcy estate. After
discovering his attorneys' fraud, Bryan allegedly
reported the issue to Murphy. Although Bryan
made Murphy aware of his attorneys' bad
behavior, she did not investigate the issue.
Instead, Bryan believes that Murphy "took
affirmative acts and actions to aid and abet [his
attorneys] from having legal or financial liability
for their false statements." She took these
actions, according to Bryan, "to ensure that the
legal licenses and professional standing of [his
attorneys] would not be placed at risk or
jeopardy because of their conduct." Bryan

Exhibit 38

Article: IRN's 02.12.22 exposure  and coverage on Garland and Alpha Capital, AG
(Anstalt) the Hobbs Act international money laundering criminal enterprise.

## Available at: https://bit.ly/3oJXS1B

### IRNewswires Public Corruption Investigations
Is the U.S. AG Merrick B. Garland (a/k/a Iago) involved in
the operations of Alpha Capital, AG (Anstalt), the Hobbs Act
*international money laundering criminal enterprise?*[1]



### U.S. Attorney General Merrick B. Garland

*"Avarice, Avarice, Avarice ... all the money is mine ...."*

IRNewswires Special Reports
Alan Reitman, JD, Ph.D., *summa cum laude,* Managing Int'l investigative reporter
Harold Morey, Executive Editor
February 12, 2022
London, UK

*"Oh what a wicked web we weave."*

IRN's, lawyers and investigators have for the last twelve months conducted
extensive investigations on the *U.S. AG Merrick B. Garland,* a former federal appeals
court chief judge, and *scorned* Supreme Court nominee. The investigation has focused
on very suspicious actions and transactions by New York Senator *Charles E. Schumer,*
Mr. Garland's former law clerk, Manhattan U.S. Attorney Damian Williams, Senator
Schumer brother, Robert Schumer, Mr. Garland, Alpha Capital, AG (Anstalt), *the*

---
[1] https://failedmessiah.typepad.com/failed_messiahcom/2010/06/friends-question-suicide-of-shady-hasidic-real-
estate-mogul-678.html

Page | 1
Saturday, February 12, 2022

Exhibit 39

05cr1115: Dkt. 99, S. Tr. 31 L 18-25, (R-1). Fatico hearing ruling

P. 2
31

7ac6wars

1    point.

2        THE COURT:  We are just focusing on the presentence

3    report.

4        MR. WARE:  Yes, sir.

5        Those are my objections, your Honor.

6        THE COURT:  Now, do you wish to be heard with respect

7    to the sentencing submissions?

8        MR. WARE:  Yes, sir.

9        THE COURT:  I will hear you.

10       MR. WARE:  Mr. Feldman submitted a sentencing

11   submission to the government, your Honor, dated August 14,

12   2007.

13       THE COURT:  Mr. Ware, we are going to take a short

14   break for the benefit of the Court and the court reporter.  We

15   will reconvene in 10 minutes.

16       (Recess)

17       THE COURT:  Before Mr. Ware proceeds with his

18   argument, I would like to make an inquiry of the government.

19       Mr. Ware has requested a Fatico hearing.  Let me put

20   it to the government this way:  Does the government want to

21   proceed with sentencing and put aside restitution, or does the

22   government want to press for restitution?  If the government

23   wants to press for restitution then I think we should have a

24   Fatico hearing concerning among other things the efficiency of

25   the market.  Because at the end of the day, Mr. Feldman, I

                SOUTHERN DISTRICT REPORTERS, P.C.
                        (212) 805-0300

Exhibit 40

05cr1115: Dkt. 99, S. Tr. 35, (R-2).

```
                                                                    35
     7ac6wars

 1   restitution where we explained detail of our view of the Rifler
 2   decision.
 3           THE COURT:  Where is the proof in this case of an
 4   efficient market in these stocks?
 5           MR. FELDMAN:  Your Honor --
 6           THE COURT:  Just point to me the proof of an efficient
 7   market and that these stocks that they weren't thinly traded.
 8           MR. FELDMAN:  Your Honor, one, these may well be
 9   thinly traded stocks.  Your Honor heard that.  These were OTC
10   Bulletin Board stocks.  So it is our view that even if those
11   stocks were thinly traded, those people were still victimized
12   by Mr. Ware's press releases.  Your Honor doesn't need to
13   determine whether the market was efficient or not based on a
14   thinly traded stock analysis.  Your Honor has, and the exhibits
15   we presented at trial shown that Mr. Ware's press releases
16   caused the market to move.
17           Now, in these civil cases that Mr. Ware is pointing to
18   it may be the case because the market is so huge there is a
19   question of whether any little piece of evidence, any little
20   misrepresentation would affect people who buy.  We have direct
21   causation here.  That direct causation is the charts in
22   evidence that we presented at trial that as Mr. Ware put out
23   the press releases, the market shot up and then Mr. Ware dumped
24   his shares.
25           We don't have the problem that you normally need a
```

Exhibit 40-1
05cr1115: Dkt. 99, S. Tr. 36, (R-2).

36

7ac6ware

1  fraud-on-the-market analysis to prove causation. We have that
2  causation. In addition, as to those particular 250 victims who
3  we haven't interviewed each one of them, they are in fact
4  victims and we explained that because of this concept that the
5  causation to the degree it applies can be substituted by the
6  idea that Mr. Ware had generally caused this market to be
7  inflated.
8          If what you are looking for is that this wasn't a
9  thinly traded market, that kind of evidence that Mr. Ware has
10 just pointed out today, we are not going to find it.
11         THE COURT: If the government is advancing a fraud on
12 the market theory, then the government should be able to prove
13 the elements of a fraud on the market theory. That is what a
14 hearing would be about.
15         MR. FELDMAN: Your Honor, if that is your holding and
16 your Honor's version is that a fraud-on-the-market theory
17 means, among other things, that these were not thinly traded
18 stocks, I know we are not going to be able to meet that burden.
19 These were thinly traded stocks. That is why Mr. Ware's press
20 releases were able to have the effect that they did.
21         So if that is your Honor's holding, I respectfully
22 object to it. I know I cannot meet it and we should move
23 forward with sentencing.
24         THE COURT: Have you looked at Mr. Ware's Fifth
25 Circuit case?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Exhibit 41

05cr1115: S. Tr 75-76 inefficiency ruling, (R-3).



The government has identified a pool of victims on whose behalf it seeks restitution. The government utilizes a fraud-on-the-market theory to establish reliance by these victims. Because as the government concedes reliance is not an element of criminal fraud, *United States v. Maddy*, 134 F.3d 542, 551 (3d Cir. 1998), this factual analysis would be undertaken for the first time at sentencing and seems to be precisely the type of "complex factual issue" The Second Circuit has suggested sentencing courts should avoid. *Rifler*, 446 F.3d at 136-37.

Moreover, the government has failed to address all but

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8/25/2012

Case 1:12-cv-04397-TWT   Document 1-6   Filed 12/19/12   Page 12 of 49
SX-119
P. 11
76

7AQ6WARS

two of the eight efficient market factors. The government also declined the Court's invitation to present evidence on this score. Accordingly, this Court declines to award restitution in this case.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 42 05cr1115: Dkt 99, 01/07/07 Dkt. 35 Order (Pauley, J.).

Page 1



SA-38                                          P. 32

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 35
DATE FILED: 1-8-07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA                              05 Cr. 1115 (WHP)

-against-                                    ORDER

ULYSSES THOMAS WARE,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

By letter applications dated December 1, 2006 and December 19, 2006, Ulysses

Thomas Ware ("Defendant" or "Ware") sought an adjournment of the January 16, 2007 trial date

and a suppression hearing. This Court denied those applications in separate orders on December

11, 2006 and December 22, 2006 respectively.

On November 28, 2006, the Government filed an in limine motion, seeking to

preclude Defendant from offering at trial any evidence of collusion between the Securities and

Exchange Commission ("SEC") and the United States Attorney's Office ("USAO") ("November

28 motion"). On December 28, 2006, the Government filed another in limine motion, seeking to

preclude Defendant from cross-examining certain Government witness regarding collateral

matters ("December 28 motion"). On January 2, 2007, Defendant filed a motion, seeking (a) an

adjournment of the January 16, 2007 trial date; (b) a suppression hearing concerning all

documents and information obtained from the SEC; (c) a log prepared by the SEC and the USAO

of all documents, telephone calls and email correspondence between the two; and (d) other

related relief ("January 2 motion"). Finally, by letter dated January 8, 2007, Defendant seeks

SA-39                                                                    P. 33
                                                                         P. 5

eight different orders requiring the Government to provide information, emails and logs to

Defendant immediately. The relief sought on January 8, 2007 largely overlaps with relief

requested in Defendant's January 2 motion or at argument on January 5, 2007. In turn,

Defendant's January 2 application essentially reiterates his earlier requests for relief on

December 1, 2006 and December 19, 2006.

    A.    Defendant's January 2 Motion

    Defendant's January 2 motion revolves around alleged improper collusion

between the SEC and the USAO. At the January 5, 2007 hearing, Ware clarified his argument:

> Any documentation, communication subsequent to December 3, 2003 during the
> ongoing civil litigation in Nevada is subject to suppression because notice was not
> given by the SEC nor Mr. Southwell's office that an imminent criminal
> investigation was ongoing pertaining to the same conduct as was ongoing in the
> civil litigation. That information is subject to suppression, your Honor, because
> notice was not given to the civil litigants in the civil action in Nevada.

(Transcript of Oral Argument, dated Jan. 5, 2007 ("Oral Arg. Tr.") pg. 29.)

    Assistant United States Attorney ("AUSA") Alexander Southwell responded "that

this case did not come about as a referral from the SEC, and to [his] knowledge, Mr. Norris [trial

counsel for the SEC] never contacted the [USAO's] office or the FBI about this case prior to

when the FBI contacted Mr. Norris sometime after December 2003." (Oral Arg. Tr. pg. 30.) As

for Ware's assertions of collusion between the USAO and the SEC, AUSA Southwell

represented that none of the correspondence between those agencies concerned "what should

happen in the civil litigation, what depositions should be taken or anything of that ilk. It was

all in the nature primarily of Mr. Norris reporting on what had happened in this proceeding,

mostly public events and providing documents." (Oral Arg. Tr. pgs. 29-30.) There is nothing in

2

**SA-40**

the record to support Ware's arguments that the USAO exerted any control whatsoever over the SEC's civil investigation or enforcement action. Finally, there is no authority for Ware's proposition that the Government was required to give him notice that a criminal investigation or proceeding was imminent. (Oral Arg. Tr. pg. 30.)

This Court finds that Defendant has offered only conclusory allegations and speculation of collusion between the USAO and the SEC. While Defendant argues that those agencies were in contact "shortly after" July 2003, he mischaracterizes the Jeffrey Norris affidavit dated October 3, 2006. The Government represents that the SEC civil investigation started in June or July of 2002 while the USAO's criminal investigation did not begin until after a referral from District Judge Sand in December 2003. (See Transcript of Hearing on May 19, 2006, pgs. 6-7.) Defendant does not refute the Government's time line. Even if there were a temporal overlap between the civil and criminal investigations, information sharing is not subject to suppression when the investigations are independently motivated. See United States v. Teyibo, 877 F. Supp 846 (SDNY 1995). Accordingly, Defendant has provided no factual basis for a suppression hearing.

B.   Defendant's January 8 Application

In his January 8 Application, Defendant's requests for orders requiring the Government to disclose communications between the SEC and the USAO are denied. For the reasons set forth above, Defendant's conspiracy theory is rejected because Defendant has failed to proffer any credible evidence supporting it.

C.   The Government's November 28 Motion

The lack of factual support for Ware's allegations also forms the basis for the

3

**SA-41**

P. 35
P. 7

Government's motion to preclude evidence of alleged collusion between the SEC and the USAO. For the reasons discussed above, this Court finds that Ware is precluded from alleging collusion between the agencies.

In its November 28 motion, the Government further moves to introduce evidence of Ware's obstructive conduct in the course of the SEC investigation. Specifically, the Government seeks to introduce the affidavit of Myron Williams submitted by Ware to the SEC. (See Transcript of January 3, 2007 at pgs. 10-11.) The Government argues that this evidence is directly admissible because it involves the same illegal activity alleged in this action. Although this evidence may be admissible on this basis, the Government must first demonstrate that the allegedly obstructive conduct was intended to prevent detection of the criminal fraud for which he was indicted.

The Government argues alternatively that the evidence is admissible as 404(b) evidence on the issues of knowledge and intent. If Ware raises lack of knowledge or intent as a defense, then such evidence is admissible. See United States v. Mickens, 926 F.2d 1323, 1328 (2d Cir. 1989) (providing a three part test to determine admissibility of "other crimes" under Rule 404(b)).

D.   The Government's December 28 Motion

The Government moves to preclude Defendant from cross-examining Government witness Jeremy Jones concerning 1997 and 1999 misdemeanor convictions for deposit account fraud, which is commonly known as the issuance of a bad check. The Government's argument under Rule 609 lacks merit. While the Government may claim during direct examination that Jones' criminal convictions resulted from an "unintentional oversight",

4

Page 5

SA-42                                              P.P. 38

Jones' convictions concerning check fraud bear on his credibility. Accordingly, Defendant may question Jones about his 1997 and 1999 convictions.

The Government also seeks to preclude cross-examination of Carlton Epps concerning a 1997 arrest for deposit account fraud and a 2002 misdemeanor conviction for driving with a suspended license. The 1997 arrest is not an appropriate basis for inquiry. The unfair prejudice outweighs any probative value. Moreover, the misdemeanor conviction for driving with a suspended license is irrelevant and is precluded under Rule 609

Finally, the Government seeks to admit Certified Public Documents as self-authenticating under Rule 902(4) and as business records under Rule 803(6). If these documents are indeed certified public records or business records maintained in the normal course, they are admissible provided that they are relevant.

The balance of the parties' respective applications are denied. A final pre-trial conference is scheduled for January 12, 2007 at 2:00 p.m.

Dated: January 8, 2007
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

5

## Exhibit 43

Jeremy Jones' 2015 satisfaction of significantly reduced fines.

PREET BHARARA
United States Attorney for the
Southern District of New York
BY: KATHLEEN A. ZEBROWSKI
86 Chambers Street
New York, New York 10007
Telephone No.: (212) 637-2710
Fax No.: (212) 637-2717

UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

                              Plaintiff,

            - v. -

JEREMY JONES,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK

SATISFACTION OF JUDGMENT

05 CR 1115 (WHP)

JUDGMENT #:08.1749

Satisfaction is acknowledged between United States of America, plaintiff, and Jeremy Jones, defendant, for the fine in the amount of $5,000.00 and the special assessment in the amount of $200.00 amounting in all to the sum of $5,200.00. Judgment entered in the Judgment Book of the United States District Court for the Southern District of New York on the 16th day of September 2008.

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

                              By: _____
                              KATHLEEN A. ZEBROWSKI
                              Assistant United States Attorney

STATE OF NEW YORK)
COUNTY OF NEW YORK)
            On the 19th day of January 2015, before me personally came Kathleen A. Zebrowski, Assistant United States Attorney for the Southern District of New York, to me known, and known to me to be the individual described in and who executed the foregoing instrument, and acknowledge that she executed the same.

_____
NOTARY PUBLIC

KATHY TAYLOR
Notary Public, State of New York
No. 01TA5077230
Qualified in Kings County
Commission Expires May 5, 15

**Exhibit 44: Page 1 re  Administrative Office of the U.S. Court's Notice to the federal courts to implement the new Brady disclosure law.**



## ADMINISTRATIVE OFFICE OF THE
## UNITED STATES COURTS

JAMES C. DUFF
Director

WASHINGTON, D.C. 20544

October 26, 2020

MEMORANDUM

To:     All United States Judges
        Circuit Executives
        Federal Public/Community Defenders
        District Court Executives
        Clerks, United States District Courts
        Chief Probation Officers
        Chief Pretrial Services Officers

From:   James C. Duff  *James C. Duff*

RE:     STATUTORY AMENDMENT TO CRIMINAL RULE 5 (INITIAL APPEARANCE)
        **(IMPORTANT INFORMATION)**

On October 21, 2020, the President signed into law the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020), which amends Criminal Rule 5 (Initial Appearance) by adding a requirement that trial judges "[i]n all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present," issue an oral and written order: (1) confirming the prosecutor's disclosure obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny; and (2) notifying the prosecution of the possible consequences of violating the order. The amendment to Rule 5 further requires that each judicial council promulgate a model order for use by judges. This link will take you to the enrolled bill:
https://www.congress.gov/116/bills/s1380/BILLS-116s1380enr.pdf

As many of you know, the Judicial Conference of the United States has consistently opposed direct amendment of the federal rules by legislation, instead urging that Congress defer to the deliberative process of the Rules Enabling Act, 28 U.S.C. §§ 2071–2077, which authorizes amendments to the Federal Rules of Criminal Procedure after broad public participation and review by the bench, bar, academia, the Judicial Conference, the Supreme Court, and Congress. Consistent with this position, the chairs of the Judicial Conference Committee on Rules of Practice and Procedure and its

A TRADITION OF SERVICE TO THE FEDERAL JUDICIARY

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Exhibit 44-1 Page 2 re Brady disclosure law.

Statutory Amendment to Criminal Rule 5 (Initial Appearance)                    Page 2

Advisory Committee on Criminal Rules sent a letter to leadership of the House Judiciary Committee opposing the direct amendment of Criminal Rule 5, detailing the committees' extensive and continuing work on prosecutorial disclosure obligations, and urging that Congress defer to the Rules Enabling Act process. Unfortunately, that effort was not successful.

The amendment became effective upon enactment. Accordingly, all judges must immediately comply with this new requirement, and judicial councils must draft and promulgate a model order implementing this change as soon as practicable. We are aware that many courts have already started the process of drafting orders to comply with the new requirements imposed by the Act, and we will collect and make those available on the JNet. The amendment to Rule 5 will be reflected in the December 1, 2020 edition of the Criminal Rules pamphlet, which will be published by the House Judiciary Committee in January. Once published, a PDF of that pamphlet will be posted on uscourts.gov (https://www.uscourts.gov/rules-policies/current-rules-practice-procedure) and, as they do every year, the Rules Committee Staff will mail a printed copy to all federal judges.

You may contact the Judicial Services Office at 202-502-1800 if you have questions concerning implementation of these new requirements. Please forward any orders implementing these new requirements to the Judicial Services Office (Aodb_AO_Duty_Attorney@ao.uscourts.gov) so that we may share for the benefit of your colleagues in other courts.

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

Exhibit 45: Page 1: New York Law Journal article on government's duty to disclose cooperating witnesses' prior inconsistent statements.

New York Law Journal

Web address: http://www.nylj.com

ALM

VOLUME 238—NO. 89 TUESDAY, NOVEMBER 6, 2007

OUTSIDE COUNSEL

BY KATYA JESTIN AND ANDREW WEISSMANN

# 'Brady': Second Circuit Upends Prosecutorial Practice

In July of this year there was a little-noticed opinion issued by the U.S. Court of Appeals for the Second Circuit in *United States v. Rodriguez*. Although it has so far received scant attention in legal circles, it should have a palpable effect on prosecutorial practices regarding the critical issues of the scope and timing of *Brady* disclosures by the government.

Katya Jestin Andrew Weissmann

## Scope of 'Brady' Disclosures

The government is constitutionally required to disclose exculpatory and impeachment information to the accused,[1] and such disclosures must be sufficiently specific and complete to be useful to the defense.[2] In practice however, "sufficiently specific and complete to be useful" often translates into the government providing the defense with nothing more than the identity of a witness who has favorable defense information, while providing no details about the content of that information. The defendant must then try to interview the witness. But what if the witness refuses to speak with the defense, or provides information to the defense materially different from that provided to the government? Has the government complied with its *Brady* obligations?

If the witness declines to be interviewed or fails to disclose the favorable information, the only remedy typically resorted to by the defense prior to *Rodriguez* was to subpoena the witness to testify at trial. Just as typically, the government maintained that this completely satisfies the defendant's constitutional right of meaningful access to favorable information, citing *United States v. LeRoy*[3] and *United States v. Grossman*.[4] Those cases have been widely relied upon for this broad proposition that the government need only disclose the information permitting the defense to subpoena the witness with *Brady* information, namely, his or her identity and perhaps contact information.[5] But the holdings of *LeRoy* and *Grossman* were much narrower. Notably, those cases held only that the government is not obligated to disclose a *Brady* witness' grand jury testimony; they are silent as to whether the substance of the testimony must be provided. Armed with the Second Circuit's *Rodriguez* decision, discussed below, defendants can successfully argue that the government's perennial practice of providing only the identity of a *Brady* witness may be constitutionally deficient.

## Timing of 'Brady' Disclosures

The second critical feature of the government's *Brady* obligations is the timing of its disclosure of favorable information to the defense. *Brady* information must be disclosed in sufficient time so that the defense will have a reasonable opportunity to use it. It is axiomatic that the closer to trial the disclosure is made, the less opportunity a defendant will have to make meaningful use of it.[6] Of course, whether the government's disclosure of favorable material was sufficient in scope and in timing can only be analyzed retrospectively, after trial. Accordingly, government prosecutors have tremendous discretion in predicting how nondisclosure, narrow disclosure, or untimely disclosure of favorable information will be viewed after trial. The *Rodriguez* case sharply reminds practitioners of the perils attendant to the government's stingy exercise of that discretion.

## 'United States v. Rodriguez'

On appeal from his conviction for conspiracy to possess and distribute cocaine in the Southern District of New York, Ramiro Rodriguez claimed that his rights under *Brady* and the Confrontation Clause were violated by the government's failure to take notes of and to disclose the previous lies made by its cooperating witnesses to the government.[7] Mr. Rodriguez suggested that the government deliberately refrained from memorializing the witness' statements in order to evade its disclosure obligations.[8]

The proof against Mr. Rodriguez consisted mainly of the testimony of two cooperating witnesses, Patricia Lopez, a self-described drug dealer, and Noel

**Katya Jestin** and **Andrew Weissmann** are partners in Jenner & Block.

Exhibit 45-1 : Page 2 con't

TUESDAY, NOVEMBER 6, 2007

NEW YORK LAW JOURNAL

Espada, one of her customers. Both witnesses testified pursuant to cooperation agreements with the government and both acknowledged having participated in multiple meetings with the government prior to testifying. Of particular import, during Ms. Lopez's direct testimony, the prosecution disclosed for the first time (solely through its questioning of Ms. Lopez) Brady impeachment material, namely that she initially lied "about everything" to the government prior to entering into a cooperation agreement. This predictably prompted defense counsel to request additional information about the substance of those lies. The prosecutor refused, stating that defense counsel was free to elicit such information on cross-examination. The trial court found that the government had satisfied its obligations. The Second Circuit remanded the case for a hearing as to the materiality of the information that the government failed to disclose timely to the defense.

The Second Circuit rejected straight away the shocking notion that the government's disclosure obligations are tied to whether the information was memorialized (which would conflate Brady obligations with those arising under the Jencks Act). "When the Government is in possession of material information that impeaches its witnesses or exculpates the defendant, it does not avoid the obligation under Brady/Giglio to disclose the information by not writing it down."

The court re-emphasized its prior rulings that Brady information, of both the exculpatory and impeachment variety, must be disclosed in a "manner that gives a defendant a reasonable opportunity either to use the evidence in the trial or to use the information to obtain evidence for use in the trial." Of particular importance, the court expressed the view that merely affording a defendant the opportunity to question a witness on the stand at trial may not constitute a reasonable opportunity under Brady. The court recognized that competent counsel may not take the risk of using the trial setting for such discovery. "[I]n some circumstances, telling the

defendant that a witness lied, but leaving it for defense counsel to find out what the lies were by questioning the witness before the jury, might as a practical matter foreclose effective use of the impeaching or exculpatory information. Defense counsel would be in the difficult position of having to question the witness blindly in the jury's presence, not knowing whether the answers elicited might seriously incriminate or prejudice the defendant."

Here, the court's admonition calls sub silencio into question the government's standard reliance on LeRoy and Grossman in limiting the scope of its Brady disclosures. Under the court's reasoning in Rodriguez, when a Brady witness refuses to speak to the defense pretrial, the government cannot blithely rely on the defendant's ability to subpoena the witness to testify at trial. Instead, Rodriguez suggests that the government ignores at its peril its obligation to advise the defendant of the substance of that favorable information in

*Armed with the Second Circuit's 'Rodriguez' decision, defendants can argue that the government's practice of providing only the identity of a 'Brady' witness may be constitutionally deficient.*

sufficient time for the defendant to make use of it. This recent rebuke by the Second Circuit echoes its earlier view, set forth in Leka, that the government's putting the defense in the position of calling a Brady witness cold to the stand is "suicidal [for the defense]" and not an opportunity for use as required by due process.

Given the collision between the decisions in Rodriguez and Leka with the narrow view of the scope and timing of Brady disclosures taken by the government reflexively in many cases, the government should discard its current practice. In fact, the Department of Justice, undoubtedly in recognition of the problems that persist in this area, revised the U.S. Attorney's

Manual in late 2006 to call upon prosecutors, except in limited situations, to disclose favorable material pretrial.[18]

## Conclusion

However, this relatively new policy statement regarding the timing of such disclosure, does not address sufficiently the scope of such disclosures. To ensure the constitutionally mandated "reasonable opportunity for use," the policy needs to go one important step farther—to require the government in all cases to accompany its mere identification of a Brady witness with a summary of that witness' pertinent favorable information. Instead of requiring defense attorneys to embark on the "suicidal" mission of calling a witness cold at trial, such an amended policy will ensure that the government complies with Brady. In the meantime, Rodriguez arms the defense with a powerful argument to compel complete and timely production of Brady information.

•••••••••• ● ••••••••••

1. United States v. Rodriguez, No. 05-3069, 2007 U.S. App. LEXIS 17508, at *11 (2d Cir. July 24, 2007) (citing Strickler v. Greene, 527 U.S. 263, 281-82 (1999)).
2. Id. at *12-13 (citing Leka v. Portuondo, 257 F.3d 89, 103 (2d Cir. 2001)).
3. 405 U.S. 150 (1972) (Leka 1981).
4. 405 F.3d 78 (2d Cir. 1968).
5. See, e.g., United States v. Coppa, 300 U.S. Supp. 696, 699-10 (E.N.Y. 1988) (holding that the government met its Brady obligations by identifying witnesses that may possess information helpful to the defense. "It is now up to [the defendant] to subpoena these witnesses to take advantage of any exculpatory information they might furnish.") (citing LeRoy and Grossman).
6. See Leka, 257 F.3d at 103; see also United States v. Coppa, 267 F.3d 132, 142-44 (2d Cir. 2001).
7. Our colleagues Barry Berke and Eric Tirschwell recently published a perceptive piece on the importance of a uniform government-wide note-taking requirement raised by the Rodriguez prosecution and the non-issue that arises in light of the Rodriguez case. NYLJ, Outrick Criswell, "New Rule Proposed on Note-Taking in Criminal Cases," Sept. 6, 2007, at p. 1.
8. Rodriguez, 2007 U.S. App. LEXIS 17508, at *7-8.
9. Id. at *1.
10. Id. at *14 (citing Leka, 257 F.3d at 103, 105 and United States v. Phillips, 464 F.3d 101, 197 (2d Cir. 2006)).
11. Id. at *18-19.
12. Leka, 257 F.3d at 103.
13. See U.S. Attorney's Manual §9-5.001 (Oct. 19, 2006).
14. Comment E (stating that "[p]rosecutors are also encouraged to provide [such] information, beyond that which the government's disclosure obligation and the existing case law mandate, that obligates it").

Reprinted with permission in the November 6, 2007 edition of the New York Law Journal © 2007 ALM Properties, Inc. All rights reserved. Further duplication without permission is prohibited. For information, contact 212-545-6111 or visit www.almreprints.com. #-070-11-07-2007

# Page left blank

# Appendices

# Appendix 1

Memorandum to Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP's partner Dennis S. Meir, Esq. regarding 18 USC 157 conspiracy to commit bankruptcy fraud for his clients in In re Group Management Corp., 03-93031-mhm (BC NDGA), Chapter 11 proceedings.

Page 1

P. 91

Ulysses Thomas Ware
Reg. No. 56218-019
Atlanta Prison Camp
P.O. Box 150160
Atlanta, GA 30315

December 19, 2011

Dennis S. Meir, Esq.
Kilpatrick, Townsend, & Stockton, LLP
1100 Peachtree St, NW
Suite 2800
Atlanta, GA 30309-4528

RE: In re Group Management Corp., 03-93031-MHM (N.D. Ga), ("93031").

Mr. Meir:

This letter is in regard to the proceedings in 93031 and your clients the plaintiffs in Alpha Capital AG, et al. v. IVG Corp., et al, 02-CV-2219(LBS)(SDNY), ("2219"); and the criminal violations of the federal securities laws admitted to by your clients (the 2219 plaintiffs), their lawyer (Kenneth A. Zitter, Esq.) and their agents (Ari Rabinowitz, **fugitive** Thomas Badian, **convicted felon** Edward D. Grushko, Esq., and others), (the "Racketeers").

1.      Enclosed is the October 23, 2011 motion for leave filed in 11-4181-CV (2d Cir.) detailing the criminal conduct of your clients in regard to the matters in 2219, 93031, and 1224 in the federal courts.

2.      Enclosed is a MEMORANDUM OF LAW dated November 27, 2011 detailing "the dire consequences" your client Stonestreet, L.P.'s August 13, 2003 admission had on the 93031, 2219, and 1224 proceedings.

        At pages 6-8 of the Memo, Stonestreet, L.P. judicially admitted to in fact being the **beneficial** owner of more than 9.9% of GPMT's outstanding stock, and accordingly, Stonestreet admitted to being a $16 statutory **insider** of GPMT, an **affiliate** of GPMT, and in the 2219 complaint at ¶¶12-13 Stonestreet and the 2219 plaintiffs judicially admitted to being 15 USC §77b(a)(11), (§2(a)(11)), statutory **underwriters** of GPMT's securities, prohibiting your clients (the 2219 plaintiffs) from any claim in regard to the 2219 matters, i.e., your clients thus, were not lawful creditors of GPMT having standing to appear in 93031.

3.      Even assuming, arguendo, that the 2219 plaintiffs had a **claim** against GPMT, as a result of the August 13, 2003 admission of Stonestreet, L.P. being the **beneficial owner** of more than 9.9% of GPMT's stock, 17 CFR §240.13d-5(b)(1) and the reasoning and holding of Roth v. Jennings, 489 F.3d 499, 506-10 (2d Cir. 2007), each of the 2219 plaintiffs were deemed the **beneficial owner** of Stonestreet's more than 9.9% beneficial ownership **nunc pro tunc**, Roth, 489 F.3d at 507, February 2, 2001 (the acquisition date of GPMT's Notes), i.e., $16 statutory insiders **required to disgorge any profits back to GPMT** -- your clients (the 2219 plaintiffs) still lacked a **claim** (a legal obligation) to the 2219 plaintiffs.

        Rather, according to federal law ($16 of the 1934 Act) the 2219 plaintiffs owed GPMT the profits (more than $18 million) realized from the securities fraud committed by your clients and the Racketeers: your clients lacked a **claim**, thus were not lawful **creditors**, and therefore lacked standing to

8/27/2012

Page 2

P. 92

impede and appear in 93031.

Hence, lacking standing to appear in 93031, the April 11, 2003 filing made by yourself and John W. Mills, III and KTS on behalf of the 2219 plaintiffs (admitted $2(a)(11) statutory underwriters, affiliates, and statutory insiders) was flagrantly frivolous, malicious, filed in bad faith, lacked any factual basis, and violated your and the 2219 plaintiffs' fiduciary duty to GPMT as a result of admitting to being statutory underwriters of GPMT's securities.

4.    Mr. Meir had you prior to entering your appearance and filing the frivolous April 11, 2003 pleading, (the "Frivolous Pleading") researched your clients' complaint (Dkt. #1:2219) in particular ¶¶10-21, especially ¶¶12-13 and compared your clients' judicial admissions to the statutory language of Section 77(b)(a)(11) of the 1933 Act, and Section 77x, and 78ff, competent counsel would have advised the 2219 plaintiffs of the danger of attempting to oppose GPMT's Chap. 11 reorganization (criminal violations of the federal securities laws by the 2219 plaintiffs) and declined the engagement.

5.    Rather, instead, you colluded and conspired with the Racketeers to commit a fraud on the court, as an officer of the court, and did not inform the 93031 bankruptcy court that your clients had admitted (2219 complaint at ¶¶10-21) of being Section 2(a)(11) statutory underwriters, and in addition were secreting the fact of being $16 statutory insiders and members of a statutory group (Rule 13d-5(b)(1)), and accordingly the judicial admissions pled in the 2219 complaint (¶¶10-21) pled the 2219 plaintiffs out of court, i.e., the 2219 plaintiffs judicially admitted they lacked Art. III, §2 standing in 2219, and therefore, the 2219 district court lacked all subject matter jurisdiction to adjudicate (hear or accept any evidence in 2219 on the 2219 plaintiffs' claims'), ergo, the November 25, 2002 purported judgment in 2219 (Dkt. #54) and Memorandum Opinion (Dkt. #50) were null and void ab initio, "advisory" and lacked all preclusive effect. Cf. Steel Co v. Citizens for a Better Environment, 523 U.S. 83, 94 (1995) (J. Scalia)(Federal courts lack authority to enter judgment lacking subject matter jurisdiction in the proceedings, judgment entered would be "advisory").

6.    Furthermore, as a result of 2219 plaintiffs' binding uncontravertible judicial admissions made at ¶¶10-21 of the 2219 complaint; in pari materia with the admissions made by the 2219 plaintiffs at ¶10.1(iv) of the subscription agreement (requiring GPMT to file a 'Form SB-2' registration statement registering GPMT's conversion shares for an immediate public offering), (the "Dire Consequences") the 2219 plaintiffs judicially admitted to (which cannot be contradicted by the 2219 plaintiffs nor their lawyers in any proceeding including the Rule 9011 proceeding to be filed in 93031) primary violations of Section 78j(b) and 17 CFR §240.10b-5, (Rule 10b-5) of the 1934 Act, (the "Primary Violations").

7.    The 2219 plaintiffs' Primary Violations and the Dire Consequences criminal admissions of the federal securities laws -- which cannot be contraverted by you or your clients at the 9011 proceeding, or the fraud on the court proceeding, nor in the Section 1961-62 civil racketeering suit to be filed naming you John W. Mills, III, KTS, the Racketeers and others as defendants seeking compensatory and punitive damages of +$5.0 billion; the issue is res judicata and collateral estoppel -- a directed verdict in the amount of +$5.0 billion will be entered against you, Mills, KTS, the 2219 plaintiffs, the racketeers and others jointly and severally.

(2)

8/27/2012

Page 3

P. 93

8.    Mr. Meir, as a result of the judicial admissions made by your clients in 2219 proceedings ¶¶10-21 of the complaint; ¶10,1(iv) of the subscription agreement; and the sworn testimony of both Ari Rabinowitz (2219 plaintiffs' agent) and Kenneth A. Zitter, Esq. (2219 plaintiffs' lawyer) at trial in U.S. v. Ware, 04-Cr-1224 (RWS)(SDNY), ("1224"), i.e., further judicial admissions of the primary violations of the federal securities laws and criminal statutes, Cf. Rabinowitz's testimony at (Tr. 204-06: admitted that LH Financial and 2219 plaintiff Alpha Capital, AG were unregistered broker-dealers operating in violation of the federal securities laws (Section 15(a) of the 1934 Act).

II.   SWORN TESTIMONY OF KENNETH A. ZITTER, ESQ. AT TRIAL IN 1224.

1.    2219 plaintiffs' counsel Mr. Zitter testified for the United States at trial in 1224; and under vigorous and thorough cross-examination by Mr. Ware testified as follows in regard to Dennis S. Meir, Esq. and KTS' illegal involvement in GPMT's Chap. 11, 93031 in March-April 2003:

Tr. 376:

Mr. Ware:    Did you ever at any time file for relief from [the] automatic stay in the Northern District of Georgia pursuant to [GPMT's] Chapter 7 or SSG Corporation Chapter 7 filing [in December 2003] at any time?

Mr. Zitter: L 20: I don't know. All right, we retained --

Mr. Ware:    Who would have been responsible for knowing?

Mr. Zitter: We retained separate bankruptcy counsel in the Northern District of Georgia and I don't know whether he applied for relief to [the] automatic stay or he applied to have the case [GPMT's Chap. 11] dismissed or whatever other relief he applied, but we had separate bankruptcy counsel and we acted on his advise and consent. (emphasis added).

Tr. 377:

Mr. Ware:    Who was that separate bankruptcy counsel?

Mr. Zitter: Dennis Meir (sic). He is a partner in a large firm [KTS] down there.

Mr. Ware:    You hired him, right?

Mr. Zitter: Yes.

Mr. Ware:    On behalf of your client?

Mr. Zitter: On behalf of my client.

Tr. 377 L 20-25:

Mr. Ware:    Did you hire Mr. Meir]?

Mr. Zitter: I Hired Mr. Me[ir] yes. I didn't hire him personally. I retained him on behalf of my client [the 2219 plaintiffs].

(3)

8/27/2012

Page 4

P. 94

Tr. 380 L 15:

Mr. Ware     Mr. Zitter, do you know Dennis Meir (sic)?

Mr. Zitter: Yes, I do.

Mr. Ware:   How do you know him?

Mr. Ware:   We went to law school [together at Harvard].

Mr. Ware:   Did you contact Dennis Meir (sic) and asked him to represent [your] client [the 2219 plaintiffs in 93031]?

Mr. Zitter: I contacted Dennis Meir (sic) and asked him to represent [m]y clients [the 2219 plaintiffs] in the bankruptcy, yes.

*Meir, Zitter, and J. Throck all Harvard Law alums, the same as Polk-Failla*

Tr. 381 L 11:

Mr. Ware:   Did you have any communications with Mr. Meir (sic)?

Mr. Zitter: Yes, I communicated [with Mr. Mair].

Mr. Ware:   What was the communication regarding?
            Mr. Goldin : objection.
            The Court: overruled.

Mr. Zitter: It was in regard to the bankruptcy proceeding [93031].

Mr. Ware:   So you have knowledge of what happened in the bankruptcy proceeding of what happened in Georgia?

Mr. Zitter: I have some knowledge. I have knowledge based on what Mr. Meir (sic) told me.

Tr. 382:
Mr. Zitter: Mr. Meir (sic) would communicate with [me] from time to time about what was going on [in 93031].

Tr. 399 L 7-25:

Mr. Ware:   Mr. Zitter, what I've shown you has been marked as Defense Exhibit P. Could you take a look at that?

     Mr. Ware showed Mr. Zitter (the drafter of the 2219 complaint) Dennis Meir's April 11, 2003 pleading filed in In re Group Management Corp., 93031 for review prior to having Ex. P admitted into evidence. Cf. Doc. #16 in 93031.

Tr. 400 L 1-25 Mr. Zitter explained that the Atlanta bankruptcy counsel (Dennis S. Meir, Esq.) "talked about the strategies and the pleadings" that Mr. Meir (sic) was going to file on behalf of the creditors [the 2219 plaintiffs]?

Mr. Ware:   Your testimony is you hired Dennis Meir (sic) to represent the creditors in the Chapter 11 bankruptcy case [93031]?

Mr. Zitter: Correct.

(4)

8/27/2012

Page 5

P. 95

Mr. Ware:    Is that correct?

Mr. Zitter:  Yes, it's correct.

Mr. Ware:    And you communicated with Mr. Meir (sic) during the Chapter 11 bankruptcy [93031]?

Mr. Zitter:  Yes, I did.

Mr. Ware:    You talked about the strategies and the pleadings that Mr. Meir (sic) was going to file on behalf of the creditors [in 93031]?

Mr. Zitter:  I don't remember the conversations but that is certainly reasonable. I assume I did.

Mr. Ware:    He told you the strategy that he was going to apply to the Chapter 11 bankruptcy —

Mr. Zitter:  I'm sure that he did.

Hence, at trial in 1224 you have Mr. Zitter the drafter of the 2219 complaint, which contained the binding judicial admissions of the 2219 plaintiffs (¶¶10-21), admitting that Mr. Meir of KTS was hired by Mr. Zitter (Tr. 376-77) to represent the 2219 plaintiffs in 93031; (2) who Mr. Zitter had "communications with" in regard to 93031 (Tr. 381); (3) who Mr. Zitter discussed "strategies and the pleadings" filed by Mr. Meir in 93031 (Tr. 399-400).

Thus, there is no question that Mr. Meir had access to Mr. Zitter and the documents Mr. Zitter used to prepared the frivolous 2219 complaint; the subscription agreement; the November 25, 2002 (Dkt. #50) Memorandum Opinion, and the November 25, 2002 "advisory" judgment (Dkt. #54) to conduct a 'reasonable investigation' prior to filing the bogus and frivolous April 11, 2003 (Dkt. #16) pleading to interfere with GPMT's Chapter 11 (93031).

Therefore, as Mr. Zitter's agent, his knowledge is imputed to Mr. Meir, Mr. Hills, and KTS where Mr. Zitter testified (Tr. 400) that Mr. Meir "told you [Mr. Meir] the strategy that he [Mr. Meir] was going to apply to the Chapter 11 bankruptcy" 93031; and which Mr. Zitter approved.



8.

Moreover, Mr. Meir is judicially bound and the same are judicial estoppel by the statements and admissions made in the 93031 bankruptcy filings (Dkt. ## 15 and 16) in §2 "STATEMENT OF FACTS" and other portions of Doc. #16:

9.

(a).  Mr. Meir judicially admitted which cannot be contraverted by Mr. Meir, the 2219 plaintiffs of Mr. Zitter at the 9011 proceeding, the civil racketeers suit, or the fraud on the court proceeding the following:

(i)  "Movants [2219 plaintiffs] are holders of Convertible Notes issues on or about February 2, 2001, which, pursuant to Subscription Agreement, are convertible to the common stock of [GPMT]."

(ii)  Mr. Meir referenced the November 25, 2002 "Order and Judgment" and attached it to his Frivolous Pleading as "Exhibit A" yet failed to inform the Court in his pleading that pursuant to the Memorandum Opinion (Dkt. #50) entered on November 25, 2002 the District Judge (Sand) found as the 'law of the case' — which his clients (the 2219 plaintiffs) did not appeal — which adopted the judicial admissions (¶¶10-21 of

(5)

8/27/2012

Page 6

P. 96

the 2219 complaint) as the 'law of the case' which borrowing Mr. Meir's terminology "ha[d] been fully litigated ... and mandated by a final order and judgment of that Court" the 2219 court. Id. at §1, P.1

10.     The obvious problem in regard to the Frivolous Pleading was that Mr. Meir was and is incompetent in advanced securities law, and therefore failed to grasp and fully comprehend his own "Exhibit A" (the November 25, 2002 Order and Judgment of the 2219 court).

Mr. Meir planned his "strategies and pleadings" lacking complete understanding and competence in an area of law for which he was incompetent to accept employment; and subsequently filed the Frivolous Pleading on April 11, 2003 ignorant to the consequences of the admissions he and his clients were making in Doc. #16, and moreover ignorant to the admissions already made by his clients and their lawyer (Mr. Zitter) in the 2219 complaint (¶¶10-21), the subcription agreement (¶10.1(iv)), and the November 25, 2002 Memorandum Opinion's language P. 2-7.

11.     Accordingly, on April 11, 2003 when Mr. Meir, Mr. Mills and KTS filed Doc. #16 in the 93031 Chapter 11 proceedings, as a result of his clients not appealing that portion of the Memorandum Opinion (which was not appealable by the 2219 plaintiffs) adopted by the 2219 court from ¶¶10-21 of the plaintiffs' own complaint: the portions conferring Section 2(a)(11) statutory underwriter status on the 2219 plaintiffs; that portion which held the 2219 plaintiffs committed primary violations of the federal securities law (by the sale of the unregistered securities of GPMT), those portions of the Memorandum Opinion were res judicata and collateral estoppel on Mr. Meir, Mr. Mills, KTS, Mr. Zitter, and the 2219 plaintiffs. Cf. Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398-400 (1981) (Res judicata is binding on the parties and "their privies", and binding on all courts and there are not exceptions).

12.     Mr. Meir., Mr. Mills, KTS, Mr. Zitter, and others were "privies" of the 2219 plaintiffs, and therefore were all bound by the res judicata effect of the November 25, 2002 Order and Judgment, including the 93031 bankruptcy court in regard to GPMT's reorganization.

Therefore, the 93031 bankruptcy court, Mr. Meir, Mr. Mills, Mr. Zitter were all required by federal law, 28 USC §1738, to accord full res judicata effect to the November 25, 2002 judgment in GPMT's favor, in addition to Art. IV, §1 of the Constitution (Full Faith and Credit Clause).

And the 93031 court or the district court will be required by 28 USC §1738 in the Rule 9011 proceeding for $22.2 million, plus attorneys fees, costs, expense, market capitalization loss, to give full res judicata effect to final and unappealed portions of the November 25, 2002 judgment and the Memorandum Opinion; and res judicata effect to the binding judicial admissions (¶¶10-21 of the 2219 complaint, ¶10.1(iv) of the subscription agreement, and Mr. Meirs' judicial admissions in the Frivolous Pleading), i.e., Mr. Meir, Mr. Mills, KTS, Mr. Zitter, and the 2219 plaintiffs lack a nonfrivolous defense to a Rule 9011 sanction as a matter of law, Federated, supra.

Mr. Meir, this matter is of the utmost seriousness. You and your clients have inflicted untold damages to more than 3,000 investors in GPMT and have irreparably harmed Mr. Ware, GPMT, its shareholders, and others due to the criminal conduct and tactics employed by you, Mr. Mills, KTS, the 2219 plaintiffs, and the Racketeers.

A copy of this letter is being filed with the 93031 bankruptcy judge, the State Bar of Georgia, the Georgia Supreme Court (S120-0472), and the U.S. Dept. of Justice's criminal division.

(6)                                    8/27/2012

P. 97

Furthermore, a copy of this letter is being filed with Chief Judge Julie Carnes and is being submitted as an affirmation verified pleading to initiate a disciplinary proceeding against Dennis S. Meir, Esq., John W. Mills, III, Kenneth A. Zitter, Esq. for conduct unbecoming an officer of the court, i.e., a fraud perpetrated on the 93031 bankruptcy court, by officers of the court, who have up to today December 19, 2011 failed to inform the 93031 court of the following indisputable facts:



1. The 2219 plaintiffs (the movants in the Frivolous Pleading) on February 2, 2001 at Dkt. #1:2219, ¶¶10-21, admitted to being Section 2(a)(11) statutory underwriters of GPMT's securities according fiduciary status on the 2219 plaintiffs and their privies.

2. On November 25, 2002 (Dkt. #50) in the Memorandum Opinion, the 2219 district court adopted the 2219 plaintiffs' binding judicial admissions at Dkt. #1, ¶¶10-21, and incorporated the same as the 'law of the case' in 2219 which the 2219 plaintiffs could not and did not appeal, Federated, 452 U.S. at 398-400, which are now res judicata and collateral estoppel. Cf. P. 2-7 (Dkt. #50).

3. On February 2, 2001 the 2219 plaintiffs through their attorney of record (Kenneth A. Zitter, Esq.) in the 2219 complaint (¶¶10-21) made binding judicial admissions of primary violations of the federal securities laws; and in the 2219 subscription agreement (¶10.1(iv)) the 2219 plaintiffs admitted that: (a) they were Section 2(a)(11) statutory underwriters, (b) admitted they intended an immediate 'public offering' of GPMT's securities, (c) admitted they were not bona fide investors in GPMT's securities, but dealers and underwriters conducting an imminent 'public offering' in violation of the federal securities laws. Cf. Section 5(a, c), Section 77x, and Section 78ff.

4. As a result of the 2219 plaintiff's February 2, 2001 binding judicial admissions made in the 2219 complaint and the subscription agreement of primary violations of Section 10b and Rule 10b-5 of the 1934 Act, 15 USC §78cc(b) voided all contractual rights of the 2219 plaintiffs to enforce GPMT's Convertible Notes, Promissory Notes, and the subscription agreement, i.e., the 2219 plaintiffs' February 2, 2001 binding judicial admissions pled the 2219 plaintiffs out of court -- the 2219 complaint failed to state a claim on which relief could be granted by the 2219 district court (Rule 12b(4-6)).

5. As a result of id. §78cc(b) voiding all contractual rights of the 2219 plaintiffs based on the 2219 plaintiffs' judicial admissions (which are binding in all subsequent proceedings and cannot be contraverted -- res judicata) the 2219 plaintiffs lacked Art. III, §2 standing to file the 2219 complaint, and conversely the 2219 district court lacked subject matter jurisdiction to hear or accept any evidence on the 2219 plaintiffs' claims -- the November 25, 2002 (Dkt. #50) Memorandum Opinion, and the November 25, 2002 (Dkt. #54) Judgment are both null and void ab initio as "advisory", cf. Steel Co., 523 U.S. at 94 and the 2219 court currently lacks an Art. III, §2 "live case or controversy" and must "announce the fact and dismiss the cause." Id.

**AFFIRMATION OF ULYSSES THOMAS WARE**

1, Ulysses Thomas Ware have this 19th day of December, 2011 under oath and pursuant to the penalty of perjury, have made this affirmation pursuant to 28 USC §1746 and state that I have personal knowledge of the statements contained herein and state the same are true and correct according to my understanding of the facts and law.

_Ulysses Thomas Ware_
Ulysses Thomas Ware

(7)                                                                    8/27/2012

Appendix 2

Unanswered Correspondences to the Garland law firm

Ulysses T. Ware's August 12, 2021, letter to State Bar of Georgia

# Office of Ulysses T. Ware

123 Linden Blvd.,

Suite 9-L

Brooklyn, NY 11226

(718) 844-1260

utware007@gmail.com


August 12, 2021


Via email: adriennen@gabar.org

Office of the General Counsel

State Bar of Georgia

104 Marietta St

Atlanta, GA 30303

Attn: Adrienne Nash, Esq.


RE: Edward T.M. Garland and Manibur S. Arora's refusal to provide file documents that confirm whether or not Brady or other adversarial motions were filed in **United States v. Ware**, 04cr1224 (SDNY) on behalf of their client, Ulysses T. Ware, an accounting of all money paid for the purported representation, and other requested documents by August 3, 2021, (the "**Ware Request**").

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Ms. Nash:

Please include the below questions as part of the August 11, 2021, Bar Grievance submissions made on behalf of Ulysses T. Ware. I have enclosed four (4) copies. One for each grievance filed.

1. Why did Garland enter appearances on behalf of Mr. Ware in 1224?
2. What was Garland's trial strategy to defend the charges in the 1224 indictment?
3. What legal issues did Garland initially seek to challenge regarding the criminal contempt charges?
4. Did Garland research the applicability of SEC Release 33-7190 n. 17 (1995) and understanding its effect on the indictment?
5. Why didn't Garland immediately file a motion to dismiss the 1224 indictment with prejudice as a matter of law?
6. Did Garland seek to obtain from FINRA whether or not each of the 02cv2219 (SDNY) plaintiffs **were lawfully registered as broker-dealers** as required by United States law, Title 15 Section 78o(a)(1)?
7. Did Garland research and understand the effects of para. 12 and 13 in the 02cv2219 (SDNY) complaint effects on the charges in the 1224 indictment?
8. Did Garland research whether or not para. 12 and 13 of the 02cv2219 (SDNY) complaint which are para. 10.1(iv) in the Subscription Agreement, and Government trial evidence GX-5, pleaded judicial admission, affirmative and negating defenses, which pleaded the United States out of court and rendered the 1224 indictment null and void ab initio?
9. Did Garland understand that each plaintiff in 02cv2219 (SDNY) at paragraphs 12 and 13 of the 2219 complaint judicially admitted and confessed to being 15 USC 77b(a)(11) statutory underwriters of IVG, a/k/a GPMT's unregistered securities, GX 1-4; and therefore, per se, ipso facto, judicially admitted legal ineligibility for any Rule 144(k) exemption from Section 5 strict-liability registration requirements?
10. Did Garland research and understand the applicability of SEC Release 33-7190 n. 17 (1995) on the Government's case in chief? and understand that 33-7190 was material Brady exculpatory evidence required to be disclosed to the defense "prior to trial?"
11. Why did Garland not file mandatory Brady, Giglio, and Rule 16 discovery motions on behalf of Mr. Ware?
12. Did Garland retain an investigator to investigate Alpha Capital, AG, Ari Rabinowitz, LH Financial Services, Solomon Obstfeld, BAWAG, and other criminals involved in the extortion and laundering of the profits and proceeds derived from the unregistered sale of GPMT's restricted securities?

13. Did Garland research and understand that each of the 2219 plaintiffs lacked Article III and 28 USC 1332(a) diversity standing to appear as plaintiffs in 2219? And therefore, each of the alleged orders (GX-11 and GX-24) and judgment (GX-7) was null and void ab initio, "unlawful" and therefore, ipso facto, beyond the scope of 18 USC 401(3), which applies only to "lawful" orders or judgments?

14. Did Garland attempt to negotiate any Rule 11 guilty plea on behalf of Mr. Ware in 1224? If so what motivated Garland to negotiate any such Rule 11 guilty plea?

15. Does Garland think it is not "wrong" for a criminal defense lawyer to not file any discovery motions on behalf of his client?

16. Does Garland think it is not unethical and wrong to not have file an immediate motion to dismiss with prejudice the 1224 indictment given para. 12 and 13 in the 2219 complaint and FINRA's May 17, 2021, certification of unregistered broker-dealer status for each of the 2219 plaintiffs?

Sincerely,

/s/ Ulysses T. Ware

# Page left blank

Ulysses T. Ware's August 9, 2021, letter to State Bar of Georgia.

# Office of Ulysses T. Ware

**123 Linden Blvd.,**
**Suite 9-L**
**Brooklyn, NY 11226**
**(718) 844-1260**
**utware007@gmail.com**

August 9, 2021

Office of the General Counsel
State Bar of Georgia
104 Marietta St
Atlanta, GA 30303
Attn: Paula Fredrick, Esq.

RE: Edward T.M. Garland and Manibur S. Arora's refusal to provide file documents that confirm whether or not Brady or other adversarial motions were filed in *United States v. Ware*, 04cr1224 (SDNY) on behalf of their client, Ulysses T. Ware, an accounting of all money paid for the purported representation, and other requested documents by August 3, 2021, (the "**Ware Request**").

Ms. Fredrick:

## I.

### August 9, 2021, Declaration of Ulysses T. Ware

I Ulysses T. Ware, hereby this 9th day of August 2021, under oath, subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 USC 1746, set my hand and seal, and under oath make this Declaration of fact, and state the following undisputed facts, (the "**Facts**"):

**Fact #1.**      I am writing this letter to the Office of the General Counsel seeking assistance from the Bar to compel not later than **August 11, 2021, at 12:00 noon**, time of the essence,  Mr. Garland, and Mr. Arora to provide critical documents needed in pending litigation in the federal courts in New York regarding matters they were retained as counsel to represent Mr. Ware's legal interest. In February 2005 Mr. Garland was retained by Mr. Ware as Sixth Amendment

counsel of record in the above-styled case in the Southern District of New York. Subsequently, Mr. Garland and Mr. Arora entered their appearances, Pro Hac Vice, in the District Court as counsel of record on behalf of Mr. Ware according to the official docket. See the attachments hereto. (Attachments).

**Fact #2.**        Prior to and after being retained Mr. Garland and Mr. Arora both represented to Mr. Ware they had the necessary expertise to manage a securities fraud matter in federal court and both represented to Mr. Ware they were familiar with the rules and regulations regarding securities fraud and 18 USC 401(3) criminal contempt, the charges in the 04cr1224 indictment.

**Fact #3.**        After being retained Mr. Ware met with Mr. Arora, Mr. Garland, and their partner Donald F. Samuel and explained the relevant issues, laws, and rules that governed whether or not a lawyer was legally required to draft, sign and issue bogus and fraudulent Rule 144(k) legal opinions that removed the restricted legend from securities enabling the securities to be illegally sold into the public markets without restriction or limitation by Section 2(a)(11) statutory underwriters[191]. Mr. Garland and Mr. Arora both assured Mr. Ware they understood and were familiar with the law and the rules and regulations that governed Rule 144, 15 USC 77b(a)(11) and 15 USC 77e(a), 77x, and 78ff; and were familiar with **SEC Release 33-7190 n. 17 (1995)** (Section 2(a)(11) statutory underwriters [i.e., each of the plaintiffs named in Alpha Capital, AG, et al. v. IVG Corp., a/k/a GPMT, et al., 02cv2219 (SDNY) (LBS)] [and dealers] required to registered all distribution of securities with the SEC).

**Fact #4.**        Mr. Garland and Mr. Arora assured Mr. Ware they were going to file all necessary motions to prepare the matter for trial, given Mr. Ware informed both he had no intentions of pleading guilty to any charges.

**Fact #5.**        An inspection of the docket report in 1224 confirmed that Mr. Garland and Mr. Arora, both, misrepresented their representation and deceived and committed a fraud on Mr. Ware. According to the official docket of the Office of the District Clerk (SDNY) not one motion of any kind, Brady discovery, motion to dismiss the indictment, Rule 16, or Giglio motions were ever filed on behalf of Mr. Ware's legal interests in 1224 by Mr. Garland, Mr. Arora, or Mr. Samuel in violation of Bar Rule 8.4(a)(4).

**Fact #6.**        On August 3, 2021, Mr. Ware contacted Mr. Garland and Mr. Arora via email, with a copy to the Office of General Counsel, seeking to obtain copies of documents in the legal files of Mr. Garland and Mr. Arora that pertain to their purported representation of Mr. Ware's legal

---

[191] The answer is no. A lawyer, Mr. Ware, is not legally required and cannot be forced to **criminally** violate the federal securities laws, 15 USC 77e, 77x, and 78ff, and draft, sign, and issues, bogus and fraudulent legal opinions. See **SEC v. Honig**, 18cv08175 (SDNY) (ER) paragraph 86-87 (The SEC charged a lawyer and his client, Alpha Capital, AG, and Kilpatrick, Townsend's client in the 03-93031 Chapter 11 case, for the sale of unregistered securities via a bogus and fraudulent Rule 144 legal opinion). See attachment.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

interest in the New York 1224 matter. The documents are urgently required and needed, and Mr. Garland and Mr. Arora were both requested to deliver the requested documents not later than August 6, 2021, at 12:00 noon, time of the essence.

**Fact #7.**      As of today, August 9, 2021, Mr. Ware has not received the requested documents, nor has Mr. Garland or Mr. Arora contacted Mr. Ware, their former client, and informed him when the requested documents will be provided; nor have they prepared the requested statement that no such motions were filed on behalf of Mr. Ware in the 1224 matter and explaining why no such motions were filed as part of a coherent legal strategy, nor have they provided an accounting of all fees paid to each for representation, or an escrow accounting of all disbursement, fees, costs, and expenses they were required to maintain according to the Rule of the State Bar, Rule 1.15 (III).

**Fact #8.**      Mr. Ware is in urgent need of the above requested required records that are in the possession of Mr. Garland and Mr. Arora, and time is of the essence in obtaining said records, and Mr. Ware is currently suffering irreparable harm, injury, and damages due to the refusal of Mr. Garland and Mr. Arora to immediately contact him and provide the requested records.

**Fact #9.**      Mr. Ware has reason to believe based on recently discovered, previously concealed and suppressed material Brady exculpatory and exoneration evidence, FINRA's May 17, 2021, certification that the plaintiffs in 02cv2219 (SDNY) had never registered as lawful broker-dealers as required by federal law, 15 USC 78o(a)(1), and accordingly, lacked all Article III and 28 USC 1332(a) diversity standing to appear in any federal court, file any lawsuit, or make any purported claims as alleged **creditors** in ***In re Group Management Corp.***, 03-93031-mhm (BC NDGA), Chapter 11 reorganization[192], (the "**Brady Exculpatory Evidence**").

**Fact #10.**      As competent Sixth Amendment counsel Mr. Garland and Mr. Arora both were required to have files Brady motions and motions to dismiss with prejudice the 04cr1224 indictment with the Court in 1224 pretrial. According to official court records that was not done by Mr. Garland or Mr. Arora, nor has Mr. Garland or Mr. Arora provided any logical or rational explanation why the Brady motion or Motion to dismiss the indictment were not filed, or why FINRA was not contacted pretrial and lawful broker-dealer status certification was not requested as part of any competent investigation to adversarily represent the legal interests of Mr. Ware as **competent** Sixth Amendment counsel.

---

[192] J. Henry Walker, IV, Kilpatrick, Townsend, & Stockton, LLP, Dennis S. Meir, and John W. Mills, III have represented the legal interests or appeared on behalf of the unregistered broker-dealers in federal court in the GPMT Chapter 11 case, 03-93031 (BC NDGA), and they knowingly and willfully conspired with their clients to commit a fraud on the bankruptcy court and conceal their unregistered broker-dealer status from the court, agreed to commit a conspiracy to commit bankruptcy fraud, 18 USC 157, and conspired to defraud GPMT, a publicly-traded company, and its 3,000 shareholders of its unregistered securities in **criminal** violation of 15 USC 77e, 77x, and 78ff.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

**Fact #11.**      Rather than competently represent the interests of Mr. Ware as Sixth Amendment retained counsel and assert all available defenses to the charges in the Government's frivolous and null and void ab initio 04cr1224 indictment, both Mr. Garland and Mr. Arora badgered and attempted to harangue Mr. Ware to plead guilty to the charges in the indictment that as a matter of law did not charge an 18 USC 401(3) criminal contempt "offense" as required by 18 USC 3231 given the indisputable newly disclosed Brady exculpatory status for each of the 02cv2219 (SDNY) plaintiffs. Ipso fact, per se, as a matter of law, the indictment procured in *United States v. Ware*, 04cr1224 (SDNY) is null and void ab initio, all convictions and sentences are required to be immediately reversed, vacated, and the 04cr1224 indictment *dismissed with prejudice*. See SEC Release 33-7190 n. 17 (1995).

**Fact #12.**      Had Mr. Garland and Mr. Arora competently represented the legal interests of Mr. Ware, singularly, in an adversarial capacity, rather than performing as an arm of the prosecutor and badgering Mr. Ware to plead guilty to a defective indictment, Mr. Ware would not have been convicted nor sentenced to 97 months in federal prison for the incompetence and legal errors committed by Edward T.M. Garland and Manibur S. Arora working as covert agents for the prosecutor to violate the Sixth Amendment constitutional rights of Mr. Ware, their client.

Signed this 9th day of August 2021 under oath and subject to the penalty of perjury in Brooklyn, NY.

/s/ Ulysses T. Ware

_____

Ulysses T. Ware
August 9, 2021
Brooklyn, NY

# II.
# Request for Relief from the State Bar.

Mr. Ware is requesting the Office of the General Counsel of the State Bar of Georgia, pursuant to the Rules of the State Bar, act immediately, where time is of the essence, and Mr. Ware is currently and will continue to suffer irreparable harm, injury, and damages unless he immediately receives the requested records, documents, and certifications from State Bar members Edward T.M. Garland and Manibur S. Arora not later than **August 11, 2021, at 12:00 noon**, time of the essence:

1. Command and compel Edward T.M. Garland and Manibur S. Arora to provide a filed copy of all Brady Motions, Rule 16 Motions, Giglio Motions, Motions to Dismiss with Prejudice the indictment in ***United States v. Ware***, 04cr1224 (SDNY), Motions to Disqualify the Prosecutors for Fraud on the Court, Motions to Refer the Prosecutors to the DOJ's Office of Professional Responsibility for Prosecutorial Misconduct in procuring a fraudulent and null and void ab initio indictment that failed to charge an 18 USC 401(3) offense; Motion to Refer the Trial Judge Robert W. Sweet (deceased) to the Administrative Office of the U.S. Courts for Knowingly and Willfully Presiding over a Null and Void ab initio Criminal Proceedings in the Clear Absence of all Jurisdiction, and any other adversarial motions filed on behalf of Mr. Ware;

2.      A **complete** Bar Rule 1.15 (III) escrowing accounting of all money paid to Edward T.M. Garland for representation in 04cr1224 (SDNY): including all expenses, costs, and other fees billed for.

3.      A sworn statement signed under oath by both Edward T.M. Garland and Manibur S. Arora to be filed in the record of the 04cr1224 (SDNY) proceedings given the newly discovered concealed and suppressed material Brady exculpatory and exoneration evidence, **Attachment #1**, certifying that the 04cr1224 (SDNY) indictment's charges, Counts I, II, and III, did not charge an 18 USC 401(3) criminal contempt offense: It is not an "offense" for a lawyer, Ulysses T. Ware, to not refuse to criminally violate the federal securities laws, 15 USC 77e, 77x, and 78ff, and draft, sign, and issue to Section 2(a)(11) statutory underwriters, the Kilpatrick, Townsend's clients in 03-93031 (BC NDGA), **certified unregistered broker-dealers** as certified by FINRA on May 17, 2021, Attachment #1, fraudulent and bogus Rule 144 legal opinions.

4.      Any other relief the State Bar deems appropriate to assure the public of the integrity of the judicial and legal processes and the integrity of the oversight processes of the State Bar regarding the conduct of its members.

Sincerely,

/s/ Ulysses T. Ware

Ulysses T. Ware
August 9, 2021

# Certificate of Service

I Ulysses T. Ware hereby certify under oath that I have this 9th day of August 2021, served the persons listed below via their public email account with a copy of the attached documents:

Edward T.M. Garland
Manibur Arora
J. Henry Walker
Paula Fredrick
Jenny Mittlemen
Bill NeSmith

/s/ Ulysses T. Ware

# Attachment #1

## <u>CERTIFICATION OF NO FINRA BUSINESS RECORDS</u>

I, Marcia E. Asquith, being first duly sworn, depose and state as follows:

1.  I am the Executive Vice President, Board and External Relations.  In that capacity, I oversee the functions of the Office of the Corporate Secretary at the Financial Industry Regulatory Authority, Inc. ("FINRA"). I am familiar with and am a custodian of FINRA business records, including interpretations, policies and rules adopted by the FINRA Board of Governors.

2.  No documents related to the firms listed below were prepared, kept and maintained in the ordinary course of FINRA's business:

       a) Alpha Capital, AG
       b) Stonestreet, L.P.
       c) Markham Holdings, Ltd.
       d) Amro International, S.A.
       e) LH Financial Services

Marcia E. Asquith
Executive Vice President, Board and External
Relations and Corporate Secretary

Subscribed and sworn to before me this ___17th___ day of _____May_____, 2021.

Notary Public, District of Columbia

My commission expires: ___5/31___

# Attachment #2

Company A's CEO, by which he disavowed his ownership of the 6,650,000 shares to which he had been entitled, Alpha purchased 1.5 million of those shares at $0.15 per share, with the intention of selling the shares into the inflated market created by the Honig-orchestrated promotion. Company A issued the shares to Alpha on September 23, 2013, days before the Ford article appeared on *Seeking Alpha*. On October 29, 2013, Alpha obtained an attorney opinion letter that it supplied to Company A's transfer agent so that the transfer agent would remove the restrictive legend from the share certificate. The attorney opinion letter – as Alpha knew or was reckless in not knowing – falsely represented that Alpha had held the shares for at least 6 months and that the shares could be sold in accordance with the Securities Act Rule 144 safe harbor, as exempt from the registration provisions.

87.     Between October 3, 2013 and November 18, 2013, Alpha, in lockstep with Honig, Brauser, Frost, Groussman, O'Rourke, and Stetson (and their respective entities), sold 3.7 million Company A shares for proceeds of $2,513,724, including virtually all of the shares Alpha had obtained in September 2013.

# Attachment #3

on September 26, 2013 and December 31, 2013, Honig and his associates sold shares into the

inflated market for proceeds of approximately $9,260,000:

| Company A Pump and Dump Proceeds | | | |
|---|---|---|---|
| Defendants | Trade Dates (2013) | Net Quantity Sold | Proceeds |
| Honig | 9/23 – 12/16 | (5,892,689) | $3,416,455.17 |
| Brauser and Grander | 9/27 – 12/23 | (2,128,316) | $1,137,775.46 |
| Frost | 10/1 – 10/4 | (1,987,991) | $1,085,321.74 |
| Groussman and Melechdavid | 9/26 – 10/14 | (1,229,166) | $677,272.37 |
| Stetson and SCI | 9/27 – 12/18 | (500,000) | $279,859.68 |
| O'Rourke and ATG | 9/23 – 12/27 | (250,000) | $148,443.68 |
| Alpha Capital | 10/3 – 11/27 | (3,772,200) | $2,513,724.08 |
| Total | | (15,760,362) | $9,258,852.18 |

84.     No registration statement was then in effect for any of Honig's, Brauser's,

Frost's or Groussman's sales in the September through December 2013 period.  No exemption

from registration was available to any of them, or their entities.  Moreover, since Company A did

not trade on a national securities exchange, as affiliates of Company A, these Defendants could

only lawfully sell 1% of the company's total shares outstanding in any three-month period.  As

# Page left blank

Ulysses T. Ware's letter of August 9, 2021, to the Garland Firm

# Office of Ulysses T. Ware

**123 Linden Blvd.,**
**Suite 9-L**
**Brooklyn, NY 11226**
**(718) 844-1260**
**utware007@gmail.com**

August 11, 2021
**TIME OF THE ESSENCE**

**Via email: etg@gsllaw.com**
Garland, Samuel, & Loeb, P.C., ("**GSL**")
3151 Maple St.
Atlanta, GA 30319
Attn. Edward T.M. Garland, Esq.

RE: Immediate access, **August 11, 2021, 12:00 noon**, to all client files, i.e., filed copies of all adversarial motions filed in **United States v. Ware**, 04cr1224 (SDNY), ("**1224**"), and a full escrow accounting of all money, fees, expenses, and costs billed for against all retainers provided for trial representation.

Mr. Garland:

Attached to this inquiry is Mr. Ware's March 1, 2021, inquiry addressed to you that raised many of the same issues that were raised in the August 3, 2021, and August 10, 2021, inquiries, jointly, (the "**Garland Inquiries**"). However, you, nor Manny Arora, nor Donald F. Samuel have adequately responded with anything other than denial for your professional negligence and egregious misconduct.

Attached hereto and made a part here of in heac verba for your review is FINRA's May 21, 2021, certification of unregistered broker-dealer status for each of the plaintiffs in **Alpha Capital, AG, et al. v. IVG Corp, a/k/a/ GPMT, et al.**, No. 02cv2219 (SDNY) (LBS) (deceased), ("**2219**"). See Exhibit #1.

Attached hereto is concealed and suppressed material Brady exculpatory evidence that any competent pre-trial investigation would have uncovered if such **Strickland v. Washington** investigation and a coherent trial strategy had been formulated by GSL.

Had GSL obtained Exhibit #1 pre-trial the Court would have had no choice but to grant an immediate dismissal with prejudice of the 1224 indictment. Such professional misconduct and

negligence raise very serious questions regarding GSL's professional loyalty and fidelity to Mr. Ware's legal interests, rather than the interests of the Government and Judge Thomas W. Thrash, Jr., required by the Rules of the State Bar of Georgia, Rule 8.4

Mr. Garland you have never explained exactly why you and GSL did not undertake to conduct any competent review of the law relevant to the charges in the 1224 indictment, nor have you explained your trial strategy to adversarily challenge the Government's bogus and fraudulent 18 USC 401(3) criminal contempt charges in the indictment. In fact in your letter dated April 30, 2019, you stated " I did nothing wrong ... and you will not receive one dime from me ...." (paraphrased). See Exhibit 9-1.

Mr. Garland, it appears that you did not want nor desire to find anything that would attack the Government's 1224 indictment, its case, and its bogus allegations. It appears that **you**, Edward T.M. Garland, Esq., an officer of the court, had already formed a false conclusion, and developed a false narrative to justify your inaction, that Mr. Ware was guilty as charged before you even investigated the law, or the facts involved in the indictment. Exactly why would a competent lawyer retained as Sixth Amendment counsel to provide the "effective" "assistance" of "counsel" not undertake any competent, adequate, or any investigation at all especially of the well-settled law, **SEC Release 33-7190 n. 17 (1995)** or the facts? Based on the newly discovered material Brady exculpatory evidence the Government's lawyers concealed and suppressed in criminal contempt of the written Brady order, see Exhibit 7, the records suggest that GSL had an illicit, nefarious, and perfidious arrangement with David N. Kelley and Michael J. Garcia to have Mr. Ware prosecuted, convicted, and sentenced as a Government conspiracy with Edward T.M. Garland, and GSL for the interests of Thomas W. Thrash, Jr., and the U.S. Marshals (NDGA), see Exhibits 2, 3, and 10, infra.

It appears from the facts that you and GSL had ulterior concealed personal motives for not undertaking any defense whatsoever of the bogus and fraudulent charges in the null and void ab initio 1224 indictment. Ergo, GSL had an actual and apparent conflict of interest and divided its loyalty in favor of the interests of District Judge Thomas W. Thrash, Jr., the U.S. Marshals, and the Government for the receipt of future financial benefits. See the habeas corpus matter **Nejad v. McLaughlin,** 12cv1502-TWT (NDGA)  (Thrash, J.) (Bogus writ of habeas corpus granted by Thrash, rev'd by 11th Cir. Court of Appeals)[193]

Mr. Garland time is of the essence regarding receiving the requested files and documents, **August 11, 2021, at 12:00 noon.**

---

[193] Manny Arora, Esq. was attorney of record for Mr. Nejad in the Fulton County trial court before the Hon. Jerry Baxter and admitted on the record he committed "ineffective assistance of counsel" as the basis for Thrash to grant the bogus writ. See Exhibit #6, infra. Arora was sternly called out by the Supreme Court of Georgia who questioned his competence to continue as a criminal defense lawyer.

A copy of this letter will be filed in **United States v. Ware**, 04cr1224 (SDNY) (ER) and served on acting United States Attorney (SDNY) Audrey Strauss and former U.S. Attorney (SDNY) David N. Kelley.

Sincerely,

/s/ Ulysses T. Ware

# Certificate of Service

I Ulysses T. Ware certify under oath that I have served the individuals listed below with a copy of this inquiry dated August 11, 2021, addressed to Edward T. M. Garland, Esq., and his law firm GSL.

Edward T.M. Garland
Manny Arora
Donald F. Samuel
Office of the General Counsel, State Bar of Georgia
Audrey Strauss
David N. Kelley
Jeffrey R. Ragsdale, DOJ's Office of Professional Responsibility
Alan Reitman, Esq., IRNewswires

# Exhibit #1

## CERTIFICATION OF NO FINRA BUSINESS RECORDS

I, Marcia E. Asquith, being first duly sworn, depose and state as follows:

1. I am the Executive Vice President, Board and External Relations. In that capacity, I oversee the functions of the Office of the Corporate Secretary at the Financial Industry Regulatory Authority, Inc. ("FINRA"). I am familiar with and am a custodian of FINRA business records, including interpretations, policies and rules adopted by the FINRA Board of Governors.

2. No documents related to the firms listed below were prepared, kept and maintained in the ordinary course of FINRA's business:

   a) Alpha Capital, AG
   b) Stonestreet, L.P.
   c) Markham Holdings, Ltd.
   d) Amro International, S.A.
   e) LH Financial Services

Marcia E. Asquith
Executive Vice President, Board and External
Relations and Corporate Secretary

Subscribed and sworn to before me this 17th day of _____May_____, 2021.

Notary Public, District of Columbia

My commission expires: 5/31

# Exhibit #2

Suppressed and concealed DOJ material Brady exculpatory evidence, the email of lead 1224 prosecutor Alexander H. Southwell who admitted that Mr. Ware was "improperly arrested" (kidnapped) in Atlanta, GA on September 1, 2004, by Atlanta federal judge Thomas W. Thrash, Jr. and the U.S. Marshals to extortion Mr. Ware and his client, GPMT out of their unregistered securities on behalf of Alpha Capital, AG, et al., unregistered broker-dealers. Brady evidence that confirmed the conspiracy between Judge Thrash, the U.S. Marshals, Judge Sand and Alpha Capital, AG, et al. to extort Mr. Ware and GPMT.

```
-----Original Message-----
From: Alexander.Southwell@usdoj.gov [mailto:Alexander.Southwell@usdoj.gov]
Sent: Wednesday, October 06, 2004 1:04 PM
To: 'NorrisJ@SEC.GOV'
Subject: RE: Thomas Ware

He likely means when he was arrested on the civl contempt order.  He was arrested in
Atlanta and released the same day, which was somewhere around the beginning of September
As it turned out, a warrant on a civil contempt order cannot extend beyond 100 miles fro
the courthouse or in the same state, so he was improperly arrested (which he pointed out
to Judge Sand, the wily guy that he is).  So we are working on a criminal contempt charg
which (confidentially) should happen within a week or two.

Alex

-----Original Message-----
From: NorrisJ@SEC.GOV [mailto:NorrisJ@SEC.GOV]
Sent: Wednesday, October 06, 2004 12:57 PM
To: Southwell, Alexander
Subject: Thomas Ware
```

# Exhibit #3

**USPO (SDNY) confirmation, suppressed material Brady exculpatory evidence that Judge Thomas W. Thrash, Jr., Judge Sand, the U.S. Marshals (NDGA), and Alpha Capital, AG, et al., all were direct or indirect participants in the illegal plot and scheme to extort, shakedown, Mr. Ware and GPMT under threats of violence, arrest, contempt, and other extortionate illegal devices to obtain GPMT's securities. As can be seen the illegal Atlanta, GA Sept. 1, 2004, kidnapping of Mr. Ware was dismissed by Judge Sand. Brady exculpatory evidence.**



| 75. | 9/1/04. Age: 44 | Contempt of Court | Atlanta, Georgia | 10/15/04; Dismissed pursuant to order of Judge Leonard B. Sand |

76. According to Sr. U.S. Probation Officer Atonya M. Craft of the Northern District of Georgia, on September 1, 2004, the defendant was arrested in the Northern District of Georgia in response to an order issued by the Honorable Leonard B. Sand, U.S. District Judge, Southern District of New York, in 02 CV 2219 (LBS). On December 22, 2003, Judge Sand ordered the defendants in this civil matter (which included the defendant) to deliver Silver Screen Studios, Inc. common stock to honor all of the conversion requests for Group Management Corp. or Silver Screen Studios, Inc. stock duly submitted by the plaintiffs. On June 21, 2004, Judge Sand issued a warrant for the defendant's arrest for contempt of court, for failure to obey the December 22, 2003, order. This arrest order indicated that the defendant was to be arrested by the U.S. Marshals Service and detained until the defendant purged himself of contempt by delivering the above-referenced

## Sept. 1, 2004 kidnapping

WARE, ULYSSES THOMAS                                                         P47014 - C. Tyler

15

common stock. On July 1, 2004, the defendant was arrested by the U.S. Marshals Service in the Northern District of Georgia. He appeared before the Honorable Thomas W. Thrash, Jr., in that district, refused to purge himself of contempt and offered no acceptable reason to prevent enforcement of the contempt order. On September 2, 2004, the Honorable Thomas W. Thrash, Jr., ordered the defendant to remain in the custody of the U.S. Marshals Service until he purged himself of contempt or was ordered released by either Judge Thrash or Judge Sand. The defendant's request for bond was granted, and he was released on September 3, 2004, after posting $150,000 in cash and a $100,000 bond, cosigned by two other individuals.

77. On September 28, 2004, the Honorable Leonard B. Sand vacated the June 21, 2004, order in part to the extent that it authorized the arrest of the defendant outside of the state of New York and more than 100 miles from the U.S. Courthouse located at 500 Pearl Street, New York, New York. The order remained in effect insofar as it could be served on the defendant in the state of New York or within 100 miles of the U.S. Courthouse located at 500 Pearl Street, New York, New York.

78. On October 7, 2004, the defendant moved to vacate and release the $250,000 set on September 2, 2004. On October 15, 2004, the defendant's motion was granted by the Honorable Thomas W. Thrash, Jr.; $150,000 was refunded to the defendant, and the corporate surety bond was discharged.

# Exhibit #4

## Brady Exculpatory Evidence
## SEC Release 33-7190 n. 17 (1995)

[17]-    Public resales in the United States by persons that would be deemed underwriters under Section 2(11) of the Securities Act [15 U.S.C. 77b(11)] would not be permissible without registration or an exemption from registration. Footnote 110 of the Adopting Release, which addresses the restricted periods, should not be read to provide otherwise.

Section 4(1) of the Securities Act [15 U.S.C. 77d(1)] exempts "transactions by any person other than an issuer, underwriter, or dealer." Section 2(11) defines the term "underwriter" as:

any person who has purchased from an issuer with a view
(continued...)

-------- FOOTNOTES --------

-[17]-(...continued)
to, or offers or sells for an issuer in connection with, the distribution of any security, or participates or has a direct or indirect participation in any such undertaking .... As used in this paragraph the term "issuer" shall include, in addition to an issuer, any person directly or indirectly controlling or controlled by the issuer, or any person under direct or indirect common control with the issuer.

Accordingly, any distributions by a statutory "underwriter" must be registered pursuant to Section 5. United States v. Wolfson, 405 F.2d 779, 782 (2d Cir. 1968), cert. denied, 394 U.S. 946 (1969).

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

# Exhibit #5

**Concealed and suppressed Brady exculpatory evidence concealed by lead prosecutor AUSA Alexander H. Southwell.**

Draper, Julia D.

**From:** Norris, Jeffrey B.
**Sent:** Monday, April 18, 2005 2:58 PM
**To:** Pennington, Mark R.
**Cc:** Draper, Julia D.
**Subject:** FW: Supplemental Brief

This is one of my favorite e-mail of all time. Ware sent it to me after I filed the Supplemental Memo in Opposition to his motion to vacate the final judgment. Of course, everything he says is true, but the fact that it's Ware saying it makes it somehow inappropriate.

*Jeffrey B. Norris*
*Trial Counsel*
*United States Securities and Exchange Commission*
*Fort Worth Office*
*Burnett Plaza, Suite 1900*
*801 Cherry St., Unit #18*
*Fort Worth, TX 76102*
*Phone: (817) 978-6452*
*Fax: (817) 978-4927*
*E-mail: norrisj@sec.gov*

**B r a d y**

**From:** Thomas Ware [mailto:rgwinc@mindspring.com]
**Sent:** Tuesday, December 14, 2004 9:21 AM
**To:** Norris, Jeffrey B.
**Subject:** Re: Supplemental Brief

**E v i d e n c e**

Your ignorance of the law appears to be boundless. Had you spent some time in the law library you would have discovered, to your amazement, that your brief in opposition is also frivolous. Your lack of understanding of law is amazing, truly amazing.

Perhaps in the future you will spend less time giving libelous and slanderous interviews to newspaper reporters prematurely, and spend more time in the law library.

Thomas Ware

----- Original Message -----
**From:** Norris, Jeffrey B.
**To:** Thomas Ware
**Cc:** Draper, Julia D. ; Korobash, Stephan J.
**Sent:** Tuesday, December 14, 2004 9:09 AM
**Subject:** RE: Supplemental Brief

**h i d d e n  b y**

**S o u t h w e l l**

Mr. Ware:

Thank you for sharing your opinion, but I have a good faith belief in the merit of my arguments. Moreover, I believe, in fairness, I should have the opportunity to respond to issues that you raised for the first time in your "reply" brief. Accordingly, I will not be withdrawing my Supplemental Brief. I am confident that the Court will agree with me both procedurally and substantively.

*Jeffrey B. Norris*
*Trial Counsel*
*United States Securities and Exchange Commission*
*Fort Worth Office*

**3501 - 98**

9

4/1 8/2005

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

# Exhibit #6

**Manny Arora's fraud on the court committed against the GA Court of Appeals and Supreme Court in Nejad v. State as explained by the Court questioning Mr. Arora's competence to be a criminal defense lawyer.**

5:21:43    100%

None of these possibilities, which are by no means exhaustive, reflects well upon trial counsel. Whether he is so incompetent as to call into question his ability to continue in this area of practice, or whether he has conducted himself in such a manner as to perpetrate a fraud upon the court, is not for us to say. But we view any of these possibilities with alarm. The trial court was similarly concerned, asking trial counsel, "Don't you think you have some responsibility to the system?"

Typically, trial counsel in such situations testify primarily to the factual details of their conduct and decisions, and admit errors only with reluctance and with due regard for their professionalism and pride in their work. The developing trend of emphatically and even eagerly testifying to one's own incompetence or misconduct is dangerous to the administration of justice, particularly if it is allowed to continue without any consequences for the testifying trial counsel

↓ Download          ⚑ Treatment

# Exhibit #7-1: Brady Order

**The Brady Discovery motion order was filed in 04cr1224 by Mr. Ware, pro se, because GSL refused to file any adversarial motions to protect the legal interest of Mr. Ware. The Brady portion of the motion was granted, see page 2.**



# Exhibit #7-2: Brady Order

In the indictment allege that Ware violated court orders entered in this district by Judge Sand in the Civil Action. Accordingly, venue is proper.

**The Government Shall Produce All Brady Material Prior to Trial**

Ware has requested that the Government provide him with all exculpatory and impeachment material before the commencement of the trial, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). In its brief (and in prior communications to the Defendant), the Government has repeatedly consented to this request. There being no opposition, this aspect of the motion shall be granted.

**The Government Shall Provide Notice of Other Act Evidence**

Ware has requested that the Government provide him with all "other act" evidence by a date certain before the trial. In its brief, the Government has agreed to provide notice of all Fed. R. Evid. 404(b) evidence by September 18, 2007, which is the current deadline for the filing of *in limine* motions. There being no opposition, this aspect of the motion shall be granted. Should the deadline for the filing of *in limine* motions be extended, the deadline for notice of "other act" shall likewise be extended to coincide with the newly established *in limine* deadline.

**Defendant is Not Entitled to a Bill of Particulars**

Ware seeks a bill of particulars from the Government apparently requesting: (1) the specific acts upon which venue is based in the Southern District of New York; (2) how he violated the Civil Action court orders at the heart of the case; (3) the identity of the attorney who mailed Judge Sand's November 25, 2000 order to him and how he acknowledged receipt of said order; and (4) a list of all exhibits to be introduced at trial by the Government.

The purpose of a bill of particulars in a criminal case is to permit the defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).

In the instant case, the Indictment provides all the information necessary by specifically identifying each court order with which Ware failed to comply and what act or omission violated the orders. To wit, the Indictment alleges that each order required Ware to honor the conversion notes issued to the plaintiffs in the Civil Action, which Ware and his corporation were contractually obligated to do. *See* Indictment at 4-6. For each of the three orders discussed in the Indictment, it is alleged that the notes were not honored (or, in one case, the notes were honored after the court-imposed deadline). *See id.* at 5-6. Furthermore, the Government has advised the Court that it has already produced to Ware copies of all the relevant orders and other documents from the Civil Action (to which Ware was a party). "The Government should not be compelled to disclose additional details of its case if the defendant has received adequate notice of the charges against him and can prepare fully for trial through the exercise of reasonable diligence." *United States v. Martinez-Martinez*, 2001 U.S. Dist. LEXIS 17558, 2001 WL 1287040, at *6 (S.D.N.Y. Oct. 24, 2001). Such is the case here.

Furthermore, the Government is not required to identify any of its witness absent "a specific showing that the disclosure [is] both material to the preparation of [defendant's] defense and reasonable in light of the circumstances surrounding his case." *United States v. Cannone*, 528 F.2d 296, 301 (2d Cir. 1975). Here, Defendant has not even attempted to make such a showing.

Finally, a criminal defendant is not entitled to a list of the Government's trial exhibits at this stage. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 568 (S.D.N.Y. 2000).

2

1ybcases

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

# Exhibit #8

## FINRA's April 21, 202,1 email: Brady evidence re Alpha Capital, AG

6/18/2021                           Gmail - Alpha Capital, A.G.

M Gmail                                    Ulysses Ware <utware007@gmail.com>

**Alpha Capital, A.G.**
2 messages

**Ombudsman's Office** <Ombuds@finra.org>                    Wed, Apr 21, 2021 at 2:51 PM
To: "UTware007@gmail.com" <UTware007@gmail.com>

Good afternoon,

Pursuant to our conversation, I have reviewed FINRA's BrokerCheck and Central Registration Depository databases and
was unable to locate a FINRA member firm named Alpha Capital, A.G. that was registered with FINRA.

If you have concerns that Alpha Capital A.G. is claiming to be a FINRA member, you may want to consider
filing a Regulatory Tip with FINRA's National Cause and Financial Crimes Detection Program for further
review. Those regulatory tips warranting additional review and investigation will be subject to a regulatory
response. FINRA may forward any regulatory tips that fall outside its jurisdictional reach to the appropriate
regulatory or law enforcement agencies. In the future, you can notify FINRA of any unfair practices or
violations of FINRA rules by filing a regulatory tip online via http://www.finra.org/industry/file-tip.

FINRA Regulatory Tip Form

http://www.finra.org/industry/file-tip

FINRA - Regulatory Tips

1735 K Street, NW

Washington, DC 20006-1500

Fax: (866) 397-3290

If you require further assistance, please contact the Office of the Ombudsman at 888-700-0028 or
ombuds@finra.org.

By way of background, FINRA's Office of the Ombudsman provides a neutral and confidential forum for member firms and
their employees, public investors, and any other business or individual who interacts with FINRA to voice their concerns
about operations, enforcement, or other FINRA activities or staff. Individuals who are unsure of the proper channel for
addressing a concern or feel that the issue cannot be resolved through other channels may also contact the
Ombudsman's Office. Additional information can be found online at: http://www.finra.org/about/office-ombudsman.

*Upon conclusion of your contact with the Ombudsman's office, please take five minutes to complete our anonymous
survey at https://www.surveymonkey.com/s/FINRAOmbudsman. We actively use your anonymous and confidential
feedback to constantly improve and provide our visitors the best possible service.*

# Exhibit #9-1

**Garland, Samuel & Loeb, P.C.**
TRIAL ATTORNEYS

3151 Maple Drive, N.E.
Atlanta, Georgia 30305
Telephone (404) 262-2225
Facsimile (404) 365-5041
www.gsllaw.com

Edward T. M Garland
Donald F. Samuel
Robin N. Loeb
David L. Turzynski
Anne H Coolidge-Kaplan
John A. Garland
Amanda R. Clark Palmer
Kristen Wright Novay
Matthew D. Dsley

Reuben A. Garland (1903-1982)

April 30, 2019

Ulysses T. Ware, Esq.
C/O Constantine Gaines (Power of Attorney)
800 McCullough Road
Stockbridge, Georgia 30281

Dear Mr. Ware and your power of attorney, Constantine Gaines:

Your letter has been received. Neither I, nor any of the people listed in your letter, specifically Manibur S. Arora, Donald F. Samuel, Davitt Levitt, Janice Singer, Michael F. Bachner, and Garland, Samuel & Loeb, P.C. jointly and severally, did anything improper, wrong or unethical. None will pay Mr. Ware a dime. Have a good day.

Sincerely yours,

Edward T.M. Garland, Esq.

ETMG/hh

Scanned with CamScanner

**Exhibit #9-2**

HH
**Garland, Samuel & Loeb, P.C.**
TRIAL ATTORNEYS
3151 Maple Drive, N.E.
Atlanta, Georgia 30305

THIS MAIL DOES NOT MEET LEGAL
MAIL REQUIREMENTS
PER BOP P.S. 5800.16

1 1 2 3 2 — 9 0 0 2 0 2

ULYSSES THOMAS WARE
Register Number: 56218-019
MDC Brooklyn
METROPOLITAN DETENTION CENTER
P.O. BOX 329002
BROOKLYN, NY 11232

N METRO
GA 301
01 MAY '19
PM 4 L

$0.500
US POSTAGE
FIRST-CLASS
FROM 30305
APR 30 2019
stamps
endicia
00x0202080002200

Scanned with CamScanner

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

# Exhibit #10

# Nejad
# v.
# McLaughlin


? Check If This Is Still Good Law

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION   Jan 13, 2015   Full title

CIVIL ACTION FILE NO. 1:12-CV-1502-TWT (N.D. Ga. Jan. 13, 2015)   Copy Citation

**Page left blank**

Ulysses T. Ware's January 5, 2022, letter to CJA court-appointed lawyer Marlon G. Kirton, Esq.

# Office of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

January 5, 2022

**Time of the essence**

**Personal and confidential**

Law office of Marlon G. Kirton, Esq.
230 Park Ave.
Ste 1000
New York, NY 10169

RE: Demand to immediately disclose all Brady, Giglio, Rule 11 plea agreements, USSG 5K documents, and all communications between the USAO (SDNY) in *United States v. Ware and Jones*, 05cr1115 (SDNY).

Mr. Kirton:

Please be advised that private investigators employed by Ulysses T. Ware have recently, 2021, uncovered deliberately and intentionally suppressed and concealed Brady and Giglio impeachment evidence that was required to have been disclosed according to the Court's

(Pauley, J.) May 19, 2006, Dkt. 17, Tr. 5-6, written Brady disclosure order, (the "**Brady Court Order**") entered in ***United States v. Ware and Jones***, 05cr1115 (SDNY).

The newly discovered Brady and Giglio evidence were deliberately and intentionally concealed and suppressed in willful resistance to the Brady Court Order, criminal contempt of a court order, 18 USC 401(3), by **Marlon. G. Kirton**, AUSAs Alexander H. Southwell, Steven D. Feldman, Andrew L. Fish, Maria E. Douvas, their supervisors, Michael J. Garcia, Preet Bharara, Judge Michael Dolinger, Jeffrey Berman, Joon Kim, Damian Williams, Audrey Strauss, Melissa Childs, John M. McEnany, Merrick Garland, Lisa Monaco, Vanita Gupta, Jeffrey R. Ragsdale, District Judges Williams H. Pauley, III (deceased), Edgardo Ramos, and others.

Mr. Kirton, court records confirmed that you represented the co-defendant, Jeremy Jones, in 05cr1115, pursuant to your appointment as Sixth Amendment counsel under the Criminal Justice Act; and accordingly, you appeared before the District Court (SDNY), and therefore are within the scope of Local Rule 1.5(b)(5) regarding your professional and ethical conduct as attorney of records for your client the Government's "principal witness,"[194] Jeremy Jones.

Moreover, newly discovered court records show conclusively, your letter dated April 30, 2008[195], that Jones fully cooperated with the Government as a trial witness, and was awarded a

---

[194] Jeremy Jones was designated by Circuit Judge Kearse in the Court's August 18, 2009, opinion reported at ***United States v. Ware***, 577 F.3d 440, 445-46 (2d Cir. 2009): "Ware's first trial began on January 15, 2007. The government's **principal witness** was Jones, who described his participation in Ware's securities fraud scheme and authenticated numerous exhibits for admission into evidence. (See, e.g., Transcript of First Trial at 198-202, 214-15.)" (emphasis added).

[195] See Exhibit 1, infra.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

USSG 5K letter[196] in support of a downward departure regarding his sentence for that illegal cooperation, i.e., an agreement to knowingly commit perjury, lie, and fabricate trial testimony in 05cr1115. Of which you, Marlon G. Kirton, Esq., an officer of the court, aided, abetted, arranged, orchestrated, and facilitated the illegal, null and void ab initio, unenforceable Rule 11 plea (perjury) contract and 5k letter from the Government in willful violation of Local Rule (USDC SDNY) 1.5(b)(5), New York State Bar and the ABA Codes of Professional Conduct; and complete indisputable ineffective assistance of counsel in violation of the Sixth Amendment.[197]

Moreover, court records also conclusively show, your letter dated December 20, 2005,[198] that you contacted former SEC lawyer Jeffrey B. Norris regarding Jones alleged involvement in the alleged conspiracy charged in the 05cr1115 indictment; and according to your letter, Jones was not added as a defendant in the SEC's Las Vegas litigation, 03-0831 (D. NV). Furthermore, the newly discovered SEC Brady emails that were deliberately, willfully, and in bad faith suppressed and concealed by the USAO, confirmed Jones was not added to the SEC's Law Vegas litigation because according to disgraced former SEC lawyer Jeffrey B. Norris,

" ... the Commission believed your deposition testimony that you [Jones] **was not involved in any conspiracy with Mr. Ware** and would not have been involved had you [Jones and

---

[196] Indisputable Giglio impeachment evidence required to have been disclosed by the Government pre-trial pursuant to the Brady Court Order, Dkt. 17, Tr. 5-6 (Pauley, J.), 05cr1115 (SDNY). Cf., Jones, Rule 11 allocution transcript, Brady exculpatory evidence, which has never been disclosed by the Government; see also Jones' USSG 5k letter that has never been disclosed by the Government's lawyers in criminal contempt of the Brady Court Order.

[197] Jeremy Jones is entitled to have an independent lawyer appointed by the Court to advise him of his constitutional rights and any claims he may have against Marlon G. Kirton, Esq., where Kirton has an actual and apparent conflict of interest with respect to his personal rights and Jones' legal rights.

[198] See Exhibit 2, infra: Kirton's letter addressed to District Judge William H. Pauley, III (deceased) and copied to AUSA Alexander H. Southwell (SDNY).

*Mr. Ware's employees] known of the [alleged] conspiracy ....*" (emphasis added), (the "**SEC Brady Email**").

Mr. Kirton, the evidence shows conclusively that you, the SEC, and the Government, all were aware *that Jones was not involved in any conspiracy* because there was no conspiracy; yet you, the Government's lawyers, and District Judge Pauley agreed, acted in concert, knowingly and willfully arranged, orchestrated, and facilitated Jones' Rule 11 unethical and completely illegal plea contract to knowingly commit perjury and plead guilty to a conspiracy to "**artificially inflate**"[199] the securities of INZS and SVSY that you knew Jones was not involved or participated in.

An indisputable fraud on the court and conspiracy to obstruct justice.

Mr. Kirton, given as a matter of law and fact, ipso facto, predicated on paragraph 33 in the United States 03-0831 (D. NV) July 14, 2003, **unsigned** complaint, filed in violation of Fed. R. Civ. P 11(a), a binding judicial admission and confession, *judicial and equitable estoppel* on the United States and its privies in 05cr1115 and 04cr1224 (SDNY).

---

[199] See para. 33 in the SEC's 03-0831 (D. NV) litigation's complaint, which was **unsigned** by an admitted SEC lawyer in the District Court (D. NV) when submitted for filing on July 14, 2003. On or before July 14, 2003, the unsigned complaint's submission date to the District Court in violation of Fed. R. Civ. P. 11(a), the United States, *the real party in interest* in both 03-0831 (D. NV) and 05cr1115 (SDNY), via the SEC, its legal counsel, publicly judicially admitted and confessed that "the alleged press releases [the same subject matter in 03-0831 and 05cr1115] issued by INZS and SVSY **did not increase the stocks' prices**." (paraphrased) (emphasis added). A binding judicial admission and confession by the United States and its privies, *the real party in interest*, judicial and equitable estoppel in 05cr1115 (SDNY) and 04cr1224 (SDNY), that ipso facto, as a matter of law and fact *annulled* and *abrogated* all probable cause to arrest or indict **Mr. Ware or Jones, your client, in 05cr1115**. Accordingly, as a matter of law the District Court (Pauley, J.) and the Magistrate Court (Dolinger, J.) both lacked 18 USC 3231 and Article III subject matter jurisdiction to have conducted any lawful judicial proceedings and accepted Jones null and void ab initio bogus and fraudulent Rule 11 plea (perjury) contract. Both Mr. Ware and Jeremy Jones as a matter of law are actually and factually innocent of all charges in 05cr1115 (SDNY). Both Mr. Ware and Jones are entitled to file habeas corpus pleadings, actual innocence, to have their convictions and sentences reversed and vacated, and/or seek a new trial under Rule 33.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Mr. Kirton,  pursuant to your ethical and fiduciary duties to your client Jeremy Jones and the Court, you are required to *immediately* notify Mr. Jones and the District Court (SDNY), (Ramos, J.) (05cr1115) that the *illegal, unethical, and unenforceable* 2006 Rule 11 plea agreement is null and void ab initio, all proceedings in 05cr1115 (SDNY) are null and void ab initio and moot, Mr. Jones as a matter of law is actually and factually innocent of all charges in 05cr1115, the 05cr1115 indictment is required to be dismissed with prejudice, all charges dropped and Mr. Jones is to be refunded all fines and assessments.

Mr. Kirton, that is your ethical and fiduciary duty under the Rules of the State Bar of New York, the District Court (SDNY), Local Rule 1.5(b)(5) (SDNY), and the ABA Rules of Professional Conduct.

Mr. Kirton, given that you have a *fiduciary duty to your client* and an *ethical duty of complete candor to the Court*, as an officer of the court, to immediately, not later than 12:00 noon on January 12, 2022, to come forth and present the newly discovered Brady and Giglio exculpatory evidence that exonerates your client Jeremy Jones of all charges in 05cr1115 (SDNY); move to vacate and set aside Jones' guilty verdict, sentence, fines, and assessment, and have his record expunged of all arrests and charges, unless Mr. Ware is served with a copy of your motion to vacate and set aside Jones' bogus, null and void ab initio Rule 11 illegal plea contract, conviction, and sentence, not later than 12:00 noon, January 12, 2022, then Mr. Ware will file all necessary pleadings with the State Bar of New York disciplinary authorities, the District Court's Committee on Professional Conduct, the Court of Appeals Committee on Professional Conduct, and the Supreme Court of the United States Committee on Professional Conduct to have you stripped, suspended, and ultimately disbarred from the practice of law for your knowing and intentional fraudulent, illegal, criminal, and unethical professional misconduct in the proceedings in *United States v. Ware and Jeremy Jones*, 05cr1115 (SDNY).

Govern yourself accordingly.

Sincerely,

/s/ Ulysses T. Ware

January 5, 2022


Cc:    Law Office of Marlon G. Kirton, Esq.
       175 Fulton Ave.
       #209
       Hampstead, NY 11550

       Via email to:
       The Hon. Laura Taylor-Swain
       Chief District Court Judge (SDNY)
       U.S. Courthouse
       500 Pearl St.
       New York, NY 10007

       Via U.S. Mail:
       The Hon. Debra A. Livingston
       Chief Circuit Judge
       U.S. Court of Appeals for the Second Circuit
       40 Foley Sq.
       Thurgood Marshall Courthouse
       New York, NY 10007

       Via email to:
       U.S. Department of Justice
       Mr. Damian Williams
       Mr. Merrick Garland via Jeffrey R. Ragsdale

# Exhibits

# Exhibit 1

30:2008  16:55  FAX 5166356620          MARLON KIRTON PC          ☑002

*Marlon G. Kirton,* RECEIVED

APR 30 2008

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  5 - 5 - 08**

*Marlon G. Kirton, Esq.*
*Regina T. Phillips, Esq.*

*D. Andrew Marshall, Esq.*
*Of Counsel*

New York City
U.S. 40 Park Ave. Suite, 1000
*New York, N.Y. 10169*
*Tel # (646) 433 - 5519*
*Fax # (212) 808 - 3020*

*Nassau County:*
175 Fulton Ave. Suite 209
*Hempstead, N.Y. 11550*
*Tel # (516) 833 - 5617*
*Fax # (516) 833 - 5620*

April 30, 2008

VIA FACSIMILE

Honorable William H. Pauley
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007

Re: United States v. Jeremy Jones, 05 cr. 1115 (WHP)

Dear Judge Pauley:

I represent Mr. Jones in the above referenced matter. He is scheduled to be sentenced on May 2, 2008 at 11:30 a.m. I request an adjournment of this matter to any date the week of June 2, 2008.

The probation report recommended, among other things, a fifteen (15) month sentence, restitution of $397,553.85 and forfeiture of $300,000. This recommendation was made even though Mr. Jones cooperated with the government, received a "5K" letter from the government and only has 1 criminal history point. I need additional time to address the myriad legal issues regarding Mr. Jones' sentence. I have the consent of the government for this request.

Please contact me if you have any questions or concerns.

Sincerely,

*Marlon G. Kirton, Esq.*

APPLICATION GRANTED. THE SENTENCING
IS ADJOURNED TO #1 JUNE 3, 2008 AT
2:00 P.M.
SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
5-2-08

cc: Steve Feldman, Assistant United States Attorney

DOJ's willfully suppressed and concealed USSG 5K cooperation agreement: impeachment evidence.

**Page 11 of 40**
**Wednesday, November 10, 2021**
11.10.21 Ex. 52B-10.1 and 10.2 re Atlanta, GA law firm  Garland, Samuel & Loeb  Awards & Recognitions
_ Garland, Samuel & Loeb, P.C. _ Atlanta

# Exhibit 2

on January 6, 2005. I will be out of the state from December 25, 2005 through January 2, 2006. I would request that the court keep the same court date and allow the parties to work out their differences between now and then.

The government's response is typical of the heavy handed approach it has used against Mr. Jones. I have reviewed the discovery in this matter. This prosecution arose out of an investigation commenced by the Securities and Exchange Commission (S.E.C.) of Mr. Ware's company. I have spoken with the lead S.E.C. attorney on this case, Jeff Norris, concerning Mr. Jones. Mr. Jones was never made a defendant in the S.E.C. investigation. He gave them his full cooperation without an attorney for several months; as is evidenced by the transcripts turned over during the government's own discovery. The government has not only turned him from a potentially valuable witness into a defendant, they now seek to detain him in New York for the length of the case. I urge the court to decide these matters during our conference.

Sincerely,

Marlon G. Kirton, Esq.

cc: Alexander H. Southwell, Assistant United States Attorney

agreed to allow her home to be used to secure a portion of the bail package for Mr. Jones. She has also agreed to be one of the three (3) financially responsible individuals mandated to sign the bond. However, Mr. Jones' pre-trial services officer in Atlanta has not been very helpful. Ms. Jones has been in contact with, Amy Roberts, for over four (4) weeks concerning this issue. Ms. Roberts has not returned repeated calls by Ms. Jones. Ms. Jones has not been able to sign the bond because she has received no assistance from Ms. Roberts. Additionally, the government has had no contact, to my knowledge, with any of the pre-trial services personnel in Atlanta concerning Mr. Jones. The government did not communicate with anyone in Atlanta, to my knowledge, that Ms. Jones was an acceptable candidate for the bond.

Finally, Mr. Jones has been unable to secure any viable candidate to be the third signatory of the bond. I request that the court allow for additional time for Mr. Jones to secure a third signer of the bond.

The government's request for a court date this week is fantasy at best. Given the late notice of the request and the current work stoppage it is not possible for me to be in court before Thursday or Friday of this week. Mr. Jones has purchased tickets to be in court for our scheduled court date

Appendix 3

Correspondences to the Office of the United States Attorney (SDNY)

Ulysses T. Ware's January 21, 2022, letter to USAG Merrick B. Garland re: Brady Court Orders.

# Offices of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

January 21, 2022

**Personal and confidential**

**NOTICE TO IMMEDIATELY CEASE AND DESIST FROM ALL CIVIL AND CRIMINAL CONTEMPTS OF THE BRADY COURT ORDERS, THE RULE 41(a)(2) FINAL JUDGMENT, AND THE AUGUST 18, 2009, FINAL JUDGMENT ENTERED IN UNITED STATES v. WARE, 07-5670 (XAP) (2d Cir.), Gov.-I,[200] jointly, (the "Final Judgments").**

**Via U.S. mail and via email to Jeffrey R. Ragsdale c/o**
The Hon. Merrick B. Garland

---

[200] On November 7, 2008, the United States via the USAO, pursuant to Article II, section 3, 18 USC 3742(b), and Rule 42(b) Fed. R. App. P., threw in the towel, tapped out, and notified the Court of Appeals for the Second Circuit, the United States, and its privies had decided to *voluntarily*, abandon, abort, terminate, and *dismiss with prejudice* its cross-appeal filed in *United v. Ware*, 07-5670 (XAP) (2d Cir.), Gov.-I. Ipso facto, by operation of law, *a final judgment on the merits in favor of Ulysses T. Ware, the prevailing party in regard to Dkt., 99, S. Tr. 31 L 18-25 (R-1); S. Tr. 35-36 (R-2); and S. Tr. 73-76 (R-3);* which triggered the protections of the *absolute finality* of the Double Jeopardy Clause and res judicata against the United States and its privies with *respect to all issues and claims actually or necessarily resolved by the Gov-I final judgment.* Cf., *Federated*, 452 U.S. at 398-402 (final judgment binding, absolutely, on all courts, the parties, and their privies in *all* subsequent litigation between the parties; all issues and claims *actually or necessarily* resolved by judgment are *"forever settled"* against the losing party [i.e., the United States and its privies]). Which had grave consequences for the Government, its prosecutors, and the District Court (Pauley, J.).

Ergo, the Government's prosecutors, AUSAs Nicholas S. Goldin and Andrew L. Fish, *blew up its 05cr1115 (SDNY) case in the Court of Appeals.* by the *voluntary dismissal with prejudice* of the United States cross-appeal, 07-5670 (XAP)(2d Cir.), Gov.-I.

Page **321** of **395**
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Attorney General of the United States
United States Department of Justice
950 Pennsylvania Ave.
Washington, D.C. 20530

RE: *United States v. Ware*, 04cr1224 (SDNY) (Sweet, J.) (deceased), ("**1224**");  and *United States v. Ware*, 05cr1115 (SDNY) (Pauley, J.) (deceased), ("**1115**"), jointly, (the "**Ware Cases**"), demand for the United States and its privies to disclose all Brady and Giglio exculpatory and impeachment material pursuant to the commands of the written Brady Court Orders, to wit: (1) Dkt. 32, August 10, 2007 (Sweet, J.)[201] and (2) May 19, 2006, Dkt. 17, Tr. 5-9, (Pauley, J.)[202], jointly, (the "**Brady Court Orders**"), and *Brady v. Maryland* and its progenies.

# Memorandum of law.

<div align="center">I.</div>

**A.**   **Factual predicates and analysis regarding jurisdictional issues: "applying the law to the facts … and following the evidence to wherever it might lead."[203]**

Mr. Garland:

Given that the United States Department of Justice, (the "**DOJ**"), did not contact, deny, oppose, or challenge any aspect of Mr. Ware's January 11, 2022, inquiry, (the "**Inquiry**"),  by the requested response date of January 21, 2022, at 12:00 noon, Mr. Ware writes to officially inform you, Merrick B. Garland, and the individuals named in Exhibit 15, attached hereto and made a part hereof, *that you and each person or entity named in Exhibit 15,* is hereby this 21st day of January 2022, designated and named as an *interested person* and *adverse party, in your and their individual and personal capacities[204]* in regard to all facts, matters, issues, and relief associated with or connected to the resolution of the Ware Cases, 04cr1224 (SDNY) and 05cr1115 (SDNY); and any other litigation that results from, is attributed to, or associated with the Ware Cases.[205]

---

[201] See Exhibit 1 in January 11, 2022, inquiry.

[202] See Exhibit 2, Id.

[203] Quoting USAG Merrick B. Garland's public statements.

[204] Each individual is named as a knowing and willing direct and/or indirect participant in an illegal association-in-fact, a continuing criminal enterprise, as defined in 18 USC 1961 et seq. Accordingly, each person or entity has *a substantial pecuniary and penal interest* in the outcome of the Ware Cases, and associated cases.

[205] 02cv2219 (SDNY), 03-0831 (D. NV), 03-93031 (BC NDGA), 12cv4397 (NDGA), etc. In particular in regard to probable cause to indict for 18 USC 401(2) and 401(3), criminal contempt. *The crime, the criminal contempt offense,* <u>was</u>

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Mr. Garland, the United States, and its privies, as the plaintiff[206] in the Ware Cases, the United States, *the real party in interest*, **has the burden of proof and production** to "affirmatively establish" beyond a reasonable doubt *each element of the burden of proof required to convict in the Ware Cases*.[207]

In 04cr1224 the Government foolishly presented to the grand jury and admitted into evidence at trial GX-5, Tr. 190. The Government then was required to prove beyond a reasonable doubt, **at trial**, (not in any proceedings post-trial), (1) the 02cv2219 (SDNY) district court had subject matter jurisdiction over its proceedings; (2) that para. 10.1(iv) in GX-5 was false, i.e., that each of the "Civil Plaintiffs" *were actually registered as broker-dealers in the United States on November 17, 2004* (they were not, see n. 1, supra); and (3) that each "Civil Plaintiff" before, *on the filing date of the 02cv2219 (SDNY) complaint, (March 20, 2002), and after the filing date, the plaintiffs were not 15 USC 77b(a)(11) statutory underwriters* (they were, see n.2, supra).

_____

*committed and completed* the moment the Government resisted and violated the Brady Court Orders in 2006 and 2007, by not disclosing "*all*" *Brady and Giglio* exculpatory and impeachment evidence to Mr. Ware. Mr. Garland, given the crime (the offense) has already been committed and completed by you, the DOJ's prosecutors, and those that aided and abetted the willful resistance of the Brady Court Orders and the Final Judgments.

Mr. Garland, you as the purported "chief law enforcement officer of the United States" you and the USAO's prosecutors, the federal judges, and others who have aided and abetted the criminal contempt, (see Exhibit 15, infra), are in a dubious and an untenable position being purported government federal prosecutors, federal judges, and court employees, each having a sworn an oath and having a duty to "uphold the law." You have egregiously and insidiously violated and breached your sworn oath of office to uphold the law and defend the Constitution. That you have not done. The personal legal jeopardy of you, your friends, and colleagues have compromised your integrity, contaminated your credibility, and infected your judgment.

[206] See n. 14, infra.

[207] See *In re Winship*, 397 U.S. 358 (1970) ("the Due Process clause protects the accused [Ulysses T. Ware and Jeremy Jones] against conviction except upon proof [at trial by the Government, before the jury] beyond a reasonable doubt of *every fact* necessary to constitute *the crime* [an offense] charged.") (emphasis added). In 04cr1224 (SDNY) and 05cr1115 (SDNY) the Government's risible indictments did not as a matter of law and fact charge an "offense" against the laws of the United States as alleged in its ridiculous indictments' language allegations. Specifically, Jeremy Jones, on **September 22, 2006**, allegedly, as a matter of law and fact could not have pleaded guilty to any knowing and willful "artificial inflation" of INZS and SVSY's securities, because, see para. 33 of the 03-0831 (D. NV) complaint, the Government, via the SEC, had judicially admitted and confessed, *judicial and equitable estoppel against the United States in 05cr1115*, on or before July 14, 2003, any [immaterial] press release of INZS or SVSY "*did not artificially inflate or increase the stocks' prices*." (paraphrased) (emphasis added).

Moreover, the SEC in 2003, see the SEC's Brady Email (suppressed and concealed by the SEC and USAO's prosecutors), had absolved Jones, Mr. Ware's employees, and by necessary implication, Mr. Ware also from any conspiracy charge, (e.g., if Jones and Mr. Ware's employees were not involved in the alleged conspiracy, as found by the SEC's lawyers, then as a matter of law and fact, *Mr. Ware cannot conspire with himself*) and from any involvement in the alleged knowingly false and fabricated conspiracy charge in the 05cr1115 indictment. *Therefore, the Government's conspiracy charge failed as a matter of fact by converse necessary implication*.

Paragraph 10.1(iv) of GX-5 created **an insurmountable legal and factual impossibility** with respect to the Government's standing and subject matter jurisdiction over the proceedings.[208] The Government, as the plaintiff in the Ware Cases, at any evidentiary hearing on the jurisdictional issues, has the impossible burden of abrogating and disavowing its own trial evidence, GX 1-4 and GX-5. A frivolous, bad faith, evil, vexatious, and ridiculous endeavor that Mr. Ware invites the USAO's prosecutors to commit **professional suicide** by signing the pleadings as an officer of the court, and assert such Jabberwocky in attempting the known legal and factually impossible.

In 05cr1115 (SDNY) the Government, the plaintiff, had the constitutional burden of proof and production beyond a reasonable doubt to prove, at trial, its trial theory that INZS and SVSY's securities had been "*artificially* inflated" by 'material' press releases. A purported "fraud-on-the-market" trial theory.[209] Which, ostensibly, unbeknownst to the Government's prosecutors (AUSAs Southwell, Goldin, Feldman, Fish, and Garcia) required the Government, **at trial**, to prove beyond a reasonable doubt, **with expert testimony**, the markets for INZS and SVSY securities were **efficient markets**. Cf., October 2007, Dkt. 99, S. Tr. 31 L 18-25; S. Tr. 35-36; and S. Tr. 73-76 (quoting Pauley, J.) vigorously rejected the Government's risible arguments made by AUSA Steven D. Feldman, and accepted the arguments of Ulysses T. Ware, **and scheduled a post-trial Rule 29(c) Fatico evidentiary hearing for October 28, 2007, S. Tr. 31 L 18-25**, on market efficiency and "*concerning among other things*." (quoting Pauley, J.). Id.

The District Court's mere scheduling of the Fatico evidentiary hearing, post-trial, on a necessary element [market efficiency] of the Government's trial theory [fraud-on-the-market, S. Tr. 35-36] and **trial burden of proof**, was the **functional equivalent of an acquittal** on the efficient market factual element by the trial court; and by operation of law triggered double jeopardy

---

[208] As a matter of law and fact an Article III federal court lacks jurisdiction over the enforcement regarding the subject matter of illegal contracts, GX 1-4, and GX-5, purported contracts entered in and performed in the civil and criminal violation of public policy and federal laws, to wit, 15 USC 77e, 77x, 78ff, and 78o(a)(1).

[209] See 05cr1115 (SDNY), Dkt. 99, S. Tr. 31 L 18-25; S. Tr. 35-36; and S. Tr. 73-76, the October 2007, post-trial Rule 29(c) double jeopardy rulings by the 05cr1115 District Court (Pauley, J.) in favor of Mr. Ware with respect to the Government's trial evidence. The double jeopardy rulings were affirmed by operation of law by the Government's November 7, 2008, **voluntary dismissal with prejudice**, cf. n. 1, supra, of its **United States v. Ware**, 07-5670 (XAP) (2d Cir.), Gov.-I, cross-appeal; and ratified by the Court of Appeals August 18, 2009, entry of final judgment in Gov.-I (07-5670) **against** the United States and its privies, and **in favor of** Ulysses T. Ware, (the "**Prevailing Party**"). See Exhibit 2, infra. Accordingly, on August 18, 2009, upon entry of final judgment against the United States and its privies, the Double Jeopardy Clause and res judicata, judicial and equitable estoppel against the Government in all subsequent proceedings, terminated all federal and state courts, agencies, and employees jurisdiction over all aspects of the 05cr1115 proceedings, **actually or necessarily resolved by the Government's voluntary of its 07-5670 Gov.-I cross-appeal.**

against the Government and terminated all courts' jurisdiction over the subject matter of the 05cr1115 proceedings, and acquitted Mr. Ware and Jeremy Jones of all charges.[210]

Parsing the Government's trial theory in the 05cr1115 indictment, post-trial submissions, briefs, and in-court arguments, see Dkt. 99, S. Tr. 31 L 18-25 (R-1); S. Tr. 35-36 (R-2); and S. Tr. 73-76 (R-3), the Government foolishly went to trial on a "fraud-on-the-market" trial theory, see Dkt. 99, S. Tr. 31 L 18-25 and S. Tr. 35-36; which required the Government (1) *to prove at trial*, beyond a reasonable doubt; (2) that the markets for INZS and SVSY's securities were *efficient*, cf., Dkt 99, S. Tr. 31 L 18-25; S. Tr 35-36 (cf., AUSA Steven D. Feldman, admitted and conceded, judicial and equitable estoppel, the Government's trial proof was insufficient on market efficiency) (quoting Pauley, J.); (3) **by expert testimony**; and (4) **to prove at trial** that INZS and SVSY's stocks' "**prices**" were (i) *artificially*, (ii) *inflated* (i.e., any alleged *increase in price* was caused, by the contents of INZS and SVSY's public disclosures). A legal and factual impossibility in an *inefficient market* without *expert testimony* offered by the Government at trial.

However, cf., para. 33 of the United States, *the real party in interest*, 03-0831 (D. NV) unsigned complaint's judicial confessions and admissions, *judicial and equitable estoppel against the United States in 05cr1115*: " ... the press releases **did not** have the intended effect of *increasing* [i.e., artificially inflating] the stock's *prices*." (emphasis added). Accordingly, on or about July 14, 2003, the Government, via the SEC, pleaded itself out of the Las Vegas 03-0831 (D. NV); and necessarily pleaded itself out of the subsequent bogus and fraudulent 2005 arrest warrants for Jeremy Jones and Ulysses T. Ware, bogus and fabricated complaint, fabricated grand jury indictments, and the null and void ab initio and moot 05cr1115 (SDNY) proceedings.

Ergo, the Government (and its privies) pleaded themselves out of the Las Vegas 03-0831 (D. NV) (civil) and 05cr1115 (SDNY) (criminal) litigations by its July 14, 2003, judicial admissions and confessions made at para. 33 in the SEC's Las Vegas 03-0831 (D. NV) complaint: *equitable and judicial estoppel against the United States, its privies, and all others in any other subsequent judicial or administrative proceedings that relied in whole and/or in part on the 03-0831 or 05cr1115 proceedings* (i.e., the Supreme Court of Georgia, the State Bar of Georgia, the District Court (NDGA), the Bureau of Prisons, the Administrative Office of the U.S. Courts in any Federal Tort Claims Act demand, the U.S. Probation Office, etc.).

---

[210] See **United States v. Martin Linen Supply Co.**, 430 U.S. 564, 571-72 (1977) ("In applying this teaching of *Ball, Fong Foo*, and like cases, we have emphasized that what constitutes an "acquittal" *is not to be controlled by the form of the judge's action. United States v. Sisson, supra* at 399 U. S. 270; *cf. United States v. Wilson*, 420 U.S. at 420 U. S. 336. *Rather, we must determine whether the ruling of the judge*, whatever its label, **actually represents a resolution, correct or not, of some or all of the factual elements** [in regard to 05cr1115, market efficiency, cf., Dkt. 99, S. Tr. 31 L 18-25, and S. Tr. 73-76] *of the offense charged*. There can be no question that the judgments of acquittal entered here by the District Court were "acquittals" *in substance, as well as form*."). (emphasis and alterations added).

Therefore, please be advised that Mr. Ware, and the defendant (Group Management) in the 02cv2219 (SDNY) lawsuit, the *Prevailing Parties*, pursuant to Article III of the Constitution, 28 USC 1332(a), and 18 USC 3231, Mr. Ware hereby gives notice that Mr. Ware and Group Management, the Prevailing Parties, will file an emergency petition in the District Court (SDNY) for the court to *sua sponte* "affirmatively confirm"[211] the Article III and 18 USC 3231 subject matter jurisdiction; and 28 USC 547(1) standing and authority of the United States Attorney (SDNY) to have initiated the Ware Cases.[212]

---

[211][211] The plaintiff, [the Government in 04cr1224 and 05cr1115 (SDNY); and the "Civil Plaintiffs" in 02cv2219 (SDNY)], *unregistered broker-dealers* and *Section 2(a)(11) statutory underwriters*, lacked Article III standing to appear in federal court and **enforce illegal contracts** (i.e., e.g., GX 1-4 and GX-5) have the burden of proof and **"jurisdiction must be shown affirmatively**, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." **APWU v. Potter**, 343 F.3d 619, 623 (2d Cir. 2003). (emphasis added).

After December 20, 2007, Dkt. 90, the Rule 41(a)(2) superseding final judgment, *after the statute of limitation had run on all claims in the 02cv2219 complaint*, terminated all lawful plaintiffs' standing in 02cv2219 (SDNY). Consequently, currently there are no legal and viable plaintiffs having Article III standing  that are permitted and authorized to appear in any court, argue, and affirmatively establish subject matter jurisdiction in the 02cv2219 (SDNY) proceedings given the **voluntary** dismissal with or without prejudice of their lawsuit, *after the statute of limitation had run on all claims in the complaint. (See Exhibit 3, infra)*. The same legal logic and analysis holds with respect to the *In re Group Management Corp.*, 03-93031-mhm (BC NDGA) Chapter 11 proceedings.

Therefore, the 02cv2219 and 03-93031 proceedings, and by converse necessary implication, the 04cr1224 proceedings, are all irrevocably moot, and null and void ab initio. See **Steel Co.**, 523 U.S. at 93-95 (subject matter jurisdiction is a "threshold issue that *every* federal court must decide *before* proceeding to the merits of the claims ....."). (emphasis added).

[212] **Manway Constr. Co. v. Housing Auth. of Hartford**, 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction *any party* or the court *sua sponte*, **at any stage of the proceedings**, *may* raise the question of whether the court has **subject matter jurisdiction**; and, if it does not, *dismissal is mandatory*."); **Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.**, 109 F.3d 105, 108 (2d Cir. 1997) ("Whenever it appears by *suggestion of the parties or otherwise* that the court lacks jurisdiction of the subject matter, *the court **shall** dismiss the action*.") (citing Fed. R. Civ. P. 12(h)(3)); **Lovejoy v. Watson**, 475 F. App'x 792, 792 (2d Cir. 2012) ("*Where jurisdiction is lacking . . . dismissal is mandatory*.") (quoting **United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.**, 30 F.3d 298, 301 (2d Cir.1994)). (emphasis added).

Mr. Ware and Group Management, the Prevailing Parties, also will petition the 02cv2219 (SDNY) District Court (SDNY) to *sua sponte*[213] confirm its Article III and 28 USC 1332(a) subject matter jurisdiction over the moot 02cv2219 (SDNY) lawsuit, *a legal and factual impossibility*.[214]

Furthermore, Mr. Ware and Group Management,[215] 11 USC 1109(b) statutory parties in interest[216] in *In re Group Management Corp.*, 03-93031-mhm  (BC NDGA), Chapter 11

---

[213] It is incumbent on a federal court to determine **with certainty** whether it has subject matter jurisdiction over a case pending before it. **If necessary, the court must consider its subject matter jurisdiction *sua sponte*.** *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, *we have an independent obligation* to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is *obligated to inquire* into subject matter jurisdiction *sua sponte whenever* it may be lacking"); *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) ("This Court *has a duty* to review a *plaintiff's complaint* at the earliest opportunity to determine whether this Court has subject matter jurisdiction .") (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997) for its holding that *a district court may raise the* issue of subject matter jurisdiction *sua sponte* ). (emphasis added).

[214] Cf., *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("**The objection that a federal court lacks subject-matter jurisdiction**, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, *or by a court on its own initiative*, **at any stage in the litigation**, *even after trial and the entry of judgment*. Rule 12(h)(3) instructs: "**Whenever** it appears by *suggestion of the parties* **or otherwise** that the court lacks jurisdiction of the subject matter, the court **shall** dismiss the action." See *Kontrick v. Ryan*, 540 U. S. 443, 455 (2004)."). (emphasis added).

It is a factual and legal impossibility for (i) the 02cv2219 (SDNY) plaintiffs (i.e., cf., December 20, 2007, Dkt. 90, Rule 41(a)(2) *voluntary*, after the statute of limitation had run on all claims, dismissal with prejudice of the 02cv2219 (SDNY) lawsuit) and (ii) the Government to establish Article III and 28 USC 1332(a) standing and subject matter jurisdiction of the "Civil Plaintiffs" in 02cv2219 given, (1) FINRA's May 17, 2021, *certification of unregistered broker-dealer status for each "Civil Plaintiff"*; and (2) given the Government's risible admission into evidence at trial in 04cr1224, Tr. 190, para. 10.1(iv) of GX-5, the illegal and unenforceable contract that *conferred irrefutable and undenied 15 USC 77b(a)(11) statutory underwriter status on each plaintiff*. Ergo, the Government pleaded itself out of the 04cr1224 district court by pleading affirmative defenses on the face of its bogus and fabricated 04cr1224 (SDNY) indictment. The proceedings in 04cr1224 are null and void ab initio, and moot.

[215] Group Management, Ulysses T. Ware, and Elorian and Becky Landers, pursuant to the 02cv2219 (SDNY) December 20, 2007, Dkt 90, Rule 41(a)(2) "Civil Plaintiffs" *voluntary* dismissal with prejudice superseding final judgment entered in 02cv2219 (SDNY), Dkt. 90, *are the legal prevailing parties* regarding all issues, facts, and claims in 02cv2219 (SDNY), and by extension and necessary implication also in 03-93031 (BC NDGA), and 04cr1224 (SDNY); *and the legal prevailing parties are authorized to enforce the Rule 41(a)(2) final judgment by civil and criminal contempt proceedings* against all persons and entities who have willfully resisted, and aided and abetted the willful resistance of the Rule 41(a)(2) final judgment, i.e., the State Bar of Georgia, Wendy L. Hagenau, C. Ray Mullins, Joyce Bihary, Margaret H. Murphy, M. Regina Thomas, Patricia Sinback, Dennis S. Meir, Esq., John W. Mills, III, Esq., J. Henry Walker, IV, Esq., and Kilpatrick, Townsend, & Stockton, LLP, ("**KTS**"), Kenneth A. Zitter, Esq., Alpha Capital, AG (Anstalt), Ari Rabinowitz, LH Financial Services, the USAO, the USPO, the Bureau of Prisons, the Administrative Office of the U.S. Courts, the Bankruptcy Court (NDGA), the State Bar of Georgia and its employees and agents, et al.

[216] **11 U.S. Code § 1109 - Right to be heard:**

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022

reorganization, will petition that federal bankruptcy court (Hagenau, C.J.),[217] to **sua sponte** "affirmatively confirm" its Article III subject matter jurisdiction, and the Article III standing of the 02cv2219 (SDNY) "Civil Plaintiffs" to have appeared in, requested, and have been granted any judicial relief viz-a-viz, the 02cv2219 (SDNY) moot proceeding's moot orders, and purported judgments.[218]

**B.    Conclusion.**

--------------------

**(a)** The Securities and Exchange Commission may raise and may appear and be heard on any issue in a case under this chapter, but the Securities and Exchange Commission may not appeal from any judgment, order, or decree entered in the case.

**(b)** A party in interest, including the debtor [Group Management], the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder [Ulysses T. Ware], or any indenture trustee, **may raise** and **may appear** and **be heard** on **any issue**[*i.e., subject matter jurisdiction is an issue in every case in the federal courts, that cannot be waived by the court*] in a case [In re Group Management Corp., 03-93031] under this **chapter.** (emphasis added). Chief Judge Hagenau, and the bankruptcy court employees, negligently, have acted with extreme criminal intent and motivation, and have knowingly and willfully colluded, conspired, and racketeered with the USAO, KTS, Alpha Capital, AG (Anstalt), as a fraud on the court and the public, and have obstructed, impeded, delayed, frustrated, hindered, suppressed, and concealed material jurisdictional facts from the shareholders of GPMT, 18 USC 157 bankruptcy fraud conspiracy.

[217] However, C.J. Hagenau, see Exhibit 15(12), infra, has been named as an adverse and interested party, and as an **unindicted co-conspirator**, in her official, individual, and personal capacities, by her willful, bad faith, and *negligent judicial misconduct*; also named as a willing and knowing participant in the conspiracy to obstruct the due administration of justice and not adjudicate Mr. Ware's 2012 Rule 9024/60(d)(3) fraud on the court petitions submitted to the Bankruptcy Court in *In re Group Management Corp.*, 03-93031 (BC NDGA).
     The Bankruptcy Court (NDGA) criminally, with *a racist Jim Crow motivated animus*, has continuously refused to file, docket, or adjudicate, Mr. Ware's pleadings, an 11 USC 1109(b) statutory party in interest in 03-93031; as the illegal and criminal means and methods to protect the assets of Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP, and its partners (see Exhibit 15(11)), ("KTS"), from an involuntary Chapter 7 liquidation for damages estimated at **$2.225 billion dollars**, and others liable for massive monetary damages. The Bankruptcy Court has materially aided, abetted, facilitated, and assisted KTS and its 02cv2219 (SDNY) "Civil Plaintiffs," its clients', objectives by orchestrating and the facilitation of the 02cv2219 (SDNY) "Civil Plaintiffs" conspiracy to commit bankruptcy fraud in 03-93031 (BC NDGA) Chapter 11 proceedings, 18 USC 157, by concealing and suppressing their status as **unregistered broker-dealers**. *Material and dispositive jurisdictional facts*.

[218] As an intentional and deliberate overt act in the conspiracy to subvert and impede the due administration of justice in 03-93031, former Bankruptcy Judge Margaret H. Murphy, knowingly, willfully, and in bad faith, colluded, conspired, acted in concert, and racketeered with the USAO, KTS, its lawyers and partners, and in April 2003, while the bankruptcy court lacked subject matter jurisdiction over the "Civil Plaintiffs" request to dismiss the Chapter 11 (03-93031) with prejudice, Murphy, with an evil motive and a criminal agenda and purpose, knowing and willfully granted the "Civil Plaintiffs" their requested judicial relief, and dismissed the Chapter 11 with prejudice. Which facilitated, paved the road, and was the critical act necessary for the USAO to fraudulently indict Mr. Ware on November 17, 2004, in 04cr1224 (SDNY).

Mr. Garland, as a former federal appeals court judge, I am sure you can appreciate that Article III subject matter jurisdiction is a "threshold issue," that must be resolved before the merits of the claims are adjudicated. Moreover, subject matter jurisdiction and standing cannot be waived by the court, and in every criminal proceeding, the United States, via the DOJ, has the burden of production and proof with respect to all jurisdictional challenges.

That being said, please be advised that the undersigned, individually, hereby this 21st day of January 2022 and as the legal representative for GPMT, the prevailing party in 02cv2219, hereby gives official notice to the Department of Justice, that the undersigned is, (1) challenging the 28 SC 547(1) authority of the USAO, the Article III constitutional and 18 USC 3231 statutory subject matter jurisdiction of the District Courts in regard to the Ware Cases; (2) are also challenging the Article III and 28 USC 1332(a) subject matter jurisdiction of the 02cv2219 (SDNY) civil litigation; and (3) challenging the Article III subject matter jurisdiction and standing of the "Civil Plaintiffs," *unregistered broker-dealers and statutory underwriters*, to have appeared in, requested, and have granted any judicial relief in 03-93031 (BC NDGA).[219]

If you and the DOJ care to respond to the jurisdiction issues and legal analysis raised herein, please do so not later than January 24, 2021, by 3 p.m., time of the essence.


Sincerely,

/s/ Ulysses T. Ware

_____

Ulysses T. Ware individually, and as legal
representative for Group Management,
a sole proprietorship.


cc:   Edward T.M. Garland
      Manny Arora
      Wendy L. Hagenau (personally, and for service on the District Clerk (NDGA) and the Chief
      Judge NDGA)
      State Bar of Georgia, Office of the General Counsel
      Administrative Office of the U.S. Courts c/o The Judicial Conference of the United States
      Judicial Conference of the Second Circuit Court of Appeals

_____

[219] See Government trial exhibits GX-250, GX-251, GX-252, and GX-253 in 04cr1224 (SDNY) concerning the bankruptcy proceedings in NDGA bankruptcy courts.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Marlon G. Kirton, Esq.
Damian Williams
District Judge Edgardo Ramos
District Judge Laura Taylor-Swain

# Exhibit 1



At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department
in the County of New York on May 13, 2003.

PRESENT:  Hon.  Eugene Nardelli,                Justice Presiding,
                 Peter Tom
                 Joseph P. Sullivan
                 Ernst H. Rosenberger
                 Richard W. Wallach,             Justices.

-----------------------------------------x

In the Matter of Edward M. Grushko
(admitted as Edward Marvin Grushko),
a Suspended Attorney:

        Departmental Disciplinary Committee
        for the First Judicial Department,

        Edward Grushko,
                 Petitioner.

-----------------------------------------x

M-1885

        An order of this Court having been entered on May 15,
1995 (M-5093), suspending respondent Edward M. Grushko (who, as
Edward Marvin Grushko, was admitted to practice as a attorney and
counselor-at-law in the State of New York at a Term of the
Appellate Division of the Supreme Court, Second Judicial
Department, on September 23, 1981), from the practice of law for
a period of three (3) months, on the ground that respondent was
convicted in the United States District Court for the District of
Nevada of one count of conspiracy to commit securities fraud, in
violation of 18 USC § 371 and 15 USC §§ 77q(a) and 77x, a felony
under the United States Code,

        And respondent pro se having moved on April 15, 2003,
for an order reinstating him as an attorney and counselor-at-law
in the State of New York, nunc pro tunc.

        Now, upon reading and filing the papers with respect to
the motion, and due deliberation having been had thereon, it is
unanimously,

# Exhibit 2

## UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of August, two thousand and nine.

PRESENT:   Amalya L. Kearse,
           Robert D. Sack,
           Peter W. Hall,
                *Circuit Judges.*

AUG 1 8 2009

United States of America,

                Appellee-Cross-Appellant,

          v.

Ulysses Thomas Ware, also known as Thomas Ware,

                Defendant-Appellant-Cross-Appellee,

Jeremy Jones,

                Defendant.

**JUDGMENT**
Docket Number: 07-5222-cr (L)
                07-5670-cr

The appeal in the above-captioned case from a judgment of United States District Court for the Southern District of New York having been submitted on the district court record and the parties' briefs. On consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the judgment of the District Court is AFFIRMED and the matter is REMANDED for additional proceedings in connection with sentencing in accordance with the opinion of this Court.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____
        DEPUTY CLERK

FOR THE COURT,
Catherine O'Hagan Wolfe,
Clerk

By: _____
Judy Pienanont, Motions Staff Attorney

CERTIFIED: *June 18, 2019*

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

# Exhibit 3

7:35:07   📱 📰 ⇄          📶 4G LTE 📶 100% ⚡

📁   • • •   Copy Cite                        🔍

Read   Analyses 1   Briefs 2   Citing Cases 26(

Plaintiffs allege that this result is inconsistent with a series of cases considering the effect of a dismissal without prejudice on the tolling of a statute of limitations. Again, we reject this contention. " 25 It is a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statute of limitations, the original complaint is treated as if it never existed. *See Butler v. Sinn,* 423 F.2d 1116 (3d Cir. 1970) (per curiam); *Di Sabatino v. Mertz,* 82 F. Supp. 248 (M.D.Pa. 1949). The cases that so hold, however, are distinguishable from the instant appeal on precisely issue that we identify as determinative in this case, namely

# Exhibit 15

1. Merrick B. Garland, Vanita Gupta, and Lisa Monaco;
2. Jeffrey R. Ragsdale;
3. David N. Kelley, Michael J. Garcia, Joon Kim, Preet Bharara, Jeffrey Berman, Audrey Strauss, Damian Williams;
4. Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, Margaret M. Garnett, Daniel Gitner, Alexander J. Wilson, Steven R. Peikin, David Makol, Maria E. Font, Andrew L. Fish, Melissa Childs, John M. McEnany, the U.S. Marshals Service (NDGA) and (SDNY);
5. Edgardo Ramos, Laura Taylor-Swain, William H. Pauley, III, Robert W. Sweet, Michael H. Dolinger, Andrew J. Peck, Ruby Krajick;
6. Timothy C. Batten, Sr., Thomas W. Thrash, Jr., Orinda D. Evans, Marvin H. Shoob, James N. Hatten, Julie E. Carnes;
7. the State Bar of Georgia, Paula Fredrick, Bill NeSmith, Jenny Mittlemen, Adrienne Nash, William A. Myers, Jonathan Hewitt, Dan O'Sullivan;
8. Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel, David Levitt, Michael F. Bachner, Gary G. Becker, Lisa Scolari, James H. Roth, Marlon G. Kirton;
9. Michael Fitzpatrick, Thomas J. McCarthy, David Mulcahy, Cathleen Tyler;
10. Jeffrey B. Norris, Spencer C. Barasch, Kent J. Dawson, Steven Korotash, Steven Webster, John C. Martin, Robert C. Hannan, Joan E. McKown, Michael McAuliffe, Lucy Kish;
11. Amalya L. Kearse, Robert D. Sack, Peter W. Hall, Robert A. Katzmann, Barbara S. Jones;
12. **Alpha Capital, AG (Anstalt)[220], Ari Rabinowitz, Edward M. Grushko[221], Barbara R. Mittman, LH Financial Services, Kenneth A. Zitter, Kilpatrick, Townsend, & Stockton, LLP, Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV;**
13. Margaret H. Murphy, Joyce Bihary, C. Ray Mullins, **Wendy L. Hagenau**, Patricia Sinback, M. Regina Thomas, (the "**Bankruptcy Court Employees**"), see the Administrative Office of the U.S. Courts Federal Tort Claim Act filings submitted by Mr. Ware on June 6, 2021, via certified mail receipt 70191120000222690451, regarding the crimes and negligence committed by the Bankruptcy Court Employees, Edgardo Ramos, and others;
14. Jeremy Jones, Myron Williams, Carlton Epps, Elrico Sadler;
15. Kent J. Dawson;
16. James Olas, John Doe #1, John Doe #2, John Doe #3[222], U.S. Marshals Service (NDGA).

---

[220] The international money laundering criminal enterprise located in New York and managed by LH Financial Services and *unregistered investment advisor* government 04cr1224 (SDNY) trial witness Ari Rabinowitz. See Exhibits 3-1, 3-3, and 5, in the Inquiry.

[221] Alpha Capital, AG's lawyer and convicted felon for conspiracy to commit securities fraud in (D. NV): United States v. Edward M. Grushko, see Exhibit 1, infra.

[222] James Olas, John Doe #1, John Doe #2, and John Doe #3, employees of the U.S. Marshals Service (NDGA) on September 1, 2004, *without a lawful and valid search warrant, arrest, or*

Ulysses T. Ware's January 27, 2022, letter to the USAO re: Request for the USAO to disclose litigation position regarding the Brady Court Orders and other matters.

# Offices of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

January 27, 2022

**Personal and confidential**

<u>Via U.S. mail and via email to Jeffrey R. Ragsdale c/o</u>
The Hon. Merrick B. Garland
Attorney General of the United States[223]
United States Department of Justice
950 Pennsylvania Ave.
Washington, D.C. 20530

<u>Via email to counsel.</u>
Damian Williams
Office of the United States Attorney[224]
For the Southern District of New York
1 St. Andrews Plaza
New York, NY 10007

---

***court order***, at approximately 2:00 pm, illegally entered the law office of Ulysses T. Ware, located at 101 Marietta St., Suite 1070, Atlanta, GA, 30303, with guns drawn, and threatened to murder Ulysses T. Ware, terroristic threats of bodily harm, unless Mr. Ware, right then, issued bogus and fraudulent Rule 144(k) legal opinions to the "Civil Plaintiffs," unregistered broker-dealers and 15 USC 77b(a)(11) statutory underwriters of the securities of IVG Corp., a/k/a GPMT, named in paragraph 8 of the ***United States v. Ware***, 04cr1224 (SDNY) bogus, fraudulent, fabricated, and moot indictment. See Exhibit A, attached hereto.

[223] See 28 USC 519.

[224] See 28 USC 547(1).

Page **335** of 395
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

RE:        January 27, 2022, request for Damian Williams, the **_purported_** United States Attorney (SDNY), (the "**USAO**"), to file into the District Courts, as an officer of the court, under a duty of "complete candor," the litigation position(s) of the USAO on behalf of the United States and its privies, the real party in interest, in regard to the matters and issues raised herein, to reduce the burden of the court in the **_imminent_** judicial intervention to resolve all disputed matters of material fact.

**Request for the USAO to officially state its litigation positions  regarding 02cv2219 (SDNY), 03-0831 (D. NV),[225] 03-93031 (BC NDGA),[226] 04cr1224 (SDNY)[227] and 05cr1115 (SDNY).[228]**

RE: **_United States v. Ware_**, 04cr1224 (SDNY) (Sweet, J.) (deceased), ("**1224**");  and **_United States v. Ware_**, 05cr1115 (SDNY) (Pauley, J.) (deceased), ("**1115**"), jointly, (the "**Ware Cases**"), demand for the United States and its privies to disclose all Brady and Giglio exculpatory and impeachment

---

[225] See the SEC's **_SEC v. Investment Technology, Inc, et al._**, 03-0831 (D. NV) (civil proceeding) July 14, 2003, Las Vegas litigation's **_unsigned_** as required by Rule 11(a) complaint's para. 33: judicial admissions and confession by the United States, the real party in interest, judicial and equitable estoppel against the United States and its privies in 05cr1115 (SDNY) and 04cr1224 (SDNY); that pleaded the United States and its privies out of the 03-0831 (D. NV), 04cr1224, and 05cr1115 (SDNY) federal courts.

[226] See **_In re Group Management Corp._**, 03-93031-mhm (BC NDGA), Chapter 11 reorganization: 18 USC 157 conspiracy to commit bankruptcy fraud by Wendy L. Hagenau, M. Regina Thomas, Patricia Sinback, Margaret H. Murphy, Joyce Bihary, C. Ray Mullins; Dennis S. Meir, Esq., John W. Mills, III, J. Henry Walker, IV, Kilpatrick, Townsend, & Stockton, LLP, jointly, ("KTS"); Alpha Capital, AG, et al., and Kenneth A. Zitter, Esq.

[227] See FINRA's May 17, 2021, certification of **_unregistered broker-dealer_** status for each of the 02cv2219 (SDNY) "Civil Plaintiffs" named in paragraph 8 of the **_United States v. Ware_**, 04cr1224 (SDNY) (Sweet, J.) (deceased) indictment: Ipso facto, by operation of law, annulled and vitiated any and all Article III and 28 USC 1332(a) subject matter jurisdiction of the 02cv2219 (SDNY) district court; 18 USC 3231 subject matter jurisdiction of the 04cr1224 (SDNY) district courts; and as a matter of law annulled any 28 USC 547(1) standing and authority of the United States Attorney (SDNY) to prosecute in 04cr1224 (SDNY) lacking an 18 USC 401(3) criminal contempt "offense."

[228] Mr. Ware is requesting that the United States Department of Justice refer this matter to the FBI with a mandate to open a criminal investigation in regard to the persons and entities named in Exhibit 15, infra, for crimes and offenses committed against and in violation of the laws of the United States.

material pursuant to the commands of the written Brady Court Orders, to wit: (1) Dkt. 32, August 10, 2007 (Sweet, J.) (04cr1224)[229] and (2) Dkt. 17, Tr. 5-9, May 19, 2006 (Pauley, J.) (05cr1115).[230]

**I.**

A.     The current resolution of the Article III and 18 USC 3231 subject matter jurisdiction of the 04cr1224 district court given, (1) the May 17, 2021, FINRA certification of *unregistered broker-dealer status for each of the 02cv2219 (SDNY) "Civil Plaintiffs"*; and (2) December 20, 2007, Dkt. 90, 02cv2219 (SDNY) *voluntary* Fed. R. Civ. P. 41(a)(2) dismissal with prejudice of the 02cv2219 (SDNY) lawsuit, *after the statute of limitations had run on all claims,* ipso facto, by operation of law, a final judgment on the merits for GPMT, Ulysses T. Ware, and Elorian and Becky Landers, (the "**Prevailing Parties**").[231]

1.     Mr. Williams, please state the litigation position of the USAO in regard to whether or not the constitutionally required "*live* Article III case or controversy" **currently** exists or ever existed between the United States, its privies, and Mr. Ware, the parties, with respect to the **initial subject matter jurisdiction** of the 02cv2219 (SDNY) district court[232] over (i) the **unregistered broker-dealers** and (ii) *15 USC 77b(a)(11) statutory underwriters*?

---

[229] See 04cr1224 Brady Court Order, Sweet, J.

[230] See 05cr1115 Brady Court Order, Pauley, J.

[231] Mr. Zitter's December 20, 2007, Rule 41(a)(2) *voluntary dismissal with prejudice, i.e., a final judgment on the merits for GPMT, Ulysses T. Ware, and the Landers, the lawful parties authorized to enforce the Rule 41(a)(2) final judgment via civil and criminal contempt proceedings,* of the 02cv2219 (SDNY) lawsuit annulled, vitiated, and abrogated all Government 04cr1224 trial evidence, GX-7, GX-11, and GX-24, etc., the alleged factual basis for Counts I, II, and III in the 04cr1224 moot indictment. *Accordingly, no Article III live "case or controversy" has existed after December 20, 2007, with respect to GX-7, GX-11, and GX-24; and therefore by necessary implication, the 04cr1224 indictment went moot, nun pro tunc, November 17, 2004, on December 20, 2007, by operation of law.*

[232] Mr. Williams, I draw your attention to the indisputable fact that 18 USC 401(3) is applicable to only "*lawful*" orders or judgments, i.e., orders or judgments *entered by a court (02cv2219) which had subject matter jurisdiction over its proceedings.* The Government had the factual burden of proof at trial, see *In re Winship*, to prove beyond a reasonable doubt the 02cv2219 district court had subject matter jurisdiction over its proceedings. Ergo, a legal impossibility given, (i) the Government's judicial admissions pleaded on the face of the 04cr1224 indictment, given (ii) para. 10.1(iv) of GX-5, and given (iii) FINRA's May 17, 2021, certification of *unregistered broker-dealer* status of the "Civil Plaintiffs."

2.      Please state the litigation position of the USAO in regard to whether or not it is an 18 USC 401(3) criminal contempt "*offense*" required by 18 USC 3231 and 28 USC 547(1) given,

(1)      the **unregistered broker-dealer status** of the "Civil Plaintiffs;"

(2)      SEC Release 33-7190 n. 17 (1995);

(3)      para. 10.1(iv) in GX-5;

(4)      Tr. 190-225, the 04cr1224 trial testimony of government witness Ari Rabinowitz's judicial admissions and confessions; and

(5)      the Section 2(a)(11) **statutory underwriter** status of each of the "Civil Plaintiffs" judicially admitted and *pleaded on the face of the 04cr1224 indictment*,[233] an affirmative defense *pleaded by the United States against itself*, i.e., **ipso facto an acquittal of all charges in 04cr1224 (SDNY) as a matter of law**?

3.      If the USAO asserts and claims an 18 USC 401(3) "offense" was pleaded in Counts I, II, and III in its 04cr1224 (SDNY) indictment despite #2, supra, please support your position with citations to the relevant legal precedents.

4.      Mr. Williams please state the litigation position of the USAO regarding the legal effects and legal consequences viz-a-viz the subject matter jurisdiction of the 02cv2219 (SDNY) and 04cr1224 (SDNY) district courts given the **government's** 04cr1224 trial witness, Kenneth A. Zitter's, Esq., ex parte, covert, December 20, 2007, Dkt. 90, *voluntary* Fed. R. Civ. P. 41(a)(2), **after the statute of limitations had run on all claims in 02cv2219 (SDNY)**, dismissal with prejudice of the 02cv2219 (SDNY) lawsuit, i.e., ipso facto, by operation of law, a final judgment on the merit for the Prevailing parties; that *annulled, vitiated, and abrogated the Government's probable cause, indictment, all trial evidence, all trial testimony, and moreover, annulled and vitiated the purported judgments of conviction and sentence of Mr. Ware, nunc pro tunc*.[234]

---

[233] See para. 9-12 of the 04cr1224 indictment's allegations, judicial and equitable estoppel against the United States and its privies.

[234] See **A.B. Dick Co. v. Marr**, 197 F.2d 498, 501-02 (2d Cir. 1952); cf., **In re Winship**, 397 U.S. 358 (1970) (*the Government* has the burden of proof on *each element* of its factual burden at trial beyond a reasonable doubt).

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

5.      Mr. Williams please state the litigation position of the USAO with respect to whether or not Damian Williams,  Merrick Garland, et al., jointly, (the **"DOJ"**), *are in civil and/or criminal contempt*, 18 USC 401(2) and 401(3) of the 02cv2219 (SDNY) December 20, 2007, Dkt. 90, Rule 41(a)(2) final judgment?

6.      Please state whether or not the DOJ is in *civil and/or criminal contempt* of the August 10, 2007, Dkt. 32, Sweet, J., Brady Court Order's commands to disclose "all" Brady and Giglio exculpatory and impeachment evidence "prior to trial" [during trial, or after trial in 04cr1224] scheduled for November 2007?[235]

7.      Please state whether or not the USAO has any opposition or will oppose the imminent motion for a new trial, Rule 33, and Rule 48 dismissal of the 04cr1224 indictment with prejudice, nunc pro tunc, November 17, 2004, for lack of probable cause and 18 USC 3231 subject matter jurisdiction?

8.      Please state whether or not 02cv2219 (SDNY) is moot?

9.      Please state whether or not 04cr1224 (SDNY) is moot?


        Mr. Williams, given the gravity and seriousness of this matter, Mr. Ware is requesting that you respond in writing not later than 12:00 noon on January 28, 2022, time of the essence, via email to the address above, and file a copy of your response on the public docket in 04cr1224 with the response of the United States and the DOJ.


Sincerely,


/s/ Ulysses T. Ware

---

[235] Cf., FINRA's May 17, 2021, dispositive Brady exculpatory and Giglio impeachment evidence not disclosed by the USAO as required by the Brady Court Order; see also December 20, 2007, Dkt 90, Rule 41(a)(2) superseding final judgment, post-trial Brady exculpatory evidence not disclosed by the USAO; also see *SEC v. Honig*, 18cv08175 (SDNY) (Ramos, J.), SEC's official statement that government 04cr1224 trial witness Ari Rabinowitz was an "unregistered investment adviser" in 2007 when testifying for the government in 04cr1224, Giglio impeachment evidence that was not disclosed by the USAO.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

cc   Judicial Conference of the United States Court of Appeals for the Second Circuit
Rule 1.5(b)(5) Disciplinary Committee of the District Court (SDNY), Chief Judge Laura Taylor-Swain.
District Judge Edgardo Ramos

**Exhibit 15**

**Knowing and willful direct and/or indirect participants in the Continuing Criminal Enterprise's "pattern of racketeering activities."**

1. Merrick B. Garland, Lisa O. Monaco, Vanita Gupta

2. Jeffrey R. Ragsdale;

3. David N. Kelley, Michael J. Garcia, Joon Kim, Preet Bharara, Jeffrey Berman, Audrey Strauss, Damian Williams;

4. Alexander H. Southwell, Steven D. Feldman, Nicholas S. Goldin, Maria E. Douvas, Sarah E. Paul, Katherine Polk-Failla, Margaret M. Garnett, Daniel Gitner, Alexander J. Wilson, Steven R. Peikin, David Makol, Maria E. Font, Andrew L. Fish, Melissa Childs, John M. McEnany, the U.S. Marshals Service (NDGA) and (SDNY);

5. Edgardo Ramos, Laura Taylor-Swain, William H. Pauley, III, Robert W. Sweet, Michael H. Dolinger, Andrew J. Peck, Ruby Krajick, Colleen McMahon;

6. Timothy C. Batten, Sr., Thomas W. Thrash, Jr., Orinda D. Evans, Marvin H. Shoob, James N. Hatten, Julie E. Carnes; Gerrilyn G. Brill, Linda T. Walker, Clayton Scofield,

7. the State Bar of Georgia, Paula Fredrick, Bill NeSmith, Jenny Mittlemen, Adrienne Nash, William A. Myers, Jonathan Hewitt, Dan O'Sullivan, Carmen Rojas-Rafter, Williams P. Smith, III (deceased), Dawn Jones, ;

8. Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel, David Levitt, Michael F. Bachner, Gary G. Becker, Lisa Scolari, James H. Roth, Marlon G. Kirton;

9. Michael Fitzpatrick, Thomas J. McCarthy, David Mulcahy, Cathleen Tyler;

10. Jeffrey B. Norris, Spencer C. Barasch, Kent J. Dawson, Steven Korotash, Steven Webster, John C. Martin, Robert C. Hannan, Joan E. McKown; SEC's Comm'r that approved the bogus 03-0831 (D. NV) lawsuit;

11. Amalya L. Kearse, Robert D. Sack, Peter W. Hall, Robert A. Katzmann, Barbara S. Jones;

12. Alpha Capital, AG (Anstalt)[236], Stonestreet, L.P., Markham Holdings, Ltd., Amro International, S.A., Ari Rabinowitz, Ari Kluger, Konrad Ackermann, Edward M. Grushko, Barbara R. Mittman, LH Financial Services, Kenneth A. Zitter, Kilpatrick, Townsend, & Stockton, LLP, Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV;

13. Margaret H. Murphy, Joyce Bihary, C. Ray Mullins, Wendy L. Hagenau, Patricia Sinback, M. Regina Thomas; U.S. Trustee Office (NDGA) James Morawitz;

14. Jeremy Jones, Myron Williams, Elrico Sadler, Carlton Epps, Charles H. Jackson;

15. Gerald B. Tjoflat, Stanley Marcus, Adelburto Jordan, and Charles E. Wilson;

16. James Olas, John Doe #1, John Doe #2, John Doe #3 (U.S. Marshals NDGA);

17. Kelly Quinn, ComputerShare (GPMT's transfer agent);

18. Linda T. Walker;

19. Andrews & Kruth, LLP

20. Duke School of Law

21. Gerrilyn G. Brill

22. Clayton Scofield

---

[236] The international money laundering criminal enterprise located in New York and managed by LH Financial Services and *unregistered investment advisor* government 04cr1224 (SDNY) trial witness Ari Rabinowitz. See Exhibits 3-1, 3-3, and 5, supra.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Appendix 4 attached hereto separately: Dkt 44 (01/05/2007) transcript (05cr1115)

Appendix 5: Ulysses T. Ware's May 2021 letters to the U.S. Probation Office re: Unlawful "unwritten" alleged special conditions of supervised release.

Ulysses T. Ware's letter dated May 27, 2021, to the USPO.

# Office of Ulysses T. Ware

**123 Linden Blvd.**
**Suite 9-L**
**Brooklyn, NY 11226**
**(718) 844-1260**
Utware007@gmail.com

**May 27, 2021**

**Via email to: Michael_Fitzpatrick@nysp.uscourts.gov**

**Michael J. Fitzpatrick**
Chief U.S. Probation Officer
500 Pearl St., NYC, 6th Floor – 698

RE: *United States v. Ware*, 04cr1224 and 05cr1115 (SDNY) alleged "special conditions" of supervised release First Amendment restrictions and violations.

Mr. Fitzpatrick:

On May 20, 2021, I wrote to you in regard to the USPO's imposition of illegal and unconstitutional purported "special conditions" of supervised release as I was informed by USPO officer David T. Mulcahy on or about May 22, 2019, at the BOP's MDC federal prison. As of today, May 27, 2021, I have not received any response in opposition to the claims, issues, and facts reported to you and the USPO. Accordingly, I am again writing to you today to confirm that the USPO **does not** have any **good faith non-frivolous** opposition to the contents of the May 20, 2021, letter, attached hereto and made a part hereof as Exhibit A.

Mr. Fitzpatrick if you or the USPO have any opposition to any aspect of the contents of Mr. Ware's May 20, 2021, letter, Exhibit A, please inform Mr. Ware in writing via email, utware007@gmail.com, today, **May 27, 2021**, by close of business, 5:00 p.m. Else Mr. Ware will notify District Judge William H. Pauley, III the USPO is in 100% agreement with the contents of

Mr. Ware's May 20, 2021, letter, Exhibit A; and the USPO will consent to the permanent injunction enjoining the USPO, the U.S. Marshals, or their agents, from the imposition of any illegal purported "special conditions" of supervised release.

Sincerely,


/s/ Ulysses T. Ware


Ulysses T. Ware


Cc:     Administrative Office of the U.S. Courts
        District Judge William H. Pauley, III
        Acting U.S. Attorney (SDNY) Ms. Audrey Strauss (via email)
        AUSA Melissa A. Childs (via email)
        David T. Mulcahy (via email)

Attachments: **Exhibit A**: May 20, 2021, letter to USPO Michael Fitzpatrick

        **Exhibit B**: April 21, 2021, email from FINRA confirmed Alpha Capital, AG has ever registered as a lawful broker dealer as required by federal law, 15 USC 78o(a)(11); which (i) annulled and vitiated the 04cr1224 indictment; and (ii) vitiated and abrogated the presentencing reports prepared by USPO officers Cathleen Tyler (05cr1115) and Thomas J. McCarthy (04cr1224).

Ulysses T. Ware's letter dated May 20, 2021, to the USPO.

# Office of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Utware007@gmail.com

May 20, 2021

**TIME OF THE ESSENCE**

Mike Fitzpatrick, Chief Probation Officer
United States Probation Office
For the Southern District of New York
500 Pearl St.
New York, NY 10007

RE: *United States v. Ware*, 04cr1224 and 05cr1115 (SDNY) alleged **unwritten** special conditions of probation, 18 USC 3563(b)[237], authorizing the USPO to require that Mr. Ware obtain prior approval and an escort to track Mr. Ware's movement to enter into the U.S. Courthouse, or other judicial buildings. 18 U.S. Code § 3563(d) - Conditions of probation required to be in writing.[238]

Mr. Fitzpatrick:

I.

## A.    STATEMENT OF THE CASE.

Mr. Ware is writing to you in your official capacity as the Chief Probation Officer for the SDNY and as an officer of the court subject to 18 USC 401(2) regarding **official transactions** of the USPO. [239] In particular, on or about May 22, 2019, USPO officer Dave Mulcahy visited Mr. Ware at the BOP's MDC

---

[237] 18 USC 3563(b). **Discretionary Conditions.**—The **court** [not the USPO] may provide, as further conditions of a sentence of probation, to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2), that the defendant ....

[238] 18 USC 3563(d). **Written** Statement of Conditions.
The **court** shall direct that the probation officer provide the defendant [Mr. Ware] **with a written statement that sets forth all the [special] conditions to which the sentence is subject**, and that is sufficiently clear and specific to serve as a guide for the defendant's conduct and for such supervision as is required. (emphasis added).

[239] Officers of the court, U.S. probation officers, are subject to criminal contempt prosecution, 18 USC 401(2) regarding negligence in performing "official transactions" of the court, i.e., imposing unwritten and unauthorized and illegal "special conditions of probation" not ordered by a federal judge.

Page **345** of **395**
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

federal prison. Mr. Mulcahy informed Mr. Ware that he was not to enter or go near the U.S. Courthouse without first obtaining his (Mr. Mulcahy's) personal prior approval. Mr. Mulcahy informed Mr. Ware that he was unilaterally imposing oral, unwritten "special conditions" of probation on Mr. Ware due to alleged "threatening letters" Mr. Ware sent to purported **unnamed and unidentified** federal judges. Mr. Mulcahy nor the USPO have never produced the alleged threatening letters, nor has he or the USPO named or identified the purported federal judges that made any such alleged **unverified** and **unconfirmed** claims.

## II.

**A.    Mr. Ware's legal position and contentions.**

1.      First, Mr. Fitzpatrick, Mr. Ware, and his legal team have made an exhausted and thorough search of the dockets in the 1224 and the 1115 cases. Nowhere can it be found where the Government or the USPO have filed any **written** pleadings or moved any federal court to impose any "special conditions" of probation or supervised release on Mr. Ware. There are no **written** pleadings where the Government requested any special conditions, and; there are no **written** signed court orders that ordered any special conditions. In fact, there are no **written** docketed transcripts in any federal court of any lawful proceeding where the issue was raised and adjudicated that imposed any special conditions on Mr. Ware. Accordingly, any purported **unwritten** "special conditions" requiring Mr. Ware to obtain prior approval and be escorted in the U.S. Courthouse are illegal, unconstitutional, ultra vires, and imposed in clear violation of federal law, (i.e., 18 USC 3563(d)), the Due Process Clause and the First Amendment's right of access to the courts.

2.      Second, the violations of Mr. Ware's Due Process and First Amendment constitutional rights have caused Mr. Ware severe financial harm, emotional distress, and mental pain and suffering. Mr. Ware has had to decline several employment opportunities that required Mr. Ware to have freedom of access to the federal courthouse without obtaining any prior approval or having an escort track his movements in the courthouse. Furthermore, Mr. Ware has been restricted, intimidated, and hindered in conducting research regarding pending litigation concerning the 1224 and 1115 cases, and has been hindered, delayed, obstructed, and unduly restricted from advancing his claims. All in violation of due process of law and the First Amendment right of access to the courts to present grievances.

3.      Third, Mr. Ware has on numerous occasions requested that the USPO provide to him the **written** court orders which authorized the USPO to impose any purported "special conditions" of supervised release that restricted his First Amendment right of access to the courts given the Government nor the USPO have never in any proceedings moved in writing seeking the imposition of any special conditions of

supervised released. An in each and every instance the USPO has refused to provide to Mr. Ware its **written** authority to impose any special condition authorized by federal law, 18 USC 3563(d).[240]

4.      Fourth, Mr. Ware has seen that the USPO has placed his photograph in a book or ledger in the possession of the U.S. Marshals at the entrance to the federal courthouse, with instructions that Mr. Ware is not to be allowed entrance into the courthouse without an escort from the USPO.[241] An undue, unconstitutional, and illegal restriction on Mr. Ware's liberty interest.

<p align="center">III.</p>

**A.      REQUESTED ACTIONS BY THE USPO.**

Mr. Fitzpatrick, the law is clear: (i) any alleged special condition of supervised release is required to be in writing; (ii) is required to have been adjudicated on the record, (iii) written findings and a transcript were required to have been made to preserve the record for appellate review, and (iv) the USPO is not authorized to usurp Article III judicial authority and unilaterally impose any ultra vires special conditions on its own initiative and purported authority.

Had Mr. Mulcahy thought that Mr. Ware had engaged in any threatening letter writing, the proper and correct procedure would have been for Mr. Mulcahy to prepare pleadings identifying the alleged threatening letters and seeking authority from the Court to impose special conditions of supervised release on Mr. Ware; where Mr. Ware would be entitled to present argument and facts why the proposed special conditions were not proper.

That was not legally and lawfully done according to the written records in both the 1224 and 1115 case. Therefore, accordingly, any now unwritten, arbitrarily, illegally imposed, unconstitutional special conditions are null and void ab initio, unenforceable, ultra vires, and must immediately be:

(i).      vacated, and set aside not later than May 20, 2021; and

---

[240] While the court can adopt terms and conditions of probation recommended to it by an administrative agency of government, **the court cannot delegate its power [to the USPO] to fix terms and conditions of probation** or to determine the parties aggrieved, the amounts to be paid, and the time and manner of payment. *Whitehead v. United States*, 155 F2d 460 (CA6 Tenn. 1946).

[241] The 2nd Circuit, in *U.S. v. Myers*, 426 F.3d 117 (2005), ruled that if the liberty interest at stake in a decision involving a condition of release is fundamental [access to the courts], a deprivation of that liberty is "reasonably necessary" only if the deprivation is narrowly tailored to serve a compelling government interest. **Courts of appeals have consistently required district courts to set forth factual findings to justify special probation conditions.** It is not enough that the required findings are implicit in the record. **The District Court is required to give reasons on the record for imposition of special conditions of supervised release. A district court's failure to state its reasons for conditioning supervised release results at a minimum in a remand.**

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

(ii).    the U.S. Marshals notified immediately to remove Mr. Ware's photograph from any and all logs or ledgers requiring an escort for Mr. Ware to conduct business in the U.S. Courthouse, or any other judicial building or location.

Mr. Fitzpatrick, time is of the essence in regard to this matter. If you disagree with the legal analysis contained herein please provide your version of the facts and the law, in writing, by emailing the same to Mr. Ware at utware007@gmail.com by **4:00 pm today, May 20, 2021**. If you are in agreement with Mr. Ware's legal analysis of the law and the facts, not later than May 21, 2021, at 12:00 noon, please draft and sign a document directed to the U.S. Marshals directing the Marshals to:

(i).    immediately remove Mr. Ware's photograph from any log or ledger;

(ii).    inform the Marshals that Mr. Ware is not to be interfered with and restricted from entrance to the Courthouse or other buildings;

(iii).    and further inform the Marshals that Mr. Ware does not require any escort or other personnel tracking Mr. Ware's movements in any federal courthouse or buildings.

Mr. Fitzpatrick, please prepare the same, sign the same, file a copy into the registry of the 04cr1224 and 05cr1115 records, and forward to Mr. Ware via email the signed executed copy.

Mr. Fitzpatrick if you have any questions or opposition to Mr. Ware's legal request please state your opposition in writing to preserve the record, forward the opposition to Mr. Ware via email not later than 4:00 p.m. on May 21, 2021, in preparation for a judicial fact-finding proceeding regarding this matter.


Sincerely,

/s/ Ulysses T. Ware

_____

Ulysses T. Ware

cc:    Administrative Office of the U.S. Courts, Executive Director
        DOJ's Office of Public Integrity
        DOJ's Criminal Division
        District Judge William H. Pauley, III
        Acting United States Attorney Audrey Strauss
        AUSA Melissa A. Childs
        USPO Dave Mulcahy

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

**Appendix 6:** Ulysses T. Ware's letters to the U.S. Bankruptcy Court (NDGA) re: *In re Group Management Corp.*, 03-93031-mhm (NDGA), 2003 Chapter 11 proceedings, Rule 9024/60(d)(3) fraud on the court pleadings.

Ulysses T. Ware's June 15, 2021, letter in reply to the Court's June 6, 2021, response.

Submitted by:

/s/ Ulysses T. Ware,

individually and as legal representative for Group Management, a sole proprietor.

_____

Ulysses T. Ware, 11 USC 1109(b) statutory party in interest and legal representative of GPMT, the debtor.
123 Linden Blvd
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Email: utware007@gmail.com
June 15, 2021, submitted.

## In the United States Bankruptcy Court
## For the Northern District of Georgia
## Atlanta Division

## *In re Group Management Corp.*, the Debtor.
## Case no. 93031-mhm
## Chapter 11

_____

June 15, 2021

**11 USC 1109(b) statutory parties in interest inquiry regarding purported June 9, 2021, certified docket concerning Parties' April 22, 2021, Admin. Memo #3.01 absence from the June 9, 2021, certified docket.**

Chief Judge Hagenau:

Page **349** of 395
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Mr. Ware is writing in regard to the Court's June 9, 2021, letter, Exhibit 1-1 and 1-2, and the June 9, 2021, purported certified docket in 03-93031-mhm (BC NDGA), ("**93031**"), Exhibit #2-1 and 2-2, apparent absence of the Parties' April 22, 2021, Admin. Memorandum #3.01, see attachment.[242]

<div align="center">I.</div>

**A.      Outstanding matters not addressed by the June 9, 2021, Court's letter, Exhibit 1-1 and 1-2.**

1.      First, thank you for your response.

Judge Hagenau I will draw your attention to Exhibits #2-1 and 2-2 pages 6-7 of the Court's June 9, 2021, purported ***certified true copy*** of the 93031 docket. Mr. Ware notes that Ex. 2-1 has no entry dated April 22, 2021, nor is the April 22, 2021, Exhibit A, document noted as docketed any place on the June 9, 2021, certified docket report. Judge Hagenau perhaps this is an oversight, or perhaps intentionally. However, in either case the June 9, 2021, docket report is not maintained in compliance with Bankr. Rule 5003(a) which requires that "all activity" in 93031 be docketed.[243]

While I appreciate your diligence in responding to the Parties' requests, however, accuracy is especially important regarding the issues that will be adjudicated shortly regarding the Court's Article III subject matter jurisdiction; and I am sure you can appreciate the importance of maintaining accuracy with respect to official documents of the Court. Accordingly, Mr. Ware and GPMT are again resubmitting their April 22, 2021, Administrative Memorandum #3.01 for immediate filing and docketing in 93031. Please confirm the filing and docketing of Exhibit A attached hereto.

---

[242] Exhibit A: Ulysses T. Ware and GPMT's 04.22.21 Administrative Memorandum #3.01 requesting First Amendment access to judicial public records in 03-93031-mhm (BC NDGA).

[243] **Rule 5003. Records Kept By the Clerk.**
(a) Bankruptcy Dockets. ***The clerk shall keep a docket in each case*** under the Code ***and shall enter thereon each judgment, order, and activity in that case*** as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made. (emphasis added).

Second, the Parties previously requested that the Court supply them with the policies, procedures, and rules which authorized clerks M. Regina Thomas and Patricia Sinback to conduct Article I judicial review of Mr. Ware's July 2012 Rule 9024/60(d)(3) motions submitted to the Court for filing, docketing, and adjudication to final appealable order or judgment. To date the Court has not complied with that urgent request.

Also in the June 9, 2021, package absent was any copy of **final appealable orders or judgments** entered by the Court, as required by Rule 5003(a), that made finding of fact and conclusions of law used by M. Regina Thomas and Patricia Sinback that adjudicated Mr. Ware's Rule 9024/60(d)(3) pleadings factually insufficient to file and docket. Accordingly, Mr. Ware and GPMT are again requesting that the Court provide the required judicial orders and the location on the 93031 docket where they were docketed. Time is of the essence in regard to this **First Amendment right of access request**.

2.      Second, attached at page 7 of Exhibit A, is the certified copy of the 02cv2219 (SDNY) court's Rule 41(a)(2) final order-judgment entered on the plaintiffs' **voluntary** demand to dismiss with prejudice the 02cv2219 (SDNY) lawsuit:[244] an adjudication on the merits in favor of GPMT, Mr. Ware, and the Landers, (the **"Prevailing Parties"**). The Parties are requesting that the Court take judicial notice pursuant to FRE 201(b) of the December 20, 2007, Dkt. 90, final order-judgment and its inherent preclusive effects on the 93031 proceedings, the Court's Article III subject matter jurisdiction over the 93031 case, and Kilpatrick, Townsend, & Stockton, LLP, (**"KTS"**), clients' Article III continued standing viz-a-viz their annulment and abrogation of their own lawsuit.

Judge Hagenau I am sure that you are aware that every federal court has an inherent duty and obligation, which cannot be waived or avoided, to _sua sponte_ confirm its own Article III subject matter jurisdiction over its proceedings.[245] To that end it is unsettling that the Court to

---

[244] See Exhibit #3.

[245] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction." They are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," and

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

date has adamantly refused all requests by the Parties to perform its constitutional duty and sua sponte confirm its subject matter jurisdiction to have granted any judicial relief to KTS' clients. It appears that the Court and the clerks have instituted an illegal plan and scheme, a conspiracy, in collusion with KTS and its clients to avoid any and all required challenges to the Court's lawful authority to conform the 93031 proceedings to the Constitution's requirements. Which on one hand is very puzzling, and on the other hand a complete conundrum.

The only party that benefits from the Court's lackadaisical and niggardly performance of its judicial duty is KTS and its clients who have long ago (2007)[246] thrown in the towel on the 02cv2219 litigation. KTS' and its lawyers benefit from delaying the draconian sanctions that will be imposed (+$500 million dollars) and damages resulting from their criminal conspiracy and frauds on the court committed during the 93031 proceedings. It appears from the record herein that you Judge Hagenau have an ulterior motive, an actual and apparent hidden and concealed conflict of interest, actual bias and prejudice against the legal interests of Mr. Ware and GPMT in your continued defiance and refusal to undertake your official constitutional duty and confirm, sua sponte, the Court's Article III subject matter jurisdiction to have granted any judicial relief to KTS' clients, **unregistered broker-dealers**[247], operating in **criminal** violation of the federal securities laws.

The record cannot be and is not in dispute. KTS' clients in 2007 **voluntarily** dismissed their own 02cv2219 (SDNY) lawsuit, **after the statute of limitation had run on all claims in the**

---

which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "**it is well settled** that a federal court **is obligated** to inquire into subject matter jurisdiction **sua sponte** whenever **it may be lacking**." Id. at 410. (emphasis added).

[246] See Exhibit #3.

[247] See Exhibit #4: FINRA's April 21, 2021, email that confirmed KTS' client as an **unregistered broker-dealer** during the 93031 bankruptcy proceedings. Unregistered broker-dealers strictly lack Article III standing to enforce illegal contracts to issue securities, see 15 USC 78cc(b).

Case 1:22-cv-01531-LDH-LB   Document 1-2   Filed 03/21/22   Page 353 of 397 PageID #: 365

**complaint**; ergo, ipso facto, a final judgment on the merits in favor of GPMT, Mr. Ware, and the Landers, (the "**Prevailing Parties**").[248]

Judge Hagenau what is most disturbing in regard to your judicial misconduct is the indisputable fact that you have refused to perform you constitutional duties in an impartial, unbiased, and disinterested manner; and have shown actual bias, prejudice, and conflicts of interests to such an extent that you have violated the Code of Conduct for Federal Judges by refusing to protect the legal rights of Mr. Ware and GPMT's 11 USC 1109(b) statutory parties in interest in 93031. At every turn you have risibly advanced excuse after excuse why the Court has not sua sponte determined its subject matter jurisdiction over the 93031 proceedings. You have intentionally, deliberately, in bad faith, and in apparent illegal collusion with KTS delayed, hindered, obstructed justice, and violated the due process rights of Mr. Ware and GPMT, statutory parties in interest in 93031 to such an extent the administration of justice has been criminally delayed, obstructed, hindered, prevented from functioning by officers of the court, to wit, M. Regina Thomas, Wendy L. Hagenau, Patricia Sinback, Margaret H. Murphy, Joyce Bihary, C. Ray Mullins, and other officers of the court.

## II.

**A.**  **Judicial Disqualification: Material Fact Witnesses.**

Ulysses T. Ware and GPMT, Section 1109(b) statutory parties in interest, hereby this 15th day of June 2021, designate the following individuals as **material fact witnesses** who will be

---

[248] See Exhibit #3, Judge Sand's December 20, 2007, Rule 41(a)(2) final order-judgment entered in 02cv2219 (SDNY) that sealed the fate of KTS, its lawyers, and their clients. Perhaps the Court should inquire of KTS why it has not exercised its duty of complete candor and notified the Court regarding the December 20, 2007, Rule 41(a)(2) final order-judgment that abrogated the Court's subject matter jurisdiction. Perhaps the Court has its priorities misaligned, unfocused, and operating not in the interest of justice, but for the benefit of certain persons and entities. Which will be thoroughly explored in any **required** evidentiary hearing on the issue of subject matter jurisdiction, **given KTS and its clients have the burden of proof**, see *Lujan*, 504 U.S. at 560-61 (the party seeking judicial relief has the burden of proof to establish its standing to appear before the court).

subpoenaed and compelled to give fact testimony in any proceedings in 93031 where fraud on the court and Article III subject matter jurisdiction claims are adjudicated: M. Regina Thomas, Wendy L. Hagenau, Patricia Sinback, Margaret H. Murphy, Joyce Bihary, C. Ray Mullins, J. Henry Walker, IV, Dennis S. Meir, John W. Mills, III, Kenneth A. Zitter, Ari Rabinowitz, Ari Kluger, James Morawetz, FINRA, the Securities and Exchange Commission, William H. Pauley, III, Thomas W. Thrash, Jr., David N. Kelley, Alexander H. Southwell, Linda T. Walker, John Horn, Gerald B. Tjoflat, and Stanley Marcus,

**Accordingly, Judge Hagenau please enter an Order not later than 12:00 noon on June 18, 2021, where time is of the essence, directed at KTS and its clients to show cause in the Court not later than 12:00 noon on June 22, 2021, in writing with facts and legal citations,**

(i)     why all previously granted judicial relief in 93031 in favor of KTS' clients shall not be reversed, vacated, annulled, and set aside for lack of Article III standing and subject matter jurisdiction;

(ii)     why Bankr Rule 9011, 28 USC 1927, and the Court's inherent power's sanctions shall not be imposed on KTS, its lawyers and clients for fraud on the court, frivolous, bad faith, vexatious, and baseless litigation in the 93031 proceedings;

(iii)     why KTS' clients, **unregistered broker-dealers,** shall not be referred to the United States Securities and Exchange Commission and Department of Justice's Criminal Division with a judicial recommendation that a criminal investigation be opened on Alpha Capital, AG (Anstalt), Stonestreet, L.P., Amro International, S.A., Markham Holdings, Ltd., LH Financial Services, Ari Rabinowitz, Kenneth A. Zitter, Thomas W. Thrash, Jr., John Horn, Gerald B. Tjoflat, Stanley Marcus, M. Regina Thomas, Patricia Sinback, Margaret H. Murphy, Joyce Bihary, C. Ray Mullins, Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, KTS, and **Wendy L. Hagenau.**

Judge Hagenau please confirm the entry of said order by emailing a copy to Mr. Ware and GPMT via email, utware007@gmail.com upon its entry.

Moreover, given the 02cv2219 plaintiffs', KTS' clients', December 20, 2007, **voluntary** Rule 41(a)(2) **dismissal with prejudice** of the 02cv2219 (SDNY) lawsuit, Judge Hagenau, as a matter of law, Article III standing, and subject matter jurisdiction is a legal impossibility to be

proved in the Bankruptcy Court by KTS and its clients. All orders, judgments, and proceedings therein 02cv2219 have been annulled, vitiated, voided, and by operation of law, vacated as of December 20, 2007, and lack any preclusive or legal effect in any proceeding.[249]

KTS and its clients will not be appearing in the 93031 bankruptcy court to assert any standing or subject matter jurisdiction as a matter of law. But if they are foolish enough to appear and commit perjury, then the Court is duty bound to report the perjury to the State Bar of Georgia with a judicial recommendation of disbarment.

Regrettably, this matter has to now be litigated under the most perilous threat of criminal sanctions. However, the Bankruptcy Court has at every turn egregiously, maliciously, and fraudulently violated the legal rights of Mr. Ware and GPMT, Section 1109(b) statutory parties in interest in 93031. That is where the matter now stands and Mr. Ware and GPMT will takes whatever legal steps necessary to protect their legal rights interests regardless of the outcome.


Respectfully submitted by:


/s/ Ulysses T. Ware

On behalf of GPMT, as legal representative, and individually as Section 1109(b) statutory parties in interest.

---

[249] See **A.B. Dick Co. v. Marr**, 197 F.2d 498, 501-02 (2d Cir. 1952) (voluntary dismissal of lawsuit by plaintiff annulled, vitiated, and voided all prior orders, judgments, and proceedings therein as if the lawsuit had never been filed; terminated the court's subject matter and rendered the proceedings moot). (emphasis added).

# Exhibit #1-1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
1471 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

Chambers of
**WENDY L. HAGENAU**
Chief Judge

June 9, 2021

Mr. Ulysses T. Ware
123 Linden Blvd., Suite 9-L
Brooklyn, NY 11226

Dear Mr. Ware:

I am in receipt of your letter of April 22, 2021. The following responds to your requests.

1. You asked for all docketed and undocketed orders and pleadings in the referenced case. In my letter to you of April 5, 2021, I reminded you that the Court had returned all non-docketed items to you previously. A list of those non-docketed items was included. My April 5, 2021 letter also included a certified copy of the docket. By letter dated February 2, 2017, the Clerk of Court provided you a copy of each pleading, order and notice entered in the case no. 03-93031, Group Management Corp. Also included with that correspondence was a copy of the claims register and the three claims filed in the above case, one claim filed by Boise Cascade Office Products and two claims filed by Business Wire.

2. In her letter of February 2, 2017, the Clerk responded to your request for all transcripts in the Group Management Corp. case. The Clerk informed you that, "This case file was sent to archives as part of the normal process in 2010. To have a file retrieved from archives, the Judicial Conference of the United States has established a retrieval fee of $64. I cannot confirm the existence of any transcripts in this file without the file retrieval. If you would like this file ordered, please remit the required fee by money order or cashier's check made payable to Clerk, United States Bankruptcy Court." After your letter of April 22, 2021, we requested and obtained the transcripts which is why the response to your letter was delayed. Copies of the two transcripts received are enclosed and have been added to the docket of case no. 03-93031 at entries 41 and 42.

3. You asked for the entry of an administrative order directing the Clerk's office to enter and certify all orders in the case and to note and make available all transcripts. Such an order is not necessary or appropriate. All requested transcripts have been provided to you. Enclosed is a certified copy of the docket which reflects your correspondence beginning March 4, 2021.

Scanned with CamScanner

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

# Exhibit #1-2

responses from the Court, and other documents submitted through June 2, 2021 (docket entries 34-40). While copies have previously been provided to you, certified copies in accordance with BR 5006 of the orders entered at docket entries 3, 10, 18, 19, 26, 28, 32 and 33 are enclosed.

A copy of your letter of April 21, 2021, and this response are "docketed." The case remains closed.

Very truly yours,

*Wendy L. Hagenau*

Wendy L. Hagenau
Chief United States Bankruptcy Judge

Enclosures

Scanned with CamScanner

# Exhibit #2-1

| | | |
|---|---|---|
| 06/23/2016 | 🔵 31 (12 pgs) | Notification of Appeal to 11th Circuit 16-13978 (yl) (Entered: 03/05/2018) |
| 03/17/2017 | 🔵 32 (5 pgs) | Copy of Order from 11th Circuit Court Denying Motion to WRIT of Mandamus Entered on 3/17/2017. (yl) (Entered: 03/05/2018) ⓘ |
| 03/01/2018 | 🔵 33 (4 pgs) | Copy of Order from 11th Circuit Court Re: 16-13978. Entered on 3/1/2018. (yl) (Entered: 03/05/2018) |
| 03/08/2021 | 🔵 34 (14 pgs) | Letter dated March 4, 2021 from Ulysses T. Ware (scm) (Entered: 03/31/2021) |
| 04/05/2021 | 🔵 35 (10 pgs) | Letter dated April 5, 2021, with attachments, to Mr. Thomas Ware. (scm) |
| 04/21/2021 | 🔵 36 (8 pgs) | Letter dated April 16, 2021 from Mr. Ulysses T. Ware. (scm) |
| 04/21/2021 | 🔵 37 (1 pg) | Letter dated April 21, 2021 to Mr. Ulysses T. Ware. (scm) |
| 05/24/2021 | 🔵 38 (11 pgs) | Ulysses T. Ware and group Management's Administrative Memorandum #4.01 and May 24, 2021 Memorandum #1.05 submitted to active United States Attorney (SDNY), Ms. Audrey Strauss, regarding In re Group Management corp., 03-93031-mhm (BC NDGA) Chapter 11, and United States v. Ware, 04cr1224 (SDNY) trial exhibits GX-250, GX-251, and GX-252; and FINRA's April 21, 2021, confirmation of KTS's client, unregistered broker-dealer status of Alpha Capital, AG. Filed by Group Management Corp. . (aam) Modified on 6/3/2021 (jlc). (Entered: 06/02/2021) |
| 05/29/2021 | 🔵 39 (13 pgs) | Exhibit #UTW-03: Ulysses T. Ware, May 29, 2021 UTW's Letter dated December 11, 2011 to Kilpatrick, Townsend & Stockton, LLP and Dennis S. Meir, Esq. Discussing KTS's fraud on the court, and conspiracy to commit bankruptcy fraud in In re Group Management Courtp., Case no. 03-93031-mhm (BC NDGA), Chapter 11 Filed by Group Management Corp. . (aam) (Entered: 06/02/2021) |
| | 🔵 40 (31 pgs) | 11 USC 1109(b) Statutory Parties in Interest Ulysses T. Ware and Group Management's Notice of Rule 33 |

Scanned with CamScanner

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

## Exhibit #2-2

| | | |
|---|---|---|
| 06/02/2021 | | and Rule 42(b) Criminal and Civil Contempt Proceedings filed in United States v. Ware, 04cr1224 and 05cr1115 (SDNY) and other Rule 5003 and 5006 Activities Filed by Group Management Corp. . (nam) |
| 06/09/2021 | 41 (85 pgs) | Transcript of Hearing on Emergency Motion of Debtor to Reject Executory Contract (originally docketed on 4/24/2003) (related document(s)25) (scm) |
| 06/09/2021 | 42 (94 pgs; 2 docs) | Transcript of Proceedings heard on 4/30/2003 (originally docketed on 3/22/2005) (related document(s)30) (scm) Additional attachment(s) added on 6/9/2021 (scm). |

Filed in Clerk's Office and
a true copy certified this
_9_ day of _June_, 20__
M. REGINA THOMAS, CLERK
By_____
Deputy Clerk

Scanned with CamScanner

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

# Exhibit #3



# Exhibit #4

---

5/10/2021        Gmail - Alpha Capital, A.G.

**M** Gmail

Ulysses Ware <uiware007@gmail.com>

## Alpha Capital, A.G.
2 messages

**Ombudsman's Office** <Ombuds@finra.org>          Wed, Apr 21, 2021 at 2:54 PM
To: "UTware007@gmail.com" <UTware007@gmail.com>

Good afternoon,

Pursuant to our conversation, I have reviewed FINRA's BrokerCheck and Central Registration Depository databases and was unable to locate a FINRA member firm named Alpha Capital, A.G. that was registered with FINRA.

If you have concerns that Alpha Capital A.G. is claiming to be a FINRA member, you may want to consider filing a Regulatory Tip with FINRA's National Cause and Financial Crimes Detection Program for further review. Those regulatory tips warranting additional review and investigation will be subject to a regulatory response. FINRA may forward any regulatory tips that fall outside its jurisdictional reach to the appropriate regulatory or law enforcement agencies. In the future, you can notify FINRA of any unfair practices or violations of FINRA rules by filing a regulatory tip online via http://www.finra.org/industry/file-tip.

FINRA Regulatory Tip Form

http://www.finra.org/industry/file-tip

FINRA - Regulatory Tips

1735 K Street, NW

Washington, DC 20006-1500

Fax: (866) 397-3290

If you require further assistance, please contact the Office of the Ombudsman at 888-700-0028 or ombuds@finra.org.

By way of background, FINRA's Office of the Ombudsman provides a neutral and confidential forum for member firms and their employees, public investors, and any other business or individual who interacts with FINRA to voice their concerns about operations, enforcement, or other FINRA activities or staff. Individuals who are unsure of the proper channel for addressing a concern or feel that the issue cannot be resolved through other channels may also contact the Ombudsman's Office. Additional information can be found online at: http://www.finra.org/about/office-ombudsman

Upon conclusion of your contact with the Ombudsman's office, please take five minutes to complete our anonymous survey at https://www.surveymonkey.com/s/FINRAOmbudsman. We actively use your anonymous and confidential feedback to constantly improve and provide our visitors the best possible service.

---

5/10/2021        Gmail - Alpha Capital, A.G.

Regards,

**Danielle Derrick**

Associate Director

FINRA Office of the Ombudsman

9735 Key West

Rockville, MD 20850

Tel: (866) 700-0028 or (240) 386-4725

Fax: (240) 489-0071

**FINLA.**

Confidentiality Notice: This email, including attachments, may include non-public, proprietary, confidential or legally privileged information. If you are not an intended recipient or an authorized agent of an intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained in or transmitted with this e-mail is unauthorized and strictly prohibited. If you have received this email in error, please notify the sender by replying to this message and permanently delete this e-mail, its attachments, and any copies of it immediately. You should not retain, copy or use this e-mail or any attachment for any purpose, nor disclose all or any part of the contents to any other person. Thank you.

---

**Thomas Ware** <uiware007@gmail.com>          Wed, Apr 21, 2021 at 3:58 PM
To: Ombudsman's Office <Ombuds@finra.org>
Bcc: mydefmatters@gmail.com

Thank you for the information.
[Quoted text hidden]

**3 attachments**

**FINLA.** image001.png
3K

**FINLA.** image001.png
3K

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

**Exhibit A**
**04.22.21 Admin. Memo. #3.01**

Submitted by:

/s/ Ulysses T. Ware,

individually and as legal representative for Group Management, a
sole proprietor.

Ulysses T. Ware, 11 USC 1109(b) statutory party in interest
and legal representative of GPMT, the debtor.
123 Linden Blvd
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Email: utware007@gmail.com
April 22, 2021

### In the United States Bankruptcy Court
### For the Northern District of Georgia
### Atlanta Division

*In re Group Management Corp*., **the Debtor.**
## Case no. 93031-mhm
## Chapter 11

**RE: (I) Ulysses T. Ware and Group Management's Administrative Memorandum #3.01; and (II)
Official Notice of December 20, 2007, Dkt 90, superseding Fed. R. Civ. P. Rule 41(a)(2) final
order/judgment entered in Alpha Capital, AG, et al. v. IVG Corp., a/k/a GPMT, et al., case no.
02cv2219 (SDNY), see page 7, infra.**

**I.**

A.     Ulysses T. Ware and Group Management, the debtor, Section 1109(b) statutory parties in

interest in the 03-93031 Chapter 11 case[250], hereby this 22nd day of April 2021 request immediate

First Amendment right of access and inspection, **where time is of the essence**, April 23, 2021:

---

[250] Federal statute 11 USC 1109(b). A party in interest, including the _debtor_, the trustee, a creditors' committee, an
equity security holders' committee, a creditor, _an equity security holder_, or any indenture trustee, _may raise and_
_may appear_ and _be heard_ _on any issue_ _in a case under this chapter_. (emphasis added).

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

1. to all docketed or undocketed appealable orders entered in 03-93031 by M. Regina Thomas or Patricia Sinback regarding, concerning, or pertaining to Mr. Ware's Rule 9024/60(d)(3) fraud on the court and other Rule 5003(a) papers, documents, and pleadings submitted to the Court for processing and adjudication.

2. All transcripts of any hearing or other matter conducted in 93031 by M. Regina Thomas or Patricia Sinback regarding, with respect to, or concerning Mr. Ware's fraud on the court pleadings.

3. Mr. Ware and GPMT are requesting that (i) the Court enter an administrative Order directed to the Office of the Bankruptcy Clerk for the Northern District of Georgia, M. Regina Thomas, (the **"Bankruptcy Clerk"**) and administratively order the Bankruptcy Clerk pursuant to Rules 5003(a) and 5006 to file on the 93031 docket and certify all orders referenced in section 1 above; and (ii) to note on the docket and to make available all transcripts referenced in section 2 above.

B.    Mr. Ware and GPMT as **Section 1109(b) statutory parties** in interest have exercised their First Amendment right of access to obtain the requested public judicial records as necessary factual prerequisites to challenge:

(i) as a "threshold issue[251]" the 93031 Bankruptcy Court's Article III subject matter jurisdiction[252] to have entertained and granted any judicial relief in the 93031 proceedings to Kilpatrick, Townsend, & Stockton, LLP, ("KTS"), clients, confirmed **15 USC 78o(a)(1) unregistered broker-dealers** operating in criminal violation of the federal securities laws; and

---

[251] See **Steel Co.**, 523 U.S. at 93-95 (Scalia, J.) (Article III subject matter jurisdiction of a federal court is a "threshold issue" that can never be waived or forfeited that every federal court must undertake before proceeding to the merits of the claims).
[252] See **Arbaugh v. Y&D Corp.**, 546 U.S. 500, 506 (2006) (The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, **at any stage in the litigation, even after trial and the entry of judgment**. Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See **Kontrick** v. **Ryan**, 540 U. S. 443, 455 (2004). (emphasis added).

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

(ii) to challenge the Article III standing of KTS' clients to have appeared in, obstructed, delayed, and interfered with GPMT's 93031 Chapter 11 reorganization and for annulment of all prior orders and judgments entered in *Alpha Capital, AG, et al. v. IVG Corp., a/k/a GPMT, et al.,* case no. 02cv2219 (SDNY)[253].

Submitted this 22nd day of April 2021 by email to
The Hon. Chief Judge Hagenau at:
GANB-Hagenau@ganb.uscourts.gov.

/s/ Ulysses T. Ware,

_____

By Ulysses T. Ware, individually and as the legal
Representative of the Debtor, GPMT, a sole proprietor

---

[253] On December 20, 2007, Dkt. 90, (see page 7, infra), the plaintiffs via counsel, Kenneth A. Zitter, Esq., **voluntarily,** ex parte, without notice, **after the statute of limitation had run on all claims in the 02cv2219 complaint,** i.e., a final judgment on the merits for the defendants, demanded the District Court (Sand, J.) (deceased), pursuant to Fed. R. Civ. P. Rule 41(a)(2) to dismiss with prejudice the 02cv2219 lawsuit; and ipso facto by operation of law to enter a final order/judgment, (the **"Final Order/Judgment"**), which conferred prevailing party status on GPMT, the Landers, and Mr. Ware, (the **"Prevailing Parties"**). Accordingly, the District Court dismissed the 02cv2219 lawsuit with prejudice; and annulled, vitiated, and voided all prior orders, judgments, and proceedings therein, Cf., *A.B. Dick Co. v. Marr*, 197 F.2d 498, 501-02 (2d Cir. 1952) (**voluntary** dismissal of a lawsuit by plaintiff annulled, vitiated, and voided all prior orders, judgments, and proceedings therein as if the lawsuit had never been filed; terminated the court's subject matter jurisdiction over the proceedings, **and rendered the proceedings moot**.) (emphasis added). Ergo, there is currently no plaintiff in the moot 02cv2219 (SDNY) lawsuit to defend any purported Article III standing to have appeared in and challenged GPMT's Chapter 11 reorganization; therefore, consequently, as a matter of law, proof of Article III standing, see *Lujan*, 504 U.S. at 560-61 (**the plaintiff or party seeking relief in a federal court has the burden of proof regarding standing throughout all phases of the proceedings**) (emphasis added), is a legal impossibility in the 93031 subject matter jurisdiction challenge proceedings in the Bankruptcy Court to be initiated by the Debtor (GPMT) and Mr. Ware.

The Bankruptcy Court's Article III subject matter jurisdiction to have granted KTS' clients any relief, as unregistered broker-dealers, and subsequent to December 20, 2007 entry of the superseding Rule 41(a)(2) Final Order/Judgment, which the 02cv2219 plaintiffs voluntarily implicitly confessed and judicially admitted they had suffered no "concrete injury in fact caused by [GPMT, the Landers, or Mr. Ware, the putative defendants in 02cv2219]" evidenced by the Rule 41(a)(2) dismissal of the 02cv2219 lawsuit after the statute of limitation had run on all claims is res judicata and collateral estoppel on the 93031 Bankruptcy Court, on KTS, and on KTS' clients. See *Federated Dept. Stores*, 452 U.S. at 398-401 (matters resolved by final judgment are binding absolutely on all courts, the parties, and their privies in all subsequent proceedings between the parties; and all matters **actually or necessarily** resolved by final judgment **"forever settled between the parties"** in all subsequent litigation.). (emphasis added).

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

# Offices of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Email: utware007@gmail.com

April 22, 2021

# Time of the essence

The Hon. Wendy L. Hagenau
Chief Judge U.S. Bankruptcy Court
For the Northern District of Georgia
75 Ted Turner Dr., SW
Atlanta, GA 30303

Executive Director
The Hon. Roslynn R. Maskopf
Administrative Office of the United States Court
1 Columbus Circle, NW
Washington, D.C. 20544

## ADMINISTRATIVE MEMORANDUM #3.01:

**Request for certified copy and inspection of July 2012 Rule 5003(a) docketed signed <u>clerk's</u> Rule 5006 appealable Order (Thomas, R., Sinback, P.), or the signed or unsigned order of any Bankruptcy Court <u>Judge</u> that unconstitutionally denied Mr. Ware, an 11 USC 1109(b) statutory party in interest, his absolute and unconditional First Amendment rights of access to the Bankruptcy Court to "appear," "raise," and "be heard" on his Rule 9024/60(d)(3) fraud on the court claims.**

RE: Reply to the April 21, 202,1 response of Chief Judge Wendy L. Hagenau regarding the unfiled and undocketed July 12, 2012, Bankr. Rule 9024/60(d)(3) fraud on the court pleadings, (the **"Fraud on the Court Pleadings"**), of Ulysses T. Ware, an 11 USC 1109(b) statutory party in interest, an equity security holder in the debtor, Group Management Corp., ("GPMT"), a publicly-traded corporation on the OTCBB under the symbol, GPMT, submitted to the Bankruptcy Court (NDGA), Atlanta Division in *In re Group Management Corp.,* 03-93031-mhm (BC NDGA), (the **"93031 Case"**).

Judge Hagenau:

(1)      Mr. Ware is in receipt of your April 21, 2021, response, (the "**Response**"), to his April 16, 2021, inquiry regarding the *In re Group Management Corp.,* 03-93031-mhm (BC NDGA) Chapter 11 proceedings, the 93031 Case. Thank you for your response. Mr. Ware and GPMT are seeking immediate access, where time is of the essence, **April 23, 2021**, to Rules 5003(a) and 5006 judicial public records and files required to have been maintained by the Office of the Bankruptcy Clerk (NDGA), M. Regina Thomas, (the "**Clerk**").

(2)      Specifically, Mr. Ware and GPMT, the debtor, jointly, hereby this 22nd day April of 2021, have exercised their absolute First Amendment right of access to judicial public records and files[254], as a Section 1109(b) statutory parties in interest and are demanding immediate access to all **signed or unsigned appealable** judicial Orders entered in 2012 or at any time in *In re Group Management Corp.*, case no. 03-93031-mhm (BC NDGA), Chapter 11, (the "93031 Case"), where it was adjudicated as a contested matter by the Clerk that Mr. Ware's facts within the July 2012 Rule 9024/60(d)(3) fraud on the court pleadings, (the "**Fraud on the Court Pleadings**"), were insufficient to grant any judicial relief[255].

---

[254] As legal philosopher Jeremy Bentham wrote in the early nineteenth century, "[p]ublicity is the very soul of justice." Without public oversight over the judicial system, Bentham warned, "all other checks are insufficient." Public oversight of the courts serves many salutary purposes, including ensuring that our system of justice functions fairly and is accountable to the public. But the benefits of court transparency extend far beyond the courthouse. Public access to the courts also allows the public to measure and evaluate governmental (and private) power.

[255] Section 1109(b) statutory parties in interest have an absolute First Amendment right of access to all judicial public records in a Chapter 11 bankruptcy case, a civil proceeding, see Hartford *Courant v. Pelligrino*, 371 F.3d 49, 91-92 (2d Cir. 2004) (The right that the plaintiffs assert emanates from our precedents establishing the public's and the press's qualified First Amendment right to attend judicial proceedings and to access certain judicial documents. Taken together, these suggest that the media and the public possess a qualified First Amendment right to inspect docket sheets, which provide an index to the records of judicial proceedings.

In *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980), and its progeny, the Supreme Court recognized that the First Amendment grants both the public and the press a qualified right of access to criminal trials, *see id.* at 580, 100 S.Ct. 2814, to the examination of jurors during voir dire, *see Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) ("*Press-Enterprise I*"), and to preliminary hearings, *see Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) ("*Press-Enterprise II*"). The circuits, including ours, have concurred in holding that this right applies to civil as well as criminal proceedings. *See Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir.1984) (asserting that "the First Amendment does secure to the public and to the press a right of access to civil proceedings"); *see also Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988) (holding that the "rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case"); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir.1984) (determining that "the First Amendment embraces a right of access to [civil] trials") (citation and internal quotation marks omitted).

Numerous federal and state courts have also extended the First Amendment protection provided by *Richmond Newspapers* to particular types of judicial documents, determining that the First Amendment itself, **as well as the common law, secures the public's capacity to inspect such records**. *See, e.g., In re Providence Journal Co.*, 293 F.3d 1, 10-13 (1st Cir.2002) *(holding that the District of Rhode Island's blanket policy of refusing to file memoranda of law that counsel were required to submit in connection with motions violated the First Amendment)*; *Phoenix Newspapers, Inc. v. United States Dist. Court*, 156 F.3d 940, 948 (9th Cir.1998) (determining that the First Amendment requires "release of transcripts [of closed criminal proceedings] when the competing

interests precipitating hearing closure are no longer viable"); *United States v. Antar,* 38 F.3d 1348, 1359-60 (3d Cir.1994) (stating that "the right of access to voir dire examinations encompasses equally the live proceedings and the transcripts which document those proceedings" and observing that "[i]t is access to the content of the *proceeding* — whether in person, or via some form of documentation — that matters"); *Grove Fresh Distrib., Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 897 (7th Cir.1994) (asserting that "[t]he First Amendment presumes that there is a right of access to proceedings and *documents* which have `historically been open to the public' and where the disclosure of which would serve a significant role in the functioning of the process in question") (emphasis added); *Globe Newspaper Co. v. Pokaski,* 868 F.2d 497, 505 (1st Cir.1989) (concluding that, "after *Richmond Newspapers,* a blanket prohibition on the disclosure of records of closed criminal cases of the types at issue here implicates the First Amendment"); *In re Search Warrant,* 855 F.2d 569, 573 (8th Cir.1988) (stating that, although "[t]he Supreme Court has not addressed the question whether the First Amendment right of public access extends to *documents,*" "[w]e are persuaded that the First Amendment right of public access does extend to the documents filed in support of search warrant applications").



Exhibit #1: December 20, 2007, Dkt. 90, 02cv2219 plaintiffs' Rule 41(a)(2) voluntary, after the statute of limitation had run on all claims, demand to dismiss the 02cv2219 lawsuit, ipso facto, with prejudice. A final judgment on the merits for the defendants and their privies: GPMT, the Landers, and Mr. Ware, (the "Prevailing Parties").

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Ulysses T. Ware's April 16, 2021, letter in reply to the Court's April 5, 2021, response.

# Offices of Ulysses T. Ware

123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Email: utware007@gmail.com

April 16, 2021

# Time of the essence

The Hon. Wendy L. Hagenau
Chief Judge U.S. Bankruptcy Court
For the Northern District of Georgia
75 Ted Turner Dr
Atlanta, GA 30303

Executive Director
The Hon. Roslynn R. Maskopf
Administrative Office of the United States Court
1 Columbus Circle, NW
Washington, D.C. 20544

## ADMINISTRATIVE MEMORANDUM #3.0

RE: Reply to the April 5, 2021, response of Chief Judge Wendy L. Hagenau regarding the unfiled and undocketed July 12, 2012, Bankr. Rule 9024/60(d)(3) fraud on the court pleadings, (the "**Fraud on the Court Pleadings**"), of Ulysses T. Ware, an 11 USC 1109(b) statutory party in interest, an equity security holder in the debtor, Group Management Corp., ("GPMT"), a publicly-traded corporation on the OTCBB under the symbol, GPMT, submitted to the Bankruptcy Court (NDGA), Atlanta Division in *In re Group Management Corp.*, 03-93031-mhm (BC NDGA), (the "**93031 Case**").

Judge Hagenau:

(1)     Mr. Ware is in receipt of your April 5, 2021, response, (the "**Response**"), to his March 4, 2021, inquiry regarding the *In re Group Management Corp.*, 03-93031-mhm (BC NDGA) Chapter 11 proceedings, the 93031 Case. Thank you for your response. However, there are several very

troubling conclusions and dubious implications that you made in the  Response which raise additional questions regarding the official policies, practices, and procedures employed by the Bankruptcy Court and its employees.

(2)      In your Response you dubiously implied and asserted that it is the **official** policy and position of the Bankruptcy Court that it is entirely and completely **proper and lawful** for a mere **bankruptcy clerk**, Pat Sinback and M. Regina Thomas, to conduct pre-filing merit-based reviews regarding the facts[256] contained in  Mr. Ware's pleadings submitted to the Court for docketing and filing by an 11 USC 1109(b) statutory party in interest in the 93031 case previously filed in the Court; and you further implied that it is lawful, authorized, and the **official policy** of the Bankruptcy Court for a **mere clerk** to reject and refuse to file and docket said submitted pleading as required by Bankr. Rule 5003[257]. Thus, if it is proper for such illegal and unlawful pre-filing merit review for Mr. Ware's pleadings, hence, it also must be lawful and proper for other litigants' Rule 9024/60(d)(3) fraud on the court pleadings submitted to the Court, if that is the **approved**, **authorized**, and **official** policy, practice, and procedures of the Bankruptcy Court[258].  If other litigants' pleadings were not subjected to the exact illegal and ultra vires clerk ordained and performed fraudulent pre-filing merit judicial review, then by what reason and conditions were Mr. Ware's Fraud on the Court Pleadings singled out and subjected to such unlawful and criminal misconduct approved by the Bankruptcy Court and its judges[259]?

---

[256] In considering a motion to dismiss, **the court must accept as true** all well-pleaded factual allegations and **view them in a light most favorable to the non-moving party**. See *Hishon*, 467 U.S. at 73. (emphasis added).

[257] **Rule 5003. Records Kept By the Clerk**

(a) Bankruptcy Dockets. The **clerk shall keep a docket** *in each case under the Code* [the 93031 Case was filed under the Code as you admitted and confessed in the purported April 5, 2021, certified copy of the **incomplete** docket in the 93031 Case] **and shall enter thereon** each judgment, order, **and activity in that** case as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made.

**Rule 5005. Filing and Transmittal of Papers.**

("… The **clerk** shall not refuse to accept for filing **any petition** or **other paper** presented for the purpose of filing solely because it is not presented in proper form **as required by these rules or any local rules or practices**."). (emphasis added).

[258] Mr. Ware and his investigators have been unable to locate any such **written** policy or procedures of the Bankruptcy Court that authorized any pre-filing merit review to be conducted by any clerk before officially filing and docketing any submitted pleading in any case filed under the Code as required by Rule 5003 and 5005. In fact, no such written policy or procedure has ever or now currently existed in any United States Bankruptcy Court according to Mr. Ware' research of the filing practices and procedures of any United States Bankruptcy Court. For obvious reasons: a mere clerk is not vested or authorized with any **lawful judicial authority or power** to conduct any **judicial review of the merits** of any claims submitted to a Bankruptcy Court for processing and adjudication. Any such illegal merit review and action performed by any clerk is palpably ultra vires, not binding, completely illegal and unlawful, an egregious violation of the Due Process Clause's right of access to the court, and a violation of 18 USC 241 and 242, **a criminal offense**.

[259] Mr. Ware's and his investigators' legal research have turned up **not one single case** where any United States federal court has ever, since 1789, approved and affirmed the delegation of Article I bankruptcy court judicial

(3)      Accordingly, Mr. Ware and GPMT, Section 1109(b) statutory parties in interest in the 93031 Case hereby this 16th day of April 2021, respectfully request and administratively petition the Administrative Office of the Courts, (the "**AOC**") and the Bankruptcy Court (NDGA), Chief Judge Wendy L. Hagenau, to produce **all written** policies and procedure(s)[260] of the Bankruptcy Court (NDGA) which lawfully authorized M. Regina Thomas and Patricia Sinback, mere bankruptcy **clerks**, or any other **bankruptcy clerk**, to conduct lawful and authorized pre-filing merit review of Mr. Ware's July 2012 Rule 9024/60(d)(3) fraud on the court pleadings' claims, or any other litigant's claims submitted to the Bankruptcy Court (NDGA). Please produce any such written rules, procedures, and policies to Mr. Ware and GPMT not later than April 26, 2021, if such exist. And if no such rules, policies, and procedures exist please state such do not exist.

(4)      Judge Hagenau, regarding the unlawful and illegal purported merit review conducted on Mr. Ware's Fraud on the Court Pleadings by Pat Sinback and M. Regina Thomas, which you confirmed and implicitly approved in your Response[261], Mr. Ware and GPMT have the following questions that go to the substance of criminal violations of the federal laws, mail and wire fraud, conspiracy to commit bankruptcy fraud, obstruction of justice, conspiracy to obstruct justice, and criminal due process civil rights violations.

In fact, the Advisory Committee on Rules 1991 explicitly disapproved and rejected any authority of a clerk, M. Regina Thomas, and Pat Sinback, to refuse, for any reason, to not file and

---

authority to a mere bankruptcy clerk to officially review the merits of petitioners' claims submitted to the Bankruptcy Court and deny filing and docketing of the petition. **No one single case**.

[260] Mr. Ware and GPMT, Section 1109(b) statutory parties in interest, request certified copies of all written policies, procedures, rules, and regulations of the United States Bankruptcy Court (NDGA), Atlanta Division, which authorized Patricia Sinback and M. Regina Thomas, mere bankruptcy court clerks.

[261] Paragraph 5 at page 1 of your Response you stated: "Finally, I note that the 11th Circuit Court of Appeals declined your request for a mandamus to require the Bankruptcy Court to file certain documents. It agreed that the **clerk** need not file documents in this closed case **on these facts** [which bogus, frivolous, and risible ruling would not apply to **newly discovered evidence and facts**, discovered after the mandamus was filed] because there was "no evidence that [you] would obtain substantive relief based on [your] unsupported fraud-on-the court allegations if the bankruptcy court were to consider and rule upon [your] rule 9024 motion [to reopen the case]." (alterations in original) (emphasis added).

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

docket Mr. Ware's Fraud on the Court Pleadings[262]. A bankruptcy court judge[263] is not authorized to order the clerk to not have filed Mr. Ware's Fraud on the Court Pleadings based on any purported illegal and pre-filing merit review of the claims in violation of Article III and Section 1109(b) standing requirements. Moreover, according to the April 5, 2021, incomplete certified docket in the 93031 Case, there were no written orders, judgments,  or other legal reasons entered on the docket, as required by Rule 5003(a) that would have permitted an appeal by right for GPMT and Mr. Ware. An egregious and patently illegal violation of the Due Process Clause, 18 USC 241 and 242, criminal offenses.

(5)      Accordingly, If there are no written policies, procedures, regulations, and rule which authorized Patricia Sinback and M. Regina Thomas to have conducted purported pre-filing merit review of Mr. Ware's Fraud on the Court Pleadings by what lawful authority was such unlawful conduct approved?

    1. Who approved such unlawful conduct of the clerks?; and who participated in the unlawful conduct?
    2. Identify each federal judge in the NDGA Bankruptcy Court who has delegated their Article I judicial power and authority to the Office of the Court to conduct merit-based reviews of pleadings' claims submitted to the Court for processing?
    3. What steps and actions has the Bankruptcy Court taken to report the unlawful actions and misconduct?
    4. Has the unlawful and illegal criminal misconduct been reported to the AOC?
    5. What steps has the AOC taken to investigate and sanction Sinback and Thomas?
    6. Has a written report been made in regard to any actions taken to correct the unlawful usurpation of Article I judicial power and authority?
    7. Has the AOC or Bankruptcy Court enacted new or additional procedures, policies, rules, and regulation to prevent such unlawful conduct by clerks?
    8. Has M. Regina Thomas been reprimanded or sanctions for her unlawful conduct in refusing to file and docket Mr. Ware's Fraud on the Court Pleading?
    9. Has a criminal referral been made to the AOC in regard to the criminal conduct of Kilpatrick, Townsend, & Stockton, LLP, its lawyers, Dennis S. Meir, John W. Mills, III, and J. Henry Walker, IV, ("KTS"); and its **unregistered broker-dealers** clients'[264]

---

[262] **Notes of Advisory Committee on Rules—1993 Amendment.**
*Rule 5005, Subdivision (a)* is amended to conform to the 1991 amendment to Rule 5(e) F.R.Civ.P. *It is not a suitable role for the office of the clerk to refuse to accept for filing papers not conforming to requirements of form imposed by these rules or by local rules or practices. The enforcement of these rules and local rules is a role for a judge.* This amendment does not require the clerk to accept for filing papers sent to the clerk's office by facsimile transmission.

[263] Wendy L. Hagenau, Margaret H. Murphy, C. Ray Mullin, and Joyce Bihary.
[264] On April 15, 2021, Mr. Ware contacted a FINRA representative who confirmed via FINRA's public database, www.brokercheck.org, that Alpha Capital, AG, Stonestreet, LP, Markham Holdings, Ltd., and Amro International,

conspiracy to commit bankruptcy fraud, 18 USC 2, 157, 371, 1341, 1343, 1956-57, and 1962(a-d), during the 93031 Case by concealing the material fact KTS's clients were **unregistered broker-dealers** operating in criminal violation of the federal securities laws, 15 USC 78o(a)(1)?[265]

10. Did the 93031 court have proper Article III subject matter jurisdiction[266] to grant any relief to KTS's clients, **unregistered** broker-dealers?[267]

11. Was a final appealable order signed by a Bankruptcy Court judge entered on the 93031 Case docket stating the reasoning of the clerk in denying access to the Bankruptcy Court for Section 1109(b) parties to raise, appear, and be heard regarding the claims in the Mr. Ware's Fraud on the Court Pleadings?

---

S.A., KTS' clients in the 93031 Case, were not and have never been **registered** as broker-dealers as required by federal law. And therefore, as a matter of law, KTS and its clients lacked Article III standing to have appeared in, requested any relief, and to have been granted any relief in the 93031 Case. (cf., 15 USC 78cc(b)). The May 21, 2003, Dkt. 28 93031 Case order of dismissal with prejudice (Murphy, J.) is null and void ab initio for lack of subject matter jurisdiction. See **Steel Co.**, 523 U.S. at 93-96 (a federal court is required as a threshold issue to confirm the standing of the litigants and its subject matter jurisdiction over the merits of the claims before proceeding to the merits ... if the court finds it lacks subject matter jurisdiction over the matter, it is not to proceed to the merits, it is to "announce the fact and dismiss the cause ...."). Moreover, in regard to a challenge to a federal court's subject matter jurisdiction the Supreme Court explained in **Arbaugh v. Y&D Corp.**, 546 U.S. 500, 506 (2002), the challenges can be raised at any time by Mr. Ware or GPMT, Section 1109(b) statutory parties in interest. See n. 11 and 12, infra. Binding Supreme Court precedents, state decisis on the Bankruptcy Court, its employees, and the Court of Appeals for the Eleventh Circuit.

[265] **(a)**Registration of all persons utilizing exchange facilities to effect transactions; exemptions

**(1)**
It shall be unlawful for any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person (other than such a broker or dealer whose business is exclusively intrastate and who does not make use of any facility of a national securities exchange) to make use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) **unless such broker or dealer is registered in accordance with subsection (b) of this section.** (emphasis added).

[266] **Arbaugh**, 546 U.S. at 506-08: The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), **may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment**. Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." See *Kontrick* v. *Ryan*, 540 U.S. 443, 455 (2004).

[267] **Arbaugh**, Id.: First, "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States* v. *Cotton*, 535 U.S. 625, 630 (2002). Moreover, courts, including this Court, **have an independent obligation** to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG* v. *Marathon Oil Co.*, 526 U.S. 574, 583 (1999). (emphasis added). The 93031 Bankruptcy Court is sua sponte required to confirm the Article III standing of KTS's clients, a legal impossibility; and the Article III subject matter jurisdiction of itself to have entertained and granted any relief to KTS's clients, unregistered broker-dealers.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

(6)     Judge Hagenau, as can be clearly seen from your Response, and its legal implications, there is no lawful justification in law or policy for your legal and factual conclusions regarding Mr. Ware's Fraud on the Court Pleadings. In fact, the law is noticeably clear regarding obstruction of justice, 18 USC 1512(c)[268], and fraud on the court.[269] Any stratagem, scheme, plan, concoction, conspiracy, or scam perpetrated on the court and its processes, rules, procedures, and policies, constitutes a fraud on the court when perpetrated by a judge, lawyer, clerk, or officer of the

---

[268] (2)**(c) Whoever** hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings;
**3(c)**Whoever corruptly—
**(1)**
**alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding**; or
**(2)**
otherwise obstructs, influences, **or impedes any official proceeding**, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

[269] See *Hazel Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238 (1944) (fraud on the court claims can be raised at any time, there is no statute of limitation on the claim involving conduct by officers of the court, lawyers, and judges; frauds on the court are acts and actions perpetrated on the court by officers of the court to prevent the court and the parties from a full and fair proceedings in the court, *by any scheme or strategy calculated for that effect*). (emphasis added).

court[270]; and can be raised at any time.[271] Your dubious conclusions and their implicit implications have been rejected by the Supreme Court in numerous published opinions, and accordingly were and are binding, absolutely, on the "Court of Appeals for the 11th Circuit," the Bankruptcy Court, its judges, and employees; and the AOC and its employees.


Judge Hagenau, if you disagree or take opposition with any aspect of this **Administrative Memorandum #3.0**, please file a written response, and serve the same on Mr. Ware and GPMT, Section 1109(b) statutory parties in interest in the 93031 Case, not later than **April 26, 2021**. Moreover, pursuant to Bankr. Rule 5003(a) please file and docket this "paper" on the 93031 docket. Also please filed and docket your April 5, 2021, Response, and any response that the Court makes regarding Administrative Memorandum #3.0 such that the record is perfected in the event further proceedings are necessary regarding the 93031 Case.


Sincerely,

---

[270] See ***Hazel Atlas Glass***, 322 U.S. at 245-46: "Every element of the fraud here disclosed demands the exercise of the historic power of equity to set aside fraudulently begotten judgments. This is not simply a case of a judgment obtained with the aid of a witness who, on the basis of after-discovered evidence, is believed possibly to have been guilty of perjury. Here, even if we consider nothing but Hartford's sworn admissions, we find a deliberately planned and carefully executed scheme to defraud not only the Patent Office, but the Circuit Court of Appeals." "Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. **Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants.** The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." (emphasis added). Id. at 246; "perjury in which an attorney [or judge] participates may be considered fraud on the court sufficient to relieve a party from a prior judgment." ***Hazel Atlas Glass***, supra.

KTS lawyer Dennis is Meir is on record of knowingly committing perjury and lying in the 93031 Case proceedings. Meir lied and committed perjury in his bogus and frivolous pleadings, Dkt. 14, 15, and 16; and further lied and committed perjury in open court on 04/30/2003 when stating his clients were lawful "creditors" of GPMT and further lied and committed perjury when stating the judgment of the 02cv2219 (SDNY) District Court was enforceable by his clients.

The Court of Appeals for the Eleventh Circuit has defined "fraud upon the court" as "only that species of fraud which does or attempts to, **defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication**." ***Travelers Indem. Co. v. Gore***, 761 F.2d 1549, 1551 (11th Cir. 1985). (emphasis added).

[271] We think that, when this Court, a century ago, approved this practice and held that federal appellate courts have the power to pass upon, and hence to grant or deny, petitions for bills of review even though the petitions be presented long after the term of the challenged judgment has expired, it settled the procedural question here involved. Id. at 249.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

/s/ Ulysses T. Ware

Ulysses T. Ware, Section 1109(b) statutory
Party in interest in the 93031 Case; and


/s/ Ulysses T. Ware_

Group Management, a sole proprietor,
by and through its legal representative,
Ulysses T. Ware.


Cc: J. Henry Walker, IV, managing partner Kilpatrick, Townsend, Stockton, LLP (via email).

Bill NeSmith, Esq., Deputy General Court, State Bar of Georgia, purported legal counsel for
Paula Fredrick, Jenny Mittelman, and other State Bar employees in their personal capacity.
(via email).

Ulysses T. Ware's April 12, 2021, letter requesting certified copies of dockets and all judicial records in 03-93031 (BC NDGA).

## FROM THE OFFICES OF ULYSSES T. WARE
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
(718) 844-1260
Email: utware007@gmail.com

April 12, 2021

# TIME OF THE ESSENCE, APRIL 20, 2021.

The Hon. Wendy L. Hagenau
Chief Judge
United States Bankruptcy Court
For the Northern District of Georgia
75 Ted Turner Ave., S.W.
Atlanta, GA 30303

RE: Obtaining a Bankr. Court Rules 5003 and 5006 **certified** copy of the **complete** docket of *all activities*[272] in *In re Group Management Corp.,* case no. 03-93031-mhm (NDGA), Atlanta Division, ("93031"), Chapter 11;[273] including all pleadings, papers, and documents submitted by Ulysses T. Ware to the Court for filing in 93031.

Judge Hagenau:

I.

---

[272] See **Rule 5003. Records Kept By the Clerk**
(a) Bankruptcy Dockets. The clerk [M. Regina Thomas] shall keep a docket in each case under the Code and **shall enter thereon** each judgment, order**, and activity in that case** as prescribed by the Director of the Administrative Office of the United States Courts. The entry of a judgment or order in a docket shall show the date the entry is made.

[273] **Rule 5006. Certification of Copies of Papers**
The clerk shall issue a certified copy of the record of any proceeding in a case under the Code or of any paper filed with the clerk on payment of any prescribed fee.

Mr. Ware, an 11 USC 1109(b) statutory party in interest[274], and the debtor, GPMT, are writing the Bankruptcy Court to obtain the process and procedure to obtain:

(1)     a Rule 5003 and 5006 **certified** copies of the **complete** docket report as required to be maintained by the Court regarding the case 93031;

(2)     the complete, all-inclusive, **certified** inventory of any and all pleadings, papers, or documents submitted to the Court by any **11 USC 1109(b) statutory party in interest** regarding the 93031 case that were not officially filed and docketed as required by Rules 5003 and 5006[275].

## II.

Judge Hagenau Mr. Ware and GPMT, the debtor, private investigators have uncovered indisputable material evidence and information – which affected the Bankruptcy Court's subject matter jurisdiction over the 93031 proceedings -- shows that the Atlanta, GA law firm, Kilpatrick, Townsend, and Stockton, LLP, its partners, Dennis S. Meir, John W. Mills, III, and J. Henry Walker, IV, jointly, ("**KTS**"), and others knowingly, deliberately, and intentionally colluded, acted in concert, and conspired with their clients Alpha Capital, AG, Stonestreet, L.P., Markham Holdings, Ltd., Amro International, S.A., LH Financial Services, and Ari Rabinowitz, jointly, (the "**Unregistered Broker-Dealers**[276]" or "**KTS Clients**"),   to perpetrate a deliberate fraud on the Bankruptcy Court during the 93031 proceedings; and did deliberately and intentionally, in bad faith conceal and hide, and mislead the Court regarding the **unregistered broker-**

---

[274] The 93031 Court (Murphy, J.) ruled Mr. Ware to be a Section 1109(b) statutory party in interest during the 93031 proceedings.

[275] It's palpable the public Bankruptcy Court and its employees are not lawfully permitted to hide, conceal, and suppress pleadings, papers, and documents for any reason that were submitted to the Court for processing.

[276] According to FINRA's public database, www.brokercheck.org, the KTS Clients have never registered with the Securities and Exchange Commission, (the "SEC"), or FINRA as lawful broker-dealers as required by federal law, 15 USC 78o(a)(1), **a criminal offense**.

**dealer status** of the KTS Clients during the 93031 case. See State Bar of GA Rules 3.3 (a-d)[277] and 8.4(a)(1), (4), (7), and (8)[278].

Judge Hagenau Mr. Ware and the debtor, GPMT, bring this material information to your and the attention of the State Bar of GA's Deputy General Court, Mr. Bill NeSmith, Esq., in your official capacity as officers of the court, and regarding you as the current purported Chief Judge of the Bankruptcy Court having an official duty to the public, the Court, and the parties to report to the State Bar and criminal

---

[277] RULE 3.3 CANDOR TOWARD THE TRIBUNAL
(a) A lawyer shall not knowingly:
**(1) make a false statement of material fact or law to a tribunal;**
**(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;**
**(3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or**
**(4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.**
(b) The duties stated in paragraph (a) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.
(c) A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.
(d) In an ex parte proceeding, other than grand jury proceedings, a lawyer shall inform the tribunal of all material facts known to the lawyer that the lawyer reasonably believes are necessary to enable the tribunal to make an informed decision, whether or not the facts are adverse.
**The maximum penalty for a violation of this Rule is disbarment.**
[278] RULE 8.4 MISCONDUCT
(a) It shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to:
(1) violate or knowingly attempt to violate the Georgia Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(2) be convicted of a felony;
(3) be convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law; or
**(4) engage in professional conduct involving dishonesty, fraud, deceit, or misrepresentation;**
(5) fail to pay any final judgment or rule absolute rendered against such lawyer for money collected by him or her as a lawyer within ten (10) days after the time appointed in the order or judgment;
(6)
(i) state an ability to influence improperly a government agency or official by means that violate the Rules of Professional Conduct or other law;
(ii) state an ability to achieve results by means that violate the Rules of Professional Conduct or other law;
**(iii) achieve results by means that violate the Rules of Professional Conduct or other law; or**
**(7) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; or**
(8) commit a criminal act that relates to the lawyer's fitness to practice law or reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer, where the lawyer has admitted in judicio the commission of such act.

Page **380** of 395
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

investigators all credible information of criminal activities perpetrated in the Bankruptcy Court by any party, or their lawyers[279].

Judge Hagenau please not later than April 20, 2021, where time is of the essence provide Mr. Ware and GPMT with the processes and procedures of the Bankruptcy Court necessary to obtain the documents requested in Part I, supra.

Sincerely,

/s/ Ulysses T. Ware

_____

Ulysses T. Ware, 11 USC 1109(b) statutory
Party in interest.

Cc: Mr. Bill NeSmith, Esq., Deputy General Counsel, State Bar of Georgia. (via email).
     J. Henry Walker, IV, Managing Partner, Kilpatrick, Townsend, & Stockton, LLP. (via email).

---

[279] The Court and the State Bar are required by FRE 201(b) to take judicial notice of FINRA's www.brokercheck.org public website and the fact the KTS Clients have never been listed as lawful broker-dealers. A material fact that cannot be disputed or denied by KTS or the KTS Clients; and which constitutes prima facie evidence of **violations of Bar Rules 3.3 and 8.4; and 18 USC 157 (conspirator to commit bankruptcy fraud)**. Had KTS exercised its required duty of candor, Bar Rule 3.3, to the tribunal during the 93031 proceedings, the Bankruptcy Court's lack of subject matter jurisdiction over any request by KTS for dismissal of the 93031 proceedings would have been revealed and exposed as ultra vires, and the conduct of KTS and its clients would have been required to have been reported to the United States Attorney (NDGA), the SEC, the State Bar, and FINRA. To this day KTS has continued to conceal and hide from the Court the indisputable fact the relief granted on KTS's frivolous and bogus motion to dismiss, or convert is moot and null and void ab initio. See **Steel Co.**, 523 U. S. at 93-96 (a federal court lacks authority to "announce the law" lacking subject matter jurisdiction over the proceedings); cf., **Lujan**, 504 U.S. at 560-61 (the party seeking relief [KTS and its **unregistered** broker-dealer clients] in federal court has the burden of proof to establish Article III standing and the subject matter jurisdiction of the court). As a matter of law KTS and its client cannot establish Article III standing and the subject matter jurisdiction of the 93031 Bankruptcy Court to have granted any relief on any motion by KTS. A legal impossibility: unregistered broker-dealers lack all Article III standing to appear in any federal court to seek, directly or indirectly, the enforcement of illegal contracts to issue securities, 15 USC 78cc(b). All relief granted to KTS Clients as a matter of  law is moot and void ab initio for lack of Article III subject matter jurisdiction and standing.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

Ulysses T. Ware's March 4, 2021, letter to the Court re: December 20, 2007, Rule 41(a)(2) superseding final judgment entered in 02cv2219 (SDNY), Dkt. 90, Exhibit 5.

Ulysses T. Ware
123 Linden Blvd.
Suite 9-L
Brooklyn, NY 11226
718-844-1260
utware007@gmail.com

March 4, 2021

The Hon. Wendy L. Hagenau
Chief Bankruptcy Judge
United States Bankruptcy Court
For the Northern District of Georgia
75 Ted Turner Dr., SW
Atlanta, GA 30303

Executive Director
Admin. Office of the U.S. Courts
The Hon. Roslynn R. Mauskopf
One Columbus Circle, NE
Washington, D.C. 20544
(202) 502-2600

J. Henry Walker, IV
Kilpatrick, Townsend, & Stockton, LLP
1100 Peachtree St., NE
Ste 2800
Atlanta, GA 30304
(404) 815-6500
hwalker@kilpatricktownsend.com

The State Bar of Georgia
Paula Fredrick, Esq.
Office of the General Counsel
104 Marietta St.,
Atlanta, GA 30303
(404) 527-8720
paulaf@gabar.org

Mr. Sims W. Gordon, Jr.
The Gordon Law Firm, P.C.
400 Galleria Parkway, S.E.
Ste 1500
Atlanta, GA 30339-5953
law@gordonlawpc.com
(770) 527-5000

# PRIVILEGED LEGAL COMMUNICATIONS

RE: *In re Group Management Corp.*, case no. 03-93031-mhm (BC NDGA), ("93031"), Chapter 11 and other matters.

Judge Hagenau:

A.      I am writing this official correspondence as the legal representative of the debtor, Group Management Corp., ("GPMT"), formerly a publicly-traded company (OTCBB: GPMT)[280], and also in my personal capacity as a 11 USC 1109(b) statutory party in interest, an equity security holder in GPMT[281]. Judge Hagenau I bring to the attention of the United States Bankruptcy Court matters of the utmost importance regarding the official misconduct, frauds on the court, aiding and abetting the unregistered public offering of the securities of GPMT in criminal violation of 15 USC sections 5, 77x, and 78ff, conspiracy to commit bankruptcy fraud, conspiracy to commit securities frauds, money laundering, and Hobbs Act extortion and racketeering, (the "**RICO Crimes**").

The RICO Crimes were knowingly, willfully, in bad faith, and intentionally committed, directly and indirectly, by Atlanta Bankruptcy Court employees, Margaret H. Murphy, Joyce Bihary, Coleman Ray Mullins, M. Regina Thomas, Patricia Sinback, U.S. Trustee employee James Morawitz; the Atlanta, GA law firm Kilpatrick, Townsend, & Stockton, LLP, and its partners Dennis S. Meir, Esq., John W. Mills, III, and J. Henry Walker, Esq., jointly, ("**KTS**",)[282] as criminal acts to assist, aid, abet, and to facilitate KTS' clients, the plaintiffs named in ***Alpha Capital, AG, et al., v. IVG Corp., et al., a/k/a GPMT***, case no. 02cv2219 (SDNY) (LBS), ("**2219**")[283], LH Financial Services, Ari Rabinowitz, Kenneth A. Zitter, Esq., **convicted felon** Edward M. Grushko, Esq., and Barbara R. Mittman, Esq. to extort GPMT, its shareholders, and the public.

---

[280] GPMT is currently a sole proprietorship under the control of Mr. Ware.

[281] 11 USC 1109(b). A party in interest, including the **debtor**, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an **equity security holder**, or any indenture trustee, **may raise and may appear and be heard on any issue in a case under this chapter**. The Court is requested to take judicial notice of Form 3 filed with the Securities and Exchange Commission, ("**SEC**"), filed by Ulysses T. Ware in January 2003 disclosing the beneficial ownership of 2,500,000 shares of GPMT common equity securities.

[282] Dennis S. Meir, Esq., and John W. Mills, III, KTS partners, and officers of the court, both entered their appearances in 93031 on behalf of the 2219 plaintiffs, alleged creditors of GPMT. Neither Meir nor Mills performed any competent or adequate prefiling and pre-appearance investigation required by Rule 9011(b)(1-4) and 28 USC 1927 prior to filing bogus, frivolous, bad faith, vexatious, and filed for an improper purpose pleadings, and making the same arguments in the Court.

[283] The plaintiffs named in the 2219 civil lawsuit were Alpha Capital, AG (Anstalt), Stonestreet, L.P., Amro International, S.A., and Markham Holdings, Ltd., (the "**2219 Plaintiffs**"), all clients of the convicted felon lawyer, Edward M. Grushko, Esq. Moreover, according to FINRA and the SEC's public database, www.brokercheck.org, neither have ever lawfully registered as broker-dealers as required by federal law, 15 USC 78o(a)(1), et. seqs. The Court is requested pursuant to FRE 201(b) to take judicial notice of the unregistered and unlawful status of each of KTS's clients, the 2219 Plaintiffs. To date KTS and its partners have deliberately and intentionally secreted and concealed this material information from the federal courts as part of a wide-ranging conspiracy to aid and abet Hobbs Act extortion and money laundering by its clients.

B.       On December 20, 2007, Dkt. 90, the 2219 Plaintiffs' lawyer, Kenneth A. Zitter, Esq., ex parte, **after the statute of limitation had run on all claims in the 2219 complaint**, voluntarily and unilaterally, moved the 2219 District Court (Sand, J.) and demanded the District Court dismiss the 2219 lawsuit with prejudice, annul and vitiate all prior orders, judgments, and proceedings in 2219, and ipso facto enter a final judgment on the merits in favor of GPMT, the Landers, and Mr. Ware, (the **"Prevailing Parties"**)[284].

Judge Hagenau as noted above the record in the 2219 proceedings confirmed that on December 20, 2007, Dkt. #90, the 2219 District Court (Sand, J.) on ex parte demand by the KTS's clients in the 93031 Chapter 11 bankruptcy case, pursuant to Fed. R. Civ. P. 41(a)(2) requested the 2219 District Court to annul and vitiate all prior orders, judgments, and proceedings entered in the 2219 proceedings[285]; and ipso facto to dismiss the **same with prejudice**, i.e., a final judgment on the merits in favor of the defendants, GPMT, the Landers, and Mr. Ware, the Prevailing Parties[286]. The District Court (Sand, J.), without any hearing or notice to the defendants granted KTS's clients' demand and dismissed with prejudice the 2219 lawsuit. This fact cannot be disputed[287]. The Rule 41(a)(2) superseding final order/judgment is the controlling legal instrument regarding the 2219 lawsuit, its prior orders, judgments, and proceedings[288]. Ergo, all prior

---

[284] See page 10, infra, for December 20, 2007, Rule 41(a)(2) superseding final order/judgment.

[285] See **A.B. Dick Co. v. Marr**, 197 F.2d 498, 501-02 (2d Cir. 1952) (Plaintiff's voluntary dismissal of its own lawsuit vitiates and annuls all prior orders, judgments, and proceedings therein as if the lawsuit had never been filed; and terminated all courts' subject matter jurisdiction over the proceedings, the proceedings are moot).

[286] As a result of the 2219 Plaintiffs' voluntary Rule 41(a)(2) dismissal with or without prejudice of the 2219 lawsuit, the **Prevailing Parties** are authorized by law, Fed. R. Crim. P. 42(b), and civil contempt, to enforce the final order/judgment against any person or party, **including but not limited to the United States Bankruptcy Court, the Admin. Office of the United States Courts, and their employees, that have resisted or aided, abetted, or assisted any party to resist any aspect of the preclusive effects of the Rule 41(a)(2) court order/judgment**. Cf., 18 USC 401(2), 401(3). <u>KTS, its lawyers, its clients, and the Bankruptcy Court's employees all have been and are currently in willful and deliberate criminal and civil contempt (willful resistance) of the Rule 41(a)(2) final court order/judgment entered in the 2219 lawsuit</u>. Mr. Ware's July 2012 Rule 9024/60(d)(3) pleadings submitted to the Bankruptcy Court but concealed and suppressed in violation of 18 USC 2, 371, 1341, 1343, 1346, 1503, and 2071 by Court employees, are prima facie evidence of willful and deliberate criminal and civil contempt of the Rule 41(a)(2) final court order/judgment. Issues that are collateral estopped from any further litigation; and claims that are res judicata against the Bankruptcy Court and its employees regarding any Federal Tort Claim Act filings, or other claims made by Mr. Ware and/or GPMT against Patricia Sinback, M. Regina Thomas, Margaret H. Murphy, Joyce Bihary, and Coleman Ray Mullins.

[287] The Court is requested to take FRE 201(b) judicial notice of Dkt. #90 entered in the 2219 lawsuit. KTS and its lawyers when called as material witnesses in any Rule 60(d)(3) fraud on the court, 9011(b)(1-4), and 28 USC 1927 sanctioning proceedings will be subpoenaed to testify under oath as to the <u>veracity</u>, <u>integrity</u>, <u>criminality</u>, and the <u>legality</u> of their and their clients' conduct and actions in the 2219 proceedings and the 93031 bankruptcy court.

[288] See page 10, infra for Rule 41(a)(2) superseding final order/judgment entered in the 2219 lawsuit.

orders, judgments, and proceedings lack any and all preclusive effect; and all proceedings that depend in whole and/or in part on any aspect of any annulled and vitiated orders, judgments, or proceedings (i.e., KTS's bogus and frivolous pleadings filed in the 9303k1 Chapter case) are themselves ultra vires, null and void ab initio, and lack any preclusive effects; and palpably notwithstanding the indisputable fact the 2219 District Court lacked both Article III constitution and 28 USC 1332(a) diversity subject matter jurisdiction over the 2219 proceedings[289] are null and void ab initio, and moot[290].

Judge Hagenau the records in both the 2219 lawsuit and the 93031 bankruptcy case are not disputable:

(1) no federal court, directly or indirectly, is permitted to lawfully enforce illegal contracts to issue securities made in and performed in criminal and civil violation of the federal securities laws, cf., 15 USC 78cc(b);[291]

(2) KTS and its lawyers eagerly, knowingly, willfully, vehemently, maliciously, and egregiously violated their *ongoing and continuous absolute duty of complete candor* to the Bankruptcy Court

---

[289] KTS's 2219 clients according to FINRA and the SEC's brokercheck public database as unregistered broker-dealers operated in criminal violation of the federal securities laws, 15 USC 78o(a)(1), and therefore lacked standing to seek to enforce illegal contracts (i.e., GPMT's Notes and the so-called subscription agreement) in any federal court, including during the 93031 Chapter 11 proceedings via KTS's bogus and completely frivolous pleadings and arguments made in GPMT's Chapter 11 case.

[290] See *Steel Co.*, 523 U.S. at 94-96 (federal courts lack competent subject matter jurisdiction to conduct proceedings regarding moot matters).

[291] 15 USC 78cc(b). Contract provisions in violation of chapter.
**Every** contract made in violation of any provision of this chapter or of any rule or regulation thereunder, and **every** contract (including any contract for listing a security on an exchange) heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter or any rule or regulation thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract, and (2) as regards the rights of any person who, not being a party to such contract, shall have acquired any right thereunder with actual knowledge of the facts by reason of which the making or performance of such contract was in violation of any such provision, rule, or regulation: Provided, (A) That no contract shall be void by reason of this subsection because of any violation of any rule or regulation prescribed pursuant to paragraph (3) of subsection (c) of section 78o of this title, and (B) that no contract shall be deemed to be void by reason of this subsection in any action maintained in reliance upon this subsection, by any person to or for whom any broker or dealer sells, or from or for whom any broker or dealer purchases, a security in violation of any rule or regulation prescribed pursuant to paragraph (1) or (2) of subsection (c) of section 78o of this title, unless such action is brought within one year after the discovery that such sale or purchase involves such violation and within three years after such violation. The Commission may, in a rule or regulation prescribed pursuant to such paragraph (2) of such section 78o(c) of this title, designate such rule or regulation, or portion thereof, as a rule or regulation, or portion thereof, a contract in violation of which shall not be void by reason of this subsection.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

regarding the 93031 proceedings and their bogus and fraudulent pleadings and arguments made therein: once KTS became aware the 2219 lawsuit was voluntarily dismissed on December 20, 2007, Dkt. #90, by its clients, it had a duty of complete candor to the 93031 Bankruptcy Court to notify the Court and the parties its bogus and frivolous pleadings and arguments had been vitiated by the Rule 41(a)(2) superseding court order/judgment; and KTS was ethically obligated pursuant to the Rules of the State Bar of Georgia to have moved to withdraw its pleadings, arguments, and requested that the Court vacate and set aside any, and all, ultra vires and moot relief granted to its clients;

(3) KTS and its lawyers knowingly and egregiously violated the Rules of Conduct and Ethics of the State Bar of Georgia by knowingly and willfully in bad faith materially misrepresenting and concealing from the Courts the unregistered broker-dealer and Section 2(a)(11) statutory underwriter status of its clients[292]: material misrepresentations that nullified and vitiated any jurisdiction of the Bankruptcy Court to grant any ultra vires relief on KTS's frivolous, bad faith, vexatious, and filed for an improper purpose pleadings and request for relief;

(4) Mr. Ware's July 2012 Rule 9024/60(d)(3)[293] and other pleadings were knowingly, deliberately, willfully, in bad faith, and criminally concealed and suppressed in violation of 18 USC 2, 4, 157(2), 157(3), 371, 1341, 1343, 1346, 1956-57, 1961-64, and 2071 by Atlanta Bankruptcy Court employees Patricia Sinback, M. Regina Thomas, Margaret H. Murphy, Joyce Bihary, Coleman Ray Mullins, and others both known and unknown as a criminal conspiracy to aid and benefit KTS, its

---

[292] KTS's 2219 Plaintiffs clients' lawyer, Kenneth A. Zitter, Esq., in the 2219 complaint at paras. 12-13, referencing para. 10.1(iv) of the so-called subscription agreement, judicially admitted and confessed that the 2219 Plaintiffs had intended from the purchase date (February 2, 2001) of GPMT's Notes to conduct a public offering of GPMT's securities in violation of 15 USC 77d(2); rather than purchasing the Notes as bona fide investors as required by Rule 144(k). Mr. Zitter's judicial admissions pleaded in the 2219 complaint in effect pleaded KTS's clients out of the federal courts, including the 93031 bankruptcy court. According to SEC Release 33-7190 Section 2(a)(11) statutory underwriters are ineligible for any Rule 144(k) exemption to Section 5 strict liability registration requirements, see *Berckeley*, 455 F.3d at 220 ("Section 2(a)(11) statutory underwriters **required to register all distribution** [public offering] of securities [pursuant to Section 5, 15 USC 77e]"). (emphasis added).

[293] Mr. Ware and the debtor, GPMT, are requesting that the Bankruptcy Court not later than March 18, 2021, to ensure the public of the integrity of the judicial processes, to immediately conduct a thorough, complete, and independent administrative audit of the 93031 docket and proceedings; prepare a public report, serve a certified copy on the parties, and file the same in the record of the Court on the state of the docket in regard to any pleadings, papers, and other matters submitted by Mr. Ware to the Court for adjudication.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

lawyers, and clients to the detriment and harm inflicted on Mr. Ware, the debtor, GPMT, its shareholders, the Landers, the Court, and the integrity of the judicial processes; and

(5) the same were deliberately and intentionally concealed, suppressed, and covered up during the Federal Tort Claim Act, ("**FTCA**"), claim adjustment process regarding Mr. Ware's FTCA filings made to the Executive Directors of the Admin. Office of the United States Courts ("AOC")[294].

**C.   CONCLUSIONS.**

Judge Hagenau, Mr. Ware, and GPMT, the Chapter 11 debtor, both 11 USC 1109(b) statutory parties in interest in regard to the 93031 Chapter 11 case, petition you, respectfully, as the Chief Judge of the United States Bankruptcy Court (NDGA), a judicial officer of the court, where credible allegations of frauds on the court, collusion, and conspiracy have been undertaken by court employees, and deliberate, intentional, and egregious misrepresentations and concealments by KTS, its clients, and lawyers, officers of the court, to undertake the following actions, sua sponte, to wit:

(1) Not later than March 18, 2021, to undertake a complete, thorough, and independent administrative audit of the entire 93031 docket, and prepare an inventory of all papers, pleadings, and other documents submitted to the bankruptcy court by Mr. Ware that were not filed or docketed into the 93031 record, (the "**Administrative Report**");

(2) Upon completion of the Administrative Report of the 93031 case, certify the findings, serve a copy of the same on the parties, and file  a copy of the Administrative Report into the 93031 record;

(3) Notify the State Bar of Georgia's Office of the General Counsel and the Supreme Court of Georgia Chief Justice and serve a certified copy of the Administrative Report on each;

(4) Notify the United States Attorney (SDNY), the United States Department of Justice's Division on Public Integrity of the administrative findings and serve the same with a certified copy of the Administrative Report;

(5) Notify the Securities and Exchange Commission, (the "SEC"), Office of the General Counsel, and serve a certified copy of the Administrative Report on the same;

---

[294] Mr. Ware filed FTCA claims with James C. Duff, Thomas F. Hogan, and John D. Bates; and in all cases the FTCA claims were fraudulently denied in violation of the preclusive effects of the December 20, 2007 Rule 41(a)(2) final order/judgment entered in the 2219 lawsuit; and in violation of Mr. Ware's January 2003 Form 3 disclosure of beneficial ownership of equity security ownership in GPMT filed with the SEC which conferred 11 USC 1109(b) **statutory party in interest status** on Mr. Ware in regard to the 93031 Chapter 11 case.  Congress authorized Mr. Ware that he, " ... may raise and may appear and be heard on any issue in a case under this chapter." (emphasis added) (11 USC 1109(b)).

(6) Notify the Executive Director of the AOC, the Hon. Roslynn R. Mauskopf, and serve a certified copy of the Administrative Report on the AOC with a judicial recommendation that the AOC recommend that the United States Department of Justice's Criminal Division and the Federal Bureau of Investigations ("**FBI**") open a criminal investigation into the 93031 Chapter 11 case and the activities and conduct of Margaret H. Murphy, Joyce Bihary, Coleman R. Mullins, Patricia Sinback, M. Regina Thomas, James Morawitz, KTS, Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, LH Financial Services, Ari Rabinowitz, Alpha Capital, AG (Anstalt), Stonestreet, L.P., Amro International, S.A., Markham Holdings, Ltd., Kenneth A. Zitter, Thomas W. Thrash, Jr., Linda T. Walker, **convicted felon** Edward M. Grushko, Barbara R. Mittman, David N. Kelley, Michael J. Garcia, Alexander H. Southwell, Leonard B. Sand, Robert W. Sweet, Nicholas S. Goldin, Maria E. Douvas, Edward T.M. Garland, Manibur S. Arora, Donald F. Samuel, James N. Hatten, and Sims W. Gordon, Jr., jointly and severally, (the "**Unindicted Coconspirators**").

Judge Hagenau the impartial and unbiased official investigation regarding this matter is of the utmost importance to the public's perception of the orderly administration of justice in the federal courts. As detailed herein numerous RICO crimes, frauds on the courts, and other criminal acts were perpetrated by court employees and the Unindicted Coconspirators while acting under the color of law, and an egregious and complete abuse of their official position for their and their friends and cronies' personal, official, and financial benefit. The factual record could not be more damning than that which currently exist. In fact, probable cause currently exists for a United States magistrate judge to issue federal arrest warrants for each of the Unindicted Coconspirators ***given the factual record is controlled by the absolute finality and the preclusive effects*** of the December 20, 2007, Dkt. 90, 2219 Rule 41(a)(2) superseding final order/judgment; and all issues and claims are collateral estopped and res judicata against the interests of the Unindicted Coconspirators.

Judge Hagenau given the gravity of imminent criminal charges being lodged against the Unindicted Coconspirators, the debtor, GPMT, and Mr. Ware request that you give this matter your undivided attention until the Administrative Report is completed and published to the public.

Sincerely,

/s/ Ulysses T. Ware

_____

Ulysses T. Ware, personally and as legal
Representative for Group Management, a sole proprietorship,
11 USC 1109(b) statutory parties in interest regarding 93031 Chapter 11 case.



Exhibit #1: Conspiracy to commit bankruptcy fraud and other RICO crimes by Atlanta, GA Bankruptcy Court employees regarding Mr. Ware's July 2012 pleadings, letters, and papers submitted to the 93031 Bankruptcy Court.

Page **389** of 395
**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

- 18 U.S.C. § 211 (acceptance or solicitation to obtain appointive public office);
- 18 U.S.C. § 285 (taking or using papers relating to government claims);
- 18 U.S.C. § 287 (false, fictitious, or fraudulent claims against the government);
- 18 U.S.C. § 508 (counterfeiting or forging transportation requests);
- 18 U.S.C. § 641 (embezzlement or conversion of government money, property, or records);
- 18 U.S.C. § 643 (failing to account for public money);
- 18 U.S.C. § 798 and 50 U.S.C. § 783 (disclosure of classified information);
- 18 U.S.C. § 1001 (fraud or false statements in a government matter);
- 18 U.S.C. § 1719 (misuse of franking privilege);
- 18 U.S.C. § 2071 (concealing, removing, or mutilating a public record);
- 31 U.S.C. § 1344 (misuse of government vehicle);
- 31 U.S.C. § 3729 (false claims against the government).

In addition, provisions of specific applicability to court officers include:

- 18 U.S.C. §§ 153, 154 (court officers embezzling or purchasing property from bankruptcy estate);
- 18 U.S.C. § 645 (embezzlement and theft by court officers);
- 18 U.S.C. § 646 (court officers failing to deposit registry moneys);
- 18 U.S.C. § 647 (receiving loans from registry moneys from court officer).

This is not a comprehensive listing but sets forth some of the more significant provisions with which judicial employees should be familiar.

B.   A judicial employee should be faithful to professional standards and maintain competence in the judicial employee's profession.

C.   A judicial employee should be patient, dignified, respectful, and courteous to all persons with whom the judicial employee deals in an official capacity, including the general public, and should require similar conduct of personnel subject to the judicial employee's direction and control. A judicial employee should diligently discharge the responsibilities of the office in a prompt, efficient, nondiscriminatory, fair, and professional manner. A judicial employee should never influence or attempt to influence the assignment of cases, or perform any discretionary or ministerial function of the court in a manner that improperly favors any

Exhibit #2: 18 USC 2071 criminal statute violated by the Atlanta, GA Bankruptcy Court employees.



Exhibit #3: December 20, 2007, Dkt. #90, Fed. R. Civ. P. 41(a)(2) superseding final order/judgment entered in 02cv2219 (SDNY) on the plaintiffs' voluntary demand. The plaintiffs' KTS's 93031 bankruptcy court clients dismissed their own 2219 lawsuit, which had dire and devastating financial consequences on KTS, its lawyers, and its clients.

54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.
Tuesday, March 15, 2022



to Mr. Ware, " ... I will have Judge Sand throw your ass in prison, nigger, and you will never get out ... who do you think that you are fucking with ... I want that stock and those opinions, else I will have the marshals arrest your ass ... you better give them to us ... I'm not playing around with you ... don't do it and see what happens to you ...."[10] (emphasis in original) (quoting Kenneth A. Zitter, Esq. in March 2003; see also the transcript of the September 1, 2004 illegal arrest (kidnapping) proceedings of Mr. Ware in Atlanta, GA on the admitted request of Zitter and Rabinowitz, by the U.S. Marshals (NDGA) held before District Judge Thomas W. Thrash, Jr.; cf. Doc. #88 order in 2219 (Sand, J.) ruling Thrash and the Marshals lacked authority and jurisdiction to have entered Mr. Ware's law office in Atlanta, GA on September 1, 2004 demanding the issuance of bogus Rule 144(k) legal opinions and more than 10 million free-trading shares of GPMT's stock)[11].

States in 2002-2007 attempting to extort GPMT and Mr. Ware out of more than $500 million dollars in

**Exhibit #4:** Hobbs Act extortion, threats of violence, conspiracy, money laundering, and other RICO crimes committed by KTS's client, Kenneth A. Zitter, Esq., regarding extorting Mr. Ware out of GPMT's free-trading securities in criminal violation of 15 USC sections 5, 77x, and 78ff.

| 75. | 9/1/04 | Contempt of Court | Atlanta, Georgia | 10/15/04: |
| | Age: 44 | | | Dismissed pursuant |
| | | | | to order of Judge |
| | | | | Leonard B. Sand |



76. According to Sr. U.S. Probation Officer Atonya M. Craft of the Northern District of Georgia, on September 1, 2004, the defendant was arrested in the Northern District of Georgia in response to an order issued by the Honorable Leonard B. Sand, U.S. District Judge, Southern District of New York, in 02 CV 2219 (LBS). On December 22, 2003, Judge Sand ordered the defendants in this civil matter (which included the defendant) to deliver Silver Screen Studios, Inc. common stock to honor all of the conversion requests for Group Management Corp, or Silver Screen Studios, Inc. stock duly submitted by the plaintiffs. On June 21, 2004, Judge Sand issued a warrant for the defendant's arrest for contempt of court, for failure to obey the December 22, 2003, order. This arrest order indicated that the defendant was to be arrested by the U.S. Marshals Service and detained until the defendant purged himself of contempt by delivering the above-referenced



# Sept. 1, 2004 kidnapping

WARE, ULYSSES THOMAS                                    P47014 · C. Tyler

15

common stock. On July 1, 2004, the defendant was arrested by the U.S. Marshals Service in the Northern District of Georgia. He appeared before the Honorable Thomas W. Thrash, Jr., in that district, refused to purge himself of contempt and offered no acceptable reason to prevent enforcement of the contempt order. On September 2, 2004, the Honorable Thomas W. Thrash, Jr., ordered the defendant to remain in the custody of the U.S. Marshals Service until he purged himself of contempt or was ordered released by either Judge Thrash or Judge Sand. The defendant's request for bond was granted, and he was released on September 3, 2004, after posting $150,000 in cash and a $100,000 bond, cosigned by two other individuals.

77. On September 28, 2004, the Honorable Leonard B. Sand vacated the June 21, 2004, order in part to the extent that it authorized the arrest of the defendant outside of the state of New York and more than 100 miles from the U.S. Courthouse located at 500 Pearl Street, New York, New York. The order remained in effect insofar as it could be served on the defendant in the state of New York or within 100 miles of the U.S. Courthouse located at 500 Pearl Street, New York, New York.

78. On October 7, 2004, the defendant moved to vacate and release the bail of $250,000 set on September 2, 2004. On October 15, 2004, the defendant's motion was granted by the Honorable Thomas W. Thrash, Jr.; $150,000 was refunded to the defendant, and the corporate surety bond was discharged.



Exhibit #5: the USPO's admission and confession that Mr. Ware was falsely and fraudulently arrested and seized on September 1, 2004, by Atlanta, GA District Judge Thomas W. Thrash, Jr., and the U.S. Marshals (NDGA) as part of a Hobbs Act extortion and money laundering conspiracy to extort and shakedown GPMT and Mr. Ware out of millions of dollars of GPMT's free-trading securities under threats of violence.

211 A.D.2d 184 (1995)

*In the Matter of Edward M. Grushko (Admitted as Edward Marvin Grushko), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner*

Appellate Division of the Supreme Court of the State of New York, First Department.

May 18, 1995

Attorney(s) appearing for the Case

*Richard M. Maltz of counsel (Hal R. Lieberman, attorney), for petitioner.*

*No appearance on behalf of respondent.*

SULLIVAN, J. P., ROSENBERGER, RUBIN, ASCH





**Per Curiam.**

Respondent, Edward M. Grushko, was admitted to the practice

[211 A.D.2d 185]

of law in the State of New York by the Second Judicial Department on September 23, 1981 and at all times pertinent to this proceeding has maintained an office for the practice of law within the First Judicial Department.

On April 18, 1991, respondent was convicted, upon a plea of guilty, in the United States District Court for the District of Nevada, of one count of conspiracy to commit securities fraud, in violation of 18 USC § 371 and 15 USC § 77q (a) and § 77x, a felony under the United States Code. On August 25, 1993, respondent was sentenced to one year of "administrative" probation and a $5,000 fine. Respondent's probation has been completed. Respondent's conviction resulted from filing a registration statement with the Securities and Exchange Commission (SEC) that failed to disclose that the named officers and directors were mere figureheads and that actual control of the corporations was by third parties and stated falsely that the nominee officers and directors had purchased stock in the corporation.

Exhibit #6: Confirmation of felony conviction of KTS's clients' lawyer, Edward M. Grushko, Esq. regarding conspiracy to commit securities fraud; the same crimes committed against GPMT and Mr. Ware by KTS, its lawyers, and clients. A pattern of RICO crimes by Grushko and his clients.

Respectfully submitted by:

/s/ Ulysses T. Ware (pro se)

Ulysses T. Ware

March 15, 2022

## Notice of Filing

I Ulysses T. Ware certify that I have this _____ day of March 2022, served Notice of Filing

of the Petition and the Omnibus Memorandum of Law on counsel for the government, the United

States Attorney for the Eastern District of New York.

**54A-1 re Verified petition for writ of habeas corpus, 28 USC 2241, and other claims.**
**Tuesday, March 15, 2022**

JS 44 (Rev. 4-29-21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ulysses T. Ware

**DEFENDANTS**
United States of America, Merrick B. Garland, Edgardo Ramos, and Laura Taylor-Swain

**(b)** County of Residence of First Listed Plaintiff  Kings
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Kings
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ulysses T. Ware, 123 Linden Blvd., Ste 9-L
Brooklyn, NY 11226, (718) 844-1260

Attorneys *(If Known)*
Office of the United States Attorney (EDNY)
Attorney General of the United States

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause? Yes ☐ No ☒*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☒ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC 2241(a)
Brief description of cause:
Petitioner is seeking the writ of habeas corpus for actual innocence of all charges, unlawful and illegal restraint, and other relief.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   March 15, 2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, __Ulysses T. Ware__, counsel for __Ulysses T. Ware__, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐   monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☐   the complaint seeks injunctive relief,

☐   the matter is otherwise ineligible for the following reason

### DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

None

### RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.)   Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?   ☐ Yes   ☑ No

2.)   If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?   ☐ Yes   ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?   ☑ Yes   ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?   ☐ Yes   ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes   ☑ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes   (If yes, please explain   ☑ No

None

I certify the accuracy of all information provided above.

**Signature:** _Ulysses T. Ware_

Last Modified: 11/27/2017