UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ULYSSES T. WARE,

                        Petitioner,

v.

UNITED STATES OF AMERICA, ET AL.,

                       Respondents.

**NOT FOR PUBLICATION**
**MEMORANDUM AND ORDER**

22-cv-1531 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

    Ulysses T. Ware ("Petitioner"), proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2243 seeking a temporary restraining order and other injunctive relief preventing the enforcement of convictions rendered in the Southern District of New York, for his convictions and sentences to be set aside, and for him to receive new trials.

    By way of background, on April 30, 2007, Petitioner was found guilty by a jury and convicted for securities fraud and conspiracy to commit securities and wire fraud. (Jury Verdict, *United States v. Ware*, No. 05-cr-1115 (S.D.N.Y.) (April 30, 2007).) Petitioner was sentenced to a total of 97 months' imprisonment on those counts, to be followed by three years' supervised release. (Judgment, *id.*, ECF No. 96.) And, on November 21, 2007, Petitioner was convicted by a jury verdict of three counts of contempt of the court. (Jury Verdict, *United States v. Ware*, No. 04-cr-1224 (S.D.N.Y.) (Nov. 21, 2007).) On February 2, 2009, Petitioner was sentenced to 97 months' imprisonment on those convictions, to run concurrently with his existing sentence and to be followed by three years' supervised release. (Judgment, *id.*, ECF No. 90.)

    Petitioner challenges the validity of convictions and sentences entered in the United States District Court for the Southern District of New York. Thus, venue is not proper in the

Eastern District of New York.  *See, e.g.*, 28 U.S.C. § 2255(a)[1] ("A prisoner in custody . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *United States ex rel. Lavelle v. Fay*, 205 F.2d 294, 295 (2d Cir. 1953) (petition for writ of coram nobis challenging conviction must be heard "before the sentencing court in the district where the records and government officials involved are located").  Accordingly, the Clerk of Court is directed to transfer this case to the United States District Court for the Southern District of New York for further consideration.  The seven-day delay required under Local Rule 83.1 is waived, and, upon the transfer of the case, the Clerk of Court is to mark this case closed.

                                                  SO ORDERED.

Dated: Brooklyn, New York                  /s/ LDH
       April 21, 2022                         LaSHANN DeARCY HALL
                                           United States District Judge

---

[1] Though Petitioner fashions his petition as one for habeas corpus relief, the maximum custodial sentence and period of supervised release for Petitioner's convictions would have expired no later than 2019.  Petitioner filed this action in March 2022, well beyond the expiration of his sentences.  Accordingly, Petitioner's habeas claims may be moot. *See, e.g.*, *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam) ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008).  In any event, because the Court determines that venue is not proper in this district, the Court offers no opinion on the merits of the Petition.